Robert W. Cohen (SBN 150310)
Mariko Taenaka (SBN 273895)
**LAW OFFICES OF ROBERT W. COHEN**
A Professional Corporation
1901 Avenue of the Stars, Suite 1900
Los Angeles, California  90067
Telephone: (310) 282-7586
Facsimile: (310) 282-7589
rwc@robertwcohenlaw.com
mt@robertwcohenlaw.com

Attorneys for Plaintiff
CHINA BRANDING GROUP LIMITED
(IN OFFICIAL LIQUIDATION)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>  Plaintiff,<br><br>    v.<br><br>TONY BOBULINSKI,<br><br>  Defendant. | Case No.<br><br>**COMPLAINT FOR RECOGNITION OF FOREIGN MONEY JUDGMENT** |

Plaintiff China Branding Group, Limited (In Official Liquidation), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited, alleges and complains as follows:

## *JURISDICTION*

1.  This is an action for recognition of a foreign final judgment pursuant to the Uniform Foreign Country Money Judgments Recognition Act ("UFCMJRA"),

1  California Code of Civil Procedure section 1713, *et seq.*, and pursuant to principles
2  of international comity.

3      2.    The Court has jurisdiction over the subject matter of the action under 28
4  U.S.C. section 1332(a)(2) because the amount in controversy exceeds $75,000
5  exclusive of interest and costs, and because there is diversity of citizenship between
6  the parties.

7      3.    The Plaintiff China Branding Group Limited (In Official Liquidation)
8  ("China Branding") is an exempted company organized under the laws of the
9  Cayman Islands with no current place of business.  China Branding acts by and
10 through its Joint Official Liquidators, with no personal liability, Hugh Dickson (a
11 Cayman Islands citizen), a member of Grant Thornton Specialist Services (Cayman),
12 Limited, a Cayman Islands Company, and David Bennett (a Hong Kong citizen), a
13 member of Grant Thornton Recovery & Reorganisation Limited, a Hong Kong
14 Company ("the JOLs").

15     4.    The Defendant Tony Bobulinski is a citizen of the State of California.

### *FIRST CLAIM FOR RELIEF*
### **RECOGNITION OF FOREIGN JUDGMENT UNDER THE UFCMJRA**

18     5.    Plaintiff incorporates paragraphs 1 though 4 as though fully set forth
19 herein.

20     6.    Mr. Bobulinski is a putative creditor of China Branding.  He claims that
21 in 2015 and 2016 he loaned $650,000 to China Branding and that pursuant to the
22 terms of the loan agreement he is a secured creditor entitled to payment of a 2.5x
23 multiplier on his investment and to other sums owed to him by China Branding.

24     7.    In April 2017 Mr. Bobulinski submitted a "Proof of Debt" in the
25 liquidation proceeding, claiming a total entitlement of $1,765,000 as a secured
26 creditor entitled to priority over the claims of China Branding's unsecured creditors;
27 after extensive review of Mr. Bobulinski's claims, the JOLs rejected his claims to a
28

multiplier and to his claims to priority as a secured creditor, but allowed an unsecured claim in the amount of his $650,000 loan.

8. In July 2017, Mr. Bobulinski filed an appeal through counsel against the JOLs' determination with the Grand Court of the Cayman Islands in a proceeding entitled *In the Matter of China Group Limited (In Official Liquidation)*, Cause No. FSD 52 of 2016 (RMJ) ("the Cayman Islands Action").

9. In pretrial proceedings during the course of the Cayman Islands Action, the court issued two cost orders against Mr. Bobulinski, the first dated November 13, 2018 in the amount of $56,431.82, and the second on January 8, 2019 in the amount of $57,208.58. True copies of the two pretrial cost certificates are attached hereto as Exhibit A. Mr. Bobulinski has since paid the JOLs $41,417.82 in partial satisfaction of the first cost order, leaving a balance of $15,014.00. The second cost order of $57,208.58 remains due and unpaid in its entirety.

10. A contested 5-day hearing was conducted in the Caymans Islands Action in October 2018, followed by written submissions by the parties; judgment was issued in the Caymans Islands Action on January 23, 2019, rejecting Mr. Bobulinski's appeal in its entirety. A copy of the judgment is attached hereto as Exhibit B.

11. On February 5, 2019, the Cayman Islands Grand Court issued a third order of costs against Mr. Bobulinski in the amount of $562,170.94 for the JOLs' costs in contesting the Cayman Islands Action; a Default Costs Certificate in that amount arising from Mr. Bobulinski's failure to complete and serve the Bills of Costs served on him in respect of that order was filed on May 6, 2019. A true copy of that Default Costs Certificate is attached hereto as Exhibit C. The third cost order remains due and unpaid in its entirety.

12. The time for further appeal has elapsed and the judgment is now conclusive, final, and enforceable under the laws of the Cayman Islands.

13. In light of the foregoing, the Cayman Islands judgment is subject to full enforcement in accordance with its terms as against Mr. Bobulinski and is entitled to recognition and enforcement by this Court in the same manner as a judgment rendered in a sister-state.

## *SECOND CLAIM FOR RELIEF*

## RECOGNITION OF JUDGMENT PURSUANT TO INTERNATIONAL COMITY

14. Plaintiff incorporates paragraphs 1 through 13 as though fully set forth herein.

15. The Court has authority to recognize foreign judgments even in circumstances where they are not within the scope of the UFCMJRA. Cal. Code. Civ. Proc. § 1723.

16. The Cayman Island judgment is entitled to recognition and enforcement pursuant to traditional principles of international comity as understood and applied by the courts of the United States and the State of California.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For judgment against Defendant Tony Bobulinski in the amount of $634,393.52 together with interest according to applicable law;
2. For costs of suit; and
3. For such other and further relief as the Court deems proper.

DATED: July 28, 2020

LAW OFFICES OF ROBERT W. COHEN
A Professional Corporation

By  /s/  Robert W. Cohen
Robert W. Cohen
Mariko Taenaka
Attorneys for Plaintiff