Robert W. Cohen (SBN 150310)
Mariko Taenaka (SBN 273895)
**LAW OFFICES OF ROBERT W. COHEN**
A Professional Corporation
1901 Avenue of the Stars, Suite 1900
Los Angeles, California  90067
Telephone: (310) 282-7586
Facsimile: (310) 282-7589
rwc@robertwcohenlaw.com
mt@robertwcohenlaw.com

Attorneys for Plaintiff
CHINA BRANDING GROUP LIMITED
(IN OFFICIAL LIQUIDATION)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>Plaintiff,<br><br>v.<br><br>TONY BOBULINSKI,<br><br>Defendant. | Case No.  2:20-cv-06759 RGK (JCx)<br><br>**DECLARATION OF PETER KINDALL IN SUPPORT OF APPLICATION FOR PREJUDGMENT RIGHT TO ATTACH ORDER**<br><br>Date:        September 28, 2020<br>Time:       9:00 a.m.<br>Courtroom:  850 |

I, Peter Kendall, declare:

1.  I am a Senior Counsel with the Walkers law firm in the Cayman Islands and I am licensed to practice law in the Cayman Islands, England, and Wales.  In connection with its liquidation proceedings in the Cayman Islands, I serve as legal counsel for the Plaintiff in this case, China Branding Group Limited (In Official Liquidation) ("China Branding"), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited, a Cayman Islands Company and David Bennett of Grant Thornton Recovery & Reorganisation Limited

1
DECLARATION OF PETER KENDALL

("the JOLs").

2. The Defendant Tony Bobulinski is a putative creditor of China Branding. He claims that in 2015 and 2016 he conducted business transactions with China Branding by which he provided bridge loans totalling $650,000 in return for China Branding's pledge of certain assets and specified returns on his investment. He claims that pursuant to the terms of the loan agreement he is a secured creditor entitled to payment of a 2.5x multiplier on his investment and to other sums owed to him by China Branding.

3. In April 2017 Mr. Bobulinski submitted a "Proof of Debt" in the liquidation proceeding, claiming a total entitlement of US$1,765,000 as a secured creditor entitled to priority over the claims of China Branding's unsecured creditors; after extensive review of Mr. Bobulinski's claims, the JOLs rejected his claims to a multiplier and to his claims to priority as a secured creditor, but allowed an unsecured claim in the amount of his US$650,000 loan.

4. In July 2017, Mr. Bobulinski filed suit with the Grand Court of the Cayman Islands challenging the JOLs' determination in a proceeding entitled *In the Matter of China Group Limited (In Official Liquidation)*, Cause No. FSD 52 of 2016 (RMJ) ("the Cayman Islands Action").

5. In pretrial proceedings during the course of the Cayman Islands Action, the court issued two cost orders against Mr. Bobulinski, the first dated November 13, 2018 in the amount of US$56,431.82, and the second on January 8, 2019 in the amount of US$57,208.58. True copies of the two pretrial cost certificates are attached hereto as **Exhibit A**. Mr. Bobulinski made three payments totalling $41,417.82 to the JOLs in partial satisfaction of the first cost order: US$11,389.15 on October 22, 2018 (this payment predated the final order because it was made pursuant to an interim costs certificate in that amount issued prior to conclusion of the first taxation process); US$15,014.67 on December 27, 2018; and US$15,014.00 on December 14, 2019, leaving a balance of $15,014.00 before interest. The second

cost order of $57,208.58 remains due and unpaid in its entirety.

6. A contested 5-day hearing was conducted in the Caymans Islands Action in October 2018, followed by written submissions by the parties; judgment was issued in the Caymans Islands Action on January 23, 2019, rejecting Mr. Bobulinski's claims in their entirety. A true copy of the judgment is attached hereto as **Exhibit B**.

7. On February 5, 2019, the Cayman Islands Grand Court issued a third order of costs against Mr. Bobulinski in the amount of US$562,170.94 for the JOLs' costs in contesting the Cayman Islands Action; a Default Costs Certificate in that amount arising from Mr. Bobulinski's failure to complete and serve the Bills of Costs served on him in respect of that order was filed on May 6, 2019. A true copy of that Default Costs Certificate is attached hereto as **Exhibit C**. The third cost order remains due and unpaid in its entirety. The balance due on the three costs awards before interest thus comes to US$634,393.52.

8. The judgment and costs orders in the Cayman Islands Action are final. Under section 19(2) of the Court of Appeal Law of the Cayman Islands (2011 Revision) Mr. Bobulinski was required to file a Notice of Appeal against the judgment and the pretrial cost orders within 14 days of their entry; no Notice of Appeal has been lodged, and the judgment and orders are thus final. In addition, in relation to the Default Costs Certificates issued by the Court Taxing Officer, Order 62, rule 22(5) of the Cayman Islands Grand Court Rules provides that a party who seeks to set aside a Default Costs Certificate must take the various steps prescribed by that rule within 14 days. As Mr. Bobulinski failed to take such steps, Order 62, rule 22(6) provides that the Default Costs Certificates shall be enforceable as if they were judgments or orders of the Grand Court.

9. The post-judgment interest rate on Cayman Island judgments issued in United States dollars is 2.375%. A relevant extract from the Cayman Islands Judicature Law showing the current rates of interest on judgment debts is attached hereto as **Exhibit D**.

| | |
|---|---|
| 1 |      I declare under penalty of perjury under the laws of the United States that all |
| 2 | of the foregoing is true and correct. Executed August 20, 2020 at George Town, |
| 3 | Cayman Islands. |

*(signature)*

Peter Kendall

4
DECLARATION OF PETER KENDALL