| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | **FOR COURT USE ONLY** |
|---|---|
| Robert W. Cohen, SBN 150310<br>Law Offices of Robert W. Cohen, APC<br>1901 Avenue of the Stars, Suite 1900<br>Los Angeles, CA  90067<br><br>TELEPHONE NO.: (310) 282-7586    FAX NO.:<br>ATTORNEY FOR *(Name)*: Plaintiff CHINA BRANDING GROUP LIMITED | |
| NAME OF COURT: UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA<br>STREET ADDRESS: 255 East Temple Street<br>MAILING ADDRESS: 255 East Temple Street<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Roybal Federal Building | |
| PLAINTIFF: CHINA BRANDING GROUP LIMITED<br><br>DEFENDANT: TONY BOBULINSKI | |
| ☒ **RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AFTER HEARING**<br>☐ **ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT AFTER HEARING** | CASE NUMBER:<br>2:20-cv-06759 RGK (JCx) |

1. a. The application of plaintiff *(name)*: China Branding Group Limited
      for  ☒ a right to attach order and order for issuance of writ of attachment
           ☒ an order for issuance of additional writ of attachment
      against the property of defendant *(name)*: Tony Bobulinski
      came on for hearing as follows:
      (1) Judge *(name)*: Hon. R. Gary Klausner
      (2) Hearing date: September 14, 2020    Time: 9:00 a.m.    Courtroom: 850
   b. The following persons were present at the hearing:
      (1) ☒ Plaintiff *(name)*: China Branding Group Limited    (3) ☒ Plaintiff's attorney *(name)*: Robert W. Cohen
      (2) ☐ Defendant *(name)*:                                 (4) ☐ Defendant's attorney *(name)*:

**FINDINGS**

2. THE COURT FINDS
   a. Defendant *(specify name)*: TONY BOBULINSKI    is a    ☒ natural person    ☐ partnership
      ☐ unincorporated association    ☐ corporation    ☐ other *(specify)*:
   b. The claim upon which the application is based is one upon which an attachment may be issued.
   c. Plaintiff has established the probable validity of the claim upon which the attachment is based.
   d. The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.
   e. The amount to be secured by the attachment is greater than zero.
   f. ☐ Defendant failed to prove that all the property described in plaintiff's application is exempt from attachment.
   g. ☐ The following property of defendant, described in plaintiff's application
         (1) ☐ is exempt from attachment *(specify)*:

         (2) ☐ is not exempt from attachment *(specify)*:

   h. ☐ The following property, not described in plaintiff's application, claimed by defendant to be exempt
         (1) ☐ is exempt from attachment *(specify)*:

         (2) ☐ is not exempt from attachment *(specify)*:

   i. ☐ An undertaking in the amount of: $             is required before a writ shall issue, and plaintiff
         ☐ has    ☐ has not    filed an undertaking in that amount.
   j. A Right to Attach Order was issued on *(date)*:                                        pursuant to
      ☐ Code of Civil Procedure section 484.090 (on hearing)    ☐ Code of Civil Procedure section 485.220 (ex parte)
   k. ☐ Other *(specify)*:

CV-04B (05/18)
(AT-120 [Rev. January 1, 2000])

**RIGHT TO ATTACH ORDER AFTER HEARING AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT (Attachment)**

Code of Civil Procedure,
§§ 482.030, 484.090
Page one

| SHORT TITLE: China Branding Group Limited v. Bobulinski | CASE NUMBER: 2:20-cv-06759 RGK (JCx) |
|---|---|

## ORDER

3. THE COURT ORDERS
   a. Plaintiff has a right to attach property of defendant *(name)*: Tony Bobulinski
      in the amount of: $ 659,388.51
   b. ☐ The property described in items 2g(1) and 2h(1) of the findings is exempt and shall not be attached.
   c. The clerk shall issue  ☒ a writ of attachment   ☐ an additional writ of attachment   in the amount stated in item 3a
      ☐ forthwith   ☐ upon the filing of an undertaking in the amount of: $
      (1) ☐ for any property of a defendant who is **not** a natural person for which a method of levy is provided.
      (2) ☐ for the property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010, described as follows *(specify)*:

      (3) ☐ for the property covered by a bulk sales notice with respect to a bulk transfer by defendant or the proceeds of sale of such property, described as follows *(specify)*:

      (4) ☐ for plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold. The license number is *(specify)*:

   d. ☐ Defendant shall transfer to the levying officer possession of
      (1) ☐ any documentary evidence in defendant's possession of title to any property described in item 3c;
      (2) ☐ any documentary evidence in defendant's possession of debt owed to defendant described in item 3c;
      (3) ☐ the following property in defendant's possession *(specify)*:

**NOTICE TO DEFENDANT: FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT YOU TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT.**

   e. ☐ Other *(specify)*:

   f. Total number of boxes checked in item 3: _____

Date:

Hon. R. Gary Klausner
............................................
(TYPE OR PRINT NAME)                                    (SIGNATURE OF JUDGE OR MAGISTRATE JUDGE)

CV-04B (05/18)   **RIGHT TO ATTACH ORDER AFTER HEARING AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT (Attachment)**   Page two