AT-105

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*<br>Robert W. Cohen, SBN 150310<br>Law Offices of Robert W. Cohen, APC<br>1901 Avenue of the Stars, Suite 1900<br>Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 282-7586    FAX NO.: (310) 282-7589<br>ATTORNEY FOR *(Name):* Plaintiff CHINA BRANDING GROUP LIMITED | *FOR COURT USE ONLY* |

NAME OF COURT: United States District Court, Central District of California
STREET ADDRESS: 255 East Temple Street
MAILING ADDRESS: 255 East Temple Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Roybal Federal Building

PLAINTIFF:  CHINA BRANDING GROUP LIMITED

DEFENDANT: TONY BOBULINSKI

| APPLICATION FOR | CASE NUMBER: |
|---|---|
| ✔ **RIGHT TO ATTACH ORDER** ☐ **TEMPORARY PROTECTIVE ORDER**<br>✔ **ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT**<br>☐ **ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT**<br><br>☐ ✔ After Hearing ☐ Ex Parte<br>☐ Against Property of Nonresident | 2:20-cv-06759 RGK (JCx) |

1. Plaintiff *(name):* China Branding Group Limited
   applies ✔ after hearing ☐ ex parte for
   a. ✔ a right to attach order and writ of attachment.
   b. ☐ an additional writ of attachment.
   c. ☐ a temporary protective order.
   d. ☐ an order directing the defendant to transfer to the levying officer possession of
      (1) ☐ property in defendant's possession.
      (2) ☐ documentary evidence in defendant's possession of title to property.
      (3) ☐ documentary evidence in defendant's possession of debt owed to defendant.

2. Defendant *(name):* Tony Bobulinski
   a. ✔ is a natural person who
      (1) ✔ resides in California.
      (2) ☐ does not reside in California.
   b. ☐ is a corporation
      (1) ☐ qualified to do business in California.
      (2) ☐ not qualified to do business in California.
   c. ☐ is a California partnership or other unincorporated association.
   d. ☐ is a foreign partnership that
      (1) ☐ has filed a designation under Corporations Code section 15800.
      (2) ☐ has not filed a designation under Corporations Code section 15800.
   e. ☐ is other *(specify):*

3. Attachment is sought to secure recovery on a claim upon which attachment may issue under Code of Civil Procedure section 483.010.

4. Attachment is not sought for a purpose other than the recovery on a claim upon which the attachment is based.

5. Plaintiff has no information or belief that the claim is discharged or the prosecution of the action is stayed in a proceeding under Title 11 of the United States Code (Bankruptcy).

Form Approved for Optional Use<br>Judicial Council of California<br>AT-105 [Rev. January 1, 2000]

**APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY**
**PROTECTIVE ORDER, ETC. (Attachment)**

Page one of three

Code of Civil Procedure,
§§ 482.030, 484.010 et seq.

American LegalNet, Inc.
www.USCourtForms.com

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| China Branding Group Limited v. Bobulinski | 2:20-cv-06759 RGK (JCx) |

6. ☑ Plaintiff's claim or claims arise out of conduct by the defendant who is a natural person of a trade, business, or profession. The claim or claims are not based on the sale or lease of property, a license to use property, the furnishing of services, or the loan of money where any of the foregoing was used by the defendant primarily for personal, family, or household purposes.

7. The facts showing plaintiff is entitled to a judgment on the claim on which the attachment is based are set forth with particularity in the
   a. ☐ verified complaint.
   b. ☑ attached affidavit or declaration.
   c. ☑ following facts *(specify)*:

   Please see attached Memorandum of Points and Authorities and Declaration of Peter Kendall

8. The amount to be secured by the attachment is: $ 659,429.79
   a. ☐ which includes estimated costs of: $
   b. ☐ which includes estimated allowable attorney fees of: $

9. Plaintiff is informed and believes that the following property sought to be attached for which a method of levy is provided is subject to attachment:
   a. ☐ Any property of a defendant who is **not** a natural person.
   b. ☐ Any property of a nonresident defendant.
   c. ☑ Property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010 described as follows *(specify)*:

   All real property, non-exempt personal property, equipment, motor vehicles, chattel paper, negotiable and other instruments, securities, deposit accounts, safe deposit boxes, accounts receivable, general intangibles, property subject to pending actions, final money judgments, personalty in estates of decedents, and all community property of the type described above.

   d. ☐ Property covered by a bulk sales notice with respect to a bulk transfer by defendant on the proceeds of the sale of such property *(describe)*:

   e. ☐ Plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold *(specify license number)*:

10. Plaintiff is informed and believes that the property sought to be attached is not exempt from attachment.

11. ☐ The court issued a Right to Attach Order on *(date)*:
    *(Attach a copy.)*

12. ☐ Nonresident defendant has not filed a general appearance.

