Ryan G. Baker (Bar No. 214036)
  rbaker@bakermarquart.com
Teresa L. Huggins (Bar. No. 263257)
  thuggins@bakermarquart.com
Sam Meehan (Bar No. 307934)
  smeehan@bakermarquart.com
BAKER MARQUART LLP
777 S. Figueroa St., Suite 2850
Los Angeles, California, 90017
Telephone:  (424) 652-7800
Facsimile:   (424) 652-7850

*Attorneys for Defendant Tony Bobulinski*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>        Plaintiff,<br><br>v.<br><br>TONY BOBULINSKI<br><br>        Defendant. | Case No. 2:20-CV-06759 RGK (JCx)<br><br>**DEFENDANT'S NOTICE OF RELATED CASES PURSUANT TO LOCAL RULE 83-1.3.1**<br><br>Judge:  Hon. R. Gary Klausner<br><br>Complaint Filed: July 28, 2020 |

## LOCAL RULE 83-1.3.1 NOTICE OF RELATED CASES

Pursuant to Local Civil Rule 83-1.3.1, Defendant Tony Bobulinski ("Bobulinski" or "Defendant") respectfully submits that the above-captioned case is related to another case pending before The Honorable Michael Fitzgerald of this Court, <u>Tony Bobulinski v. Adam Roseman</u>, Case No.: 2:19-cv-02963-MFW-SSx ("<u>Bobulinski v. Roseman</u>").  Both this case and <u>Bobulinski v. Roseman</u> appear to arise from similar transactions, happenings or events; call for determination of the same or substantially identical questions of law or similar questions of law and fact; and/or may entail unnecessary duplication of labor if heard by different judges.

In <u>Bobulinski v. Roseman</u>, plaintiff Tony Bobulinski sues Adam Roseman ("Roseman"), the CEO of China Branding Group Limited ("CBG"), a Cayman Islands corporation, for fraud in the inducement and negligent misrepresentation. Bobulinski bases his allegations on a series of promises that Roseman made in 2015, to induce him to loan $650,000 to CBG to bridge it to sale.  Specifically, Roseman promised Bobulinski that any loan he made to CBG would be senior secured by all the collateral of CBG in the United States; that he would receive a 2.5 multiplier of his loan when CBG was sold; and that he would have the right to approve any sale of CBG.  Based on these representations, Bobulinski agreed to enter a Senior Secured Convertible Promissory Note and a Pledge Agreement with CBG in April 2015.  Bobulinski would not have entered into those agreements or made any loan to CBG absent those conditions.

Not until CBG went into liquidation in the Cayman Islands in 2016 ("Cayman Liquidation") did Bobulinski learn that Roseman's representations were false. Bobulinski submitted a proof of debt during the Cayman Liquidation, claiming his 2.5 multiplier, as the parties had agreed.  The Joint Official Liquidators of CBG ("JOLs") rejected Bobulinski's proof of debt, claiming CBG did not own the collateral that Roseman had claimed secured Bobulinski's loan, and that there was no evidence that he was a secured creditor, or that he was entitled to the 2.5

multiplier.  The JOLs also held the sale of CBG could proceed without his approval.  Based in large part on Roseman's incorrect testimony, the court in the Cayman Islands agreed with the JOLs and held that Bobulinski was not entitled to what Roseman, on behalf of CBG, had promised him.

In this case, plaintiff, China Branding Group Limited (in official liquidation), by and through its official Joint Official  Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited, sues Defendant Tony Bobulinski to enforce three cost certificates the JOLs obtained from a Cayman Islands court for attorneys' fees and costs they purportedly incurred in litigating against Bobulinski's proof of debt during the Cayman Liquidation.  The JOLs argue that this judgment for fees and costs must be enforced in the United States under the Uniform Foreign Country Money Judgments Recognition Act ("UFCMJRA"), Cal. Civ. Code § 1716, and/or the principles of comity.  Although this action appears to be an action to enforce a judgment only, there are many underlying issues, and those issues are intertwined with the issues raised in Bobulinski v. Roseman.  In particular, a judgment obtained based on fraud, that is repugnant to U.S. policy, that requires a party to litigate in a forum other than one designated by a forum selection clause, or that violates due process is not enforceable in the United States.  *See* Cal. Civ. Code § 1716 (c)(1)(B), (C), (D), (G).  Thus, whether a witness was truthful during a foreign proceeding may inform a U.S. court's decision of whether to enforce a foreign judgment.  *See de Fontbrune v. Wofsy*, 409 F. Supp. 3d 823, 839 (N.D. Cal. 2019) (extrinsic fraud sufficient to deny enforcement of foreign judgment may be shown where false testimony prevents a foreign court from knowing "the true state of affairs"); *Pentz v. Kuppinger*, 31 Cal. App. 3d 590, 597 (1973) (refusing to enforce foreign judgment where party did not have an opportunity to inform court of alimony payments critical to that case).

Both cases therefore involve the same facts: whether Roseman made representations to Bobulinski to induce him to loan $650,000 to bridge CBG to sale, and whether Roseman testified truthfully in the litigation related to the Cayman Liquidation about the promises he made to induce Bobulinski to make that loan. Bobulinski will seek discovery in each case to be used in the other case.

Based on the foregoing, Defendant respectfully contends that this case and <u>Bobulinski v. Roseman</u> are sufficiently related as to warrant assignment of this case to The Honorable Michael Fitzgerald.

DATED: September 23, 2020          BAKER MARQUART LLP

By: _____
Ryan G. Baker

*Attorneys for Defendant Tony Bobulinski*