Robert W. Cohen (SBN 150310)
Mariko Taenaka (SBN 273895)
**LAW OFFICES OF ROBERT W. COHEN**
A Professional Corporation
1901 Avenue of the Stars, Suite 1900
Los Angeles, California  90067
Telephone: (310) 282-7586
Facsimile: (310) 282-7589
rwc@robertwcohenlaw.com
mt@robertwcohenlaw.com

Attorneys for Plaintiff
CHINA BRANDING GROUP LIMITED
(IN OFFICIAL LIQUIDATION)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>            Plaintiff,<br><br>     v.<br><br>TONY BOBULINSKI,<br><br>            Defendant. | Case No.  2:20-cv-06759 RGK (JCx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S NOTICE OF RELATED CASES** |

Pursuant to Local Rule 83-1.3.4, Plaintiff China Branding Group Limited (In Official Liquidation) submits this opposition to Defendant Tony Bobulinski's notice of related cases and request for case reassignment, filed September 23, 2020, Dkt. No. 26.

By the present lawsuit, brought under the  Uniform Foreign-Country Money Judgments Recognition Act ("UFCMJRA," Cal. Code Civ Proc. §§ 1713, *et seq.*), the Plaintiff China Branding, acting through its Joint Official Liquidators in the

Cayman Islands (the "JOLs"), seeks the Court's recognition of a judgment entered in China Branding's favor and against Mr. Bobulinski by the Grand Court of the Cayman Islands in 2019.  As explained in detail in the Plaintiff's complaint and in its pending summary judgment motion, it was Mr. Bobulinski who initiated the Cayman Islands action, by which he challenged the JOLs' determination rejecting portions of Mr. Bobulinski's claims as a creditor in the Cayman Islands liquidation proceedings. Mr. Bobulinski lent money to China Branding in 2015 and brought the Cayman Islands action in 2018, appealing the JOL's rejection of his claimed status as a secured creditor entitled to a multiplier on the return of his investment.  Mr. Bobulinski vigorously litigated the Cayman Islands action, and the judgment included cost orders assessed against him totaling $675,811.  Mr. Bobulinski is a California citizen and this lawsuit thus seeks recognition and enforcement of those orders here under the UFCMJRA and common law principles of comity.

Under the UFCMJRA, where the plaintiff shows there is a foreign-country money judgment that is final and enforceable where rendered, the court "shall recognize" the judgment unless the defendant establishes statutory grounds for nonrecognition.  *Ohno v. Yasuma,* 723 F.3d 984, 991 (9th Cir. 2013); *see* Cal. Civ. Proc. Code §1716, enumerating grounds for nonrecognition, e.g., absence of jurisdiction, fraud, denial of due process.  Where a foreign-country money judgment meets the criteria for recognition specified in the UFCMJRA, it is conclusive between the parties to the same extent as a judgment of a sister state entitled to full faith and credit, and enforceable in the same manner and to the same extent as a domestic judgment.  Cal. Civ. Proc. Code §1719; *Hyundai Securities Co., Ltd. v. Lee*, 232 Cal.App.4th 1379, 1386; s*ee Society of Lloyd's v. Ashenden*, 233 F.3d 473, 477 (7th Cir. 2000) (noting the UFCMNJRA's purpose of "providing a streamlined, expeditious method for collecting money judgments rendered by courts in other jurisdictions.")

By his present motion, Mr. Bobulinski now says this case is related within the

meaning of Local Rule 83-1.3.1 to another case pending before Judge Fitzgerald, *Tony Bobulinski v. Adam Roseman*, Case No. 2:19-cv-02963-MWF-SSx, warranting reassignment of this case because the cases purportedly "involve the same facts." (Mtn., p. 3.)  In the *Bobulinski v. Roseman* case, Mr. Bobulinski sues Adam Roseman, the former CEO of China Branding Group, asserting fraud in the inducement and negligent misrepresentation, asserting that the loans he made to China Branding were based upon false promises Mr. Roseman made to him in 2015. In his suit against Mr. Roseman, Mr. Bobulinski says that he "discovered" during the liquidation proceedings and the Cayman Islands litigation that followed that he never had a perfected security interest in the collateral he was promised for his loan and that he had been duped by Mr. Roseman in making the loan.  *See Roseman* First Am. Compl., ¶¶ 9, 52, 53, 56, 60.  He thus sues for the loss of the funds he invested and the losses and attorney's fees he incurred in "vain" in the Cayman Islands action. *Id.*, ¶¶10, 71-72.  The *Roseman* lawsuit thus proceeds from the fact of the Cayman Islands judgment and seeks damages that were visited upon Mr. Bobulinski as a function of that judgment.

The two cases, then, are plainly not related in the sense required by Local Rule 83-1.3, which looks to whether they: "(a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons would entail substantial duplication of labor if heard by different judges."  The motion states that the two cases "involve the same facts: whether Roseman made representations to Bobulinski to induce him to loan $650,000 to bridge [China Branding] to sale [sic], and whether Roseman testified truthfully in the litigation related to the Cayman Liquidation about the promises he made to induce Bobulinski to make that loan."  (Mtn., p. 3.)  But those factual issues, even if true, are hardly relevant to the recognition question that is solely at issue in the present case.  Mr. Bobulinski concedes he was not a secured creditor, and whether or not Mr. Roseman

1 was truthful in his representations inducing the loan (or whether he testified
2 truthfully about those same representations) cannot affect the issues relevant for
3 recognition.  *See* Cal. Civ. Proc. Code §1716(c)(2) ("fraud" requisite for non-
4 recognition must be of a type that "prevented the losing party of an adequate
5 opportunity to present its case.")  Here, there is not even a suggestion that anyone's
6 false testimony amounted to a deprivation of  anyone's opportunity to present their
7 case and there is no claim in the *Roseman* case that would undermine or affect
8 recognition of the Cayman Island judgment.

9        The intermixture of the two cases would thus confuse rather than elucidate the
10 relevant matters and would create unnecessary labor rather than saving it.  The
11 motion instead appears to be aimed at achieving unnecessary delay of this
12 proceeding (and, in particular, plaintiff's pending summary judgment motion) and it
13 should therefore be denied.

14        Respectfully submitted.

15 DATED: September 24, 2020            LAW OFFICES OF ROBERT W. COHEN
16                                       A Professional Corporation

17                                       By   /s/   Robert W. Cohen
18                                          Robert W. Cohen
                                            Mariko Taenaka
19                                          Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that on September 24, 2020 a copy of the foregoing document

3  was filed electronically via the Court's CM/ECF system. Pursuant to Local Rule 5-

4  3.2.1 notice of filing will be served on all parties by operation of the Court's

5  CM/ECF system, and parties may access this filing through the Court's CM/ECF

6  system.

7

8                                         /s/ Mariko Taenaka
9                                         Mariko Taenaka

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28