Ryan G. Baker (Bar No. 214036)
  rbaker@bakermarquart.com
Teresa L. Huggins (Bar. No. 263257)
  thuggins@bakermarquart.com
BAKER MARQUART LLP
777 S. Figueroa St., Suite 2850
Los Angeles, California, 90017
Telephone:   (424) 652-7800
Facsimile:    (424) 652-7850

*Attorneys for Defendant Tony Bobulinski*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>      Plaintiff,<br><br>v.<br><br>TONY BOBULINSKI<br><br>      Defendant. | Case No.2: 20-CV-06759 RGK (JC)<br><br>**DEFENDANT TONY BOBULINSKI'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:  Hon. R. Gary Klausner<br>Date: October 19, 2020<br>Time: 9:00 a.m.<br>Courtroom:   850<br><br>Complaint Filed: July 28, 2020 |

Case No. 2:20-CV-06759 RGK (JC)

Defendant Tony Bobulinski hereby objects to the evidence submitted in support of Plaintiff China Branding Group Limited (in Official Liquidation)'s Motion for Summary Judgment, and respectfully requests that the Court sustain the objections below.

### OBJECTIONS TO DECLARATION OF PETER KENDALL

| Material Objected to: | Grounds for Objection: |
|---|---|
| 1.) The Defendant Tony Bobulinski is a putative creditor of China Branding. He claims that in 2015 and 2016 he conducted business transactions with China Branding by which he provided bridge loans totalling $650,000 in return for China Branding's pledge of certain assets and specified returns on his investment. He claims that pursuant to the terms of the loan agreement he is a secured creditor entitled to payment of a 2.5x multiplier on his investment and to other sums owed to him by China Branding.<br><br>Declaration of Peter Kendall ("Kendall Decl."), ¶ 2. | **Lack of personal knowledge/Foundation (Federal Rules of Evid § 602):**  Declarant lacks the personal knowledge or foundation to testify to the material in paragraph 2.<br><br>**Improper Opinion (Fed R. Evid § 701):** Declarant offers improper opinion testimony about Defendants' contentions.<br><br>**Best Evidence (Fed R. Evid. §§ 1001-1008):**  The best evidence for Defendant's contention as to his secured creditor status and entitlement to pay is the underlying appeal of the Joint Official Liquidator's denial of his Proof of Debt claim. |
| 2.) In April 2017 Mr. Bobulinski submitted a  Proof of Debt in the liquidation proceeding, claiming a total entitlement of US$1,765,000 as a secured creditor entitled to priority over the claims of China Branding's unsecured creditors; after extensive review of Mr. Bobulinski's claims, the JOLs rejected his claims to a multiplier and to his claims to priority as a secured creditor, but allowed an unsecured claim in the amount of his US$650,000 loan. | **Lack of personal knowledge/Foundation (Federal Rules of Evid § 602):**  Declarant lacks the personal knowledge or foundation to testify that the JOLs rejection of Defendant's claim was after "extensive review."<br><br>**Improper Opinion (Fed R. Evid § 701):** Declarant offers improper opinion testimony about the JOLs rejection of Defendant's claim or any "extensive review." |

| | |
|---|---|
| Kendall Decl., ¶ 3. | **Asserts a legal conclusion; assumes facts not in evidence:** Declarant asserts a legal conclusion and assumes evidence regarding the JOLs rejection of Defendant's claim and any "extensive review" by the JOLs. |
| 3.) In pretrial proceedings during the course of the Cayman Islands Action, the court issued two cost orders against Mr. Bobulinski, the first dated November 13, 2018 in the amount of US$56,431.82, and the second on January 8, 2019 in the amount of US$57,208.58. True copies of the two pretrial cost certificates are attached hereto as Exhibit A. Mr. Bobulinski made three payments totaling $41,417.82 to the JOLs in partial satisfaction of the first cost order: US$11,389.15 on October 22, 2018 (this payment predated the final order because it was made pursuant to an interim costs certificate in that amount issued prior to conclusion of the first taxation process); US$15,014.67 on December 27, 2018; and US$15,014.00 on December 14, 2019, leaving a balance of $15,014.00 before interest. The second cost order of $57,208.58 remains due and unpaid in its entirety.

Kendall Decl., ¶ 5. | **Lack of personal knowledge/Foundation (Federal Rules of Evid § 602):** Declarant lacks the personal knowledge or foundation to testify to the material in paragraph 5.

**Best Evidence (Fed R. Evid. §§ 1001-1008):** The best evidence for the "cost orders" in Paragraph 5 are the cost orders themselves. Declarant has introduced no competent or sufficient evidence regarding any "pretrial proceedings" in the underlying Cayman Islands litigation or the bases for any "pre-trial cost orders." Declarant has also introduced no evidence of any "cost orders" or that the "cost orders" were issued by the "the court." In fact, the purported "cost orders" attached as Exhibit A to the Kendall Declaration indicate they are not "cost orders" but "Cost Certificate[s]" and were signed by a "Taxing Officer" not the court. The best evidence of any purported payments made by Bobulinski are the payments themselves.

