Ryan G. Baker (Bar No. 214036)
  rbaker@bakermarquart.com
Teresa L. Huggins (Bar. No. 263257)
  thuggins@bakermarquart.com
Sam Meehan (Bar No. 307934)
  smeehan@bakermarquart.com
BAKER MARQUART LLP
777 S. Figueroa St., Suite 2850
Los Angeles, California, 90017
Telephone:  (424) 652-7800
Facsimile:   (424) 652-7850

*Attorneys for Defendant Tony Bobulinski*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>          Plaintiff,<br><br>v.<br><br>TONY BOBULINSKI<br><br>          Defendant. | Case No. 2:20-CV-06759 RGK (JC)<br><br>**DEFENDANT TONY BOBULINSKI'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**<br><br>Judge:  Hon. R. Gary Klausner<br><br>Complaint Filed: July 28, 2020 |

Defendant Tony Bobulinski ("Bobulinski" or "Defendant"), by and through his undersigned counsel, answers Plaintiff China Branding Group's ("CBG's" or "Plaintiff's) Complaint in the above-captioned matter as follows:

## JURISDICTION

1.     Admit that Plaintiff brings an action seeking recognition of a foreign judgment pursuant to the Uniform Foreign Country Money Judgments Recognition Act ("UFCMJRA"), California Code of Civil Procedure section 1713, *et seq*., and pursuant to principles of comity.  Bobulinski denies the remaining allegations of this paragraph.

2.     Admit.

3.     Bobulinski is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 3, and, on that basis, denies the allegations in this paragraph.

4.     Admit.

## FIRST CLAIM FOR RELIEF

## RECOGNITION OF FOREIGN JUDGMENT UNDER THE UFCMJRA

5.     Bobulinski incorporates by reference as though fully set forth herein his responses to the preceding paragraphs of Plaintiff's Complaint.

6.     Admit that Bobulinski is a putative creditor of China Branding and that he claims that in 2015 and 2016 he loaned a total of $650,000 to China Branding. The remaining allegations in Paragraph 6, including those as to Bobulinski claiming he is entitled to a payment of a 2.5x multiplier pursuant to the terms of the loan agreement contain legal arguments, opinions and conclusions that require no response. Bobulinski otherwise denies the allegations of this paragraph.

7.     Admit that Bobulinski submitted a proof of debt in CBG's liquidation proceeding, claiming $1,765,000 as a secured creditor of CBG.  Admit that the JOLs rejected his claims to a multiplier and to priority as a secured creditor, but allowed an unsecured claim in the amount of his $650,000 loan.  The remaining allegations

of Paragraph 7 contain legal arguments, opinions and conclusions that require no response.  Bobulinski otherwise denies the allegations of this paragraph.

8.   Admit.

9.   Admit that Exhibit A to the Complaint consists of two Costs Certificates dated November 13, 2018 and January 8, 2019, respectively. Admit that the two Cost Certificates state that an Order for Costs was issued against Tony Bobulinki on April 5, 2018 in the amount of $56,431.82, and another Order for Costs was issued against Bobulinski on September 28, 2018 in the amount of $57,208.58.  Admit that Bobulinski has paid approximately $41,417.82 towards satisfaction of the Costs Certificates in Exhibit A which were issued before the underlying proceeding identified in Paragraph 10.  The remaining allegations contain legal conclusions, arguments, and opinions that require no response. Bobulinski otherwise denies the allegations of this paragraph.

10.   Admit that a hearing took place over portions of five days in the proceeding entitled *In the Matter of China Group Limited (In Official Liquidation)*, Cause No. FSD 52 of 2016 (RMJ) (the "Cayman Islands Action") in October 2018. Admit that the judgment that issued on January 23, 2019 is attached as Exhibit B to the Complaint.  The remaining allegations of Paragraph 10 contain legal arguments, opinions and conclusions that require no response.

11.   Admit that Exhibit C of the Complaint is a May 6, 2019 Default Costs Certificate issued by the Cayman Islands Grand Court Registrar stating that an Order for Costs was issued against Tony Bobulinski in the amount of $562,170.94 on February 5, 2019.  The remaining allegations contain legal conclusions, arguments, and opinions that require no response.  Bobulinski otherwise denies the allegations of this paragraph.

12.   Paragraph 12 contains legal conclusions, arguments, and opinions that require no response.  Bobulinski otherwise denies the allegations of this paragraph.

13.   Deny.

## SECOND CLAIM FOR RELIEF

### RECOGNITION OF JUDGMENT PURSUANT TO INTERNATIONAL COMITY

14.     Bobulinski incorporates by reference as though fully set forth herein his responses to the preceding paragraphs of Plaintiff's Complaint.

15.     Admit that the Court has authority to recognize foreign judgments outside the scope of the UFCMJRA under the principles of comity, but deny that such principles apply here.

16.     Deny.

## PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief in the Complaint, Bobulinski denies that Plaintiff is entitled to any relief from Bobulinski, whether prayed for or otherwise.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Bobulinski further pleads the following separate and additional defenses.  By pleading the Affirmative Defenses set forth below, Bobulinski does not agree in any way or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.  Each of the following Affirmative Defenses apply to each cause of action, unless specifically set forth to the contrary.  For its Affirmative Defenses to the Complaint, Bobulinski pleads as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Judgment Should Not Be Recognized Due to Fraud)

The purported foreign judgment was obtained by fraud that deprived Defendant of an adequate opportunity to present his case.  Accordingly, it should

not be recognized under California's Uniform Foreign Country Money Judgments Recognition Act.

### THIRD AFFIRMATIVE DEFENSE

**(Judgment Should Not Be Recognized Due to Inadequate Forum)**

The purported foreign judgment sued upon was obtained in an inadequate forum, in violation of the forum selection clause in the written agreements between the parties.  Accordingly, it should not be recognized under California's Uniform Foreign Country Money Judgments Recognition Act.

### FOURTH AFFIRMATIVE DEFENSE

**(Judgment Should Not Be Recognized for Public Policy Reasons)**

The purported foreign judgment or the cause of action or claim for relief on which the judgment is based is repugnant to the public policy of California and/or of the United States.  Accordingly, it should not be recognized under California's Uniform Foreign Country Money Judgments Recognition Act.

### FIFTH AFFIRMATIVE DEFENSE

**(Judgment Should Not Be Recognized Due to a Lack of Due Process)**

The specific proceeding in the foreign court leading to the judgment was not compatible with the requirements of due process of law, including those guaranteed by the Fourteenth Amendment to the United States Constitution.  Accordingly, it should not be recognized under California's Uniform Foreign Country Money Judgments Recognition Act.

### SIXTH AFFIRMATIVE DEFENSE

**(Judgment Contrary to the Parties' Written Agreement)**

The relief sought by Plaintiff is contrary to the April 2015 Senior Secured Convertible Promissory Note and the April 15, 2015 Pledge Agreement between the parties, and the forum selection clause contained therein, such that the proceeding in the foreign court was contrary to an agreement between the parties under which the dispute in question was to be determined otherwise than by proceedings in that

foreign court.   Accordingly it should not be recognized under California's Uniform Foreign Country Money Judgments Recognition Act.

## SEVENTH AFFIRMATIVE DEFENSE

### (Offset)

While Defendant denies that Plaintiff is entitled to any recovery at all, Defendant alleges that any such recovery must be offset against amounts Plaintiff owes or is found to owe to Defendant by virtue of Plaintiff's conduct and breaches of its contractual obligations to Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Actions of Third Parties)

The conduct Plaintiff complains of resulted, if at all, from the actions of third parties for which Defendant is not responsible.  If Plaintiff sustained any loss, injury, or damages, equitable or legal, based on the allegations in the Complaint, such damages, loss or injury was caused by others, and not by Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint is barred, in whole or in part, based on the principles of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint is barred, in whole or in part, by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint is barred, in whole or in part, by the doctrine of waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

The Complaint is barred, in whole or in part, based on Plaintiff's failure to mitigate damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Justification)

Plaintiff's claims are barred, in whole or in part, because Defendant's actions with respect to the subject matter alleged in the claims were undertaken in good faith with the absence of malicious intent to injure Plaintiff and constitute lawful, proper, and justified means to further its purpose of engaging and continuing his business.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Limitation of Assets)

Any jurisdiction, judgment, or relief afforded Plaintiff must be limited to the amount of assets that Defendant may maintain in California, if any.

## ADDITIONAL AFFIRMATIVE DEFENSE

### (Subsequently Discovered Defense)

Defendant has insufficient knowledge or information upon which to form a belief as to whether he may have additional affirmative defenses and reserves the right to assert additional defenses if and as he learns of facts that may support such defenses.

## PRAYER

WHEREFORE, Defendant prays for relief as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety.

2. That Plaintiff take nothing by this action and that judgment be against Plaintiff and in favor of Defendant;

3. That Defendant be awarded his attorneys' fees and costs incurred in defending this action;

4.     That Defendant be granted such other and further relief as the Court may deem just and proper.

DATED: September 30, 2020          BAKER MARQUART LLP


By: s/ Ryan G. Baker

Ryan G. Baker

*Attorneys for Defendant Tony Bobulinski*

DEFENDANT TONY BOBULINSKI'S ANSWER AND AFFIRMATIVE DEFENSES