Ryan G. Baker (Bar No. 214036)
  rbaker@bakermarquart.com
Teresa L. Huggins (Bar. No. 263257)
  thuggins@bakermarquart.com
BAKER MARQUART LLP
777 S. Figueroa St., Suite 2850
Los Angeles, California, 90017
Telephone:  (424) 652-7800
Facsimile:  (424) 652-7850

*Attorneys for Defendant Tony Bobulinski*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>           Plaintiff,<br><br>v.<br><br>TONY BOBULINSKI<br><br>           Defendant. | Case No. 2:20-CV-06759 RGK (JC)<br><br>**DECLARATION OF TERESA L. HUGGINS IN SUPPORT OF OPPOSITION TO PLAINTIFF'S APPLICATION FOR PREJUDGMENT RIGHT TO ATTACH ORDER**<br><br>Judge:  Hon. R. Gary Klausner<br>Magistrate Judge: Jacqueline Chooljian<br><br>*[Filed Concurrently with Opposition to Right to Attach Order; Declaration of Tony Bobulinski]*<br><br>Date: October 13, 2020<br>Time: 9:30 a.m.<br>Courtroom:  750<br><br>Complaint Filed: July 28, 2020 |

Case No. 2:20-CV-06759 RGK (JC)

**DECLARATION OF TERESA L. HUGGINS**

I, Teresa L. Huggins, declare as follow:

1. I am an attorney licensed to practice in the State of California. I am a Partner of the law firm Baker Marquart LLP ("Baker Marquart"), counsel for Defendant Tony Bobulinski ("Bobulinski") in the above-referenced matter. I am over the age of 18 and make this declaration of my own personal knowledge. I make this declaration in support of Bobulinski's Opposition to the Application for Prejudgment Right to Attach Order filed by Plaintiff China Branding Group, Limited (in official liquidation) by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited (together, "Plaintiff" or "CBG"). If called upon to testify as to these matters, I would testify as stated below.

2. On September 18, 2020, I sent an email to Plaintiff's counsel, advising that its Motion for Summary Judgment, filed without meeting and conferring and before any discovery had been conducted, was premature and subject to dismissal under Federal Rule of Civil Procedure 56(d), as Bobulinski has not yet had the opportunity to conduct any discovery in this matter, and asking Plaintiff to take the Motion off calendar. A true and correct copy of this email is attached as **Exhibit A**.

3. On September 21, 2020, Plaintiff's counsel responded by email that he did not know what discovery Bobulinski needed. A true and correct copy of this email is attached as **Exhibit B**.

4. That same day, I emailed Plaintiff's counsel to explain that Bobulinski needed discovery. We've identified the following discoverable facts and information that we would require at a minimum to develop an adequate record. This, includes, but is not limited to: non-privileged communications between the Joint Official Liquidators ("JOLs") and all parties relevant to the Cayman Liquidation proceedings, including, among others, communications between the

JOLs and: Hickory Grove, LLC, Robert Roche, Jacob Fisch, RAAD, Remark, and Adam Roseman; documentation of the purported April 2016 Hickory Grove loan to CBG for $670,000 purportedly provided just prior to the initiation of liquidation proceedings by Hickory Grove, including proof that the loan was perfected, internal deliberations by CBG regarding the loan, communications and other paper trails between CBG and Hickory Grove, Roseman and Roche, Roseman and Fisch, and other agents for CBG and Hickory Grove, respectively regarding the loan; the internal deliberations and communications of CBG and related third parties that led to the Hickory Grove "loan" and subsequent wind-up proceeding; the JOL deliberations and communications with witnesses and others demonstrating their deliberations and communications regarding the JOLs' bases for assessing the propriety of the liquidation; communications, board minutes, internal and external emails, and other documents evidencing CBG's and the JOL's internal deliberations about Bobulinski's senior secured status, the approval of his loan terms, and other issues related to his status in considering Bobulisnki's proof of debt claim; the non-privileged communications including, but not limited to, emails, memoranda, notes, and other communications between the JOLs and all CBG related parties, including Roseman, Fisch, Roche, and CBG's largest creditors and shareholders; and, other internal documentation of the JOLs indicating the extent to which the JOLs relied upon misrepresentations as to the propriety of the bases for the liquidation and other facts related to Bobulinski's status as a senior secured creditor, the amount Bobulinski was owed, and Bobulinski's right to approve of any sale of CBG's or its related entities' assets.

5. In that same email, I suggested a 90-day stay of this litigation so that Bobulinski could obtain discovery in his ongoing litigation against CBG CEO Adam Roseman (Case No. 2:19-cv-02963-MWF-SSx) that may be producible here. A true and correct copy of this email is attached hereto as **Exhibit C**.

6. To date, CBG's counsel has not responded to my email.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of October 2020, in Los Angeles, California.

_____
Teresa L. Huggins