1  Robert W. Cohen (SBN 150310)
   Mariko Taenaka (SBN 273895)
2  **LAW OFFICES OF ROBERT W. COHEN**
   A Professional Corporation
3  1901 Avenue of the Stars, Suite 1900
   Los Angeles, California   90067
4  Telephone: (310) 282-7586
   Facsimile: (310) 282-7589
5  rwc@robertwcohenlaw.com
   mt@robertwcohenlaw.com
6
   Attorneys for Plaintiff
7  CHINA BRANDING GROUP LIMITED
   (IN OFFICIAL LIQUIDATION)
8

9              UNITED STATES DISTRICT COURT
10             CENTRAL DISTRICT OF CALIFORNIA
11

| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited, | Case No. 2:20-cv-06759 RGK (JCx) **PLAINTIFF'S REQUEST FOR PERMISSION TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT** |
|---|---|
| Plaintiff, | |
| v. | |
| TONY BOBULINSKI, | |
| Defendant. | |

20       **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

21       **PLEASE TAKE NOTICE** that Plaintiff China Branding Group Limited
22  hereby requests the Court for permission to file a second Motion for Summary
23  Judgment.  The request is based upon this Notice, the accompanying Memorandum
24  of Points and Authorities and all pleadings and papers on file in this action, and
25  upon such other matters as may be presented to the Court at the time of the hearing,
26  if any.  This request is made following the conference of counsel pursuant to L.R.
27  7-3 which took place on October 29, 2020.
28

1 | DATED: November 2, 2020

LAW OFFICES OF ROBERT W. COHEN
A Professional Corporation

By  /s/  Mariko Taenaka
    Robert W. Cohen
    Mariko Taenaka
    Attorneys for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

On September 18, 2020, Plaintiff China Branding Group Limited moved for summary judgment against Defendant Tony Bobulinski. Dkt. 23. The Court, however, denied Plaintiff's motion without prejudice solely on the grounds that Plaintiff had failed to meet and confer with Defendant prior to filing its motion as required by Local Rule 7-3. Dkt. 42.

This Court's Standing Order provides that "[w]ithout prior permission from the Court, no party may file more than one motion pursuant to Fed.R.Civ. P. 56 regardless of whether such motion is denominated as a motion for summary judgment or summary adjudication." Plaintiff therefore respectfully requests that the Court grant it permission to refile its Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56 on the grounds that there are no genuine disputes of materials facts, entitling Plaintiff to recognition of its Cayman Islands judgment against Defendant.

As set forth in the Declaration of Mariko Taenaka, Plaintiff has met and conferred with Defendant in compliance with Local Rule 7-3 in advance of the filing of this request. Defendant has represented that he intends to oppose this request on the grounds that he has been unable to complete discovery that he feels is necessary to oppose a Motion for Summary Judgment. However, while the lack of relevant discovery may be a basis for opposing Plaintiff's Motion for Summary Judgment, it should not preclude Plaintiff from filing a second motion, especially in light of the fact that the denial of the first motion was on procedural grounds and the Court denied the motion without prejudice, thereby inviting Plaintiff to refile the motion after satisfying its requirement to meet and confer pursuant to Local Rule 7-3.

Based on the foregoing, Plaintiff respectfully requests that this Court provide it with permission to refile its Motion for Summary Judgment.

Respectfully submitted.

1  DATED: November 2, 2020     LAW OFFICES OF ROBERT W. COHEN
                                A Professional Corporation
2

3                               By   /s/   Mariko Taenaka
                                   Robert W. Cohen
4                                  Mariko Taenaka
                                   Attorneys for Plaintiff

# DECLARATION OF MARIKO TAENAKA

I, Mariko Taenaka, declare as follows:

1. I am one of the attorneys of record for Plaintiff China Branding Group Limited. I have personal knowledge of the facts stated herein,

2. On October 27, 2020 I emailed Defendant's counsel Teresa Huggins in an effort to meet and confer regarding the filing of this request. She responded by explaining that she would oppose the request on the grounds that Defendant has not yet completed discovery in this matter. I explained Plaintiff's position that I did not believe that the lack of discovery would be a sufficient grounds for opposing the request for permission to file the summary judgment, and that rather, the purported lack of relevant discovery might be a basis for which Defendant could oppose the summary judgment. Thereafter, Ms. Huggins and I again conferred on the telephone on October 29, 2020, but we were unable to come to an agreement with respect to the filing of this request.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 2, 2020 in Los Angeles, California.

                                                    /s/ Mariko Taenaka
                                                    Mariko Taenaka

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2020 a copy of the foregoing document was filed electronically via the Court's CM/ECF system. Pursuant to Local Rule 5-3.2.1 notice of filing will be served on all parties by operation of the Court's CM/ECF system, and parties may access this filing through the Court's CM/ECF system.

/s/ Mariko Taenaka
Mariko Taenaka