Robert W. Cohen (SBN 150310)
rwc@robertwcohenlaw.com
Mariko Taenaka (SBN 273895)
mt@robertwcohenlaw.com
**LAW OFFICES OF ROBERT W. COHEN, APC**
1901 Avenue of the Stars, Suite 1900
Los Angeles, California  90067
Telephone: (310) 282-7586

Attorneys for Plaintiff
China Branding Group Limited
(In Official Liquidation)

Ryan G. Baker (Bar No. 214036)
rbaker@bakermarquart.com
Teresa L. Huggins (Bar. No. 263257)
thuggins@bakermarquart.com
**BAKER MARQUART LLP**
777 S. Figueroa St., Suite 2850
Los Angeles, California, 90017
Telephone: (424) 652-7800

Attorneys for Defendant Tony Bobulinski

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>Plaintiff,<br><br>v.<br><br>TONY BOBULINSKI,<br><br>Defendant. | Case No. 2:20-cv-06759 RGK (JCx)<br><br>[Assigned to the Hon. R. Gary Klausner]<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Date:   February 22, 2021**<br>**Time:   9:00 a.m.**<br>**Courtroom: 850** |

Pursuant to the Court's Scheduling Order dated September 30, 2020 and FRCP 16(b)(1) and 26(f), Plaintiff China Branding Group Limited ("Plaintiff") and Defendant Tony Bobulinski ("Defendant" or "Bobulinski") hereby submit their Joint Report in the above captioned action following the parties' Rule 26(f) meet and confer conference held on October 29, 2020.

### A. A Brief Factual Summary of the Case, Including Claims Being Asserted

*Plaintiff:* Plaintiff brings this action under the Uniform Foreign Country Money Judgments Recognition Act ("UFCMJRA"), Cal. Code Civ Proc. §§ 1713, *et seq.* to enforce a judgment issued by the Grand Court of the Cayman Islands in a proceeding entitled In the Matter of China Branding Group Limited (In Official Liquidation), Cause No. FSD 52 of 2016 (RMJ). Judgment in the Cayman Islands Action was issued January 23, 2019 and in connection with those proceedings, the court issued three costs orders for attorneys' fees and costs against Mr. Bobulinski, totaling $675,811.34.

*Defendant*: The three cost certificates in the Cayman Islands Action that Plaintiff seeks to enforce are not subject to enforcement under the UFCMJRA or the principles of comity, Plaintiff's sole two causes of action. As a result, all of Plaintiff's claims fail.

The underlying judgment upholding the denial of Bobulinski's proof of debt claim that CBG obtained in the Cayman Islands was based largely on extrinsic fraud by CBG, CBG CEO, Adam Roseman ("Roseman"), and potentially others that deprived the Cayman Islands Court of the true state of affairs. Bobulinski suspected and suspects that CBG and its largest creditor, Hickory Grove, LLC ("Hickory Grove"), conspired to create a sham Event of Default to initiate the underlying liquidation proceedings to their benefit, laying the foundation for CBG's sale of its assets to Remark pursuant to an Asset and Securities Purchase Agreement ("APA"), and in the process, sidestepping any veto rights or objections

by CBG's creditors. To that end, the underlying liquidation that forced Bobulinski to submit his proof of debt claim in the Cayman court to preserve his rightful interests was initiated by CBG's own improper conduct, which then forced its Promissory Note holders to subordinate their loans to undermine the managing interest of CBG's veto-holding shareholder, SIG.  But for this farce liquidation, Bobulinski would have been able to litigate his claim in California, per the forum selection clause negotiated by the parties, instead of in the unfair and abbreviated Cayman Islands proceeding.  *See* Cal. Code Civ Proc. § 1716(b).

The sale to Remark pursuant to the APA was approved by the court-appointed Joint Official Liquidators ("JOLs") without Bobulinski's consent, and CBG (and others) misrepresented to the Cayman court the facts underlying the liquidation and Bobulinski's creditor rights.  These transactions and other conduct in the Cayman Islands proceeding regarding the bases for the underlying liquidation, the (bad) actors involved, and propriety of the judgment that was based on *inter alia* CBG's extrinsic fraud should prohibit enforcement of the underlying judgment. *See de Fontbrune v. Wofsy*, 409 F. Supp. 3d 823, 839 (N.D. Cal. 2019) (extrinsic fraud sufficient to deny enforcement of foreign judgment may be shown where false testimony prevents a foreign court from knowing "the true state of affairs"); *Pentz v. Kuppinger*, 31 Cal. App. 3d 590, 597 (1973) (refusing to enforce foreign judgment where party did not have an opportunity to inform court of alimony payments critical to that case).

**B.     A Statement of Whether Pleadings Are Likely to be Amended**

Neither Plaintiff nor Defendant anticipates amending the pleadings.

**C.     A Statement as to Issues Which Any Party Believes May Be Determined by Motion**

*Plaintiff:*  Plaintiff believes that its entitlement to recognition of its Cayman Islands judgment can be determined by way of summary judgment.

*Defendant*:  None.  Defendant requires discovery in this matter, and any

dispositive motion is improper before that discovery has occurred.

### D. Discovery Plan

#### 1. Changes That Should be Made in the Timing, Form or Requirement for Disclosures under Rule 26(a):

The parties agree that initial disclosures should be made no later than November 12, 2020.

#### 2. Subjects on Which Discovery May Be Needed:

*Plaintiff:* Plaintiff currently does not anticipate the need for discovery in prosecuting its case. Plaintiff did, however, serve special interrogatories on Defendant on November 3, 2020 requesting information regarding his income and assets solely for the purpose of enforcing the Writ of Attachment issued by the Court.

*Defendant*: Both Plaintiff and Defendant have served written discovery. On November 3, 2020, Plaintiff served its first set of special interrogatories on Defendant. That same day, Defendant served written interrogatories and requests for production on Plaintiff. Both sets of responses are due December 3, 2020.

The discovery Defendant has served centers on the following issues and Defendant anticipates additional discovery on these issues (and potentially others) may be needed from Plaintiff or third parties:

- non-privileged communications between the JOLs and all parties relevant to the Cayman Liquidation proceedings, including, among others, communications between the JOLs and: Hickory Grove, Robert Roche, Jacob Fisch, RAAD, Remark, and Roseman;
- documentation of the purported April 2016 Hickory Grove loan to CBG for $670,000 purportedly provided just prior to the initiation of liquidation proceedings by Hickory Grove, including (1) proof that the loan was perfected, (2) internal deliberations by CBG regarding the loan and (3) communications and other paper trails between CBG and

Hickory Grove, Roseman and Roche, Roseman and Fisch, and other agents for CBG and Hickory Grove, respectively regarding the loan;

- the internal deliberations and communications of CBG and related third parties that led to the Hickory Grove "loan" and subsequent wind-up proceeding;
- the JOLs' deliberations and communications with witnesses and others demonstrating their deliberations and communications regarding the JOLs' bases for assessing the propriety of the liquidation;
- communications, board minutes, internal and external emails, and other documents evidencing CBG's and the JOLs' internal deliberations about Bobulinski's senior secured status, the approval of his loan terms, and other issues related to his status in considering Bobulisnki's proof of debt claim;
- non-privileged communications including, but not limited to, emails, memoranda, notes, and other communications between the JOLs and all CBG-related parties, including Roseman, Fisch, Roche, and CBG's largest creditors and shareholders; and
- other internal documentation of the JOLs indicating the extent to which the JOLs relied upon misrepresentations as to the propriety of the bases for the liquidation and other facts related to Bobulinski's status as a senior secured creditor, the amount Bobulinski was owed, and Bobulinski's right to approve of any sale of CBG's or its related entities' assets; and
- documents and information concerning whether the JOLs have fulfilled their responsibilities with respect to the creditors.

**3. Any Issues About Disclosure, Discovery or Preservation of Electronically Stored Information:**

The parties do not presently anticipate any disputed issues concerning disclosures, discovery or preservation of electronically stored information, other than the fact that Defendant contends he is entitled to discovery in this matter.

**4. Any Issues About Claims of Privilege or of Protection as Trial-Preparation Materials:**

Defendant anticipates a need for a Protective Order and Plaintiff has agreed to confer regarding the specifics of any such order.

**5. What Changes Should Be Made in the Limitations on Discovery Imposed:**

The parties do not anticipate any changes to the default rules governing discovery.

**6. Any Other Orders That the Court Should Issue Under Rule 26(c) or under Rule 16(b) and (c):**

Defendant anticipates a need for a Protective Order and Plaintiff has agreed to confer regarding the specifics of any such order.

**E. Proposed Discovery and Motion Dates.** The parties have been unable to agree upon an appropriate trial date, and therefore each party provides the following proposed discovery and motion dates:

|  | **Plaintiff's Proposal** | **Defendant's Proposal** |
|---|---|---|
| Fact Discovery Cut-Off | March 1, 2021 | October 18, 2021 |
| Expert Discovery Cut-Off | March 15, 2021 | November 1, 2021 |
| Dispositive Motion Cut-Off | March 15, 2021 | November 1, 2021 |
| Witness List Due Date (21 | March 15, 2021 | November 1, 2021 |

| | | |
|---|---|---|
| days before Pretrial Conf.) | | |
| Exhibit List Due Date (21 days before Pretrial Conf.) | March 15, 2021 | November 1, 2021 |
| Motions in Limine Due Date (45 days before trial) | March 5, 2021 | October 22, 2021 |
| Pretrial Disclosures (30 days before trial) | March 20, 2021 | November 6, 2021 |
| Finds of fact and Conclusions of Law (21 days before trial) | March 29, 2021 | November 15, 2021 |
| Final Pretrial Conference | April 5, 2021 | November 22, 2021 |
| Trial Date | April 19, 2021 | December 6, 2021 |

### F. Trial Estimate

Plaintiff anticipates one to two days to put on its case and Defendant anticipates five to seven days to put on his case.

### G. Settlement Discussions

The parties have engaged in limited settlement discussions and will participate in a private dispute resolution proceeding pursuant to Local Rule 16-15.4(3).

### H. Discussion of Other Parties Likely to be Added

Plaintiff does not anticipate it will likely add other parties.

### I. Whether Trial Will Be By Jury or to the Court

Plaintiff seeks a Court trial while Defendant seeks a jury trial.

### J. Other Issues Affecting the Status or Management of the Case

Plaintiff does not anticipate any issues affecting the status or management of the case. Defendant anticipates certain delays, including delays in discovery, as a result of the fact that Plaintiff is a foreign entity based in the Cayman Islands and

other third-party witnesses may also be based in the Cayman Islands and the People's Republic of China.

### K. Proposals Regarding Severance, Bifurcation or Other Orderings of Proof

The parties do not anticipate the necessity of severance, bifurcation or other ordering of proof.

Dated: November 12, 2020

LAW OFFICES OF ROBERT W. COHEN
ROBERT W. COHEN
MARIKO TAENAKA

By: */s/* Robert W. Cohen
Robert W. Cohen
Attorneys for Plaintiff
China Branding Group Limited

BAKER MARQUART LLP
RYAN BAKER
TRESEA HUGGINS
SAM MEEHAN

By: /s/ Teresa Huggins
Teresa Huggins
Attorneys for Defendant
Tony Bobulinski

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2020 a copy of the foregoing document was filed electronically via the Court's CM/ECF system. Pursuant to Local Rule 5-3.2.1 notice of filing will be served on all parties by operation of the Court's CM/ECF system, and parties may access this filing through the Court's CM/ECF system.

                                            /s/ Mariko Taenaka
                                              Mariko Taenaka