Robert W. Cohen (SBN 150310)
Mariko Taenaka (SBN 273895)
**LAW OFFICES OF ROBERT W. COHEN**
A Professional Corporation
1901 Avenue of the Stars, Suite 1900
Los Angeles, California   90067
Telephone: (310) 282-7586
Facsimile: (310) 282-7589
rwc@robertwcohenlaw.com
mt@robertwcohenlaw.com

Attorneys for Plaintiff
CHINA BRANDING GROUP LIMITED
(IN OFFICIAL LIQUIDATION)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>Plaintiff,<br><br>v.<br><br>TONY BOBULINSKI,<br><br>Defendant. | Case No.  2:20-cv-06759 RGK (JCx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:       December 21, 2020<br>Time:       9:00 a.m.<br>Courtroom:  850 |

Plaintiff China Branding Group Limited (In Official Liquidation), by and through its Joint Official Liquidators, Hugh Dickson and David Bennett of Grant Thornton Specialist Services (Cayman), Limited, submits the following points and authorities in support of its motion for summary judgment against Defendant Tony Bobulinski.

**I.     INTRODUCTION**

This is an action brought under the Uniform Foreign Country Money Judgments Recognition Act ("UFCMJRA," Cal. Code Civ Proc. §§ 1713, *et seq.*) to enforce a judgment issued by the Grand Court of the Cayman Islands in a proceeding

entitled *In the Matter of China Group Limited (In Official Liquidation)*, Cause No. FSD 52 of 2016 (RMJ) ("the Cayman Islands Action"). Judgment in the Cayman Islands Action was issued January 23, 2019 and, in connection with those proceedings, the court issued three costs orders against Mr. Bobulinski totalling $675,811.34. The outstanding balance due on the cost awards before interest totals $634,393.52. The relevant facts and documentation relating to the judgment and orders are set out in the accompanying declaration of Peter Kendall.

Because the facts essential to a resolution of the controversy are not subject to genuine dispute and entitle Plaintiff to judgment here in recognition of the Cayman judgment by plain application of law, Plaintiff now moves for summary judgment under Fed. R. Civ. P. 56.

On September 18, 2020, Plaintiff filed a motion for summary judgment (ECF No. 23), largely identical to the present one. After opposition and reply briefs were filed, the motion was denied without prejudice on October 22, 2020 due to Plaintiff's failure to comply the meet and confer requirement of Local Rule 7-3 before filing that motion. ECF No. 42. Counsel have since met and conferred in compliance with the Rule and Plaintiff now files this renewed summary judgment motion pursuant to permission granted by the Court on November 6, 2020. ECF No. 46.

## II.    THE CAYMAN ISLANDS ACTION AND JUDGMENT

China Branding is a company in liquidation under the laws of the Cayman Islands; it acts by and through its Joint Official Liquidators in that country, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited ("the JOLs").

Mr. Bobulinski is a putative creditor of China Branding. He claims that in 2015 and 2016 he conducted business transactions with China Branding by which he provided bridge loans totalling US$650,000 in return for China Branding's pledge of certain assets and specified returns on his investment. He claims that pursuant to the terms of the loan agreement he is a secured creditor entitled to payment of a 2.5x

multiplier on his investment and to other sums owed to him by China Branding.

In April 2017 Mr. Bobulinski submitted a "Proof of Debt" in the liquidation proceeding, claiming a total entitlement of US$1,765,000 as a secured creditor entitled to priority over the claims of China Branding's unsecured creditors; after extensive review of Mr. Bobulinski's claims, the JOLs rejected his claims to a multiplier and his claims to priority as a secured creditor, but allowed an unsecured claim in the amount of his $650,000 loan.

In July 2017, Mr. Bobulinski filed the Cayman Islands Action challenging the JOLs' determination.  In pretrial proceedings during the Cayman Islands Action, the court issued two cost orders against Mr. Bobulinski awarding the JOLs their attorney under Cayman law, the first dated November 13, 2018 in the amount of US$56,431.82, and the second on January 8, 2019 in the amount of US$57,208.58. A contested 5-day hearing was conducted in the Cayman Islands Action in October 2018, followed by written submissions by the parties; judgment was issued in the Cayman Islands Action on January 23, 2019, rejecting Mr. Bobulinski's claims in their entirety.  On February 5, 2019, the Cayman Islands Grand Court issued a third order of costs against Mr. Bobulinski in the amount of $562,170.94 for the JOLs' attorneys' fees in contesting the Cayman Islands Action.  The total costs awarded thus came to $675,811.34.

The judgment and cost orders in the Cayman Islands Action are final.  Mr. Bobulinski made three payments totalling $41,417.82 to the JOLs in partial satisfaction of the first cost order: $11,389.15 on October 22, 2018; $15,014.67 on December 27, 2018; and $15,014.00 on December 14, 2019, leaving a balance of $15,014.00 before interest.  The second and third awards remain due and unpaid in their entirety.  The balance due on the three cost awards before interest thus comes to $634,393.52.

### III. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT

#### A. Summary Judgment

Rule 56(c) requires summary judgment for the moving party when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). That burden may be met by "'showing'... that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Where the evidence offered in support of summary judgment establishes the essential elements of the moving party's claim, there is no need to disprove or negate matters on which the opposing party has the burden of proof. *Id.* at 323. The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Id.* There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). Summary judgment is appropriately granted in actions seeking to recognize and enforce a foreign county money judgment. *See Ohno v. Yasuma*, 723 F.3d 984 (9th Cir. 2013) (affirming summary judgment in favor of plaintiff in action on Japanese money judgment under California's UFCMJRA.)

#### B. The UFCJJRA

In diversity cases such as this one, California law governs the application of the UFCMJRA under the *Erie* doctrine. *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.* 874 F.3d 604, 615 n. 12; *see Ohno, supra,* 723 F.3d

984, 990.

The purpose of the UFCMJRA is "to codify the most prevalent common law rules for recognizing foreign money judgments and thereby encourage the reciprocal recognition of United States judgments in other countries." *Manco Contracting Co. (W.L.L.) v. Bezdikian*, 45 Cal. 4th 192, 198 (2008). To qualify for recognition, a foreign judgment must grant or deny recovery of a sum of money, other than a judgment for taxes, fines or other penalties, or support in matrimonial or family matters. Cal. Code Civ. Proc. § 1715. A foreign court's award of attorney's fees is not a penalty within the meaning of the act. *Java Oil, Ltd. v. Sullivan*, 168 Cal.App.4th 1178, 1187 (2008).

"[The UFCMJRA] provides that the courts of California '*shall* recognize a foreign-country judgment' for money damages that is final, conclusive, and enforceable where rendered, except if one or more mandatory grounds for nonrecognition . . . or discretionary grounds for nonrecognition . . . applies." *Ohno, supra,* 723 F.3d at 991; *see* Cal. Civ. Proc. Code, §1716, enumerating grounds for nonrecognition, e.g., absence of jurisdiction, fraud, denial of due process. The party seeking recognition carries the initial burden of establishing that the judgment falls within the scope of the UFCMJRA—i.e., that it is a foreign judgment, that it awards money damages, and that it is final, conclusive, and enforceable. *Id.* "Once the initial showing is made, there is a presumption in favor of enforcement, and the party resisting recognition bears the burden of establishing" that one of the enumerated bases for nonrecognition applies. *AO Alfa-Bank v. Yakolev*, 21 Cal.App.5th 189, 199 (2018); *see* Cal. Civ. Proc. Code, § 1716(d). A court must recognize the foreign judgment unless the resisting party can carry its burden. Cal. Civ. Proc. Code, § 1716(a); *Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, No. CV 14-08864-CJC(SHx), 2016 U.S. Dist. LEXIS 71681, at *4-5 (C.D. Cal. Mar. 7, 2016).

The Cayman Island Judgment, as set forth in the accompanying declaration of Peter Kendall, is a final and enforceable money judgment, and is plainly

encompassed by the UFCMJRA.  Cayman Island judgments are regularly recognized in United States courts.  *See, e.g., Trikona Advisers, Ltd. v. Chugh*, 846 F.3d 22, 34-35 (2d Cir. 2017) (recognition granted to Cayman Island judgment); *In re Nat'l Warranty Ins. Risk Retention Group*, 384 F.3d 959, 963 (8th Cir. 2004) (comity granted to Cayman Islands liquidation proceedings).  None of the enumerated grounds for non-recognition under the statute have any conceivable application here (and it would be Defendant's burden in any event to prove such contentions), meaning that as a matter of law the Cayman Island Judgment now merits recognition.

Under the UFCMJR, a foreign judgment bears interest according to the law of the place where it was rendered.  *Hyundai Sec. Co., Ltd. v. Lee*, 232 Cal.App. 4th 1379, 1390 (2015); *see also Soc'y of Lloyd's v. Anderson*, 2004 U.S. Dist. LEXIS 10335, at *3-4 (D. Tex. July 1, 2004) (explaining that under the UFCMJR, the foreign state's interest laws and rates should apply because "a contrary ruling would only partially enforce the [foreign] judgment, thus undermining [the] court's determination that the judgment is entitled to comity.").  As set forth in the accompanying declaration of Peter Kendall, Cayman Island judgments issued in United States dollars accrue interest at the rate of 2.375% per year.

Calculated to the December 21, 2020 hearing date on this motion, the accrued interest accordingly runs as follows:  (1) with respect to the first cost order, daily interest of $0.98 has accrued for 769 days on the unpaid balance of $15,014.00 since November 13, 2018, coming to $751.272; (2) with respect to the second cost order, daily interest of $3.72 has accrued on the unpaid balance of $57,208.58 for 713 days since January 8, 2019, coming to $2,654.13; (3) with respect to the third cost order, daily interest of $36.58 has accrued for 685 days on the unpaid balance of $562,170.94 since February 5, 2019, coming to $25,057.04.  The total accrued interest thus comes to $28,462.43 on top of the principal balance of $634,393.52, bringing the total due at the time of hearing to $662,855.95.

Even apart from the statutory mechanism, moreover, the recognition of foreign

judgments by courts of the United States "is governed by principles of comity." *Pariente v. Scott Meredith Literary Agency, Inc.*, 771 F.Supp. 609, 615 (S.D.N.Y. 1991). *See* Cal. Code Civ. Proc. § 1723 providing that the UCMJRA "does not prevent the recognition under principles of comity or otherwise of a foreign-country judgment not within the scope of this chapter." "The doctrine of comity prescribes that a court of this nation recognize the judgment of a court of a foreign nation when the foreign court had proper jurisdiction and enforcement does not prejudice the rights of United States citizens or violate domestic public policy." *In re Stephanie M.*, 7 Cal.4th 295, 314 (1994). "It has long been the law that unless a foreign country's judgments are the result of outrageous departures from our own notions of 'civilized jurisprudence,' comity should not be refused." *British Midland Airways, Ltd. v. Int'l Travel, Inc.*, 497 F.2d 869, 871 (9th Cir. 1974). The Cayman Island orders are plainly entitled to enforcement under these principles.

## IV. CONCLUSION

Because the essential facts necessary to adjudication of this controversy are not subject to genuine dispute and compel judgment in Plaintiff's favor by plain application of law, Plaintiff now respectfully submits that summary judgment should now be granted. Judgment should accordingly be entered in favor of plaintiff China Branding Group Limited (In Official Liquidation) and against Defendant Tony Bobulinski in the amount of $662,855.95.

DATED: November 17, 2020  
                                      LAW OFFICES OF ROBERT W. COHEN  
                                      A Professional Corporation

                                      By  /s/  Robert W. Cohen  
                                           Robert W. Cohen  
                                           Mariko Taenaka  
                                           Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 17, 2020 a copy of the foregoing document was filed electronically via the Court's CM/ECF system. Pursuant to Local Rule 5-3.2.1 notice of filing will be served on all parties by operation of the Court's CM/ECF system, and parties may access this filing through the Court's CM/ECF system.

                                                    /s/ Mariko Taenaka
                                                      Mariko Taenaka