Robert W. Cohen (SBN 150310)
Mariko Taenaka (SBN 273895)
**LAW OFFICES OF ROBERT W. COHEN**
A Professional Corporation
1901 Avenue of the Stars, Suite 1900
Los Angeles, California 90067
Telephone: (310) 282-7586
Facsimile: (310) 282-7589
rwc@robertwcohenlaw.com
mt@robertwcohenlaw.com

Attorneys for Plaintiff
CHINA BRANDING GROUP LIMITED
(IN OFFICIAL LIQUIDATION)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TONY BOBULINSKI,<br><br>　　　　Defendant. | Case No.  2:20-cv-06759 RGK (JCx)<br><br>**DECLARATION OF PETER KINDALL IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:　　　December 21, 2020<br>Time:　　　9:00 a.m.<br>Courtroom:　850 |

　　I, Peter Kendall, declare:

　　1.  I am a Senior Counsel with the Walkers law firm in the Cayman Islands and I am licensed to practice law in the Cayman Islands, England, and Wales.  In connection with its liquidation proceedings in the Cayman Islands, I serve as legal counsel for the Plaintiff in this case, China Branding Group Limited (In Official Liquidation) ("China Branding"), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited, a Cayman Islands Company and David Bennett of Grant Thornton Recovery & Reorganisation Limited ("the JOLs").

1
DECLARATION OF PETER KENDALL

2. The Defendant Tony Bobulinski is a putative creditor of China Branding. He claims that in 2015 and 2016 he conducted business transactions with China Branding by which he provided bridge loans totalling $650,000 in return for China Branding's pledge of certain assets and specified returns on his investment. He claims that pursuant to the terms of the loan agreement he is a secured creditor entitled to payment of a 2.5x multiplier on his investment and to other sums owed to him by China Branding.

3. In April 2017 Mr. Bobulinski submitted a "Proof of Debt" in the liquidation proceeding, claiming a total entitlement of US$1,765,000 as a secured creditor entitled to priority over the claims of China Branding's unsecured creditors; after extensive review of Mr. Bobulinski's claims, the JOLs rejected his claims to a multiplier and to his claims to priority as a secured creditor, but allowed an unsecured claim in the amount of his US$650,000 loan.

4. In July 2017, Mr. Bobulinski filed suit with the Grand Court of the Cayman Islands challenging the JOLs' determination in a proceeding entitled *In the Matter of China Group Limited (In Official Liquidation)*, Cause No. FSD 52 of 2016 (RMJ) ("the Cayman Islands Action").

5. In pretrial proceedings during the course of the Cayman Islands Action, the court issued two cost orders against Mr. Bobulinski, the first dated November 13, 2018 in the amount of US$56,431.82, and the second on January 8, 2019 in the amount of US$57,208.58. True copies of the two pretrial cost certificates are attached hereto as **Exhibit A**. Mr. Bobulinski made three payments totalling $41,417.82 to the JOLs in partial satisfaction of the first cost order: US$11,389.15 on October 22, 2018 (this payment predated the final order because it was made pursuant to an interim costs certificate in that amount issued prior to conclusion of the first taxation process); US$15,014.67 on December 27, 2018; and US$15,014.00 on December 14, 2019, leaving a balance of $15,014.00 before interest. The second cost order of $57,208.58 remains due and unpaid in its entirety.

2
DECLARATION OF PETER KENDALL

6. A contested 5-day hearing was conducted in the Caymans Islands Action in October 2018, followed by written submissions by the parties; judgment was issued in the Caymans Islands Action on January 23, 2019, rejecting Mr. Bobulinski's claims in their entirety. A true copy of the judgment is attached hereto as **Exhibit B**.

7. On February 5, 2019, the Cayman Islands Grand Court issued a third order of costs against Mr. Bobulinski in the amount of US$562,170.94 for the JOLs' costs in contesting the Cayman Islands Action; a Default Costs Certificate in that amount arising from Mr. Bobulinski's failure to complete and serve the Bill of Costs served on him in respect of that order was filed on May 6, 2019. A true copy of that Default Costs Certificate is attached hereto as **Exhibit C**. The third cost order remains due and unpaid in its entirety. The balance due on the three costs awards before interest thus comes to US$634,393.52.

8. The three cost orders were issued as recompense for the attorneys' fees and associated disbursements charged by my firm to the JOLs with respect to the litigation of the Cayman Islands Action. As a British Overseas Territory, the legal system of the Cayman Islands is based on the English common law by which prevailing parties in litigation recover their costs and attorney's fees. The orders were made pursuant to Order 62, rule 3(3) of the Cayman Islands Grand Court Rules 1995 (Revised Edition), which provides that "References to costs shall be construed as including references to fees, charges, disbursements, expenses and remuneration in relation to proceedings (including taxation proceedings) and shall include references to costs of or incidental to those proceedings." In addition, Order 62, rule 4(2) provides: "The overriding objective of this Order is that a successful party to any proceeding should recover from the opposing party the reasonable costs incurred by him in conducting that proceeding in an economical, expeditious and proper manner unless otherwise ordered by the Court."

9. The judgment and costs orders in the Cayman Islands Action are final. Under section 19(2) of the Court of Appeal Law of the Cayman Islands (2011

Revision) Mr. Bobulinski was required to file a Notice of Appeal against the judgment and the pretrial cost orders within 14 days of their entry; no Notice of Appeal has been lodged, and the judgment and orders are thus final. In addition, in relation to the Default Costs Certificates issued by the Court Taxing Officer, Order 62, rule 22(5) of the Cayman Islands Grand Court Rules provides that a party who seeks to set aside a Default Costs Certificate must take the various steps prescribed by that rule within 14 days. As Mr. Bobulinski failed to take such steps, Order 62, rule 22(6) provides that the Default Costs Certificates shall be enforceable as if they were judgments or orders of the Grand Court.

10. The post-judgment interest rate on Cayman Island judgments issued in United States dollars is 2.375%. A relevant extract from the Cayman Islands Judicature Law showing the current rates of interest on judgment debts is attached hereto as **Exhibit D**.

I declare under penalty of perjury under the laws of the United States that all of the foregoing is true and correct. Executed November 9, 2020 at George Town, Cayman Islands.

_____
Peter Kendall

# CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2020 a copy of the foregoing document was filed electronically via the Court's CM/ECF system. Pursuant to Local Rule 5-3.2.1 notice of filing will be served on all parties by operation of the Court's CM/ECF system, and parties may access this filing through the Court's CM/ECF system.

       /s/ Mariko Taenaka
       Mariko Taenaka