# EXHIBIT E

IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

CAUSE NO. FSD 52 OF 2016 (RMJ)

IN THE MATTER OF THE COMPANIES LAW (2013 REVISION)

AND IN THE MATTER OF CHINA BRANDING GROUP LIMITED

The Honourable Mr Justice McMillan
Thursday 18 August 2016

ORDER



**UPON THE PETITION OF** Hickory Grove LLC ('the Petitioning Creditor') presented on 28 April 2016

**AND UPON THE APPLICATION** of the Petitioning Creditor by summons dated 27 July 2016 for (among other relief) grant of the sanction referred to below

**AND UPON READING** the affidavits or affirmations or witness statements of Theresa Roche dated 28 April 2016 and 20 July 2016, of Adam Roseman dated 17 May 2016 and 27 May 2016, of Hugh Dickson dated 13 July 2016 and of Lin'na Zhang dated 22 July 2016 and 12 August 2016 and the First Report of the Joint Provisional Liquidators appointed by the Order of 2 June 2016

**AND UPON HEARING** Leading Counsel for the Petitioning Creditor and Counsel for the Company and for SIG China Investments Master Fund III LLLP ('SIG') the holder of the Series B Preferred Shares in the Company and an alleged unsecured creditor of the Company

**IT IS ORDERED** that

1. China Branding Group Limited be wound up in accordance with the Companies Law (2013 Revision) (as amended) ('the Companies Law').

2. Hugh Dickson of Grant Thornton Specialist Services Ltd, 10 Market Street #765, Camana Bay, Grand Cayman, Cayman Islands KY1-9006 and David Bennett of Grant Thornton, 12th Floor, 28 Hennessy Road, Wanchai, Hong Kong be appointed as joint official liquidators of the Company ('the JOLs').

3. The JOLs be authorised to exercise the powers listed in paragraphs 2, 10 and 11 of Part 1 of the Third Schedule to the Companies Law without further sanction or intervention of the Court.

4. The JOLs have sanction forthwith and without holding a first meeting of creditors and in the absence of a liquidation committee to:

   4.1. Enter into an agreement in substantially the same terms as the Asset and Securities Purchase Agreement dated 7 July 2016 between, *inter alia*, (1) the Company, (2) the Joint Provisional Liquidators, (3) Kankan Limited and (4) Remark Media, Inc ('the APA'); and

   4.2. Propose as a scheme or arrangement by the company and its creditors the Asset Sale Realisation Distribution Agreement ('the Distribution Agreement')

   as referred to respectively in the Third Affidavit of Hugh Dickson dated 13 July 2016;

   4.3. Acquire one hundred per cent of the outstanding equity securities of RAAD Productions, LLC solely and specifically for the purpose set out at section 7.02 of the APA; and

   4.4. Effect the transactions contemplated by the APA, namely the disposal of the Company's equity interests in the Target Entities (as defined in the APA).

5. The JOLs do file with the Clerk of the Court a report in writing of the position of the Company and the progress which the liquidators have made with the winding up of the Company, with the realisation of its assets and in relation to any other matters connected to the winding up of the Company, within three months of the date of this Order.

6. The JOLs be at liberty to appoint such counsel, attorneys, professional advisors, whether in the Cayman Islands or elsewhere, as they may consider necessary to advise and assist them in the performance of their duties and on such terms as they may think fit and to remunerate them out of the assets of the Company.

7. No disposition of the Company's property by or with the authority of the JOLs in carrying out their duties and functions and exercise of their powers under this Order shall be voided by virtue of section 99 of the Companies Law.

8. The JOLs and their staff be remunerated for their professional services and time in accordance with Part III of the Insolvency Practitioners Regulations 2008 (as amended).

9. The JOLs be at liberty to apply generally.

10. The remuneration and expenses of the Joint Provisional Liquidators be paid out of the assets of the Company as an expense of the liquidation.

11. The costs of the Petition and the Petitioner be paid out of the assets of the Company as an expense of the liquidation.

Dated the 18th day of August 2016

Filed the 22rd day of August 2016

_____
**THE HONOURABLE JUSTICE MCMILLAN**

**JUSTICE OF THE GRAND COURT**

This ORDER was filed by Higgs & Johnson, attorneys for the Petitioner, whose address for service is PO Box 866, Willow House, 2nd Floor, Cricket Square, George Town, Grand Cayman KY1-1103, Cayman Islands

Approved as to form and content

*Higgs + Johnson*

Higgs & Johnson, attorneys for the Petitioner

*Walkers*

Walkers, attorneys for the Company

*Travers Thorp Alberga*

Travers Thorp Alberga, attorneys for SIG

4