Ryan G. Baker (Bar No. 214036)
  rbaker@bakermarquart.com
Teresa L. Huggins (Bar. No. 263257)
  thuggins@bakermarquart.com
Sam Meehan (Bar No. 307934)
  smeehan@bakermarquart.com
BAKER MARQUART LLP
777 S. Figueroa St., Suite 2850
Los Angeles, California, 90017
Telephone:  (424) 652-7800
Facsimile:   (424) 652-7850

*Attorneys for Defendant Tony Bobulinski*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>Plaintiff,<br><br>v.<br><br>TONY BOBULINSKI<br><br>Defendant. | Case No. 2:20-CV-06759 RGK(JC)<br><br>**DECLARATION OF TERESA L. HUGGINS IN SUPPORT OF OPPOSITION TO PLAINTIFF CHINA BRANDING GROUP LIMITED'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:  Hon. R. Gary Klausner<br><br>Date: December 21, 2020<br>Time: 9:00 a.m.<br>Courtroom: 850<br><br>Complaint Filed: July 28, 2020 |

# DECLARATION OF TERESA L. HUGGINS

I, Teresa L. Huggins, declare as follow:

1. I am an attorney licensed to practice in the State of California. I am a Partner of the law firm Baker Marquart LLP ("Baker Marquart"), counsel for Defendant Tony Bobulinski ("Bobulinski" or "Defendant") in the above-referenced matter. I am over the age of 18 and make this declaration of my own personal knowledge. I make this declaration in support of Bobulinski's Opposition to the Motion for Summary Judgment filed by Plaintiff China Branding Group Limited (together, "Plaintiff" or "CBG"). If called upon to testify as to these matters, I would testify as stated below.

2. On September 18, 2020, my firm was served, via the Court's CM/ECF system, with CBG's Notice of Motion and Motion for Summary Judgment ("First Motion"). Plaintiff made no attempt to meet and confer before filing this First Motion.

3. On September 18, 2020, I sent an email to Plaintiff's counsel, advising that the First Motion was premature and subject to dismissal under Federal Rule of Civil Procedure 56(d), as Bobulinski has not yet had the opportunity to conduct any discovery in this matter, and asking Plaintiff to take the First Motion off calendar. A true and correct copy of this email is attached as **Exhibit A**.

4. On September 21, 2020, Plaintiff's counsel responded by email that he did not know what discovery Bobulinski needed. A true and correct copy of this email is attached as **Exhibit B**.

5. That same day, I emailed Plaintiff's counsel to summarize the discovery Bobulinski needed. I also let Plaintiff's counsel know that that the Motion was filed in violation of Local Rule 7-3, which requires that parties meet and confer at least seven days before filing a motion for summary judgment. A true and correct copy of this email is attached hereto as **Exhibit C**.

6. On October 22, 2020, the Court denied the First Motion, for failure to meet and confer. (Dkt. 47.)

7. Two days later, on Saturday, October 24, 2020, Plaintiff's counsel left me a voicemail, saying Defendant had been right about the need to meet and confer and asking to do so. On Monday, October 26, 2020, I emailed Plaintiff's counsel, agreeing to meet and confer but asking what the subject of the meet and confer was (Plaintiff's counsel had not said in his voicemail), and whether it was another summary judgment motion. I stated that Defendant had still not had an opportunity to conduct any discovery and that his need for discovery remained, and suggested we hold a Rule 26 conference at the same time. A true and correct copy of my email is attached hereto as **Exhibit D**.

8. After further email exchange, I met and conferred with Plaintiff's counsel on October 29, 2020, at which time Plaintiff's counsel told me Plaintiff planned to file another motion for summary judgment on the same grounds as the First Motion. I reiterated Defendant's acute need for discovery in this case, but Plaintiff's counsel indicated Plaintiff would immediately file a second summary judgment motion.

9. On November 3, 2020, Plaintiff served Defendant with Plaintiff's first set of special interrogatories. That same day, Defendant served Plaintiff with Defendant's first set of special interrogatories and first set of requests for production. The parties' responses to the respective discovery are due December 3, 2020. Attached as **Exhibits E** and **F** are the discovery that Plaintiff and Defendant served, respectively.

10. As reflected in Defendant's first set of written discovery to CBG, Defendant has identified the following discoverable facts and information required at a minimum to develop an adequate record for the resolution of this case. Discoverable and relevant information includes, but is not limited to the following: (1) non-privileged communications between the Joint Official Liquidators ("JOLs")

and all parties relevant to the Cayman Liquidation proceedings, including, among others, communications between the JOLs, on the one hand, and: Hickory Grove, LLC, Robert Roche, Jacob Fisch, RAAD, Remark, and Adam Roseman, on the other hand; (2) documentation of the purported April 2016 Hickory Grove loan to CBG for $670,000 purportedly provided just prior to the initiation of liquidation proceedings by Hickory Grove, including proof that the loan was perfected, internal deliberations by CBG regarding the loan, communications and other paper trails between CBG and Hickory Grove, Roseman and Roche, Roseman and Fisch, and other agents for CBG and Hickory Grove, respectively regarding the loan; (3) the internal deliberations and communications of CBG and related third parties that led to the Hickory Grove "loan" and subsequent wind-up proceeding; (4) the JOLs' deliberations and communications with witnesses and others demonstrating their deliberations and communications regarding the JOLs' bases for assessing the propriety of the liquidation; (5) communications, board minutes, internal and external emails, and other documents evidencing CBG's and the JOLs' internal deliberations about Bobulinski's senior secured status, the approval of his loan terms, and other issues related to his status in considering Bobulisnki's proof of debt claim; (6) the non-privileged communications including, but not limited to, emails, memoranda, notes, and other communications between the JOLs and all CBG related parties, including Roseman, Fisch, Roche, and CBG's largest creditors and shareholders; and (7) other internal documentation of the JOLs indicating the extent to which the JOLs relied upon misrepresentations as to the propriety of the bases for the liquidation and other facts related to Bobulinski's status as a senior secured creditor, the amount Bobulinski was owed, and Bobulinski's right to approve of any sale of CBG's or its related entities' assets.

11. On November 9, 2020, my firm was served, via the Court's CM/ECF system, with CBG's second Notice of Motion and Motion for Summary Judgment ("Second Motion"). My office was not served with a Statement of Uncontroverted

Facts and Conclusions of Law or a [Proposed] Order, and none were filed, as Local Rule 56-1 requires.  On November 16, 2020, Bobulinski filed and served his opposition to the Second Motion, pointing out these deficiencies, among others. (Dkt. 52.)

12. On November 16, 2020, Defendant served Plaintiff with a deposition notice.  That deposition is currently scheduled for December 15, 2020.  That same day, Defendant served Hickory Grove with a deposition notice.  That deposition is currently scheduled for December 18, 2020.  Attached as **Exhibit G** are the deposition notices that Defendant served.

13. On November 17, 2020, my firm was served, via the Court's CM/ECF system, with CBG's Notice of Withdrawal of Second Summary Judgment Motion. (Dkt. 54.)  That same day, my firm was served, via the Court's CM/ECF system, with CBG's instant third Notice of Motion and Motion for Summary Judgment ("Third Motion").  (Dkt. 56.)  My firm was not served with a request for leave to file the Third Motion, and the docket does not reflect that any such request was filed.

14. To date, Bobulinski has received no response to his first set of requests for production or first set of special interrogatories to Plaintiff, and has not had the opportunity to conduct any of the depositions he has noticed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of November 2020, in Los Angeles, California.

_____
Teresa L. Huggins

4
DECLARATION OF TERESA L. HUGGINS IN SUPPORT OF
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT