# EXHIBIT F

Ryan G. Baker (Bar No. 214036)
  rbaker@bakermarquart.com
Teresa L. Huggins (Bar. No. 263257)
  thuggins@bakermarquart.com
BAKER MARQUART LLP
777 S. Figueroa St., Suite 2850
Los Angeles, California, 90017
Telephone:  (424) 652-7800
Facsimile:    (424) 652-7850

*Attorneys for Defendant Tony Bobulinski*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>              Plaintiff,<br><br>v.<br><br>TONY BOBULINSKI<br><br>              Defendant. | Case No. 2:20-CV-06759 RGK (JC)<br><br>**DEFENDANT'S FIRST SET OF SPECIAL INTERROGATORIES TO PLAINTIFF CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION)**<br><br>Judge:  Hon. R. Gary Klausner<br><br>Complaint Filed: July 28, 2020 |

PROPOUNDING PARTY: Tony Bobulinski

RESPONDING PARTY:    China Branding Group Limited (In Official Liquidation)

SET NUMBER:              One (1)

Defendant Tony Bobulinski requests that Plaintiff China Branding Group Limited, in official liquidation ("Responding Party") answer the following Special Interrogatories in writing under oath as provided by Federal Rule of Civil Procedure 33, within thirty (30) days from the time of service.  Responding Party shall also be obligated to supplement its responses to such interrogatories at such times and to the extent required by Rule 26 of the Federal Rules of Civil Procedure.

## **DEFINITIONS**

The following definitions shall apply:

1.      "YOU" or "YOUR" shall refer to Plaintiff China Branding Group, (in official liquidation), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited, and any of its attorneys, agents, accountants, advisors or anyone acting on or for its behalf.

2.      "JOLs" shall refer to CBG's Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited.

3.      "CBG" shall refer to China Brand Group Limited.

4.      "ESTATE" shall refer to all property owned by CBG after it went into liquidation.

5.      "ACTION" shall refer to the complaint, filed by PLAINTIFF on July 28, 2020, in the United States District Court, Central District of California, with Case Number 2:20-CV-06759 RGK (JC).

6.      "BOBULINSKI" shall refer to Defendant Tony Bobulinski.

7.      "ROSEMAN" shall refer to former CBG Chief Executive Officer Adam Roseman.

8.       "CAYMAN LITIGATION" shall refer to the legal proceeding in the Grand Court of the Cayman Islands entitled *In the Matter of China Branding Group Limited (In Official Liquidation)*, Cause No. FSD 52 of 2016 (RMJ).

9.     "PLEDGE AGREEMENT" shall refer to the Pledge Agreement executed by and between ROSEMAN, on behalf of CBG, on the one hand, and BOBULINSKI, on the other hand, on or about April 15, 2015.

10.     "2016 HICKORY GROVE LOAN" shall mean and refer to the loan Hickory Grove, LLC made to CBG on or about April 2016 for approximately $670,000.

11.     "PROOF OF DEBT CLAIM" shall refer to the Proof of Debt for $1,625,000 submitted by BOBULINSKI during the CAYMAN LIQUIDATION.

12.     "CAYMAN LIQUIDATION" shall refer to the 2016 liquidation of CBG in the Cayman Islands.

13.     "REMARK" shall refer to Remark Media, Inc.

14.     "RAAD" shall refer to RAAD Productions LLC.

15.     "HICKORY GROVE" shall refer to Hickory Grove, LLC.

16.     "CREDITOR(S)" shall refer to any individual or company to whom CBG owed money once it went into liquidation, including, but not limited to, Robert Roche, Hickory Grove, LLC, Jacob Fisch, and Tony Bobulinski.

17.     "BOARD MEMBER" shall refer to any individual who has ever been a member of the board of CBG.

18.     "FISCH" shall refer to former CBG BOARD MEMBER Jacob Fisch.

19.     "DOCUMENT(S)" is intended to include those Documents described in Rule 34(a) of the Federal Rules of Civil Procedure and Federal Rule of Evidence 1001, and includes, in the broadest sense possible, but is not limited to, any written, printed, typed, photostatted, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof.  This definition includes copies or duplicates of documents contemporaneously or subsequently created which have any notes or other markings.  Without limiting the generality of the foregoing, "document" or "documents" includes, but is not limited to,

2

correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings, or other communications of any type, including inter- and-intra office communications, questionnaires, surveys, charts, graphs, photographs, photographic recordings, films, tapes, discs, data cells, print-outs of information stored or maintained by electronic data processing or work processing equipment, including electronic mail ("e-mail"), text messages, instant messages or chats and all other electronically stored information or information stored in any medium that can be translated if necessary, by YOU into reasonably usable form, including, but not limited to, electromagnetically sensitive stored media such as floppy disks, and magnetic tapes, and any preliminary versions, drafts or revisions of any of the foregoing.

20.    "COMMUNICATION(S)" shall mean and refer to any original and all copies, unless identical, regardless or origin or location, of written, recorded and graphic matter, however produced or reproduced, formal or informal, including, without limitation, correspondence, memoranda, letters, facsimiles, e-mail, notes (including stenographic notes), records, letters, envelopes, telegrams, telephone logs, messages (including reports, notes and memoranda of personal or other telephone conversations and conferences), tapes or other recordings of conversations, and any other writings or documents of whatever description or kind with the purpose of communicating any message between natural persons or entities, including attachments or other matters affixed thereto and copies of any of the foregoing in the possession custody or control of YOU, YOUR counsel or any other person acting on YOUR behalf, including, without limitation, any material described above that originally may have been generated by any party hereto and is

1    now in YOUR possession, custody or control.

2        21.    "PERSON(S)" shall include, without limitation, natural persons,

3    corporations, companies, limited liability companies, partnerships, limited

4    partnerships, business trusts, associations, organizations, joint ventures, groups,  and

5    business or other entities, government bodies or agencies, legal entities or any other

6    entities, and any officer, director, employee, partner, corporate parent, subsidiary,

7    affiliate, agent, representative, attorney, or principal thereof.

8        22.    A DOCUMENT that is "RELATED TO" a given subject matter is one

9    that, whether directly or indirectly, constitutes, memorializes, contains, concerns,

10   embodies, reflects, identifies, evidences, states, deals with, comments on, responds

11   to, sets forth, describes, analyzes, contradicts or is in any way pertinent to that

12   subject matter.

13       23.    "IDENTIFY" shall mean,

14           a.    with respect to a DOCUMENT, (i) the date of the DOCUMENT;

15   (ii) its author(s) and all recipients; (iii) the content and nature of such DOCUMENT;

16   and (iv) the location(s) of such DOCUMENT.

17           b.    with respect to a natural PERSON(S), their name, present or last-

18   known home and business address, present or last-known employment or business

19   affiliation, and present or last-known business telephone number.

20           c.    with respect to a COMMUNICATION(S), (i) the date of the

21   COMMUNICATION(S); (ii) the PERSONS initiating, receiving, participating in,

22   and otherwise aware of the COMMUNICATIONS(S); (iii) the subject matter,

23   content, and nature of the COMMUNICATIONS; and (iv) the location(s) of the

24   COMMUNICATION(S).

25                          **INSTRUCTIONS**

26       1.    If YOU claim that any information requested is privileged, please

27   provide all information falling within the scope of the interrogatory which is not

28   privileged, and identify with sufficient particularity for purposes of a motion to

compel a response, with respect to which YOU claim a privilege, and state the basis on which the privilege is claimed.

2.    YOUR responses to the following interrogatories are to be promptly supplemented to include subsequently acquired information, in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

3.    All requests contained in the following interrogatories to identify a DOCUMENT are requested to be answered by providing a complete and accurate description sufficient for a request for production of documents and things and for a motion to compel the production of documents and things, based only upon the description provided, including the following information:

a.    The title or brief description of the DOCUMENT;

b.    A brief description of the subject matter, if a DOCUMENT;

c.    The date on which the DOCUMENT was first prepared or received;

d.    Identification of the PERSON(S) who prepared the DOCUMENT;

e.    Identification of the PERSON(S) who received the DOCUMENT;

f.    Identification of the PERSON(S) who presently have custody of the DOCUMENT;

g.    In the case of correspondence, the individuals who are the addresser and the addressee;

h.    If a publication, the title, date of publication, author, specific page numbers and the publisher; and

i.    the bates-number of the DOCUMENT if it has been produced in this ACTION.

4.    All requests contained in the following interrogatories to identify a PERSON, whether a natural person or organization, are to be answered by providing sufficient information to enable the undersigned to contact the PERSON by telephone, by mail and to serve legal documents on the PERSON, including that PERSON's full

1   name, title (if any), address and telephone number.

2        5.     Whenever YOU are asked to describe COMMUNICATIONS or some

3   other event or a chain of events, please:

4              a.     State the date or dates of each COMMUNICATION or

5                     occurrence relevant to the event;

6              b.     Identify all individuals having knowledge of any

7                     COMMUNICATION or occurrence or aspect of the event,

8                     including but not limited to those involved in witnessing,

9                     supervising, controlling, supporting, requesting, or otherwise

10                    participating in the event;

11             c.     Describe the role and contribution of each PERSON identified;

12             d.     Provide a general description of the substance of the

13                    COMMUNICATION or other occurrence;

14             e.     Describe all related events, and all previous or subsequent related

15                    attempts, whether or not completed and whether or not

16                    successful; and

17              f.     Describe the motivation and causation for the event.

18       6.     With respect to any interrogatory that calls for the identification of a

19  DOCUMENT to which YOU claim a privilege or other protection attaches, please

20  provide a statement, signed by one of YOUR attorneys, setting forth as to each such

21  document:

22             a.     The name(s) of the sender(s) of the DOCUMENT;

23             b.     The name(s) of the author(s) of the DOCUMENT;

24             c.     The name(s) of the person(s) to whom the original or copies

25                    were sent;

26             d.     The date of the DOCUMENT;

27             e.     The date on which the DOCUMENT was received by those

28                    having possession of the document;

6

1         f.     The statute, rule or decision that is claimed to give rise to the

2                privilege or other protection; and

3         g.     A summary of the contents of the DOCUMENT without

4                disclosing the matter that YOU claim is privileged or otherwise

5                protected.

6       7.    For each objection asserted, please state:

7         a.     The basis for the objection;

8         b.     Facts supporting the assertion of the objection; and

9         c.     The statute, rule or decision that is claimed to give rise to the

10               objection.

11                       **SPECIAL INTERROGATORIES**

12  **SPECIAL INTERROGATORY NO. 1:**

13      IDENTIFY all CREDITORS with whom YOU discussed the decision to deny

14  BOBULINSKI's PROOF OF DEBT CLAIM.

15  **SPECIAL INTERROGATORY NO. 2:**

16      Describe, in detail, YOUR reasons for agreeing to the sale of CBG to

17  REMARK without BOBULINSKI's approval.

18  **SPECIAL INTERROGATORY NO. 3:**

19      Describe, in detail, any and all COMMUNICATIONS RELATED TO YOUR

20  decision to ignore BOBULINSKI's right to approve any sale of the assets of CBG,

21  as stated in the PLEDGE AGREEMENT.

22  **SPECIAL INTERROGATORY NO. 4:**

23      Describe, in detail, any and all COMMUNICATIONS RELATED TO

24  BOBULINSKI's right to approve any sale of the assets of CBG.

25  **SPECIAL INTERROGATORY NO. 5:**

26      IDENTIFY all DOCUMENTS RELATED TO the 2016 HICKORY GROVE

27  LOAN.

28

DEFENDANT'S FIRST SET OF SPECIAL INTERROGATORIES TO
PLAINTIFF CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION)

**SPECIAL INTERROGATORY NO. 6:**

IDENTIFY all PERSONS with knowledge of the 2016 HICKORY GROVE LOAN.

**SPECIAL INTERROGATORY NO. 7:**

IDENTIFY all COMMUNICATIONS RELATED TO the 2016 HICKORY GROVE LOAN.

**SPECIAL INTERROGATORY NO. 8:**

Describe in detail YOUR bases for determining that CBG's liquidation was appropriate.

**SPECIAL INTERROGATORY NO. 9:**

Describe in detail YOUR bases for determining that BOBULINSKI was not entitled to secured creditor status.

**SPECIAL INTERROGATORY NO. 10:**

Describe in detail YOUR bases for determining or approving that the shareholders of RAAD, including HICKORY GROVE, Hudson Holdings Trust, and Tarpido Enterprises, LLC, would transfer their shares in RAAD to CBG for $10 to complete the sale of CBG to REMARK.

**SPECIAL INTERROGATORY NO. 11:**

IDENTIFY in detail all forms of compensation YOU received for negotiating and completing CBG's sale to REMARK, including, but not limited to, any and all "professional fees and other liquidation expenses" that were paid from the proceeds of the sale.

**SPECIAL INTERROGATORY NO. 12:**

Describe all assets in the ESTATE since CBG's liquidation began.

**SPECIAL INTERROGATORY NO. 13:**

Describe ownership of all assets in the ESTATE since CBG's liquidation began.

**SPECIAL INTERROGATORY NO. 14:**

Describe discussions between any BOARD MEMBER and the JOLs prior to
FISCH sending the letter declaring CBG could not pay debts.

**SPECIAL INTERROGATORY NO. 15:**

IDENTIFY any COMMUNICATIONS FISCH had with the JOLs.

**SPECIAL INTERROGATORY NO. 16:**

Describe how the sale of CBG to REMARK was negotiated.

**SPECIAL INTERROGATORY NO. 17:**

IDENTIFY any COMMUNICATIONS RELATED TO the sale of CBG to
REMARK.

**SPECIAL INTERROGATORY NO. 18:**

IDENTIFY any COMMUNICATIONS RELATED TO assets owned by
RAAD.


DATED: November 3, 2020                    Respectfully submitted,

                                           BAKER MARQUART LLP


                                           _____
                                           Ryan G. Baker
                                           Teresa Huggins
                                           *Attorneys for Defendant Tony Bobulinski*

# CERTIFICATE OF SERVICE

I, Rebecca Isomoto, am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 777 S. Figueroa Street, Suite 2850, Los Angeles, CA 90017.

On November 3, 2020, I served true copies of the document(s) described as:

**Defeendant's First Set of Special Interrogatories to Plaintiff China Branding Group Limited, (in official liquidation)**

on the following party in this action as follows:

Robert W. Cohen (Bar No. 150310)
rwc@robertwcohenlaw.com
Mariko Taenaka (Bar. No. 273895)
mt@robertwcohenlaw.com
LAW OFFICES OF ROBERT W. COHEN
1901 Avenue of the Stars, Suite 1900
Los Angeles, California, 90067
Telephone:   (310) 282-7586
Facsimile:    (310) 282-7589

*Attorneys for Plaintiff China Branding
Group Limited, in official liquidation*

**[ X ]   BY ELECTRONIC MAIL:**
I caused the document to be sent to the respective e-mail addresses of the parties. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 3, 2020, at Los Angeles, California.

_____
Rebecca Isomoto

PROOF OF SERVICE

Ryan G. Baker (Bar No. 214036)
  rbaker@bakermarquart.com
Teresa L. Huggins (Bar. No. 263257)
  thuggins@bakermarquart.com
BAKER MARQUART LLP
777 S. Figueroa St., Suite 2850
Los Angeles, California, 90017
Telephone:  (424) 652-7800
Facsimile:   (424) 652-7850

*Attorneys for Defendant Tony Bobulinski*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>Plaintiff,<br><br>v.<br><br>TONY BOBULINSKI<br><br>Defendant. | Case No. 2: 20-CV-06759 RGK (JC)<br><br>**DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION)**<br><br>Judge:  Hon. R. Gary Klausner<br><br>Complaint Filed: July 28, 2020 |

PROPOUNDING PARTY:  Tony Bobulinski

RESPONDING PARTY:    China Branding Group Limited (In Official Liquidation)

SET NUMBER:              One (1)

Defendant Tony Bobulinski requests that Plaintiff China Branding Group Limited, in official liquidation ("Responding Party") answer the following Requests for Production of Documents in writing under oath as provided by Federal Rule of Civil Procedure 34, and produce the requested documents within thirty (30) days from the time of service.  The production shall occur at the law offices of Baker Marquart LLP at 777 S. Figueroa Street, Suite 2850, Los Angeles, California 90017. Responding Party shall also be obligated to supplement its responses to such requests for production at such times and to the extent required by Rule 26 of the Federal Rules of Civil Procedure.

## **DEFINITIONS**

The following definitions shall apply:

1. "YOU" or "YOUR" shall refer to Plaintiff China Branding Group (In Official Liquidation), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited, and any of its attorneys, agents, accountants, advisors or anyone acting on or for its behalf.

2. "COMPLAINT" shall refer to the Complaint, filed by YOU on July 28, 2020, in the United States District Court, Central District of California, Case Number 2:20-CV-06759 RGK (JC).

3. "BOBULINSKI" shall refer to Defendant Tony Bobulinski.

4. "CBG" shall refer to China Branding Group Limited.

5. "JOLs" shall refer to CBG's Joint Official Liquidators in the Cayman Litigation, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited.

6. "ROSEMAN" shall refer to former CBG Chief Executive Officer Adam Roseman.

7. "CAYMAN LITIGATION" shall refer to the legal proceeding in the Grand Court of the Cayman Islands entitled *In the Matter of China Branding Group*

*Limited (In Official Liquidation)*, Cause No. FSD 52 of 2016 (RMJ).

8. "PROOF OF DEBT CLAIM" shall refer to the Proof of Debt for $1,625,000 BOBULINSKI submitted during the CAYMAN LIQUIDATION.

9. "CAYMAN LIQUIDATION" shall refer to the 2016 liquidation of CBG in the Cayman Islands.

10. "RAAD" shall refer to RAAD Productions LLC.

11. "REMARK" shall refer to Remark Media, Inc.

12. "CREDITOR(S)" shall refer to any party to whom CBG owed money once it went into liquidation, including, but not limited to, HICKORY GROVE, ROCHE, and BOBULINSKI.

13. "BOARD MEMBER" shall refer to any individual who has ever been a member of the board of CBG.

14. "HICKORY GROVE" shall refer to Hickory Grove, LLC.

15. "ROCHE" shall refer to BOARD MEMBER Robert Roche, and any attorneys, agents, accountants, advisors or anyone acting on or for his behalf.

16. "FISCH" shall refer to BOARD MEMBER Jacob Fisch, and any attorneys, agents, accountants, advisors or anyone acting on or for his behalf.

17. "2016 HICKORY GROVE LOAN" shall mean and refer to the loan Hickory Grove, LLC made to CBG on or about April 2016 for approximately $670,000.

18. "DOCUMENT(S)" is intended to include those Documents described in Rule 34(a) of the Federal Rules of Civil Procedure and Federal Rule of Evidence 1001, and includes, in the broadest sense possible, but is not limited to, any written, printed, typed, photostatted, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof. This definition includes copies or duplicates of documents contemporaneously or subsequently created which have any notes or other markings. Without limiting the generality of

2

the foregoing, "document" or "documents" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings, or other communications of any type, including inter- and-intra office communications, questionnaires, surveys, charts, graphs, photographs, photographic recordings, films, tapes, discs, data cells, print-outs of information stored or maintained by electronic data processing or work processing equipment, including electronic mail ("e-mail"), text messages, instant messages or chats and all other electronically stored information or information stored in any medium that can be translated if necessary, by YOU into reasonably usable form, including, but not limited to, electromagnetically sensitive stored media such as floppy disks, and magnetic tapes, and any preliminary versions, drafts or revisions of any of the foregoing.

19.    "COMMUNICATION(S)" shall mean and refer to any original and all copies, unless identical, regardless or origin or location, of written, recorded and graphic matter, however produced or reproduced, formal or informal, including, without limitation, correspondence, memoranda, letters, facsimiles, e-mail, notes (including stenographic notes), records, letters, envelopes, telegrams, telephone logs, messages (including reports, notes and memoranda of personal or other telephone conversations and conferences), tapes or other recordings of conversations, and any other writings or documents of whatever description or kind with the purpose of communicating any message between natural persons or entities, including attachments or other matters affixed thereto and copies of any of the foregoing in the possession custody or control of YOU, YOUR counsel or any other person acting on YOUR behalf, including, without limitation, any material

described above that originally may have been generated by any party hereto and is now in YOUR possession, custody or control.

20.    A DOCUMENT that is "RELATING TO" or is "RELATED TO" a given subject matter is one that, whether directly or indirectly, constitutes, memorializes, contains, concerns, embodies, reflects, identifies, evidences, states, deals with, comments on, responds to, sets forth, describes, analyzes, contradicts or is in any way pertinent to that subject matter.

## INSTRUCTIONS

The following instructions shall apply:

1.    Whenever an objection is asserted to a particular request or portion thereof, please produce all responsive documents or parts thereof that are not subject to the objection.  Similarly, wherever a document is not produced in full, please state with particularity the reason or reasons that it is not being produced in full.  Please also describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, those portions of the document that are not being produced in full.

2.    In accordance with the provisions of Rule 34(b) of the Federal Rules of Civil Procedure, documents responsive to these requests shall be produced as they are kept in the usual course of business, or shall be organized and labeled to correspond with the categories set forth in these requests.  Attachments shall be appended to the document to which such attachments are attached within YOUR files.

3.    Please produce documents in such a manner as will facilitate their identification with the particular request or category of requests to which they are responsive.

4.    YOUR responses to the following requests are to be promptly supplemented to include subsequently acquired information, in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

5.    The words "and" and "or" shall be construed both conjunctively and

4

disjunctively, and each shall include the other wherever such dual constructions will serve to bring within the course and scope of this request any documents that would otherwise not be brought within its scope.

6.     The singular form shall include the plural and vice versa wherever such dual construction will serve to bring within the scope of this request any documents that would otherwise not be brought within its scope.

7.     These requests ask for the production of specified documents that are in the actual or constructive possession, custody, or control of the responding party itself or any of its present and former employees, officers, directors, agents, representatives, attorneys, accountants, underwriters, investigators, or other persons acting or purporting to act on behalf of the responding party.

8.     These requests ask the production of documents in the same form, and in the same order, that they existed in prior to production.  The documents are to be produced in the boxes, file, folders, or other containers in which the documents were found.  The titles, labels, or other descriptions of the documents are to be left intact.

9.     With respect to any document that YOU withhold on a claim of privilege or other protection, please provide a statement, signed by one of YOUR attorneys, setting forth as to each such document:

a.     The type of document (*e.g.,* letter, memorandum, account statements, etc.);

b.     The name(s) of the sender(s) of the document;

c.     The name(s) of the author(s) of the document;

d.     The name(s) of the person(s) to whom the original or copies were sent;

e.     The date of the document;

f.     The length of the document;

g.     The date on which the document was received by those having possession of the document;

h.    The asserted basis upon which YOU believe the privilege or other protection applies; and

i.    A summary of the contents of the document without disclosing the matter that YOU claim is privileged or otherwise protected.

10.    If any document that would have been responsive to these requests has been destroyed or is no longer in YOUR possession, custody or control, please provide the following information for each such document:

a.    A description of the content of that document, including the information set for in paragraph 9(a)-(i) above;

b.    the location of all copies of the document; and

c.    the date of, and the identity of the person responsible for, its destruction, loss, transfer, or other action by which the document left YOUR possession, custody or control.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATED TO the purported 2016 HICKORY GROVE LOAN, including, but not limited to, DOCUMENTS showing that the 2016 HICKORY GROVE LOAN was perfected.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATED TO the initiation of the "wind-up" proceedings which resulted in the CAYMAN LIQUIDATION, including, but not limited to, any COMMUNICATIONS with any CREDITOR.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS RELATED TO the assessment of the propriety of the CAYMAN LIQUIDATION, including, but not limited to, DOCUMENTS RELATED TO CBG's purported insolvency.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS RELATED TO the bases for assessing the propriety of the CAYMAN LIQUIDATION, including, but not limited to, DOCUMENTS RELATED TO the bases for CBG's purported insolvency.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS RELATING TO BOBULINSKI's PROOF OF DEBT CLAIM, including, but not limited to, BOBULINSKI's senior secured status and the approval of his loan terms.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS, including, but not limited to, board minutes and internal and external emails, RELATING TO CBG's determination to enter into the CAYMAN LIQUIDATION.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS, including, but not limited to, board minutes and internal and external emails, RELATING TO the amount CBG owed BOBULINSKI.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS, including, but not limited to, board minutes and internal and external emails, RELATING TO BOBULINSKI's right to approve any sale of CBG's or any related entities' assets.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS RELATING TO the JOLs' duties to the CREDITORS during the CAYMAN LIQUIDATION, including, but not limited to, any COMMUNICATIONS with any CREDITOR.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS RELATING TO the JOLs' duties to the CREDITORS after the CAYMAN LIQUIDATION, including, but not limited to, any COMMUNICATIONS with any CREDITOR.

**REQUEST FOR PRODUCTION NO. 11:**

All COMMUNICATIONS between YOU and any CREDITOR RELATED TO CBG.

**REQUEST FOR PRODUCTION NO. 12:**

All COMMUNICATIONS between YOU and any BOARD MEMBER RELATED TO CBG.

**REQUEST FOR PRODUCTION NO. 13:**

All COMMUNICATIONS between YOU and REMARK RELATED TO the CBG.

**REQUEST FOR PRODUCTION NO. 14:**

All COMMUNICATIONS between YOU and RAAD RELATED TO the CBG.

**REQUEST FOR PRODUCTION NO. 15:**

All COMMUNICATIONS between the JOLs and any CREDITOR RELATED TO CBG.

**REQUEST FOR PRODUCTION NO. 16:**

All COMMUNICATIONS between the JOLs and any BOARD MEMBER RELATED TO CBG.

**REQUEST FOR PRODUCTION NO. 17:**

All COMMUNICATIONS between the JOLs and REMARK RELATED TO CBG.

**REQUEST FOR PRODUCTION NO. 18:**

All COMMUNICATIONS between the JOLs and RAAD RELATED TO CBG.

1

2   DATED: November 3, 2020            Respectfully submitted,

3

4                                     BAKER MARQUART LLP

5

6

7

8                                     _____

9                                     Ryan G. Baker
                                      Teresa Huggins
10
                                      *Attorneys for Defendant Tony Bobulinski*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I, Rebecca Isomoto, am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 777 S. Figueroa Street, Suite 2850, Los Angeles, CA 90017.

On November 3, 2020, I served true copies of the document(s) described as:

**Defendant's First Set of Requests for Production to Plaintiff China Branding Group Limited, (in official liquidation)**

on the following party in this action as follows:

Robert W. Cohen (Bar No. 150310)
rwc@robertwcohenlaw.com
Mariko Taenaka (Bar. No. 273895)
mt@robertwcohenlaw.com
LAW OFFICES OF ROBERT W. COHEN
1901 Avenue of the Stars, Suite 1900
Los Angeles, California, 90067
Telephone:   (310) 282-7586
Facsimile:    (310) 282-7589

*Attorneys for Plaintiff China Branding*
*Group Limited, in official liquidation*

**[ X ]   BY ELECTRONIC MAIL:**
I caused the document to be sent to the respective e-mail addresses of the parties. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 3, 2020, at Los Angeles, California.

Rebecca Isomoto

1                                                                    PROOF OF SERVICE