# EXHIBIT G

Ryan G. Baker (Bar No. 214036)
  rbaker@bakermarquart.com
Teresa L. Huggins (Bar. No. 263257)
  thuggins@bakermarquart.com
BAKER MARQUART LLP
777 S. Figueroa St., Suite 2850
Los Angeles, California, 90017
Telephone:  (424) 652-7800
Facsimile:   (424) 652-7850

*Attorneys for Defendant Tony Bobulinski*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>          Plaintiff,<br><br>v.<br><br>TONY BOBULINSKI<br><br>          Defendant. | Case No. 2:20-CV-06759 RGK (JC)<br><br>**NOTICE OF DEPOSITION OF PLAINTIFF CHINA BRANDING GROUP PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**<br><br>Judge:  Hon. R. Gary Klausner<br><br>Time: 10:00 a.m.<br><br>Date: December 15, 2020<br><br>Place: Baker Marquart LLP<br>          777 S. Figueroa Street, Ste. 2850<br>          Los Angeles, California 90017 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

      **PLEASE TAKE NOTICE THAT**, pursuant to Federal Rule of Civil Procedure 30(b)(6), defendant Tony Bobulinski ("Bobulinski") by and through his attorneys of record, will take the deposition of plaintiff China Branding Group Limited ("CBG"), on December 15, 2020, at 10:00 a.m., from one or more of CBG's designated officers, directors, managing agents, or other persons most knowledgeable and deposable about the topics of examination identified below. This deposition will take place at the offices of Baker Marquart LLP, 777 S. Figueroa Street, Suite 2850, Los Angeles, California 90017.

      **PLEASE TAKE FURTHER NOTICE THAT**, the deposition will take place upon oral examination before a duly authorized notary public or other officer authorized to administer oaths at depositions.  The deposition may continue from day to day or may be continued to a future date or dates until completed, excluding Saturdays, Sundays and legal holidays.  Pursuant to Federal Rule of Civil Procedure 30(b)(2), the deposition may be videotaped.  The deposition may also be recorded by stenography and real-time, instant visual display (*e.g.*, LiveNote).

      Defendant reserves the right to take subsequent depositions, not just on all material issues, but also on those issues raised by documents produced by Plaintiff and third parties, as well as on witnesses later identified during the course of discovery.

DATED: November 16, 2020        Respectfully submitted,

                    By: /s/ Ryan G. Baker
                       Ryan G. Baker
                       Teresa L. Huggins
                       BAKER MARQUART LLP
                       777 S. Figueroa Street, Suite 2850
                       Los Angeles, California 90017
                       (424) 652-7800
                       (424) 652-7850 (facsimile)

                       *Attorneys for Defendants*

## DEFINITIONS

The following definitions shall apply:

1.      "YOU" or "YOUR" shall refer to Plaintiff China Branding Group (In Official Liquidation), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited, and any of its attorneys, agents, accountants, advisors or anyone acting on or for its behalf.

2.      "COMPLAINT" shall refer to the Complaint, filed by YOU on July 28, 2020, in the United States District Court, Central District of California, Case Number 2:20-CV-06759 RGK (JC).

3.      "BOBULINSKI" shall refer to Defendant Tony Bobulinski.

4.      "CBG" shall refer to China Branding Group Limited.

5.      "JOLs" shall refer to CBG's Joint Official Liquidators in the Cayman Litigation, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited.

6.      "ROSEMAN" shall refer to former CBG Chief Executive Officer Adam Roseman.

7.      "CAYMAN LITIGATION" shall refer to the legal proceeding in the Grand Court of the Cayman Islands entitled *In the Matter of China Branding Group Limited (In Official Liquidation)*, Cause No. FSD 52 of 2016 (RMJ).

8.      "PROOF OF DEBT CLAIM" shall refer to the Proof of Debt for $1,625,000 BOBULINSKI submitted during the CAYMAN LIQUIDATION.

9.       "CAYMAN LIQUIDATION" shall refer to the 2016 liquidation of CBG in the Cayman Islands.

10.      "RAAD" shall refer to RAAD Productions LLC.

11.      "REMARK" shall refer to Remark Media, Inc.

12.      "CREDITOR(S)" shall refer to any party to whom CBG owed money once it went into liquidation, including, but not limited to, HICKORY GROVE,

1  ROCHE, and BOBULINSKI.

2     13.   "BOARD MEMBER" shall refer to any individual who has ever been a

3  member of the board of CBG.

4     14.   "HICKORY GROVE" shall refer to Hickory Grove, LLC.

5     15.   "ROCHE" shall refer to BOARD MEMBER Robert Roche, and any

6  attorneys, agents, accountants, advisors or anyone acting on or for his behalf.

7     16.   "FISCH" shall refer to BOARD MEMBER Jacob Fisch, and any

8  attorneys, agents, accountants, advisors or anyone acting on or for his behalf.

9     17.   "2016 HICKORY GROVE LOAN" shall mean and refer to the loan

10  Hickory Grove, LLC made to CBG on or about April 2016 for approximately

11  $670,000.

12     18.   "DOCUMENT(S)" is intended to include those Documents described

13  in Rule 34(a) of the Federal Rules of Civil Procedure and Federal Rule of Evidence

14  1001, and includes, in the broadest sense possible, but is not limited to, any written,

15  printed, typed, photostatted, photographed, recorded, or otherwise reproduced or

16  stored communication or representation, whether comprised of letters, words,

17  numbers, pictures, sounds, or symbols, or any combination thereof.  This definition

18  includes copies or duplicates of documents contemporaneously or subsequently

19  created which have any notes or other markings.  Without limiting the generality of

20  the foregoing, "document" or "documents" includes, but is not limited to,

21  correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages,

22  studies, analyses, contracts, agreements, working papers, accounts, analytical

23  records, reports and/or summaries of investigations, trade letters, press releases,

24  comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets,

25  brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions,

26  notes or minutes of meetings, or other communications of any type, including inter-

27  and-intra office communications, questionnaires, surveys, charts, graphs,

28  photographs, photographic recordings, films, tapes, discs, data cells, print-outs of

information stored or maintained by electronic data processing or work processing equipment, including electronic mail ("e-mail"), text messages, instant messages or chats and all other electronically stored information or information stored in any medium that can be translated if necessary, by YOU into reasonably usable form, including, but not limited to, electromagnetically sensitive stored media such as floppy disks, and magnetic tapes, and any preliminary versions, drafts or revisions of any of the foregoing.

19.    "COMMUNICATION(S)" shall mean and refer to any original and all copies, unless identical, regardless or origin or location, of written, recorded and graphic matter, however produced or reproduced, formal or informal, including, without limitation, correspondence, memoranda, letters, facsimiles, e-mail, notes (including stenographic notes), records, letters, envelopes, telegrams, telephone logs, messages (including reports, notes and memoranda of personal or other telephone conversations and conferences), tapes or other recordings of conversations, and any other writings or documents of whatever description or kind with the purpose of communicating any message between natural persons or entities, including attachments or other matters affixed thereto and copies of any of the foregoing in the possession custody or control of YOU, YOUR counsel or any other person acting on YOUR behalf, including, without limitation, any material described above that originally may have been generated by any party hereto and is now in YOUR possession, custody or control.

20.    A DOCUMENT that is "RELATING TO" or is "RELATED TO" a given subject matter is one that, whether directly or indirectly, constitutes, memorializes, contains, concerns, embodies, reflects, identifies, evidences, states, deals with, comments on, responds to, sets forth, describes, analyzes, contradicts or is in any way pertinent to that subject matter.

# **TOPICS OF EXAMINATION**

1.      COMMUNICATIONS between the JOLS and BOARD MEMBERS.

2.      COMMUNICATIONS between the JOLS and CREDITORS.

3.      The facts and circumstances RELATING TO the 2016 HICKORY GROVE LOAN.

4.      The JOLS' internal deliberations about BOBULINSKI's senior secured status.

5.      The JOLS' decision to deny BOBULINSKI's PROOF OF DEBT CLAIM, including, but not limited to, internal deliberations regarding that decision.

6.      The decision to allow the sale of CBG to REMARK to proceed, absent BOBULINSKI's approval.

7.      The decision to enter into the CAYMAN LIQUIDATION.

8.      The desire to circumvent SIG's blocking rights.

9.      CBG's purported insolvency prior to entering into the CAYMAN LIQUIDATION.

10.     CBG's assets at the time it entered into the CAYMAN LIQUIDATION.

11.     CBG's current assets.

12.     The JOLS' fiduciary duties to all CREDITORS.

13.     All amounts that CBG owes BOBULINSKI.

14.     The legal relationship between CBG, the estate of CBG and the JOLS.

# **REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATED TO the purported 2016 HICKORY GROVE LOAN, including, but not limited to, DOCUMENTS showing that the 2016 HICKORY GROVE LOAN was perfected.

//

//

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATED TO the initiation of the "wind-up" proceedings which resulted in the CAYMAN LIQUIDATION, including, but not limited to, any COMMUNICATIONS with any CREDITOR.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS RELATED TO the assessment of the propriety of the CAYMAN LIQUIDATION, including, but not limited to, DOCUMENTS RELATED TO CBG's purported insolvency.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS RELATED TO the bases for assessing the propriety of the CAYMAN LIQUIDATION, including, but not limited to, DOCUMENTS RELATED TO the bases for CBG's purported insolvency.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS RELATING TO BOBULINSKI's PROOF OF DEBT CLAIM, including, but not limited to, BOBULINSKI's senior secured status and the approval of his loan terms.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS, including, but not limited to, board minutes and internal and external emails, RELATING TO CBG's determination to enter into the CAYMAN LIQUIDATION.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS, including, but not limited to, board minutes and internal and external emails, RELATING TO the amount CBG owed BOBULINSKI.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS, including, but not limited to, board minutes and internal and external emails, RELATING TO BOBULINSKI's right to approve any sale of CBG's or any related entities' assets.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS RELATING TO the JOLs' duties to the CREDITORS during the CAYMAN LIQUIDATION, including, but not limited to, any COMMUNICATIONS with any CREDITOR.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS RELATING TO the JOLs' duties to the CREDITORS after the CAYMAN LIQUIDATION, including, but not limited to, any COMMUNICATIONS with any CREDITOR.

**REQUEST FOR PRODUCTION NO. 11:**

All COMMUNICATIONS between YOU and any CREDITOR RELATED TO CBG.

**REQUEST FOR PRODUCTION NO. 12:**

All COMMUNICATIONS between YOU and any BOARD MEMBER RELATED TO CBG.

**REQUEST FOR PRODUCTION NO. 13:**

All COMMUNICATIONS between YOU and REMARK RELATED TO the CBG.

**REQUEST FOR PRODUCTION NO. 14:**

All COMMUNICATIONS between YOU and RAAD RELATED TO the CBG.

**REQUEST FOR PRODUCTION NO. 15:**

All COMMUNICATIONS between the JOLs and any CREDITOR RELATED TO CBG.

**REQUEST FOR PRODUCTION NO. 16:**

All COMMUNICATIONS between the JOLs and any BOARD MEMBER RELATED TO CBG.

//

//

1

**REQUEST FOR PRODUCTION NO. 17:**

2

All COMMUNICATIONS between the JOLs and REMARK RELATED TO

3

CBG.

4

**REQUEST FOR PRODUCTION NO. 18:**

5

All COMMUNICATIONS between the JOLs and RAAD RELATED TO

6

CBG.

7

8

DATED: November 16, 2020        Respectfully submitted,

9

10

By:  /s/ Ryan G. Baker

11

Ryan G. Baker
Teresa L. Huggins

12

BAKER MARQUART LLP
777 S. Figueroa Street, Suite 2850

13

Los Angeles, California 90017
(424) 652-7800

14

(424) 652-7850 (facsimile)

15

*Attorneys for Defendants*

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, Alexis Galindo, am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 777 S. Figueroa Street, Suite 2850, Los Angeles, CA 90017.

On November 16, 2020, I served true copies of the document(s) described as:

**NOTICE OF DEPOSITION OF PLAINTIFF CHINA BRANDING GROUP PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

on the following party in this action as follows:

Robert W. Cohen (Bar No. 150310)
rwc@robertwcohenlaw.com
Mariko Taenaka (Bar. No. 273895)
mt@robertwcohenlaw.com
LAW OFFICES OF ROBERT W. COHEN
1901 Avenue of the Stars, Suite 1900
Los Angeles, California, 90067
Telephone:  (310) 282-7586
Facsimile:   (310) 282-7589

*Attorneys for Plaintiff China Branding Group*

**[X]   BY ELECTRONIC MAIL:**
I caused the document to be sent to the respective e-mail addresses of the parties. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 16, 2020, at Los Angeles, California.

_____
Alexis Galindo

Ryan G. Baker (Bar No. 214036)
  rbaker@bakermarquart.com
Teresa L. Huggins (Bar. No. 263257)
  thuggins@bakermarquart.com
BAKER MARQUART LLP
777 S. Figueroa St., Suite 2850
Los Angeles, California, 90017
Telephone:  (424) 652-7800
Facsimile:   (424) 652-7850

*Attorneys for Defendant Tony Bobulinski*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited, <br><br> Plaintiff, <br><br> v. <br><br> TONY BOBULINSKI <br><br> Defendant. | Case No. 2:20-CV-06759 RGK (JC) <br><br> **NOTICE OF DEPOSITION OF HICKORY GROVE, LLC PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** <br><br> Judge:  Hon. R. Gary Klausner <br><br> Time: 10:00 a.m. <br><br> Date: December 18, 2020 <br><br> Place: Baker Marquart LLP <br>    777 S. Figueroa Street, Ste. 2850 <br>    Los Angeles, California 90017 |

Case No. 2:20-CV-06759 RGK (JC)

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to Federal Rule of Civil Procedure 30(b)(6), defendant Tony Bobulinski ("Bobulinski") by and through his attorneys of record, will take the deposition of Hickory Grove, LLC ("Hickory Grove"), on December 18, 2020, at 10:00 a.m., from one or more of Hickory Grove's designated officers, directors, managing agents, or other persons most knowledgeable and deposable about the topics of examination identified below. This deposition will take place at the offices of Baker Marquart LLP, 777 S. Figueroa Street, Suite 2850, Los Angeles, California 90017.

**PLEASE TAKE FURTHER NOTICE THAT**, the deposition will take place upon oral examination before a duly authorized notary public or other officer authorized to administer oaths at depositions.  The deposition may continue from day to day or may be continued to a future date or dates until completed, excluding Saturdays, Sundays and legal holidays.  Pursuant to Federal Rule of Civil Procedure 30(b)(2), the deposition may be videotaped.  The deposition may also be recorded by stenography and real-time, instant visual display (*e.g.*, LiveNote).

Defendant reserves the right to take subsequent depositions, not just on all material issues, but also on those issues raised by documents produced by Plaintiff and third parties, as well as on witnesses later identified during the course of discovery.

DATED: November 16, 2020           Respectfully submitted,

By:  /s/ Ryan G. Baker
Ryan G. Baker
Teresa L. Huggins
BAKER MARQUART LLP
777 S. Figueroa Street, Suite 2850
Los Angeles, California 90017
(424) 652-7800
(424) 652-7850 (facsimile)

*Attorneys for Defendants*

**DEFINITIONS**

The following definitions shall apply:

1.     "YOU," "YOUR" or "HICKORY GROVE" shall refer to Hickory Grove, LLC, and any of its attorneys, agents, accountants, advisors or anyone acting on or for its behalf.

2.     "COMPLAINT" shall refer to the Complaint, filed by CBG on July 28, 2020, in the United States District Court, Central District of California, Case Number 2:20-CV-06759 RGK (JC).

3.     "BOBULINSKI" shall refer to Defendant Tony Bobulinski.

4.     "CBG" shall refer to China Branding Group Limited.

5.     "JOLs" shall refer to CBG's Joint Official Liquidators in the Cayman Litigation, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited.

6.     "ROSEMAN" shall refer to former CBG Chief Executive Officer Adam Roseman.

7.     "CAYMAN LITIGATION" shall refer to the legal proceeding in the Grand Court of the Cayman Islands entitled *In the Matter of China Branding Group Limited (In Official Liquidation)*, Cause No. FSD 52 of 2016 (RMJ).

8.     "PROOF OF DEBT CLAIM" shall refer to the Proof of Debt for $1,625,000 BOBULINSKI submitted during the CAYMAN LIQUIDATION.

9.      "CAYMAN LIQUIDATION" shall refer to the 2016 liquidation of CBG in the Cayman Islands.

10.     "RAAD" shall refer to RAAD Productions LLC.

11.     "REMARK" shall refer to Remark Media, Inc.

12.     "CREDITOR(S)" shall refer to any party to whom CBG owed money once it went into liquidation, including, but not limited to, HICKORY GROVE, ROCHE, and BOBULINSKI.

13.     "BOARD MEMBER" shall refer to any individual who has ever been a

member of the board of CBG.

14.   "ROCHE" shall refer to BOARD MEMBER Robert Roche, and any attorneys, agents, accountants, advisors or anyone acting on or for his behalf.

15.   "FISCH" shall refer to BOARD MEMBER Jacob Fisch, and any attorneys, agents, accountants, advisors or anyone acting on or for his behalf.

16.   "2016 HICKORY GROVE LOAN" shall mean and refer to the loan Hickory Grove, LLC made to CBG on or about April 2016 for approximately $670,000.

17.   "DISTRIBUTION AGREEMENT" shall refer to any and all agreements entered into between CBG and any CBG noteholder to subordinate noteholder claims to CBG's general body of unsecured creditors.

18.   "DOCUMENT(S)" is intended to include those Documents described in Rule 34(a) of the Federal Rules of Civil Procedure and Federal Rule of Evidence 1001, and includes, in the broadest sense possible, but is not limited to, any written, printed, typed, photostatted, photographed, recorded, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof.  This definition includes copies or duplicates of documents contemporaneously or subsequently created which have any notes or other markings.  Without limiting the generality of the foregoing, "document" or "documents" includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meetings, or other communications of any type, including inter- and-intra office communications, questionnaires, surveys, charts, graphs, photographs, photographic recordings, films, tapes, discs, data cells, print-outs of

information stored or maintained by electronic data processing or work processing equipment, including electronic mail ("e-mail"), text messages, instant messages or chats and all other electronically stored information or information stored in any medium that can be translated if necessary, by YOU into reasonably usable form, including, but not limited to, electromagnetically sensitive stored media such as floppy disks, and magnetic tapes, and any preliminary versions, drafts or revisions of any of the foregoing.

19.     "COMMUNICATION(S)" shall mean and refer to any original and all copies, unless identical, regardless or origin or location, of written, recorded and graphic matter, however produced or reproduced, formal or informal, including, without limitation, correspondence, memoranda, letters, facsimiles, e-mail, notes (including stenographic notes), records, letters, envelopes, telegrams, telephone logs, messages (including reports, notes and memoranda of personal or other telephone conversations and conferences), tapes or other recordings of conversations, and any other writings or documents of whatever description or kind with the purpose of communicating any message between natural persons or entities, including attachments or other matters affixed thereto and copies of any of the foregoing in the possession custody or control of YOU, YOUR counsel or any other person acting on YOUR behalf, including, without limitation, any material described above that originally may have been generated by any party hereto and is now in YOUR possession, custody or control.

20.     A DOCUMENT that is "RELATING TO" or is "RELATED TO" a given subject matter is one that, whether directly or indirectly, constitutes, memorializes, contains, concerns, embodies, reflects, identifies, evidences, states, deals with, comments on, responds to, sets forth, describes, analyzes, contradicts or is in any way pertinent to that subject matter.

## TOPICS OF EXAMINATION

1.     COMMUNICATIONS between the YOU and BOARD MEMBERS.

2.    COMMUNICATIONS between the YOU and CREDITORS.

3.    COMMUNICATIONS between the YOU and the JOLS.

4.    The facts and circumstances RELATING TO the 2016 HICKORY GROVE LOAN

5.    COMMUNICATIONS about BOBULINSKI's senior secured status.

6.    The decision to deny BOBULINSKI's PROOF OF DEBT CLAIM.

7.    ROCHE's ownership interest in HICKORY GROVE.

8.    The decision to allow the sale of CBG to REMARK to proceed, absent BOBULINSKI's approval.

9.    The decision to enter into the CAYMAN LIQUIDATION.

10.   The desire to circumvent SIG's blocking rights.

11.   CBG's purported insolvency prior to entering into the CAYMAN LIQUIDATION.

12.   CBG's assets at the time it entered into the CAYMAN LIQUIDATION.

13.   CBG's current assets.

14.   All amounts that CBG owes BOBULINSKI.

15.   COMMUNICATIONS about DISTRIBUTION AGREEMENTS.

16.   COMMUNICATIONS RELATED TO REMARK, including, but not limited to, REMARK's acquisition of CBG.

17.   COMMUNICATIONS RELATED TO RAAD.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATED TO the need for BOBULINSKI to approve any sale of CBG.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATED TO SIG's blocking rights to any sale of CBG.

1   **REQUEST FOR PRODUCTION NO. 3:**

2        All DOCUMENTS RELATED TO the NOTE.

3   **REQUEST FOR PRODUCTION NO. 4:**

4        All DOCUMENTS RELATED TO the PLEDGE AGREEMENT, including,

5   but not limited to, all DOCUMENTS RELATED TO the COLLATERAL.

6   **REQUEST FOR PRODUCTION NO. 5:**

7        All COMMUNICATIONS RELATED TO BOBULINSKI.

8   **REQUEST FOR PRODUCTION NO. 6:**

9        All DOCUMENTS RELATED TO the PROOF OF DEBT CLAIM.

10   **REQUEST FOR PRODUCTION NO. 7:**

11        All DOCUMENTS RELATED TO any DISTRIBUTION AGREEMENT.

12   **REQUEST FOR PRODUCTION NO. 8:**

13        All COMMUNICATIONS between YOU and the JOLS, including, but not

14   limited to, any COMMUNICATIONS RELATED TO the 2016 HICKORY GROVE

15   LOAN and the CAYMAN LIQUIDATION.

16   **REQUEST FOR PRODUCTION NO. 9:**

17        All COMMUNICATIONS between you and any BOARD MEMBER

18   RELATED TO the 2016 HICKORY GROVE LOAN.

19   **REQUEST FOR PRODUCTION NO. 10:**

20        All COMMUNICATIONS between YOU and any BOARD MEMBER

21   RELATED TO BOBULINSKI.

22   **REQUEST FOR PRODUCTION NO. 11:**

23        All COMMUNICATIONS between YOU and any BOARD MEMBER

24   RELATED TO REMARK.

25   **REQUEST FOR PRODUCTION NO. 12:**

26        All COMMUNICATIONS between YOU and any BOARD MEMBER

27   RELATED TO RAAD.

28

**<u>REQUEST FOR PRODUCTION NO. 13</u>:**

All COMMUNICATIONS between YOU and REMARK RELATED TO CBG, including, but not limited to, any COMMUNICATIONS RELATED TO the CAYMAN LITIGATION.

**<u>REQUEST FOR PRODUCTION NO. 14</u>:**

All COMMUNICATIONS between YOU and REMARK RELATED TO RAAD.

DATED: November 16, 2020     Respectfully submitted,

               By:  /s/ Ryan G. Baker
                   Ryan G. Baker
                   Teresa L. Huggins
                   BAKER MARQUART LLP
                   777 S. Figueroa Street, Suite 2850
                   Los Angeles, California 90017
                   (424) 652-7800
                   (424) 652-7850 (facsimile)

                   *Attorneys for Defendants*

## **PROOF OF SERVICE**

I, Alexis Galindo, am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 777 S. Figueroa Street, Suite 2850, Los Angeles, CA 90017.

On November 16, 2020, I served true copies of the document(s) described as:

**NOTICE OF DEPOSITION OF HICKORY GROVE, LLC PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

on the following party in this action as follows:

Hickory Grove, LLC
c/o Corporate Service Center, Inc.
5605 Riggins Court, Second Floor
Reno, NV, 89502

**[X]      BY PERSONAL SERVICE** I arranged for First Legal Network Messenger Services to deliver such envelope by hand to the individuals listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 16, 2020, at Los Angeles, California.

_____
Alexis Galindo

PROOF OF SERVICE