Ryan G. Baker (Bar No. 214036)
rbaker@bakermarquart.com
Teresa L. Huggins (Bar. No. 263257)
thuggins@bakermarquart.com
Sam Meehan (Bar No. 307934)
smeehan@bakermarquart.com
BAKER MARQUART LLP
777 S. Figueroa St., Suite 2850
Los Angeles, California, 90017
Telephone: (424) 652-7800
Facsimile: (424) 652-7850

*Attorneys for Defendant Tony Bobulinski*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,

Plaintiff,

v.

TONY BOBULINSKI

Defendant.

Case No. 2:20-CV-06759 RGK (JC)

**DEFENDANT'S OBJECTIONS TO THE DECLARATION OF PETER KENDALL IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Judge: Hon. R. Gary Klausner
Date: December 21, 2020
Time: 9:00 a.m.
Courtroom: 850

Complaint Filed: July 28, 2020

Defendant Tony Bobulinski hereby submits the following evidentiary objections to the Declaration of Peter Kendall in support of Plaintiff China Branding Group's Motion for Summary Judgment (Dkt. 57):

| **Para.** | **Material Objected To** | **Specific Objection** | **Ruling** |
|---|---|---|---|
| ¶ 3 | "after extensive review of Mr. Bobulinski's claims, the JOLs rejected his claims to a multiplier and to his claims to priority as a secured creditor . . . ." | **Foundation/Lack of Personal Knowledge (FRE 602, *et seq.*)**<br><br>The declarant lacks personal knowledge as to the extensiveness of the JOLs' review of Mr. Bobulinski's claims. The personal knowledge standard of 602 is also applicable to affidavits and declarations submitted in connection with motions for summary judgment. (*See* FRCP 56(e) which requires, in part, that: "A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." *See also FDIC v. New Hampshire Ins. Co.*, 953 F.2d 478, 484 (9th Cir. 1991) (declarations and other "evidence" of the moving party that would not be admissible are | Sustained<br>__<br><br>Overruled<br><br>__ |

| Para. | Material Objected To | Specific Objection | Ruling |
|---|---|---|---|
| | | subject to a timely objection and may be stricken). | |
| ¶ 5 | "Mr. Bobulinski made three payments totaling $41,417.82 to the JOLs in partial satisfaction of the first cost order: US$11,389.15 on October 22, 2018 (this payment predated the final order because it was made pursuant to an interim costs certificate in that amount issued prior to conclusion of the first taxation process); US$15,014.67 on December 27, 2018; and US$15,014.00 on December 14, 2019, leaving a balance of $15,014.00 before interest. The second cost order of $57,208.58 remains due and unpaid in its entirety." | **Foundation/Lack of Personal Knowledge. (FRE 602, *et seq.*)**<br><br>The declarant has not laid any foundation as to how or why he is familiar with any payments Bobulinski has or has not paid pursuant to these cost orders. The personal knowledge standard of 602 is also applicable to affidavits and declarations submitted in connection with motions for summary judgment. (*See* FRCP 56(e) which requires, in part, that: "A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." *See also FDIC v. New Hampshire Ins. Co.*, 953 F.2d 478, 484 (9th Cir. 1991) (declarations and other "evidence" of the moving party that would not be admissible are | Sustained<br>__<br><br>Overruled<br><br>__ |

| Para. | Material Objected To | Specific Objection | Ruling |
|---|---|---|---|
| | | subject to a timely objection and may be stricken). | |
| ¶ 7 | "The third cost order remains due and unpaid in its entirety. The balance due on the three costs awards before interest thus comes to US$634,393.52." | **Foundation/Lack of Personal Knowledge. (FRE 602, *et seq.*)**<br><br>The declarant has not laid any foundation as to how or why he is familiar with any payments Bobulinski has or has not paid pursuant to these cost orders. The personal knowledge standard of 602 is also applicable to affidavits and declarations submitted in connection with motions for summary judgment. (*See* FRCP 56(e) which requires, in part, that: "A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." *See also FDIC v. New Hampshire Ins. Co.*, 953 F.2d 478, 484 (9th Cir. 1991) (declarations and other "evidence" of the moving party that would not be admissible are | Sustained<br>__<br><br>Overruled<br><br>__ |

| Para. | Material Objected To | Specific Objection | Ruling |
|---|---|---|---|
| | | subject to a timely objection and may be stricken). | |
| ¶ 8 | "The three cost orders were issued as recompense for the attorneys' fees and associated disbursements charged by my firm to the JOLs with respect to the litigation of the Cayman Islands Action. As a British Overseas Territory, the legal system of the Cayman Islands is based on the English common law by which prevailing parties in litigation recover their costs and attorney's fees. The orders were made pursuant to Order 62, rule 3(3) of the Cayman Islands Grand Court Rules 1995 (Revised Edition), which provides that 'References to costs shall be construed as including references to fees, charges, disbursements, expenses and remuneration in relation to proceedings (including taxation proceedings) and shall include references to costs of or incidental to those proceedings. In addition, Order 62, rule 4(2) provides: 'The overriding objective of this Order is that a successful party to any proceeding should recover from the opposing party the reasonable costs incurred by him in conducting that proceeding in an economical, expeditious and proper manner unless otherwise ordered by the Court.'" | **Improper Expert Opinion. (FRE 702)**<br><br>The declarant has not been qualified as an expert to testify regarding the legal system of the Cayman Islands or its assessment of litigation fees and costs.<br><br>**Improper Lay Testimony / Legal Conclusion. (FRE 701)**<br><br>The declarant's testimony regarding the basis and purpose of fee awards in the Cayman Islands rests on a legal conclusion and is an impermissible lay conclusion. | Sustained __<br><br>Overruled __ |

| Para. | Material Objected To | Specific Objection | Ruling |
|---|---|---|---|
| ¶ 9 | "The judgment and costs orders in the Cayman Islands Action are final. Under section 19(2) of the Court of Appeal Law of the Cayman Islands (2011 Revision) Mr. Bobulinski was required to file a Notice of Appeal against the judgment and the pretrial cost orders within 14 days of their entry; no Notice of Appeal has been lodged, and the judgment and orders are thus final. In addition, in relation to the Default Costs Certificates issued by the Court Taxing Officer, Order 62, rule 22(5) of the Cayman Islands Grand Court Rules provides that a party who seeks to set aside a Default Costs Certificate must take the various steps prescribed by that rule within 14 days. As Mr. Bobulinski failed to take such steps, Order 62, rule 22(6) provides that the Default Costs Certificates shall be enforceable as if they were judgments or orders of the Grand Court." | **Improper Expert Opinion. (FRE 702)**<br><br>The declarant has not been qualified as an expert to testify regarding the legal system of the Cayman Islands or its consideration of the "finality" of judgments.<br><br>**Improper Lay Testimony / Legal Conclusion. (FRE 701)**<br><br>The declarant's testimony regarding the finality of judgments in the Cayman Islands rests on a legal conclusion and is an impermissible lay conclusion. | Sustained __<br><br>Overruled __ |

DATED: November 30, 2020

BAKER MARQUART LLP

By: */s/ Teresa L. Huggins*
Ryan G. Baker
Teresa L. Huggins

*Attorneys for Defendant Tony Bobulinski*