JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-06759-RGK-JC | Date | January 25, 2021 |
|---|---|---|---|
| Title | *China Branding Group Limited v. Tony Bobulinski* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Plaintiff's Motion for Summary Judgment [DE 56]

## I.   INTRODUCTION

On July 28, 2020, China Branding Group Limited, through its Joint Official Liquidators, ("Plaintiff") filed a complaint against Tony Bobulinski ("Defendant") seeking to enforce a foreign-money judgment under California's Uniform Foreign Country Money Judgments Recognition Act, California Code of Civil Procedure § 1713, *et seq.*

Now before the Court is Plaintiff's Motion for Summary Judgment under Federal Rule of Civil Procedure 56. For the following reasons, the Court **GRANTS** the Motion.

## II.   FACTUAL BACKGROUND

The following facts are undisputed unless otherwise indicated:

Plaintiff was a business that sought to provide live event and media content to the Chinese market. (Pl.'s Reply to Def.'s Statement of Undisputed Facts at 5 ¶ 1, ECF No. 60-1). To fund its growth, Plaintiff sought (in total) $650,000 worth of loans from Defendant. (Kendall Decl. ¶ 2, ECF No. 48). Defendant agreed. (Pl.'s Reply to Def.'s Statement of Undisputed Facts at 2 ¶ 2). But even with these loans, the business continued to struggle, and it eventually had to be liquidated. (*Id.* ¶ 1).

Based on the liquidation, Plaintiff's Joint Official Liquidators ("JOLs") had to determine how much each of Plaintiff's creditors were owed. (*See id.* ¶¶ 1, 3). Under their loan agreement, Defendant contends that he was entitled to his principal loan amount, a 2.5-time multiplier, and legal fees, totaling $1,765,000 as a *secured* creditor. (*Id.* ¶ 3). The JOLs, however, determined he was only owed the principal ($650,000) as an *unsecured* creditor. (*Id.*). Since Plaintiff was now essentially insolvent, the JOL's finding meant that Defendant would be unlikely to receive much (or any) money.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06759-RGK-JC | Date | January 25, 2021 |
|---|---|---|---|
| Title | *China Branding Group Limited v. Tony Bobulinski* | | |

Litigation (unsurprisingly) followed. Defendant sued in the Grand Court of the Cayman Islands to challenge the JOL's determination. (*Id.* ¶ 4). The Court need not dive into intricacies of the contract dispute because they are not pertinent to this Motion. It should be noted, however, that Cayman courts follow the English rule for attorney's fees—the prevailing party recovers the fees from their opposition. (Kendall Decl. ¶ 8).

A five-day hearing ensued. At the hearing, Defendant, the JOLs', and Plaintiff's CEO submitted briefs, sworn affidavits, and expert reports to the Cayman court. (*See* Cayman Judgment ¶¶ 63, 78, 81, 98, ECF No. 14-1). In the end, the Cayman court upheld the JOLs' determination. (Pl.'s Reply to Def.'s Statement of Undisputed Facts at 18 ¶ 47). Because the JOLs prevailed, the Cayman court issued three "Cost Certificates" against Defendant to pay the JOLS' attorneys' fees. (Pl.'s Reply to Def.'s Statement of Undisputed Facts at 19 ¶ 50). Two of the certificates were for pretrial proceedings for $56,431.82 and $57,208.58. (*Id.*) The final certificate was for the five-day hearing in the amount of $562,170.94. (*Id.*) To date, Defendant has only paid $42,517.82 on all three certificates. (*Id.* at 3 ¶ 6). The total remaining balance on all three awards is $634,393.52. (Kendall Decl. ¶ 7). The judgment and Cost Certificates are final and enforceable. (Pl.'s Reply to Def.'s Statement of Undisputed Facts at 5 ¶ 9). Post-judgment interest on Cayman Island judgments is 2.375%. (*Id.* ¶ 10).

### III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are "material" only if dispute about them may affect the outcome of the case under applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.*

To prevail on a summary judgment motion, the movant must show that there are no genuine issues of material fact as to matters on which it has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Such a showing "must establish beyond controversy every essential element" of the movant's claim or affirmative defense. *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (internal quotation marks omitted). On issues where the moving party does not have the burden of proof at trial, the moving party is required only to show that no evidence supports the non-moving party's case. *See Celotex*, 477 U.S. at 325.

To defeat a summary judgment motion, the non-moving party may not merely rely on its pleadings or on conclusory statements. *See Celotex*, 477 U.S. at 324. Nor may the non-moving party merely attack or discredit the moving party's evidence. *Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*,

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06759-RGK-JC | Date | January 25, 2021 |
|---|---|---|---|
| Title | *China Branding Group Limited v. Tony Bobulinski* | | |

701 F.2d 95, 97 (9th Cir. 1983). Rather, the non-moving party must affirmatively present specific evidence sufficient to create a genuine issue of material fact for trial. *See Celotex Corp.*, 477 U.S. at 324.

**IV.    DISCUSSION**

Defendant raises several arguments against summary judgment. First, he contends that several of California's Uniform Foreign-Country Money Judgments Recognition Act's grounds for non-recognition apply. Second, Defendant argues that summary judgment should not be granted since Plaintiff's debts to him may offset what he owes. Finally, he asserts that summary judgment is premature since there has been little discovery. The Court addresses each in turn.

**A.    Uniform Foreign Country Money Judgments Recognition Act Exclusions**

California's Uniform Foreign-Country Money Judgments Recognition Act states that courts "shall recognize a foreign-country judgment" for money damages that is final, conclusive, and enforceable where rendered, unless one of the enumerated non-recognition provisions in § 1716(b) or (c) apply. *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 990 (9th Cir. 2013).

Under the Act, "the party seeking enforcement of a foreign judgment bears the initial burden of establishing that the judgment falls within the scope of Act." *Id.* at 991. Defendant does not dispute that the Cayman judgment meets the threshold requirements of recognition. Instead, Defendant argues that the judgment satisfies several exceptions for non-recognition: that the judgment rested on fraudulent statements, was repugnant to public policy, the proceeding conflicted with the parties' agreement, and the proceeding violated due process.

**1.    *Fraud***

Only evidence of extrinsic fraud—"conduct of the prevailing party that deprived the losing party of an adequate opportunity to present its case"—permits a court not to recognize a foreign judgment. *de Fontbrune v. Wofsy*, 409 F. Supp. 3d 823, 839 (N.D. Cal. 2019) (quoting 2005 Act Comments, § 4 comment 7). It is different from intrinsic fraud, which is "false testimony of a witness or admission of a forged document into evidence *during the foreign proceeding*." *Id.* (own emphasis added).

Defendant asserts that the Cayman court denied him access to discovery based on Plaintiff's CEO's false testimony. Without this evidence, Defendant was unable to inform the Court of the "true state of affairs" of the litigation, which would have revealed that the liquidation process was a sham.

Defendant's fraud contention is unavailing. First, Defendant has no right to full pretrial discovery to vet his allegations. *See Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms,*

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06759-RGK-JC | Date | January 25, 2021 |
|---|---|---|---|
| Title | *China Branding Group Limited v. Tony Bobulinski* | | |

*Inc.*, 874 F.3d 604, 617–18 (9th Cir. 2017). And more importantly, Defendant's "fraud" allegations are examples of intrinsic fraud. The essential distinction is whether a party had "an adequate opportunity to present its case"—Defendant had that opportunity. He submitted affidavits and contributing documents about his version of events to the Cayman court. (*See, e.g.*, Cayman Judgment ¶¶ 55–65). He even presented expert testimony. (S*ee id.* ¶¶ 81–97). Assuming Plaintiff's CEO did falsely testify, that testimony occurred "during the foreign proceeding," making it intrinsic in nature. Intrinsic fraud is not a ground for non-recognition. *See de Fontbrune*, 409 F. Supp. 3d at 839 (explaining that only examples of extrinsic fraud permit a court not to recognize a foreign judgment).

Still, Defendant argues that the fraud was extrinsic by comparing his case to *de Fontbrune*. But *de Fontbrune* involved fraudulent statements that contributed to a foreign default judgment. 409 F. Supp. 3d at 839. Because a default judgment—by definition—means a party did not present its case, the district court found that the fraud was extrinsic and declined to grant summary judgment. *Id.* There was no default judgment here, so *de Fontbrune* is inapplicable. And, as described above, Defendant had the chance to present and litigate his case.

Defendant has therefore failed to establish fraud as a ground for nonrecognition.

2.   *Repugnant to Public Policy*

Next, Defendant argues that enforcing the Cayman judgment would be repugnant to public policy. California's standard for repugnancy is high. It asks whether the foreign judgment or cause of action is "so offensive to our public policy as to be 'prejudicial to recognized standards of morality and to the general interests of the citizens . . . .'" *Java Oil Ltd. v. Sullivan*, 168 Cal. App. 4th 1178, 1189 (2008) (quoting *Wong v. Tenneco, Inc.*, 39 Cal. 3d 126, 135 (1985)).

Defendant offers two reasons why the Cayman judgment meets this standard. First, because the judgment stemmed from false representations "as to the nature of [Defendant's] creditor status and the false pretenses upon which the liquidation was based." (Opp'n at 17–18, ECF No. 58). Second, because the English rule on attorney's fees is "prejudicial to the general interests" of American citizens. (*Id.* at 18).

The Court rejects Defendant's first argument. As a preliminary point, it seeks to conflate his previous "fraud" assertions as now violating public policy. Second, the JOLs, Plaintiff's CEO, and Defendant had a chance to present their versions of the facts. Based on both side's affidavits and expert report, the Cayman court "formed the view that both [Defendant] and [Plaintiff's CEO] were honest individuals coping as best they could from their respective vantage points and situations with a stressful and unpromising financial situation. *Neither has consciously sought to mislead this Court.*" (Cayman

Case 2:20-cv-06759-RGK-JC   Document 63   Filed 01/25/21   Page 5 of 8   Page ID #:1464

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06759-RGK-JC | Date | January 25, 2021 |
|---|---|---|---|
| Title | *China Branding Group Limited v. Tony Bobulinski* | | |

Judgment ¶ 129) (own emphasis added). That the Cayman court accepted Plaintiff's CEO's story, and not Plaintiff's version of the "true state of affairs," does not mean there was fraud.

Even if the Court entertained this contention, Defendant only cites one inapplicable, unpublished, out-of-circuit decision as support. (*Id.* at 17) (citing *World Granite and Marble Corp.*, No. 96 C 6441, 1996 WL 763230, at *4 (N.D. Ill. Nov. 25, 1996)). In *World Granite*, a party lost in Illinois state court. 1996 WL 763230, at *4. That party then obtained a more favorable judgment by lying to a foreign court about the result of the Illinois decision. *Id.* at *2. The foreign judgment was therefore unenforceable because it had been "procured through fraudulent representations, which [were] premised on incorrect information, and, *most importantly, which directly contravene and/or undermine orders of an American State Court.*" *Id.* at *4 (own emphasis added). The foreign judgment, here, contradicts no other court's decision. Thus, *World Granite* would not apply and enforcing the judgment would not violate public policy.

Next, the Court turns to Defendant's second argument: whether requiring a losing party to pay its opposition's attorney's fees (the English rule) violates public policy. On its face, payment of attorney fees to a prevailing party does not violate California's public policy since "California Civil Code Section 1717 specifically authorizes courts to enforce contractual provisions requiring payment of attorney fees to the prevailing party." *Applera Corp. v. MP Biomedicals, LLC*, 173 Cal. App. 4th 769, 790 (2009). California courts have also enforced foreign judgments awarded under the English rule. *See Java Oil*, 168 Cal. App. 4th at 1189.

The Court therefore does not find that the Cayman judgment violates public policy.

        3.        *Contrary to Parties' Agreement*

Courts may not enforce a foreign judgment if the foreign court's proceeding "was contrary to an agreement between the parties under which the dispute in question was to be determined otherwise than by proceedings in that foreign court." Cal. Code. Civ. P. § 1716(c)(1)(D). Defendant contends that his loan agreements contained valid forum selection clauses that required American courts to settle legal disputes. And since this case was litigated in the Cayman Islands, the judgment is unenforceable.

Yet it was Defendant's choice to challenge the JOLs' determination in the Cayman Islands. He cannot now retroactively apply the forum selection clause because he is unhappy with the Cayman court's decision.

Thus, Defendant has not shown that the foreign judgment was contrary to the parties' agreement to warrant non-recognition.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06759-RGK-JC | Date | January 25, 2021 |
|---|---|---|---|
| Title | *China Branding Group Limited v. Tony Bobulinski* | | |

    4.    *Violation of Due Process*

Finally, Defendant argues that the Cayman judgment should not be enforced because he was not permitted discovery to "develop[] a full factual record of the evidence . . . to impeach the underpinnings of the Cayman Liquidation." (Opp'n at 20). The Ninth Circuit has implicitly rejected the idea that due process requires pretrial discovery. *See Midbrook Flowerbulbs*, 874 F.3d at 618 (identifying no proposition that due process requires that a litigant be allowed pretrial discovery). The Court therefore declines to find that the foreign judgment violated due process.

    **B.**    **Offset**

Defendant next contends that summary judgment is inappropriate because Plaintiff, at minimum, owes him the principal amount of his loan—$650,000—which would offset what he owes on the foreign judgment.

Two preliminary points. First, the statutory list for nonrecognition of foreign judgments is exclusive. It does not include a possible offset as a defense. Second, as Defendant's own cases point out, an offset is an "equitable remedy which . . . rests in the discretion of the court." *In re County of Orange*, 183 B.R. 609, 622–23 (Bankr. C.D. Cal. 1995). Thus, the Court could simply reject any offset argument and proceed to summary judgment.

Even if the Court considered Defendant's offset contention, Defendant would not qualify for one. To warrant an offset, "debts must be mutual and the principle of mutuality requires that the debts should not only be due to and from the same person, but in the same capacity." *Aqui es Texcoco, Inc. v. Lopez*, No. 12-CV-2113-BEN(WVG), 2014 WL 714862, at *3 (S.D. Cal. Feb. 21, 2014) (quoting *Kaye v. Metz*, 186 Cal. 42, 49 (1921)). To determine the mutuality of debts: "the debts must be in the same right; 2) the debts must be between the same individuals; and 3) those same individuals must stand in the same capacity." *In re County of Orange*, 183 B.R. at 616.

Defendant fails this mutuality test. Plaintiff's debt to Defendant is not the "same right" as Defendant's debt. Plaintiff's debt is a pre-liquidation, unsecured interest in Plaintiff's remaining assets. It is subject to other senior and competing claims. Defendant's debt, on the other hand, is post-liquidation attorney's fees not subject to competing claims. Nor are the debts between the same individuals. Plaintiff's debt is to Defendant, but Defendant's is to the JOLs in defending the lawsuit. Because there is no mutuality between the debts, there is no offset defense.

Thus, Defendant's possible offset cannot preclude summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06759-RGK-JC | Date | January 25, 2021 |
|---|---|---|---|
| Title | *China Branding Group Limited v. Tony Bobulinski* | | |

### C. Additional Discovery under FRCP 56(d)

Lastly, Defendant argues that since the parties have not had time to conduct discovery, any decision on summary judgment would be premature. Under Federal Rule of Civil Procedure 56(d) "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery." *Midbrook Flowerbulbs*, 874 F.3d at 619. A party may receive additional discovery if it shows that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

Defendant asserts that it needs discovery to establish "the bases for the underlying liquidation, the (bad) actors involved, and the true state of affairs. . . ." (Opp'n at 13). Yet, Defendant has submitted no affidavits, has not identified the *specific* facts he hopes to find, or explained that those facts even exist. "Failure to comply with these requirements 'is a proper ground for denying discovery and proceeding to summary judgment.'" *Family Home*, 525 F.3d at 827 (quoting *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986)).

And even if the Court were to ignore these procedural deficiencies, Defendant's discovery requests has no influence on whether to grant summary judgment. The requests, at best, relate to Defendant's allegations of intrinsic fraud. And as the Court has already explained, intrinsic fraud is not a statutory ground for nonrecognition.

### V. EVIDENTIARY OBJECTIONS

In moving for, or opposing, a summary judgment motion, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Defendant has objected to the other party's evidence, mainly based on hearsay, lack of foundation, relevance, and improper speculation. While these objections may be cognizable at trial, on a motion for summary judgment, the Court is concerned only with the admissibility of the relevant facts at trial, and not the form of these facts as presented in the Motions. *See O'Banion v. Select Portfolio Servs., Inc.*, No. CV 1:09-00249-EJL-CWD, 2012 WL 4793442, at *5 (D. Idaho Aug. 22, 2012) ("If the contents of the evidence could be presented in an admissible form at trial, those contents may be considered on summary judgment even if the evidence itself is hearsay."); *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119–20 (E.D. Cal. 2006) (distinguishing between facts and

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-06759-RGK-JC | Date | January 25, 2021 |
|---|---|---|---|
| Title | *China Branding Group Limited v. Tony Bobulinski* | | |

evidence, Fed. R. Civ. P. 56(e), and overruling objections that evidence was irrelevant, speculative and/or argumentative).

To the extent the Court has relied on any other evidence to which the parties have objected, the objections are **OVERRULED**. To the extent the Court does not, the objections are **DENIED** *as moot*.

## VI.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Summary Judgment.

**IT IS SO ORDERED.**

                                                                                            :

Initials of Preparer