Robert W. Cohen (SBN 150310)
Mariko Taenaka (SBN 273895)
**LAW OFFICES OF ROBERT W. COHEN**
A Professional Corporation
1901 Avenue of the Stars, Suite 1900
Los Angeles, California  90067
Telephone: (310) 282-7586
Facsimile: (310) 282-7589
rwc@robertwcohenlaw.com
mt@robertwcohenlaw.com

Attorneys for Plaintiff
CHINA BRANDING GROUP LIMITED
(IN OFFICIAL LIQUIDATION)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>Plaintiff,<br><br>v.<br><br>TONY BOBULINSKI,<br><br>Defendant. | Case No.  2:20-cv-06759 RGK (JCx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ATTORNEY FEE AWARD**<br><br>Date:        March 29, 2021<br>Time:        9:00 a.m.<br>Courtroom:  850 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 29, 2021 at 9:00 a.m. or as soon thereafter as counsel may be heard in Courtroom 850 at the above-entitled Court located at 255 East Temple Street, Los Angeles, California, Plaintiff China Branding Group Limited (In Official Liquidation), by and through its Joint Official Liquidators, Hugh Dickson and David Bennett of Grant Thornton Specialist Services (Cayman), Limited, will and hereby does move the Court for an award of attorneys' fees in the amount of $154,060.50.

The motion is based upon this Notice, the accompanying Memorandum of Points and Authorities and Declaration of Robert W. Cohen, upon all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 27, 2021.

DATED: February 23, 2021

LAW OFFICES OF ROBERT W. COHEN
A Professional Corporation

By /s/ Robert W. Cohen
Robert W. Cohen
Mariko Taenaka
Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this action for recognition and enforcement of a Cayman Islands judgment under California's Uniform Foreign Country Money Judgment Recognition Act (Cal. Code Civ Proc. §§ 1713, *et seq.*), the Court entered summary judgment in favor of the Plaintiff Joint Official Liquidators (JOLs) on January 25, 2021. (ECF No. 63.) The underlying Cayman judgment included an award of attorneys' fees to the JOLs in accordance with Cayman law and, as the prevailing parties here, the JOLs are accordingly entitled to recover their attorney fees incurred in this action pursuant to California Code of Civil Procedure section 685.040, and as more fully set forth below.

## II. PERTINENT BACKGROUND

As recounted at length in the pleadings, the summary judgment papers, and the resulting summary judgment, the Cayman Islands judgment forming the subject matter of the present case arose out of a series of business and bankruptcy law disputes between the parties in the Cayman Islands; the judgment was issued by the Grand Court of the Cayman Islands in 2019 and, pursuant to the "English rule" regarding attorney's fees followed in the Cayman Islands, included an attorney's fee award in the JOLs' favor, totaling $675,811.34. Mr. Bobulinski paid only $41,417.82 on this sum, and the JOLs filed this action on July 28, 2020 seeking recognition and enforcement as to the balance. After hearing on October 13, 2020, a right to attach order against Mr. Bobulinski was entered by Magistrate Judge Choolijian (ECF No. 40) and a writ of attachment was issued on December 2, 2020. (ECF No. 59.) After full briefing from both sides, the summary judgment order was issued January 25, 2021 (ECF No. 63) and the Court entered judgment on February 18, 2021. (ECF No. 65.) This motion for an attorney fee award now follows.

## III. PLAINTIFFS ARE ENTITLED TO RECOVER ATTORNEYS' FEES

In actions involving state law claims, federal courts apply the law of the forum state to determine whether to award attorneys' fees. *Ford v. Baroff*, 105 F.3d 439, 442 (9th Cir. 1997). Under California law, "the prevailing party in an action is entitled to recover its costs," including "attorneys fees when authorized by: [] Contract[;] Statute[; or] Law." *Royster Construction Co. v. Urban West Communities*, 40 Cal.App.4th 1158, 1169 (1995) (citing Cal. Code Civ. Proc. §§1032, 1033.5). California Code of Civil Procedure section 685.040 in turn provides in pertinent part that: "The judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment. Attorney's fees incurred in enforcing a judgment are not included in costs collectible under this title unless otherwise provided by law." *See Goldman v. Gagnard*, No. 11-cv-03028-LHK, 2013 U.S. Dist. LEXIS 113561, *8 (N.D. Cal. Aug 6, 2013) (in California, "a 'judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment.' [Citation.] When the prevailing party was entitled to attorney's fees in the underlying action, recoverable costs may include attorney's fees.")

Here, of course, the Cayman Islands judgment did award attorneys' fees to the JOLs in accordance with Cayman law; with this Court's grant of summary judgment, then, the Cayman Islands judgment is "[c]onclusive between the parties to the same extent as the judgment of a sister state entitled to full faith and credit" and "[e]nforceable in the same manner and to the same extent as a judgment rendered in this state." Cal. Code Civ. Proc. §1719(a) and (b). And because the attorney fee award to the JOLs was accordingly authorized by law, the JOLs are likewise entitled to their reasonable and necessary costs, including attorneys' fees, incurred in this enforcement action. Under established California law, the fact that the attorneys' fees were included in the judgment under authorization of law entails in turn that attorneys' fees are likewise recoverable with respect to enforcement of the judgment pursuant to California Code of Civil Procedure section 685.040. *See Berti v. Santa*

*Beach Properties*, 145 Cal.App.4th 70, 77 (2006) (allowing attorney fees for enforcement of judgment which had included fees under former California Corporations Code section 15634—since "[n]othing in section 15634 limits an award of fees to those incurred prior to the judgment," fees for enforcement were likewise proper under section 685.040); *Rosen v. LegacyQuest*, 225 Cal.App.4th 375, 383-84 (2014) (same principle applied to enforcement of judgment against sureties awarding attorneys' fees under Cal. Code Civ. Proc. § 996.480; court rejected defendants' reading of the statute drawing a distinction between fees incurred in "obtaining" a judgment and those incurred enforcing it—"[t]his argument overlooks the fundamental purpose of section 685.040 . . . to provide for the recovery of costs and fees incurred by a judgment creditor in enforcing a judgment. Accordingly, section 685.040, itself, provides the fee authorization the sureties contend is lacking in section 996.480"); *Howard Johnson Int'l, Inc. v. Ebuehi*, No. LACV17-09104-VAP, 2020 U.S. Dist. LEXIS 80781, at *5 (C.D. Cal. Mar. 18, 2020) (awarding attorney's fees to plaintiff under Cal. Code Civ. Proc. § 685.040 in an action enforcing a judgment issued by United States District Court for the District of New Jersey where the New Jersey judgment itself included an attorney fee award).

## IV. THE FEES SOUGHT ARE REASONABLE AND PROPER

Attorneys' fees are properly recoverable to the extent they are reasonable. *In re SNTL Corp.*, 571 F.3d 826, 842 (9th Cir. 2009). "[T]he fee setting inquiry in California ordinarily begins with the 'loadstar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Group v. Drexler*, 22 Cal.App.4th 1084, 1095 (2000). The reasonable hourly rate is the rate prevailing in the community for similar work. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013). Appropriate hourly rates "should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007).

The party requesting fees bears the burden of adducing "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96, n. 11 (1984); *Notorious B.I.G. v. Yes. Snowboards*, No. CV 19-1946-JAK (KSx), 2020 U.S. Dist. LEXIS 197946, at *9 (C.D. Cal. Sep. 18, 2020).  Declarations regarding the prevailing market rate in the relevant community suffice to establish a reasonable hourly rate. *Widnig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998); *see United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (declaration by moving party's attorney suffices).  And the Court may likewise rely on its own familiarity with the relevant legal market in making the assessment. *Ingram v. Oroudgian*, 647 F.3d 925, 928 (9th Cir. 2011); *Maughan v. Google Technology, Inc.*, 143 Cal.App.4th 1242, 1251 (2006).

The Plaintiffs here seek a fee award calculated at a $795 hourly rate for Robert W. Cohen and a $595 hourly rate for Mariko Taenaka.  As set forth in Cohen's accompanying declaration and supporting evidence, these represent fair and customary market rates for Los Angeles based business litigation attorneys, taking into account the attorneys' years of experience, legal skills, reputations, and accomplishments in accord with these standards.  The cited rates are moreover consistent with applicable ranges indicated in the *2018 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices* ("Real Rate Report").  Courts in the Central District have approved reference to the Real Rate Report as a useful guidepost to assess the reasonableness of hourly rates. *See See Eksouzian v. Albanese*, No. CV 13-728 PSG (AJWx), 2016 U.S. Dist. LEXIS 189545, 2015 WL 12765585 , at *4-5 (C.D. Cal. Oct. 23, 2015); *Hicks v. Toys 'R' Us-Delaware, Inc.*, No. CV 13-1302 DSF JCG, 2014 U.S. Dist. LEXIS 135596, 2014 WL 4670896, at *1 (C.D. Cal. Sept. 2, 2014) (finding the Real Rate Report "a much better reflection of true market rates than self-reported rates in all practice

areas).

As detailed in the accompanying Cohen declaration, Cohen reasonably spent 145.85 hours in the prosecution of this lawsuit thus far, while Ms. Taenaka reasonably spent 64.05 hours.

## V. CONCLUSION

For these reasons, the JOLs now respectfully request an attorney fee award in the amount of $154,060.50.

DATED: February 23, 2021  LAW OFFICES OF ROBERT W. COHEN
A Professional Corporation

By  /s/  Robert W. Cohen
Robert W. Cohen
Mariko Taenaka
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2021 a copy of the foregoing document was filed electronically via the Court's CM/ECF system. Pursuant to Local Rule 5-3.2.1 notice of filing will be served on all parties by operation of the Court's CM/ECF system, and parties may access this filing through the Court's CM/ECF system.

                                          /s/ Mariko Taenaka
                                             Mariko Taenaka