Ryan G. Baker (Bar No. 214036)
  rbaker@bakermarquart.com
Teresa L. Huggins (Bar. No. 263257)
  thuggins@bakermarquart.com
Sam Meehan (Bar No. 307934)
  smeehan@bakermarquart.com
WAYMAKER LLP
777 S. Figueroa St., Suite 2850
Los Angeles, California, 90017
Telephone:  (424) 652-7800
Facsimile:   (424) 652-7850

*Attorneys for Defendant Tony Bobulinski*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>Plaintiff,<br><br>v.<br><br>TONY BOBULINSKI<br><br>Defendant. | Case No. 2:20-CV-06759 RGK (JC)<br><br>**DECLARATION OF TERESA L. HUGGINS IN SUPPORT OF OPPOSITION TO PLAINTIFF CHINA BRANDING GROUP LIMITED'S MOTION FOR ATTORNEY FEE AWARD**<br><br>Judge:  Hon. R. Gary Klausner<br><br>Date: March 29, 2021<br>Time: 9:00 a.m.<br>Courtroom: 850<br><br>Complaint Filed: July 28, 2020 |

DECLARATION OF TERESA L. HUGGINS IN SUPPORT OF
OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEE AWARD

# DECLARATION OF TERESA L. HUGGINS

I, Teresa L. Huggins, declare as follow:

1. I am an attorney licensed to practice in the State of California. I am a Partner of the law firm Waymaker LLP, counsel for Defendant Tony Bobulinski ("Bobulinski" or "Defendant") in the above-referenced matter. I am over the age of 18 and make this declaration of my own personal knowledge. I make this declaration in support of Bobulinski's Opposition to the Motion for Attorney Fee Award filed by Plaintiff China Branding Group Limited (together, "Plaintiff" or "CBG"). If called upon to testify as to these matters, I would testify as stated below.

2. On September 18, 2020, my firm was served, via the Court's CM/ECF system, with CBG's Notice of Motion and Motion for Summary Judgment ("First Motion"). Plaintiff made no attempt to meet and confer before filing its First Motion.

3. On September 21, 2020, I emailed Plaintiff's counsel to let him know that the First Motion was filed in violation of Central District Local Rule 7-3, which requires that parties meet and confer at least seven days before filing a motion for summary judgment. A true and correct copy of this email is attached hereto as **Exhibit A**.

4. Plaintiff's counsel refused to withdraw the First Motion for failure to meet and confer. Mr. Bobulinski opposed the First Motion on these grounds, among others. The matter was fully briefed. On October 22, 2020, the Court denied the First Motion, for failure to meet and confer. (Dkt. 47.)

5. Two days later, on Saturday, October 24, 2020, Plaintiff's counsel left me a voicemail, saying I had been right about the need to meet and confer and asking to do so. On Monday, October 26, 2020, I emailed Plaintiff's counsel, agreeing to meet and confer but asking what the subject of the meet and confer was (Plaintiff's counsel had not said in his voicemail), and whether it was another summary judgment motion. A true and correct copy of my email is attached hereto as **Exhibit B**.

6. After further email exchange, I met and conferred with Plaintiff's counsel on October 29, 2020, at which time Plaintiff's counsel told me Plaintiff planned to file another motion for summary judgment on the same grounds as the First Motion.

7. On November 9, 2020, my firm was served, via the Court's CM/ECF system, with CBG's second Notice of Motion and Motion for Summary Judgment ("Second Motion"). My office was not served with a Statement of Uncontroverted Facts and Conclusions of Law or a [Proposed] Order, and none were filed, as Local Rule 56-1 requires. On November 16, 2020, Bobulinski filed and served his opposition to the Second Motion, pointing out these deficiencies, among others. (Dkt. 52.)

8. On November 17, 2020, my firm was served, via the Court's CM/ECF system, with CBG's Notice of Withdrawal of the Second Motion. (Dkt. 54.)

9. That same day, my firm was served, via the Court's CM/ECF system, with CBG's third Notice of Motion and Motion for Summary Judgment ("Third Motion"). (Dkt. 56.) My firm was not served with a request for leave to file the Third Motion, and the docket does not reflect that any such request was filed.

10. Attached as **Exhibit C** are the Cost Certificates and Cayman Judgment that have been submitted in this litigation, attached to the Declarations of Peter Kendall in support of the First, Second and Third Motions (Dkts. 24, 48, 57).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 8th day of March 2021, in Los Angeles, California.

_____
Teresa L. Huggins

- 2 -
DECLARATION OF TERESA L. HUGGINS IN SUPPORT OF
OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEE AWARD