# EXHIBIT A

**From:** Teresa Huggins
**Sent:** Monday, September 21, 2020 4:56 PM
**To:** Rwc@robertwcohenlaw.com
**Cc:** Ryan Baker <rbaker@bakermarquart.com>; mt@robertwcohenlaw.com
**Subject:** RE: China Branding Group v. Tony Bobulinski

Mr. Cohen,

As you know, Mr. Bobulinski is currently suing CBG CEO Adam Roseman for fraud and negligent misrepresentation. We plan to present evidence obtained in discovery that will show that Roseman provided false testimony during the Cayman litigation. Specifically, we have obtained information in the Roseman litigation that indicates Roseman may have lied about the terms under which Mr. Bobulinski entered the Note and Pledge Agreement, and agreed to loan money to CBG. *See Pentz v. Kuppinger*, 31 Cal. App. 3d 590, 596-97 (1973) (refusing to enforce foreign judgment widow was "denied the opportunity to acquaint the Guadalajara court with the [alimony payment]; such alleged concealment constitutes extrinsic fraud").

In addition, Mr. Bobulinski signed a Pledge Agreement that stated that his signature was required before CBG was sold. In violation of this agreement, CBG was illegally sold to Remark. The Cayman court itself acknowledge that Mr. Bobulinski may have a claim for tortious interference based on the illegal sale. To this day, Mr. Bobulinski does not know how CBG was sold without his consent. We will seek documents in discovery about how this sale was allowed to proceed without Mr. Bobulinski's approval. As you know, the sale triggered conditions in the Note that formed the basis of the Cayman court's judgment.

Mr. Bobulinski did not have access to typical discovery in the Cayman litigation. He will seek it now, in U.S. courts. As I mentioned to you before, given the litigation with Roseman, we think it makes sense to stay this matter at least 90 days until the matter with Roseman can be resolved. In the alternative, please let us know if you will agree to take your summary judgment motion off calendar, based on our need for discovery in this matter.

The Court may not consider your motion now anyway, given that it was filed in violation of Local Rule 7-3, which requires that the parties meet and confer at least seven days prior to the filing of any motion, including a summary judgment motion. If you have contrary authority, please let us know.

Teresa Huggins
Baker Marquart LLP
(424) 652-7813


**From:** Rwc@robertwcohenlaw.com <Rwc@robertwcohenlaw.com>
**Sent:** Monday, September 21, 2020 4:22 PM
**To:** Teresa Huggins <thuggins@bakermarquart.com>
**Cc:** Ryan Baker <rbaker@bakermarquart.com>; mt@robertwcohenlaw.com
**Subject:** RE: China Branding Group v. Tony Bobulinski

Ms. Huggins—

I note that you do not point to any facts that you think might be uncovered in discovery that could be relevant to the summary judgment motion.  See Fed. R. Civ. P. 56(d).  In the absence of an indication of what specific relevant facts you think might be elicited by discovery, I can't agree that motion is premature.  Thank you; I look forward to hearing your thoughts.

--Rob Cohen

Robert W. Cohen
Law Offices of Robert W. Cohen, APC
1901 Avenue of the Stars, Suite 1900
Los Angeles, CA 90067
Phone: (310) 282-7586
Fax: (310) 282-7589
rwc@robertwcohenlaw.com


**From:** Teresa Huggins <thuggins@bakermarquart.com>
**Sent:** Friday, September 18, 2020 4:19 PM
**To:** Rwc@robertwcohenlaw.com
**Cc:** Ryan Baker <rbaker@bakermarquart.com>
**Subject:** China Branding Group v. Tony Bobulinski

Mr. Cohen,

CBG's motion for summary judgment, filed before the Court has set a scheduling order or the Defendant had an opportunity to conduct *any* discovery appears to be premature, and subject to dismissal under Federal Rule of Civil Procedure 56(d).

Indeed, courts are clear:  a motion for summary judgment made before the nonmoving party has had adequate time for discovery is "premature," and must be denied on that basis.  *See* FRCP 56(d); *Howell v. Liddell*, 2020 WL 949557, at (ED Cal. Feb. 27, 2020) (denying summary judgment as "premature" where nonmoving party had not had adequate access to discovery); *Texas Partners v. Conrock Co.*, 685 F.2d 1116, 1119 (9th Cir. 1982) ("[Plaintiffs] should be afforded reasonable access to potentially favorable information prior to the granting of summary judgment, because on summary judgment all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the summary judgment motion.") (citing former Rule 56(e)) (citations and internal quotation marks omitted)); *Zell v. InterCapital Income Sec., Inc.*, 675 F.2d 1041, 1049 (9th Cir. 1982) (reversing grant of summary judgment as premature before "plaintiff ha[d] been afforded reasonable discovery"); *S.E.C. v. Liberty Capital Group, Inc.*, 75 F. Supp. 2d 1160, 1164 (W.D. Wash. 1999) (denying government's motion for summary judgment filed before the close of discovery as premature because the court "prefer[red]" to give non-movants the opportunity to oppose "on a more developed record," although the court was "skeptical that discovery [was] likely to produce exonerating evidence"); *United States v. Real Prop. & Improvements Located at 2366 San Pablo Ave., Berkeley, California*, 2014 WL 3704041, at *3 (N.D. Cal. 2014) (where the court "recently extended all case deadlines, including discovery deadlines ... the [c]ourt would be spinning its wheels by considering a summary judgment motion when the parties have not had time to develop an adequate factual record").

Moreover, except in cases exempted under local rules, the court <u>must</u> enter a scheduling order within the time specified in Rule 16(b)(2), which includes the time limits for the completion of discovery and

the filing of motions. FRCP 16(b)(3)(A). At the Rule 16 pretrial conference, the Court further sets time limits for discovery and motions.

In light of the foregoing authority, please confirm by Monday at noon that you will agree to take CBG's premature motion for summary judgment off calendar. Although we very much appreciate the courtesy related to continuing the attachment hearing, if you refuse to withdraw the summary judgment, we reserve the right to seek sanctions.

**Teresa L. Huggins** | Baker Marquart LLP
777 S. Figueroa Street, Suite 2850 | Los Angeles, CA 90017
Tel: (424) 652-7813 | Fax: (424) 652-7850
Email: thuggins@bakermarquart.com