Robert W. Cohen (SBN 150310)
Mariko Taenaka (SBN 273895)
**LAW OFFICES OF ROBERT W. COHEN**
A Professional Corporation
1901 Avenue of the Stars, Suite 1900
Los Angeles, California  90067
Telephone: (310) 282-7586
Facsimile: (310) 282-7589
rwc@robertwcohenlaw.com
mt@robertwcohenlaw.com

Attorneys for Plaintiff
CHINA BRANDING GROUP LIMITED
(IN OFFICIAL LIQUIDATION)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>    Plaintiff,<br><br>    v.<br><br>TONY BOBULINSKI,<br><br>    Defendant. | Case No.  2:20-cv-06759 RGK (JCx)<br><br>**PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR ATTORNEY FEE AWARD**<br><br>Date:        March 29, 2021<br>Time:       9:00 a.m.<br>Courtroom:  850 |

REPLY TO OPPOSITION TO MOTION FOR ATTORNEY FEE

406843.1

# **TABLE OF CONTENTS**

I.    INTRODUCTION..……………………………….………………...….1

II.   THIS CASE WAS AN "ENFORCEMENT" ACTION UPON A FOREIGN JUDGMENT AWARDING ATTORNEY FEES IN ACCORDANCE WITH LAW; THE FEES INCURRED ARE ACCORDINGLY RECOVERABLE..…………..................................2

III.  THE AMOUNTS SOUGHT ARE REASONABLE ……....……...……..6

IV.  CONCLUSION…………………………………………………………10

# TABLE OF AUTHORITIES

**Cases**

*Blackwell v. Foley,*
    724 F.Supp.2d 1068 (2010)……………………………………………….6

*Calvo Fisher & Jacob LLP v. Lujan,*
    234 Cal.App.4th 608 (2015)………………………………………………...9

*Carijano v. Occidental Petroleum Corp.,*
    626 F.3d 1137 (9th Cir. 2011)…………………………………………….2-3

*Carnes v. Zamani,*
    488 F.3d 1057 (9th Cir. 2007)……………………………………………1, 5

*Duchek v. Jacobi,*
    646 F.2d 415 (9th Cir. 1981)……………………………………………….5

*Globalist Internet Technologies, Inc. v. Reda,*
    167 Cal.App.4th 1267 (2008)……………………………………………….4

*Hogar v. Community Development Com of Escondido,*
    157 Cal.App.4th 1358 (2007)……………………………………………….8

*Howard Johnson Int'l, Inc. v. Ebuehi,* No. LACV17-09104-VAP,
    2020 U.S. Dist. LEXIS 80781 (C.D. Cal. March 18, 2020)…………......1, 6

*Jaffe v. Pacelli,*
    165 Cal.App.4th 927 (2008)………………………………………………..4

*Ketchum v. Moses,*
    24 Cal.4th 1122 (2001)……………………………………………………..2

*Kries v. City of San Diego,* No. 17-cv-1464-GPC-BGS,
    2021 U.S. Dist. LEXIS 6826 (S.D. Cal. Jan. 13, 2021)……………………..6

*Loucks v. Standard Oil Co.,*
    224 N.Y. 99 [120 N.E. 198] (N.Y. 1918)…………………………………...5

*Malave v. City of L.A.,* No. CV 13-04057 SJO (PJWx),
    2018 U.S. Dist. LEXIS 225893 (C.D. Cal. July 25, 2018)…………………2

*In re McQueen,*
    59 Cal.4th 602 (2014)……………………………………………………2, 4

*Meola v. JKJ Invs., Inc.,* No. SACV 04-00960-MLG,
    2011 U.S. Dist. LEXIS 46053 (C.D. Cal. Apr. 28, 2011)…………………...1

*Manco Contracting Co. (W.L.L.) v. Bezdikian,*
    45 Cal.4th 192 (2008)…………………………………………………….2, 3

*Ohno v. Yasuma,*
    723 F.3d 984 (9th Cir. 2013)……………………………………………………..2

*Polizzi v. Diebner,*
    No. A137306, 2013 Cal. App. Unpub. LEXIS 4640 (June 28, 2013)…........8

*Rosen v. LegacyQuest,*
    225 Cal.App.4th 375 (2014)……………….…………………………………...1

*T'Bear v. Forman*, No. 17-cv-00796-JSC,
    2020 U.S. Dist. LEXIS 100198 (N.D. Cal. June 8, 2020)…………………..9

*Winterrowd v. Am Gen. Annuity Ins. Co.,*
    556 F.3d 815 (9th Cir. 2009)……………………………………………….....8

**Statutes**

Cal. Code Civ. Proc. § 685.040……………………………………...………*passim*

Cal. Code Civ. Proc. §  680.010, *et seq*………………………………………….…3

Federal Rule of Civil Procedure section 58(a)…………………………………...5

## I. INTRODUCTION

As the moving papers explain, the JOLs are entitled to an attorney fee award because they prevailed in this action to enforce the Cayman Island judgment which awarded them fees under Cayman law. California law provides that a "judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment." Cal. Code Civ. Proc. § 685.040.[1] Recoverable costs include attorney fees otherwise allowed by law. *Id.; Meola v. JKJ Invs., Inc.,* No. SACV 04-00960-MLG, 2011 U.S. Dist. LEXIS 46053, at *3 (C.D. Cal. Apr. 28, 2011); *Carnes v. Zamani*, 488 F.3d 1057, 1060 (9th Cir. 2007) (recoverable costs may include attorney fees incurred in enforcing the judgment when the prevailing party was entitled to fees in the underlying action); *Howard Johnson Int'l, Inc. v. Ebuehi*, No. LACV17-09104-VAP, 2020 U.S. Dist. LEXIS 80781, at *4-5 (C.D. Cal. March 18, 2020) (awarding attorney fees pursuant to section 685.040 in action registering a judgment containing attorney fee award issued by the United States District Court for the District of New Jersey).

Attorney fees here, then, are "otherwise allowable by law" in accordance with section 685.040 because they were ordered by the underlying judgment in respect of Cayman law. *See* Sum J. Order, p. 2 (ECF 63) ("Because the JOLs prevailed, the Cayman court issued three 'Cost Certificates' against Defendant to pay the Defendant's attorneys' fees"); *see also* Peter Kendall Decl., ¶ 8 (ECF 56-1) (explaining that the attorney fees were awarded in accordance with the "English rule" followed by Cayman law entitling prevailing parties to recover their litigation costs and attorney fees); Sum J. Order, p. 5. The judgment here, then, ordered payment of the balance owed on the Cayman fee orders. (ECF 65.) *See Rosen v. LegacyQuest*, 225 Cal.App.4th 375, 383-84 (2014) (where underlying judgment awarding attorney fees pursuant to fee shifting statute allowing fees for "obtaining a

---

[1] Unspecified statutory references are to the California Code of Civil Procedure.

judgment" but silent as to fees incurred in enforcing the judgment, enforcement fees were implicitly recoverable by virtue of the "fundamental purpose" of section 685.040); *In re McQueen*, 59 Cal.4th 602, 614 (2014) ("when a fee-shifting statute provides the substantive authority for an award of attorney fees, any such fees incurred in enforcement of the judgment are within the scope of section 685.040 and therefore are recoverable.")

For these reasons, and as more fully explained in the moving papers, the JOLs are entitled to the amounts set out in the moving papers for the tasks in achieving the goals of the litigation in the face of the defendant's vigorous resistance throughout—plus the costs of contending with defendant's opposition and preparing this reply. "[A]n attorney fee award should ordinarily include compensation for all the hours reasonably spent, including those relating solely to the fee." *Ketchum v. Moses*, 24 Cal.4th 1122, 1133 (2001); *see Malave v. City of L.A.*, No. CV 13-04057 SJO (PJWx), 2018 U.S. Dist. LEXIS 225893, at *14 (C.D. Cal. July 25, 2018). The various arguments defendant makes disputing plaintiff's right to fees and the propriety of the amounts requested lack merit, as explained below.

## II. THIS CASE WAS AN "ENFORCEMENT" ACTION UPON A FOREIGN JUDGMENT AWARDING ATTORNEY FEES IN ACCORDANCE WITH LAW; THE FEES INCURRED ARE ACCORDINGLY RECOVERABLE

The opposition first attempts to deny that this was an "enforcement" action, pointing to the somewhat academic distinction between "recognition" and "enforcement." *Manco Contracting Co. (W.L.L.) v. Bezdikian*, 45 Cal.4th 192, 205 (2008) ("A foreign judgment must be recognized before it is enforced.") *See also Ohno v. Yasuma*, 723 F.3d 984, 987 n. 2 (9th Cir. 2013) (noting the same distinction but using the terms interchangeably as the distinction was not pertinent for purposes of the opinion affirming the district court's judgment awarding monetary relief ordered by the courts of Japan.) And because the entire point of a UFMJRA action is

2
REPLY TO OPPOSITION TO MOTION FOR ATTORNEY FEE AWARD

to enforce the foreign judgment, courts naturally refer to them as "enforcement" actions. *Carijano v. Occidental Petroleum Corp.*, 626 F.3d 1137 (9th Cir. 2011). This Court's summary judgment order likewise described this action as "seeking to enforce a foreign-money judgment" in its opening sentence. (ECF 63, p. 1.)

And though the distinction defendant attempts to draw here between the "recognition" and "enforcement" aspects of this case may be a meaningful one in some contexts, that does not lessen the fact that the judgment here *does* function to enforce the Cayman Island judgment and therefore qualifies for the attorney fee award under section 685.040. Thus, in *Manco, supra*, which rejected the defendant's argument for a applying a different statute of limitations to "recognition" and "enforcement" actions, the California Supreme Court wrote: "[t]he distinction Bezdikian seeks to draw between a recognition action and an enforcement action is artificial and misleading when applied [in that] context." *Manco*, 45 Cal.4th at 208. "When an action is brought on a foreign money judgment, enforcement, i.e., recovery of the amount of the judgment, is most frequently the ultimate goal. . . . Although it might be theoretically possible for a party to bring a recognition action, . . . enforcement is almost always the ultimate goal. Certainly, the present case involves more than a simple claim for recognition. Manco's complaint seeks recognition of the Qatari judgment *for the purpose of enforcing it.*" *Id.* (original italics.)

The JOLs here, of course, likewise brought this action for the sole purpose of enforcing the Cayman Island judgment, likewise meaning that the distinction between recognition and enforcement loses relevance in this context. For purposes of section 685.040, California courts have repeatedly recognized that regardless of their form or how they are denominated, a wide variety of "enforcement" measures may premise an attorney fee award under section 685.040—and there is no requirement, as defendant asserts, that those measures be confined to procedures under California's Enforcement of Judgments Law, section 680.010, *et seq.* On the

contrary, as the California Supreme Court has pointed out, attorney fees are properly recovered under section 685.040 even when they are incurred in prosecuting a separate lawsuit (e.g., a fraudulent transfer action) aimed at satisfying an underlying judgment. *In re McQueen, supra*, 59 Cal.4th at 612-13; *see also Globalist Internet Technologies, Inc. v. Reda*, 167 Cal.App.4th 1267 (2008) (judgment creditor entitled to recovery of attorney fees under section 685.040 in *defending against* the judgment debtor's separate lawsuit aimed at reducing the amount of the underlying judgment.) Reversing the trial court's contrary order, the *Globalist* court held:

> The trial court's conclusion the attorney fees could not be recovered because they were incurred in a different action than this action was also incorrect. The statute authorizes an award of "[a]ttorney's fees incurred in enforcing a judgment." Neither section 685.040, nor the Enforcement of Judgments Law of which it is a part, ascribe any special meaning to the word "enforcing." (See § 680.010, et seq.) The plain meaning of the word necessarily suggests 'enforcing a judgment' would include defending the validity of the judgment against challenge in a separately filed attack.

*Id.,* p. 1274. *See also Jaffe v. Pacelli*, 165 Cal.App.4th 927, 938 (2008) (fees allowed to judgment creditor under section 685.040 for actions taken in resisting judgment debtor's efforts to discharge the judgment in bankruptcy—since the judgment creditor's "actions in the bankruptcy proceedings were necessary in order to maintain, preserve, and protect the enforceability of the judgment, [they were] enforcement proceedings pursuant to section 685.040.") Even if the distinction between recognition and enforcement were a meaningful one, then, the recognition the JOLs established, of course, was undeniably necessary to maintain, preserve, and protect the enforceability of the Cayman Island judgment, making the fees

recoverable under section 685.040.

Puzzlingly, defendant insists that "the JOLS had no relevant judgment to enforce until this Court entered its February 18, 2021 Judgment." Opp'n, p. 7. But this formulation has things backward. The JOLs do not (at least yet) seek fees for enforcing this Court's judgment; they seek them for enforcing the Cayman Island judgment. And to say, as defendant does now, that the Cayman Island judgment did not award attorney fees because the fees were awarded in the form of separate Cost Certificates ("[t]he Cost Certificates themselves say nothing about fees" *Id.*), is to deny reality. Defendant's supposed support for this proposition, that Federal Rule of Civil Procedure section 58(a) requires that judgments be set out in a separate document (*Id.*), is unavailing, of course, because the federal rules do not govern the proper form of Cayman Island judgments. Again, "[w]e are not so provincial as to say that every solution of a problem is wrong because we deal with it otherwise at home." *Loucks v. Standard Oil Co.*, 224 N.Y. 99, 110 [120 N.E. 198] (N.Y. 1918). And the defendant's related insistence that there is no enforceable judgment here because California Code of Civil Procedure section 683.230 defines a "judgment" for EJL purposes as "a judgment, order, or decree entered in a court of this state" (Opp'n, p. 8), is similarly meritless. In *Carnes v. Zamani*, *supra,* 488 F.3d at 1060, the Ninth Circuit rejected a virtually identical argument:

> "The Carneses contend that the EJL does not apply here because it is limited to judgments of the State of California. *See* Cal. Civ. Proc. Code § 680.230 (defining 'judgment' for purposes of the EJL as 'a judgment, order, or decree entered in a court of this state"). In *Duchek v. Jacobi*, 646 F.2d 415, 417-19 (9th Cir. 1981), we rejected the argument that the federal court was divested of jurisdiction to enforce its judgment when the controlling sate statute required the action to proceed in a particular state court. In doing so,

>we observed that 'state rules are to be applied in a common sense manner and those which make sense only where applied to state courts need not be imported into federal practice.'" *Id.* at 418 [citation]. It would not 'make sense' to import the definition of 'judgment' from the EJL into federal practice, and Rule 69(a) does not require that we do so."

Defendant, of course, offers no authority for its remarkable proposition—which would preclude a fee award in the enforcement of all federal and sister-state judgments as well—is just as lacking in sense and it is not the law. *See, e.g., Howard Johnson Int'l, Inc., supra,* 2020 U.S. Dist. LEXIS 80781, at *4-5.

## III. THE AMOUNTS SOUGHT ARE REASONABLE

Generally, a district court "should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). For courts to deny the attorney's assessment, "it must appear that the time claimed is obviously and convincingly excessive under the circumstances." *Blackwell v. Foley*, 724 F.Supp.2d 1068, 1081 (2010); *Kries v. City of San Diego*, No. 17-cv-1464-GPC-BGS, 2021 U.S. Dist. LEXIS 6826, at *30 (S.D. Cal. Jan. 13, 2021).

Apart from some pointless couple of pages spent discussing the propriety of a court's reducing a plaintiff's fee award based on its unsuccessful claims (which, of course, is not applicable here), the opposition devotes the bulk of its final argument complaining about the supposed unfairness of the prospect of paying fees associated with plaintiff's "***three*** summary judgment motions." (Defendant's emphasis.) But as the Court will likely recall, the assertion is more than a little overblown. In fact, plaintiff brought a single summary judgment motion, but due to procedural missteps on plaintiff's counsel's part, ended up filing the same motion two additional times. The first, filed September 18, 2020, was premature because counsel had not met and

conferred as required by Local Rule 7-3, and after full briefing, the Court denied the motion without prejudice for that failure on October 22, 2020.  Plaintiff then filed the same motion on November 9, 2020 (identical to the first except for the new attestation about having met and conferred and a correction of some typographical errors) but this time plaintiff's counsel inadvertently omitted service of the separate statement of uncontroverted facts with the moving papers—though as defendant of course knew, exactly the same document had already been served and filed (and responded to) with the first motion.  But rather than contacting counsel about the obvious inadvertence and allowing it to be remedied by easy agreement, defendant's attorneys opted to instead to wait and file another opposition on November 16, 2020, this time substantially supplemented with new legal arguments and now relying on the "defects" occasioned by the missing separate statement.  In response, plaintiff filed a notice of withdrawal of the motion on November 17, 2020 and refiled the same motion (including the separate statement) the same day.  Apart from affording defendant the time to devise its new substantive defenses in its revamped opposition to the summary judgment motion (which in turn required research and preparation of new counter-arguments in plaintiff's reply) the net effect of the "costly errors" defendant now complains of was the following, which totals only 4.9 hours:

| Date | Atty | Description | Hours |
|---|---|---|---|
| 10/22/2020 | RWC | Receive and review order on MSJ | 0.10 |
| 10/26/2020 | MT | Email correspondence with court clerk re leave of court | 0.30 |
| 10/26/2020 | RWC | Calls to opposing counsel re renewed MSJ; related email exchanges | 0.20 |
| 10/27/2020 | RWC | Email correspondence with opposing counsel re meet and confer req to file 2nd MSJ | 0.20 |
| 10/27/2020 | MT | Legal research re req to seek leave to file second MSJ | 0.50 |
| 10/27/2020 | MT | Prepare req to seek leave to file second MASJ (sic) | 0.50 |
| 10/27/2020 | RWC | Conf. with MT re requirements for renewed MSJ; related research | 0.40 |

| | | | | |
|---|---|---|---|---|
| 10/28/2020 | RWC | Prepare new summary judgment motion papers and revised declaration | | 1.00 |
| 11/5/2020 | MT | File req for permission to file MSJ | | 0.20 |
| 11/5/2020 | RWC | Revise request for filing permission | | 0.10 |
| 11/6/2020 | MT | Review and revise Kendall Declaration ISO of MSJ | | 0.20 |
| 11/6/2020 | MT | Email correspondence with client re status and decl | | 0.10 |
| 11/6/2020 | MT | Review order granting permission to file second MSJ | | 0.10 |
| 11/6/2020 | MT | Research local rules re filing motion | | 0.10 |
| 11/6/2020 | MT | Recalculate interest on MSJ review and revise MSJ | | 0.40 |
| 11/9/2020 | MT | Final review of MSJ, decl and exhibits, and prepare proposed judgment | | 0.50 |

Zero hours were billed with respect to the withdrawal of the second motion and its refiling (which might have been obviated by a modicum of professional courtesy). The costs of the matters complained about are rivaled by the efforts to explain them. Even where unsuccessful claims are asserted along with the winners, a reduction the lodestar is inappropriate where the plaintiff prevails on the predominant issue. *See Hogar v. Community Development Com of Escondido*, 157 Cal.App.4th 1358, 1369 (2007) ("a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the [trial] court did not adopt each contention raised.") The party seeking fees is not required to show the reasonableness of every failed claim. *Winterrowd v. Am Gen. Annuity Ins. Co.*, 556 F.3d 815, 827 (9th Cir. 2009).

Defendant's unsupported contention, finally, that attorney fees are not recoverable with respect to the prejudgment writ of attachment proceedings is contrary to law and reason. *Polizzi v. Diebner*, No. A137306, 2013 Cal. App. Unpub. LEXIS 4640, at *17 (June 28, 2013). Where a litigant asserts these sorts of facially indefensible legal positions, it seems a little incongruous for it to simultaneously deride the reasonableness of the opposing party's time expenditures

in contending with them. In granting the writ of attachment of course, the Court found a substantial probability that the JOLs were likely to prevail on the merits; and though it complains now that the case might have terminated earlier if the plaintiff had been reasonable, it was defendant that prolonged the litigation, fighting vigorously every step of the way. As courts have aptly observed, "one cannot litigate tenaciously and be heard to complaint about the time necessarily spent . . . in response." *Calvo Fisher & Jacob LLP v. Lujan*, 234 Cal.App.4th 608, 627 (2015); *T'Bear v. Forman*, No. 17-cv-00796-JSC, 2020 U.S. Dist. LEXIS 100198, at *23 (N.D. Cal. June 8, 2020).

## IV. CONCLUSION

For these reasons, the JOLs now respectfully request an attorney fee award of $168,070.50, which includes, as set forth in the accompanying declaration, the fees spent contending with defendant's opposition and preparing this reply in the amount of $14,010.00.

DATED: March 15, 2021          LAW OFFICES OF ROBERT W. COHEN
                               A Professional Corporation

                               By  /s/  Robert W. Cohen
                                   Robert W. Cohen
                                   Mariko Taenaka
                                   Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2021 a copy of the foregoing document was filed electronically via the Court's CM/ECF system. Pursuant to Local Rule 5-3.2.1 notice of filing will be served on all parties by operation of the Court's CM/ECF system, and parties may access this filing through the Court's CM/ECF system.

/s/ Mariko Taenaka
Mariko Taenaka