# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06759-RGK-JC | | Date | March 31, 2021 |
|---|---|---|---|---|
| Title | *China Branding Group Limited v. Tony Bobulinski* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Re: Plaintiff's Motion for Attorney Fee Award [DE 67]

## I.     INTRODUCTION

On July 28, 2020, Plaintiff China Branding Group Limited ("Plaintiff") filed a Complaint against Tony Bobulinski ("Defendant") seeking to enforce a foreign money judgment under the Uniform Foreign Country Money Judgments Recognition Act ("UFCMJRA"), California Code of Civil Procedure § 171, *et seq.*

On January 25, 2021, the Court granted Plaintiff's Motion for Summary Judgment on Plaintiff's claim for recognition of a foreign judgment under the UFCMJRA. Presently before the Court is Plaintiff's Motion for Attorney Fee Award. ("Motion") (ECF No. 67).

For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

## II.     BACKGROUND

Plaintiff and Defendant were parties to litigation in the Grand Court of the Cayman Islands ("the Cayman action"). Plaintiff won, and the Cayman court entered judgment in Plaintiff's favor. Plaintiff then initiated the present action to enforce the judgment from the Cayman action under the UFCMJRA.

On September 18, 2020, Plaintiff filed a Motion for Summary Judgment. ("First MSJ") (ECF No. 23). On October 22, 2020, after the First MSJ was fully briefed, the Court denied the motion without prejudice due to Plaintiff's failure to meet and confer with Defendant prior to filing the First MSJ. (*See* Order at 1, ECF No. 42).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06759-RGK-JC | | Date | March 31, 2021 |
|---|---|---|---|---|
| Title | *China Branding Group Limited v. Tony Bobulinski* | | | |

On November 9, 2020, Plaintiff filed a second Motion for Summary Judgment. ("Second MSJ") (ECF No. 47). But on November 17, 2020, Plaintiff voluntarily withdrew its Second MSJ because Plaintiff had "inadvertently failed to file its Separate Statement in support of its motion." (Pl.'s Notice of Withdrawal of Second Mot. for. Sum. J., ECF No. 54).

As the old adage goes, "third time's the charm." Plaintiff filed a third Motion for Summary Judgment on November 17, 2020 (ECF No. 56), which the Court granted on January 25, 2021. The Court's January 25, 2021 Order recognized the judgment from the Cayman action.

Plaintiff then filed the instant motion for attorneys' fees.

### III.   JUDICIAL STANDARD

In a diversity case, such as the case at bar, "the law of the state in which the district court sits determines whether a party is entitled to attorney fees[.]" *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). Under California law, a "judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment." Cal. Civ. Proc. Code § 685.040. Attorneys' fees incurred in enforcing a judgment are not recoverable under § 685.040 "unless otherwise provided by law." *Id.*

### IV.   DISCUSSION

By its Motion, Plaintiff seeks to recovery the attorneys' fees incurred in litigating this action. Plaintiff contends that the fees incurred in litigating this action were necessary to enforce the judgment from the Cayman action, and thus, that attorneys' fees are recoverable under § 685.040.

Attorneys' fees incurred in enforcing a judgment are not recoverable under § 685.040 "unless otherwise provided by law." Cal. Civ. Proc. Code § 685.040. Here, Plaintiff fails to point to provision of law that would allow Plaintiff to recover attorneys' fees pursuant to § 685.040.

Plaintiff argues that because Plaintiff was award attorneys' fees by the Cayman court, Plaintiff is "likewise entitled to . . . reasonable and necessary costs, including attorneys' fees, incurred in this enforcement action." (Motion at 4). In support of this argument, Plaintiff cites *Goldman v. Gagnard*, No. 11-CV-03028 LHK, 2013 WL 4064878, at *3 (N.D. Cal. Aug. 6, 2013) for the proposition that "[w]hen the prevailing party was entitled to attorney's fees in the underlying action, recoverable costs" in an action to enforce the underlying judgment "may include attorney's fees." *See* 2013 WL 4064878, at *3 (citing *Carnes*, 488 F.3d at 1060). Of course, recoverable costs may include attorneys' fees under § 685.040 if "otherwise provided by law." However, Plaintiff points to no provision of law that would allow Plaintiff to recover under § 685.040.

---

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-06759-RGK-JC | Date | March 31, 2021 |
|---|---|---|---|
| Title | *China Branding Group Limited v. Tony Bobulinski* | | |

 

California courts have found that attorneys' fees are recoverable in an action to enforce a judgment when fees were awarded as part of the underlying judgment pursuant to specific statutory provisions. For example, "[r]ecoverable costs may include attorney fees incurred in enforcing the judgment when . . . the prevailing party was entitled to attorney fees in the underlying action pursuant to section 1717 of the California Civil Code." *Carnes*, 488 F.3d at 1060 (citing *Miller v. Givens*, 30 Cal. App. 4th 18, 37 (1994)). Though Plaintiff was awarded attorneys' fees in the Cayman action in accordance with Cayman law, the award of fees was not pursuant to section 1717 of the California Civil Code, nor any other statute that California courts have recognized as a basis to support an award of attorneys' fees under § 685.040. Accordingly, Plaintiff fails to establish that it is entitled to recover the attorneys' fees incurred in the present action.

## V.     CONCLUSION

In accordance with the foregoing, the Court **DENIES** Plaintiff's Motion for Attorney Fee.

**IT IS SO ORDERED.**

 

 

_____ : _____

Initials of Preparer          _____