# EXHIBIT 1



**Titan Legal Services, Inc.**
2050 W. 190th Street, Suite 200
Torrance, CA 90504
Phone: (310) 464-8655 Fax: (310) 464-8654
E-mail: *cs@titanlegalservices.com*

## ORDER FORM FOR DUPLICATE COPY OF SUBPOENAED RECORDS

Date:  March 31, 2021

Waymaker LLP
Teresa Huggins, Esq.
777 S. Figueroa Street, Ste. 2850
Los Angeles, CA 90017

Dear Ms. Huggins:

Enclosed for your records are copies of the deposition subpoena(s) we have issued on
behalf of our client, Law Offices of Robert W. Cohen, regarding the following case:
(Production Dates(s) set for **April 20, 2021**)

**Case Number:** 2:20-cv-06759-RGK

**Case Name:**   China Branding Group Limited (In Official Liquidation)
vs.
Tony Bobulinski

**Records of:**   Tony Bobulinski

A record search will be conducted at the following locations:

| Reference Number | Custodian Location | Send Copies? Yes |
|---|---|---|
| SU351978-01 | Citibank, N.A. (Attn: Legal Services Intake Unit) | ❏ |

Check the Yes box for each location if your office wishes to obtain copies of the records
copied from the custodian(s). Sign and send the completed form back to us at the Titan
E-mail, Fax, or mailing address listed above. You will be billed a $50.00 Library Basic
Charge for each custodian location, plus $.25 per page for printed hard-copies to be
delivered to your office OR $0.20 per page for PDF copies of the documents.

Date:  _____          Signature:  _____

                                      Print Name: _____

E-Mail:  _____         Phone:       _____

NOTE: Do you wish to receive copies of any Certificates of No Records if obtained?
_____ No  **If nothing is marked you will be charged $50.00 for the CNR.

**Check the format of how you wish the records to be delivered to your office:**
_____ **Hard-Copies**   _____ **PDF copies (**must include E-mail address)**

1  Mariko Taenaka, Esq. (SBN: 273895)
   Law Offices of Robert W. Cohen
2  1901 Avenue of the Stars, Suite 1900
   Los Angeles, CA 90067
3  Phone: (310) 282-7586 Fax: (310) 282-7589
   E-Mail: mt@robertwcohenlaw.com
4
   Attorney for Plaintiff, China Branding Group Limited
5

6                    **UNITED STATES DISTRICT COURT**
                              for the
7                   CENTRAL DISTRICT OF CALIFORNIA

8  China Branding Group Limited (In Official          **Case No.**  2:20-cv-06759-RGK
   Liquidation)
9
                          Plaintiff / Petitioner(s)   **NOTICE OF ISSUANCE OF SUBPOENA**
10                                                     **FOR PRODUCTION OF DOCUMENTS,**
                          vs.                          **INFORMATION, OR OBJECTS FOR**
11                                                     **CITIBANK, N.A. (ATTN: LEGAL**
   Tony Bobulinski                                     **SERVICES INTAKE UNIT)**
12
                          Defendant / Respondent(s)
13
                                                          Date:     April 20, 2021
14                                                        Time:     10:00 AM
                                                       Production
15                                                       Address:   Titan Legal Services, Inc.
                                                                    2050 W. 190th Street, Suite 200
16                                                                  Torrance, CA 90504

17  TO ALL APPEARING PARTIES AND THEIR ATTORNEYS OF RECORDS WITH RESPECT TO THE
    FOLLOWING CUSTODIAN / DEPONENT:
18
        Citibank, N.A. (Attn: Legal Services Intake Unit)
19      5800 S. Corporate Place, Mail Code 451
        Sioux Falls, SD 57108
20

21  **PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure, Rule 45(a)(4), the Attorney(s)

22  for the above Plaintiff, has issued a subpoena to produce documents, information, or objects to the

23  Custodian or Deponent listed above.   A complete copy of the subpoena is attached, hereto.

24

25

26  Dated:   March 31, 2021                    Signed: _____ **/s/ Mariko Taenaka, Esq.** _____

27                                             Attorney for Plaintiff, China Branding Group
                                               Limited
28

29                                       - 1 -

SU351978-01/A088D

AO 88B (Rev. 2/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# United States District Court
### for the
### Central District of California

China Branding Group Limited (In Official Liquidation)

|  |  |
|---|---|
| *Plaintiff*<br>v. | ) )<br>) ) Civil Action No. 2:20-cv-06759-RGK<br>) )<br>) |
| **Tony Bobulinski** | |
| *Defendant* | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:     CUSTODIAN OF RECORDS OF: Citibank, N.A. (Attn: Legal Services Intake Unit), 5800 S. Corporate Place, Mail
Code 451, Sioux Falls, SD 57108   Ph: (605) 331-1662

*(Name of person to whom this subpoena is directed)*

☒

*Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

**See Attachment to Subpoena in a Civil Case.**

| Place:<br>**Titan Legal Services, Inc.**<br>**2050 W. 190th Street, Suite 200**<br>**Torrance, CA 90504** | Phone: (310) 464-8655 | Date and Time:<br>**4/20/2021 10:00 AM** |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached - Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena, and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

**Date: March 31, 2021**

CLERK OF COURT

| _____ | OR | /s/ Mariko Taenaka, Esq. |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Plaintiff, China Branding Group Limited, who issues or requests this subpoena, are:

Mariko Taenaka, Esq.  SBN:273895
Law Offices of Robert W. Cohen
1901 Avenue of the Stars, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 282-7586
E-Mail: mt@robertwcohenlaw.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

SU351978-01/A088B

Case Number:        2:20-cv-06759-RGK

Case Name:      **China Branding Group Limited (In Official Liquidation)**
                                    vs.
                    **Tony Bobulinski**

# ATTACHMENT TO SUBPOENA IN A CIVIL CASE

The records to be produced are described as follows:

**Any and all documents evidencing all correspondences relating to and transactions to and from any and all accounts, including but not limited to checking accounts, savings accounts, brokerage accounts, retirement accounts, investment accounts, held in the name of Tony Bobulinski (SSN: ████████ DOB ████████, including but not limited to bank statements, wire confirmations, copies of cancelled checks, signature cards, email correspondence, from January 1, 2020 through the date of production.**

SU351978-01/GENATTACH

AO 88B (Rev. 2/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. **2:20-cv-06759-RGK**

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **Citibank, N.A. (Attn: Legal Services Intake Unit)**
on *(date)* **03/31/2021**

☐ I served the subpoena by delivering a copy to the named individual as follows: **5800 S. Corporate Place, Mail Code 451, Sioux Falls, SD 57108**

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because ;

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ **15.00**

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's Address

Additional information regarding attempted service, etc:

AO 88B (Rev. 2/14 ) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

**Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)**

**(c) Place of Compliance.**

(1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery. A subpoena may command:**

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction-which may include lost earnings and reasonable attorney's fees-on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises - or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) CONTEMPT.** The court for the district where compliance is required-and also, after a motion is transferred, the issuing court-may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).**

CPROOF29/SU351978

## Proof of Service

I, Trixie Estanislao, and any employee retained by Titan Legal Services, Inc., am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action, my business address is **2050 W. 190th Street, Suite 200, Torrance, CA 90504.**

On **March 31, 2021** I served the foregoing documents described as:

**NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS OF CITIBANK, N.A. (ATTN: LEGAL SERVICES INTAKE UNIT); SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION (with Attachment);**

to interested parties on this action

[XX]    by placing the true copies thereof enclosed in a sealed envelope addressed as follows:

   Waymaker LLP
   Teresa Huggins, Esq.
   777 S. Figueroa Street, Ste. 2850
   Los Angeles, CA 90017

[XX]    **VIA U.S. MAIL**
   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully paid at Torrance, California, in the ordinary course of business.

Executed on  March 31, 2021, at Torrance, CA.

[XX]    (Federal) I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Signed: _____
                     Trixie Estanislao

Order#: SU351978-01/Cproof23