# EXHIBIT 3

| | |
|---|---|
| **Subject:** | RE: China Branding Group Ltd. v. Bobulinski (No. 2:20-cv-06759-RJK) |
| **Date:** | Friday, April 30, 2021 at 2:33:25 PM Pacific Daylight Time |
| **From:** | mt@robertwcohenlaw.com |
| **To:** | Tony Bisconti |
| **CC:** | 'Robert Cohen' |
| **Attachments:** | image001.jpg |

Tony:
Upon further review of LR 37, we don't think that it applies here because it specifically refers to motions relating to FRCP 26-37 and we sent those subpoenas pursuant to FRCP 69. Accordingly we believe that you can file your motion to quash without the joint stipulation required by FRCP 37-2.1 and therefore we do not think we need to suspend the production. However, if you still believe a joint stipulation is necessary we are happy to review it.
Thank you,
Mari


Mariko Taenaka, Esq.
Admitted in California and Hawaii
Law Offices of Robert W. Cohen
1901 Avenue of the Stars, Suite 1900
Los Angeles, CA 90067
Direct Line (310) 461-1492
Japanese (310) 282-7587
Fax (310) 282-7589
mt@robertwcohenlaw.com

---

**From:** Tony Bisconti <tbisconti@bklwlaw.com>
**Sent:** Friday, April 30, 2021 11:07 AM
**To:** mt@robertwcohenlaw.com
**Cc:** 'Robert Cohen' <rwc@robertwcohenlaw.com>
**Subject:** RE: China Branding Group Ltd. v. Bobulinski (No. 2:20-cv-06759-RJK)

Mari,

Thank you for your response and stating your position. I agree we have sufficiently conferred, but the issue we have (and reason we have requested that CBG agree to continue or suspend the return dates) is the joint stipulation requirement under LR 37-2 and the procedural requirements related to that rule. Without CBG's agreement to push back the subpoena return dates so that compliance with LR 37-2 can be satisfied, we are still left in a position of having to seek expedited relief from the Court as indicated in our letter to ensure compliance is stayed pending the court's resolution of the motion. We were hoping to avoid that, but if CBG will not agree to suspend the subpoena response deadlines so that a regularly noticed motion can be filed, we will proceed accordingly.


**Tony Bisconti** | Partner

Bienert Katzman Littrell Williams LLP
Website | vCard | Profile

---

**From:** mt@robertwcohenlaw.com <mt@robertwcohenlaw.com>
**Sent:** Friday, April 30, 2021 8:11 AM
**To:** Tony Bisconti <tbisconti@bklwlaw.com>
**Cc:** 'Robert Cohen' <rwc@robertwcohenlaw.com>
**Subject:** RE: China Branding Group Ltd. v. Bobulinski (No. 2:20-cv-06759-RJK)

Tony:

Thank you for your meet and confer letter and explaining the basis of your objections.  However, we disagree that Cal. Code Civ. Proc. Section 708.030 and 708.120 apply here.  Given that we are in federal court, we believe that FRCP Rule 69(a)(2) applies, which states that, "in aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person–including the judgment debtor–as provided in these rules…"   The "rules" mentioned in Rule 69(a)(2) are the federal rules governing pre-trial discovery.  *Rubin v. Islamic Republic of Iran*, No. 03-C-9370, 2008 WL 192321, at *4 (N.D. Ill. Jan. 18, 2008).  Pre-trial discovery is governed by Rule 26(b) and subsection(1) allows discovery regarding any matter that is relevant to the claim or defense of a party and not privileged.  *Id.*  It is therefore our position that the third-party subpoenas are proper.

Moreover, with respect to your objection based on notice, it is my understanding that the attorney service sent copies to Waymaker, LLP on March 30, 2021 for Citibank and April 20, 2021 for YDS.

If you would like to discuss further, we are available anytime on Tuesday.  However we think that we have now sufficiently met and conferred pursuant to LR 37 and would not raise any objections on those grounds when you file your motion to quash.  Once you file your motion we understand that any obligations to produce will be automatically stayed so we do not believe that we need to voluntarily continue or suspend the return dates.

Thank you,
Mari


Mariko Taenaka, Esq.
Admitted in California and Hawaii
Law Offices of Robert W. Cohen
1901 Avenue of the Stars, Suite 1900
Los Angeles, CA 90067
Direct Line (310) 461-1492
Japanese (310) 282-7587
Fax (310) 282-7589
mt@robertwcohenlaw.com

---

**From:** Tony Bisconti <tbisconti@bklwlaw.com>
**Sent:** Thursday, April 29, 2021 4:35 PM
**To:** mt@robertwcohenlaw.com
**Cc:** 'Robert Cohen' <rwc@robertwcohenlaw.com>

**Page 2 of 6**

**Subject:** Re: China Branding Group Ltd. v. Bobulinski (No. 2:20-cv-06759-RJK)

Mariko,

Please find our attached letter pursuant to Local Rule 37-1, with the enclosed objections setting forth our position on the requests in the subpoenas.

As referenced in the letter, we are also requesting CBG agree to a stipulated protective order in Judge Choolijan's preferred form. I'm also attaching a copy of the protective order in Word format for your convenience.

I am available to confer telephonically tomorrow after 1:30 p.m., and mostly anytime next week other than Friday, subject to your availability.

Thanks.

**Tony Bisconti** | Partner

Bienert Katzman Littrell Williams LLP
Website | vCard | Profile

---

**From:** mt@robertwcohenlaw.com <mt@robertwcohenlaw.com>
**Date:** Thursday, April 29, 2021 at 12:31 PM
**To:** Tony Bisconti <tbisconti@bklwlaw.com>
**Cc:** 'Robert Cohen' <rwc@robertwcohenlaw.com>
**Subject:** RE: China Branding Group Ltd. v. Bobulinski (No. 2:20-cv-06759-RJK)

I do not want to create unnecessary work for either of us, but with respect to the Citibank subpoena, given that there is already a judgment and therefore entitled to financial discovery under FRCP 69, it is unclear to me what basis he would have to object to the subpoena. If you have even preliminary concerns/objections that you can share, then we would be willing to provide a short extension to give you time to finish any research and for us to further meet and confer, if necessary.

With respect to YDS, I believe that the production date is not until later this month so I assume you have adequate time to review the subpoena. Also, I should mention I did speak with the in-house counsel for YDS last week who raised some concerns over the broad language of our subpoena. After meeting and conferring, we revised the requested documents as follows:

"Any and all documents discussing, refencing, concerning or relating to <u>payment for services or work rendered or provided by or payments due and owing to</u> (1) Tony or Anthony Bobulinski (SSN: 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, DOB 07/28/1972) ("Bobulinski") or (2) any entity in which Tony or Anthony Bobulinski is a manager, member, officer, director or maintains any ownership interest in ("Bobulinski Related Entities") from January 1, 2019 through the date of production. Documents should include, but are not limited to, email exchanges with Bobulinski <u>regarding payments for services performed or provided to YDS Investments Co.</u>, payroll records or checks payable to Bobulinski or Bobulinski Related Entities, commission agreements, employment agreements, commission statements, independent contractor agreements, service agreements entered into or in effect from January 1, 2019 through the date of production in which Bobulinski or Bobulinski Related Entities are a party."

The underline language, I believe, significantly limits the scope of the production and YDS has agreed to

produce, based on this description.

Mariko Taenaka, Esq.
Admitted in California and Hawaii
Law Offices of Robert W. Cohen
1901 Avenue of the Stars, Suite 1900
Los Angeles, CA 90067
Direct Line (310) 461-1492
Japanese (310) 282-7587
Fax (310) 282-7589
mt@robertwcohenlaw.com

---

**From:** Tony Bisconti <tbisconti@bklwlaw.com>
**Sent:** Thursday, April 29, 2021 11:52 AM
**To:** mt@robertwcohenlaw.com
**Cc:** 'Robert Cohen' <rwc@robertwcohenlaw.com>
**Subject:** RE: China Branding Group Ltd. v. Bobulinski (No. 2:20-cv-06759-RJK)

Thanks for the response. As I mentioned, we're trying to get up to speed and now assessing the subpoenas and potential basis for objections—we were hoping you would agree an extension of any return date on the subpoenas so that we could do that and then meet/confer over any objections to hopefully make that a more productive process. If the return dates are not extended, we may need to take appropriate action to preserve our client's rights, while the parties confer. I was just hoping to make the process a bit more efficient, but we can proceed accordingly. Thanks again.


**Tony Bisconti** | Partner
Bienert Katzman Littrell Williams LLP
Website | vCard | Profile

---

**From:** mt@robertwcohenlaw.com <mt@robertwcohenlaw.com>
**Sent:** Thursday, April 29, 2021 9:46 AM
**To:** Tony Bisconti <tbisconti@bklwlaw.com>
**Cc:** 'Robert Cohen' <rwc@robertwcohenlaw.com>
**Subject:** RE: China Branding Group Ltd. v. Bobulinski (No. 2:20-cv-06759-RJK)

Hi Tony:
Thank you for your email.
You are correct in that there was a delivery delay of the Citibank subpoena.  However, I do not believe we have an actual production date in place as of now.
With respect to your request of postponing the production date, we are not inclined to do so without an explanation as to the nature of your objections.  We are available to meet and confer anytime today and depending on the time, tomorrow as well.  Please let me know when you'd like to speak.
We look forward to working with you as well.
Thank you,
Mari

Mariko Taenaka, Esq.
Admitted in California and Hawaii

Law Offices of Robert W. Cohen
1901 Avenue of the Stars, Suite 1900
Los Angeles, CA 90067
Direct Line (310) 461-1492
Japanese (310) 282-7587
Fax (310) 282-7589
mt@robertwcohenlaw.com

---

**From:** Tony Bisconti <tbisconti@bklwlaw.com>
**Sent:** Thursday, April 29, 2021 8:19 AM
**To:** mt@robertwcohenlaw.com
**Subject:** China Branding Group Ltd. v. Bobulinski (No. 2:20-cv-06759-RJK)

Dear Ms. Taenaka,

My name is Tony Bisconti, and my firm has just been retained by Mr. Bobulinski in this matter in connection with the judgment entered by the District Court and the related discovery. While we have just been retained and are getting up to speed, we understand that your office has served subpoenas on Citibank and YDS Investment Group. With respect to the Citibank subpoena, we further understand that although the subpoena has a return date of April 20, 2021, the subpoena was not served until that date, and the return date has been extended to May 4. Can you please confirm this is correct?

While we evaluate the subpoenas, would you agree to further extend the return date for the subpoenas for thirty (30) days, to afford adequate time to meet and confer consistent with LR 37?

I'm available via email and can also be reached either at the number below or on my cellphone, which is (626) 841-9254. Thank you very much, and I look forward to working with you on this matter.


**Tony Bisconti**
**Partner** | Los Angeles
Bienert Katzman Littrell Williams LLP
Website | vCard | Profile

Los Angeles | 601 W. 5th Street, Suite 720 | Los Angeles, CA 90071 | (213) 528-3400
Orange County | 903 Calle Amanecer, Suite 350 | San Clemente, CA 92673 |(949) 369-3700



The foregoing message is confidential and intended for the designated recipient only.  The foregoing information may be protected by attorney-client and/or work product privileges.  Accordingly, if you have received this message in error, please contact BIENERT KATZMAN LITTRELL WILLIAMS LLP immediately, and delete the message without reviewing, copying, or making further use of the information contained herein.

The foregoing message is confidential and intended for the designated recipient only.  The foregoing information may be protected by

attorney-client and/or work product privileges. Accordingly, if you have received this message in error, please contact BIENERT | KATZMAN PC immediately, and delete the message without reviewing, copying, or making further use of the information contained herein.