(Continued on page three)

AT-105 [Rev. January 1, 2000]   **APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**   **Page two of three**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| China Branding Group Limited v. Bobulinski | 2:20-cv-06759 RGK (JCx) |

13.  a.  Plaintiff ☐ alleges on ex parte application for order for writ of attachment

☐ is informed and believes on application for temporary protective order

that plaintiff will suffer great or irreparable injury if the order is not  issued before the matter can be heard on notice because

(1) ☐ it may be inferred that there is a danger that the property sought to be attached will be

(a) ☐ concealed.

(b) ☐ substantially impaired in value.

(c) ☐ made unavailable to levy by other than concealment or impairment in value.

(2) ☐ defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).

(3) ☐ a bulk sales notice was recorded and published pursuant to Division 6 of the Commercial Code with respect to a bulk transfer by the defendant.

(4) ☐ an escrow has been opened under the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant.

(5) ☐ other circumstances *(specify)*:

b.  The statements in item 13a are established by ☐ the attached affidavit or declaration

☐ the following facts *(specify)*:

14.  ☐ Plaintiff requests the following relief by temporary protective order *(specify)*:

15.  Plaintiff

a. ☐ has filed an undertaking in the amount of:  $

b. ☑ has not filed an undertaking.

Date: August 14, 2020

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Robert W. Cohen
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

▶ /s/ Robert W. Cohen
_____
(SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

## DECLARATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 14, 2020

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Robert W. Cohen
(TYPE OR PRINT NAME)

▶ /s/ Robert W. Cohen
_____
(SIGNATURE OF DECLARANT)

16. Number of pages attached:  8

AT-105 [Rev. January 1, 2000]       **APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY**       **Page three of three**
**PROTECTIVE ORDER, ETC. (Attachment)**

Robert W. Cohen (SBN 150310)
Mariko Taenaka (SBN 273895)
**LAW OFFICES OF ROBERT W. COHEN**
A Professional Corporation
1901 Avenue of the Stars, Suite 1900
Los Angeles, California   90067
Telephone: (310) 282-7586
Facsimile: (310) 282-7589
rwc@robertwcohenlaw.com
mt@robertwcohenlaw.com

Attorneys for Plaintiff
CHINA BRANDING GROUP LIMITED
(IN OFFICIAL LIQUIDATION)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>              Plaintiff,<br><br>       v.<br><br>TONY BOBULINSKI,<br><br>              Defendant. | Case No.  2:20-cv-06759 RGK (JCx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR PREJUDGMENT RIGHT TO ATTACH ORDER**<br><br>Date:          September 29, 2020<br>Time:          9:00 a.m.<br>Courtroom:  750 |

Plaintiff China Branding Group Limited (In Official Liquidation), by and through its Joint Official Liquidators, Hugh Dickson and David Bennett of Grant Thornton Specialist Services (Cayman), Limited, submits the following points and authorities in support of its application for a prejudgment right to attach order, requested as a means to secure recovery on Plaintiff's claims against Defendant Tony Bobulinski.

**I.     INTRODUCTION**

This is an action brought under the Uniform Foreign Country Money

Judgments Recognition Act ("UFCMJR," Cal. Code Civ Proc. §§ 1713, *et seq.*) to enforce a judgment issued by the Grand Court of the Cayman Islands in a proceeding entitled *In the Matter of China Group Limited (In Official Liquidation)*, Cause No. FSD 52 of 2016 (RMJ) ("the Cayman Islands Action"). Judgment in the Cayman Islands Action was issued January 23, 2019 and in connection with those proceedings, the court issued three costs orders against Mr. Bobulinski totalling $675,811.34. The outstanding balance due on the costs awards now totals $659,429.79. The relevant facts and documentation relating to the judgment and orders are set out in the accompanying declaration of Peter Kendall.

By the present motion, Plaintiff applies pursuant to Fed. R. Civ. P. 64 for a right to attach order and issuance of a writ of attachment against identified categories of property owned by Mr. Bobulinski in an amount equal to the outstanding balance on the judgment. By plain application of law Plaintiff will be entitled to judgment in this action for that amount; and because the established facts demonstrate conformance with each element of the attachment statute, Plaintiff respectfully submits that this application should now be granted, as set forth more fully below.

## II.   THE CAYMAN ISLANDS ACTION AND JUDGMENT

China Branding is a company in liquidation under the laws of the Cayman Islands; it acts by and through its Joint Official Liquidators in that country, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited, a Cayman Islands Company and David Bennett of Grant Thornton Recovery & Reorganisation Limited ("the JOLs").

Mr. Bobulinski is a putative creditor of China Branding. He claims that in 2015 and 2016 he conducted business transactions with China Branding by which he provided bridge loans totalling US$650,000 in return for China Branding's pledge of certain assets and specified returns on his investment. He claims that pursuant to the terms of the loan agreement he is a secured creditor entitled to payment of a 2.5x multiplier on his investment and to other sums owed to him by China Branding.

In April 2017 Mr. Bobulinski submitted a "Proof of Debt" in the liquidation proceeding, claiming a total entitlement of US$1,765,000 as a secured creditor entitled to priority over the claims of China Branding's unsecured creditors; after extensive review of Mr. Bobulinski's claims, the JOLs rejected his claims to a multiplier and to his claims to priority as a secured creditor, but allowed an unsecured claim in the amount of his $650,000 loan.

In July 2017, Mr. Bobulinski filed the Cayman Islands Action challenging the JOLs' determination. In pretrial proceedings during the course of the Cayman Islands Action, the court issued two cost orders against Mr. Bobulinski, the first dated November 13, 2018 in the amount of US$56,431.82, and the second on January 8, 2019 in the amount of US$57,208.58. A contested 5-day hearing was conducted in the Caymans Islands Action in October 2018, followed by written submissions by the parties; judgment was issued in the Caymans Islands Action on January 23, 2019, rejecting Mr. Bobulinski's claims in their entirety. On February 5, 2019, the Cayman Islands Grand Court issued a third order of costs against Mr. Bobulinski in the amount of $562,170.94 for the JOLs' costs in contesting the Cayman Islands Action. The total costs awarded thus came to $675,811.34.

The judgment and costs orders in the Cayman Islands Action are final. Mr. Bobulinski made three payments totalling $41,417.82 to the JOLs in partial satisfaction of the first cost order: $11,389.15 on October 22, 2018; $15,014.67 on December 27, 2018; and $15,014.00 on December 14, 2019, leaving a balance of $15,014.00 before interest. The second and third costs orders remain due and unpaid in their entirety. The balance due on the three costs awards before interest thus comes to $634,393.52.

## III.   PLAINTIFF IS ENTITLED TO ISSUANCE OF THE WRIT OF ATTACHMENT

### A.  California Law Applies Here

Plaintiffs in federal court may invoke the remedies provided under the law of

the state in which the federal court is located for "seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action." *Reebok Int'l. v. Marnatech. Enters., Inc.*, 970 F.2d 552, 558 (9th Cir. 1992); *see* Fed. R. Civ. P. 64.  These remedies include a writ of attachment.  *Id*.  The effect of Rule 64 is thus to incorporate California law to determine the availability of prejudgment remedies including the writ of attachment.  *See United States v. Van Cauwenberghe*, 934 F.2d 1048, 1063, fn. 13 (9th Cir. 1991).  In California, the grounds and procedures for obtaining orders for prejudgment writs of attachment are governed by California Code of Civil Procedure §§ 481.010-493.060.

### B. California Law Entitles Plaintiff to the Writ

Attachment "is a remedy by which a plaintiff with a contractual claim to money (not a claim to a specific item of property) may have various items of a defendant's property seized before judgment and held by a levying officer for execution after judgment." *Waffer, International Corp. v. Khorsandi*, 69 Cal.App.4th 1261, 1271 (1999).

California Code of Civil Procedure section 484.090 provides that the Court shall issue a right to attach order, which shall state the amount to be secured by the attachment, if it finds all of the following:

(1) The claim upon which the attachment is based is one upon which an attachment may be issued;

(2) The plaintiff has established the probable validity of the claim upon which the attachment is based;

(3) The attachment is not sought for a purpose other than the recovery of the claim upon which the attachment is based; and

(4) The amount to be secured by the attachment is greater than zero.

Finally, where, as here, the action is against a natural person, "an attachment may be issued only on a claim which arises out of the conduct by the defendant of a trade, business, or profession."  Cal. Code Civ. Proc., § 484.010(c).

1   Where the defendant fails to prove that all of the property sought to be

2   attached is exempt from attachment, the Court shall order a writ of attachment upon

3   plaintiff's filing of an undertaking.  Cal. Code Civ. Proc., § 484.090(b).

4   **C. Plaintiff's Claims Are Claims upon Which an Attachment May Issue**

5   Code of Civil Procedure section 483.010(a) specifies the types of actions or

6   claims upon which a writ of attachment may issue: "Except as otherwise provided by

7   statute, an attachment may be issued only in an action on a claim or claims for

8   money, each of which is based upon a contract, express or implied, where the total

9   amount of the claim or claims is a fixed or readily ascertainable amount not less than

10   five hundred dollars ($500) exclusive of costs, interest and attorney's fees."  Cal.

11   Code Civ. Proc., § 483.010(a).

12   Plaintiff's claims against Mr. Bobulinski unquestionably qualify for the

13   attachment writ under these criteria.  The loans at issue in the Cayman Island Action

14   were, of course, contractual undertakings in connection with Mr. Bobulinski's

15   business activities, and this action on the judgment likewise qualifies as an action on

16   a contract.  *See Minor v. Minor*, 175 Cal.App.2d 277, 279 (1959) ("[A]n action based

17   on a judgment is an action based on a contract"); *Grotheer v. Meyer Rosenberg, Inc.*,

18   (1936) 11 Cal.App.2d 268, 272-273 (an action on a money judgment is one "arising

19   on a contract" within the meaning of the attachment statute, whether the judgment

20   was recovered on a contract or for a tort); *Korea Water Res. Corp. v. Lee*, 115 Cal.

21   App. 4th 389, 401, fn. 11 (2004) (same).

22   The amount of the claim is of course fixed by the amount of the costs orders

23   and the partial payments made; and the accrued interest is readily calculable.  "It is a

24   well-recognized rule of law in this state that an attachment will lie upon a cause of

25   action for damages for a breach of contract where the damages are readily

26   ascertainable by reference to the contract and the basis of the computation of

27   damages appears to be reasonable and definite."  *Lewis v. Steifel*, 98 Cal.App.2d 648,

28   650 (1950).  Under the UFCMJR, a foreign judgment bears interest according to the

law of the place where it was rendered.  *Hyundai Sec. Co., Ltd. v. Lee*, 232 Cal.App. 4th 1379, 1390 (2015); *see also Soc'y of Lloyd's v. Anderson*, 2004 U.S. Dist. LEXIS 10335, at *3-4 (D. Tex. July 1, 2004) (explaining that under the UFCMJR, the foreign state's interest laws and rates should apply because "a contrary ruling would only partially enforce the [foreign] judgment, thus undermining [the] court's determination that the judgment is entitled to comity.").  As set forth in the accompanying declaration of Peter Kendall, Cayman Island judgments issued in United States dollars accrue interest at the rate of 2.375% per year.

Calculated to the September 29, 2020 hearing date on this motion, the accrued interest accordingly runs as follows:  (1) with respect to the first cost order, daily interest of $0.98 has accrued for 686 days on the unpaid balance of $15,014.00 since November 13, 2018, coming to $670.18; (2) with respect to the second cost order, daily interest of $3.72 has accrued on the unpaid balance of $57,208.58 for 630 days since January 8, 2019, coming to $2,345.16; (3) with respect to the third cost order, daily interest of $36.58 has accrued for 602 days on the unpaid balance of $562,170.94 since February 5, 2019, coming to $22,020.93.  The total accrued interest thus comes to $25,036.27 on top of the principal balance of 634,393.52, bringing the total due at the time of hearing to $659,429.79.

### D.  Plaintiff Has Established the Probable Validity of Its Claims.

A claimant is entitled to obtain a writ of attachment if it "is more likely than not that plaintiff will obtain a judgment against the defendant on that claim."  Cal. Code Civ. Proc. §§ 481.190; 484.090(a)(2).  *See Hobbs v. Weiss* (1999) 73 Cal.App.4th 76, 80 (court's task in attachment proceeding is to "consider the relative merits of the positions of the respective parties and make a determination of the probable outcome of the litigation.").

Here, there can be no serious gainsaying of the probable validity of Plaintiff's claims measured by these standards.  To qualify for recognition under the UCMJRA, a foreign judgment must grant or deny recovery of a sum of money, other than a

1   judgment for taxes, fines or other penalties, or support in matrimonial or family

2   matters.  Cal. Code Civ. Proc. § 1715.  The foreign court's award of attorney's fees is

3   not a penalty within the meaning of the act.  *Java Oil, Ltd. v. Sullivan*, 168

4   Cal.App.4th 1178, 1187.

5        Where the plaintiff establishes the fact of the existing foreign judgment under

6   these criteria, the court "shall" recognize the foreign judgment, unless the defendant

7   overcomes the burden of establishing sufficient grounds for non-recognition under

8   subdivisions (b) or (c) of section 1716.  Cal. Code Civ. Proc. § 1716(a), (d).  None of

9   the various grounds for non-recognition enumerated under the statute (i.e., absence

10  of jurisdiction, fraud, denial of due process, etc.) have any conceivable application

11  here (and it would be Defendant's burden in any event to prove such contentions),

12  meaning that as a matter of law the Cayman Island Judgment now merits recognition.

13       Even apart from the statutory mechanism, moreover, the recognition of foreign

14  judgments by courts of the United States "is governed by principles of comity."

15  *Pariente v. Scott Meredith Literary Agency, Inc.*, 771 F.Supp. 609, 615 (S.D.N.Y.

16  1991).  *See* Code Civ. Proc. § 1723 providing that the UCMJRA "does not prevent

17  the recognition under principles of comity or otherwise of a foreign-country

18  judgment not within the scope of this chapter."  The Supreme Court long ago

19  announced that where a foreign nation's judgment is rendered "under a system of

20  jurisprudence likely to secure an impartial administration of justice ... and there is

21  nothing to show either prejudice ... or fraud in procuring the judgment," it should be

22  enforced here and not "tried afresh."  *Hilton v. Guyot*, 159 U.S. 113, 163-164

23  (1895).  The Cayman Island orders are plainly entitled to enforcement under these

24  principles.

25       **E.  The Property Plaintiff Seeks to Attach is Subject to Attachment.**

26       Plaintiff here seeks to attach property of an individual Defendant.  Code Civ.

27  Proc. § 484.020(e) provides that the property to be attached shall be described in a

28  manner "reasonably adequate to permit the defendant to identify the specific property

sought to be attached." Plaintiff here seeks to attach: "All real property, non-exempt personal property, equipment, motor vehicles, chattel paper, negotiable and other instruments, securities, deposit accounts, safe deposit boxes, accounts receivables, general intangibles, property subject to pending actions, final money judgments, personalty in estates of decedents, and all community property of the type described above." Community property is attachable pursuant to California Code of Civil Procedure section 487.010(d) and this description was expressly authorized by the court in *Bank of America v. Salinas Nissan, Inc.*, 207 Cal.App.3d 260, 268 (1989) as a proper identification of an individual's assets. The court held the description sufficient to support an order granting the right to attach *whatever assets* defendant owned that fell into those categories.

**F. Proper Purpose.** Attachment is necessary and proper here to protect Plaintiff's right to judgment because Defendant's indebtedness to Plaintiff is unsecured.

**G. Undertaking.** California Code of Civil Procedure section 489.220 requires the filing of an undertaking in the amount of $10,000 as a condition to issuance of the writ of attachment. Plaintiff will file a bond in that amount issued by an admitted surety insurer.

## IV. CONCLUSION

Because Plaintiff has established the probable validity of its claims in this action, and because the requisites of the attachment law have been satisfied, Plaintiff respectfully requests that the writ of attachment now be issued.

DATED: August 17, 2020                    LAW OFFICES OF ROBERT W. COHEN
                                          A Professional Corporation


                                          By   /s/  Robert W. Cohen
                                             Robert W. Cohen
                                             Mariko Taenaka
                                             Attorneys for Plaintiff