**Authentication (Fed R. Evid. §§ 901-902):** Declarant fails to provide the appropriate grounds for authentication of the documents attached as Exhibit A. |

| | |
|---|---|
| 4.) A contested 5-day hearing was conducted in the Caymans Islands Action in October 2018, followed by written submissions by the parties; judgment was issued on January 23, 2019, rejecting Mr. Bobulinski's claims in their entirety. A true and correct copy of the judgment is attached hereto as Exhibit B.<br><br>Kendall Decl., ¶ 6. | **Lack of personal knowledge/Foundation (Federal Rules of Evid § 602):** Declarant lacks the personal knowledge or foundation to testify to the material in paragraph 6.<br><br>**Authentication (Fed R. Evid. §§ 901-902):** Declarant fails to provide the appropriate grounds for authentication of the documents attached as Exhibit B.<br><br>**Asserts a legal conclusion; assumes facts not in evidence:** The hearing was not "contested" because Bobulinski was denied the opportunity to develop an underlying factual record to present his case. Bobulinski attempted to conduct discovery typical to that available to litigants in U.S. Courts, where the forum selection clause in Bubolinski's Promissory Note determined it would be litigated. Discovery would have allowed Bobulinski to, among other things, present to the Court a full picture of the negotiations between Bobulinski and Roseman, and CBG, to discover the nature of the initiation of the sham liquidation. |
| 5.) On February 5, 2019, the Cayman Islands Grand Court issued a third order of costs against Mr. Bobulinski in the amount of US$562,170.94 for the JOLs' costs in contesting the Cayman Islands Action a Default Costs Certificate in that amount arising from Mr. Bobulinski s failure to complete and serve the Bills of Costs served on him in | **Lack of personal knowledge/Foundation (Federal Rules of Evid § 602):** Declarant lacks the personal knowledge or foundation to testify to the material in paragraph 7.<br><br>**Best Evidence (Fed R. Evid. §§ 1001-1008):** The best evidence for the "order of costs" in Paragraph is the |

respect of that order was filed on May 6, 2019. A true copy of that Default Costs Certificate is attached hereto as Exhibit C. The third cost order remains due and unpaid in its entirety. The balance due on the three costs awards before interest thus comes to US$634,393.52 The third cost order is unpaid in its entirety.

Kendall Decl., ¶ 7.

cost orders itself.  Declarant has introduced no competent or sufficient evidence regarding the basis for the purported February 5, 2019 "order of costs."  The purported judgement attached to the Kendall Declaration as Exhibit B makes no mention of an order of costs or right to an order of costs.  Declarant has also not introduced the purported "order of costs" or evidence to show that the "order of costs" was issued by the "Cayman Islands Grand Court." In fact, the document attached as Exhibit C to the Kendall Declaration is not an "order of costs" but a "Default Costs Certificate" that was not signed or issued by the "Cayman Islands Grand Court" but instead a registrar of the "Financial Services Division."

**Authentication (Fed R. Evid. §§ 901-902):** Declarant fails to provide the appropriate grounds for authentication of the document attached as Exhibit C.

6.) The judgment and costs orders in the Cayman Islands Action are final. Under section 19(2) of the Court of Appeal Law of the Cayman Islands (2011 Revision) Mr. Bobulinski was required to file a Notice of Appeal against the judgment and the pretrial cost orders within 14 days of their entry; no Notice of Appeal has been lodged, and the judgment and orders are thus final. In addition, in relation to the Default Costs Certificates issued by the Court Taxing Officer, Order 62, rule 22(5) of the Cayman Islands Grand Court Rules provides that a party who seeks to set

**Lack of personal knowledge/Foundation (Federal Rules of Evid § 602):**  Declarant lacks the personal knowledge or foundation to testify to the material in paragraph 8.

**Best Evidence (Fed R. Evid. §§ 1001-1008):**  The best evidence for the "section 19(2) of the Court of Appeal Law of the Cayman Islands (2011 Revision)" and Order 62, rule 22(5) of the Cayman Islands Grand Court Rules are the documents themselves.

| | |
|---|---|
| aside a Default Costs Certificate must take the various steps prescribed by that rule within 14 days. As Mr. Bobulinski failed to take such steps, Order 62, rule 22(6) provides that the Default Costs Certificates shall be enforceable as if they were judgments or orders of the Grand Court.<br><br>Kendall Decl., ¶ 8. | **Asserts a legal conclusion; assumes facts not in evidence.** Declarant has introduced no competent or sufficient evidence regarding whether Mr. Bobulinski filed a "Notice of Appeal against the judgment and pretrial cost orders within 14 days of their entry."<br><br>Declarant has introduced no competent of sufficient evidence regarding whether Mr. Bobulinski took the "various steps prescribed by 'Order 62, rule 22(5) of the Cayman Islands Grand Court Rules,' within 14 days" or that Plaintiffs or anyone else *served* Bobulinski with the default costs certificate that triggers the 14 day deadline referenced by Declarant. *See* Order 62, rule 22(6) of the Cayman Islands Grand Court Rules.<br><br>Declarant has also not introduced any evidence that the costs certificates can be recognized as "foreign country money judgments." |

DATED:  September 28, 2020    BAKER MARQUART LLP


By:  */s/ Teresa L. Huggins*
     TERESA L. HUGGINS

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE