Robert W. Cohen (Bar No. 150310)
  rwc@robertwcohenlaw.com
Mariko Taenaka (Bar. No. 273895)
  mt@robertwcohenlaw.com
LAW OFFICES OF ROBERT W. COHEN
A Professional Corporation
1901 Avenue of the Stars, Suite 1900
Los Angeles, California, 90067
Telephone:  (310) 282-7586
Facsimile:   (310) 282-7589

*Attorneys for Plaintiff China Branding Group*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>Plaintiff,<br><br>v.<br><br>TONY BOBULINSKI,<br><br>Defendant. | Case No. 2:20-cv-06759 RGK(JCx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO QUASH POST JUDGMENT SUBPOENAS**<br><br>Date:       June 1, 2021<br>Time;       9:30 a.m.<br>Courtroom: 750 |

## TABLE OF CONTENTS

I.   INTRODUCTION..………………………………….……………….....…1

II.  LEGAL STANDARDS ..…………........................................................2

III. MR. BOBULINSKI'S FINANCIAL RECORDS ARE DISCOVERABLE……………………………………………………….4

IV.  MR. BOBULINSKI WAS DULY SERVED WITH THE SUBPOENAS……………………………………………………………7

V.   CONCLUSION……………………………………………………..9

# TABLE OF AUTHORITIES

**Cases**

*A. Farber and Partners, Inc. v. Garber,*
    234 F.R.D. 186 (C.D. Cal. 2006)……………………………………………..….7

*Amini Innovation Corp. v. McFerran Home Furnishings,*
    300 F.R.D. 406 (C.D. Cal. 2014)…………………………………………….…5

*Bada Co. v. Montgomery Ward & Co.,*
    32 F.R.D. 208 (S.D. Cal. 1963)………………………………………………...5

*British Int'l Ins. Co. v. Seguros La Republica, S.A.*, 90 Civ. 2370 (JFK)(FM),
    2000 U.S. Dist. LEXIS 7509 (S.D.N.Y. June 1, 2000)………………………..3

*Caisson Corp. v. County. West Building Corp.*,
    62 F.R.D. 331 (E.D. Pa 1974)…………………………………………………..2

*Capitol Co. v. Fox,*
    15 F.Supp. 677 (S.D.N.Y. 1936)………………………………………………..3

*CEH, Inc. v. FV "Seafarer",*
    153 F.R.D. 491 (D.R.I. 1994)…………………………………………………..7

*Chevron Corp. v. Donziger,* No. 12-mc-80237,
    2013 U.S. Dist. LEXIS 119622 (N.D. Cal. August 22, 2013)…………….5-6

*Danning v. Lavine*,
    572 F.2d 1386 (9th Cir. 1978)………………………………………………….3

*In re Eagan Avenatti, LLP,* No. 8:18-cv-01644-VAP-KESx,
    2019 U.S. Dist. LEXIS 130903 (C.D. Cal. Apr. 18, 2019)……………….…..3

*Entrepreneur Media, Inc. v. Smith,*
    2011 U.S. Dist. LEXIS 102708 (E.D. Cal. Sep. 12, 2011)………………..…3

*Hooser v. Superior Court,*
    84 Cal.App.4th 997 (2000)……………………………………………….4, 6

*Kaur v. City of Lodi,* No. 2:14-cv-0828 TLN AC,
    2016 U.S. Dist. LEXIS 10348 (E.D. Cal. Jan. 27, 2016)…………………….8

*Packaging Corp. of Am. v. Bonert's, Inc.*, No. 8:16-cv-00818-JVS-KSx,
    2019 U.S. Dist. LEXIS 42951 (C.D. Cal. Mar. 11, 2019)……………….…..2

*Pioneer Electronics (USA), Inc. v. Superior Court*,
    40 Cal.4th 360 (2017)…………………………………………………………..6

*RBS Sec. Inc. v. Plaza Home Mortg., Inc.*, No. 12-cv-2132-JM (MDD),
    2012 U.S. Dist. LEXIS 128686 (S.D. Cal. Sep. 10, 2012)……………..…….8

*Reno-Tahoe Specialty, Inc. v. Mungchi, Inc.*, No. CV 16-663-GHK (AGRx),
    2017 U.S. Dist. LEXIS 224471 (C.D. Cal. Dec. 13, 2017)……………..…7

*Republic of Argentina v. NML Capital, Ltd.*,
    573 U.S. 134 (2014)………………………………………………………2, 3

*Ryan Inv. Corp. v. Pedregal De Cabo San Lucas*, No. C 06-3219 JW (RS),
    2009 U.S. Dist. LEXIS 118337 (N.D. Cal. Dec. 18, 2009)……………..…3

*SCC Acquisitions, Inc. v. Superior Court*,
    243 Cal.App.4th 741 (2015)……………………………………………….7

*Shrewsbury Mgmt., Inc. v. Superior Court*,
    32 Cal.App.5th 1213 (2019)……………………………………………….4

*Star Editorial, Inc. v. United States District Court for the Central District of
    California*, 7 F.3d 856 (9th Cir. 1993)…………………………………….6

*Troy v. Superior Court*,
    186 Cal.App.3d 1006 (1986)……………………………………….....….4

*Vondersaar v. Starbucks Corp.*, No. C 13-80061 SI,
    2013 U.S. Dist. LEXIS 65842 (N.D. Cal. May 8, 2013)……………..….7

*Yolanda's, Inc. v. Kahl & Goveia Commercial Real Estate*,
    11 Cal.App.5th 509 (2017)……………………………………………...6-7

*Young v. Keele*,
    188 Cal.App.3d 1090 (1987)………………………………………....….4

*Zurich Am. Ins. Co. v. Sealink Ins. Servs. Corp.*, No. CV 16-4301 R(JCx),
    2018 U.S. Dist. LEXIS 235530 (C.D. Cal. Mar. 16, 2018)……………….7

**Statutes**

Cal. Civ. Proc. Code § 1985 *et seq*……………………………….…………3, 8

Federal Rules of Civil Procedure Section 26………………………………….3

Federal Rules of Civil Procedure Section 45……………………………2, 3, 7, 8

Federal Rules of Civil Procedure Section 69………………………………..…2, 3

Federal Rules of Evidence Section 501…………………………………………6

## I. INTRODUCTION

In this action for recognition and enforcement of a Cayman Island judgment in favor of Plaintiff China Branding Group Limited (in official liquidation) and against Defendant Tony Bobulinski, the Court entered judgment pursuant to China Branding's summary judgment motion on February 18, 2021, awarding $662,855.95 plus costs of suit. ECF. No. 65. Mr. Bobulinski has since made no payments in satisfaction of the judgment and has posted no bond or other undertaking against the judgment in conjunction with his appeal. As part of its (understandable) efforts to enforce and execute upon the judgment, Plaintiff was accordingly constrained to conduct discovery into Mr. Bobulinski's assets, including the issuance of the two subpoenas Mr. Bobulinski challenges by this motion. One subpoena seeks his account records at Citibank and the other seeks his financial records from a former employer.

Mr. Bobulinski objects to the subpoenas, claiming they are "harassing," "unreasonably burdensome," and "unnecessary" (allegedly because China Branding "fail[ed] to attempt to obtain discovery from Mr. Bobulinski himself" (Mtn., p. 9)); that the information sought is "irrelevant" and protected from disclosure by Mr. Bobulinski's right to privacy; and that China Branding failed to provide "proper notice" of the subpoenas as purportedly required by applicable statutes.

Mr. Bobulinski's objections, however, have no legal merit. Far from "exceed[ing] the bounds of permissible discovery" as the moving papers contend (Mtn., p. 1), the financial information requested—reasonable and necessary as it so plainly is to meaningful and effective enforcement of the judgment—is altogether routine and commonplace in postjudgment discovery practice, and is expressly authorized by state and federal law. There is no requirement, as Mr. Bobulinski imagines, that the judgment creditor first look to the judgment debtor for provision of the necessary information—and the assertion is particularly disingenuous in light of Mr. Bobulinski's *actual refusal* to have provided that same information in

response to discovery served upon him in this action and his ongoing avoidance of service of the Court's order to appear for his debtor's examination. His privacy objections are likewise contrary to established law and his claims about a failure of statutory notice are in fact demonstrably false. The motion establishes no good cause to quash or modify the subpoenas in accordance with Federal Rule of Civil Procedure 45(d) and, for these reasons and as more fully explained below, the motion should be denied.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 45(d)(3) governs motions to quash or modify subpoenas. The Rule provides in relevant part:

> (A)  *When Required.*  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . .
> (iii)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv)  subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv).

Rule 69 provides for discovery in judgment enforcement proceedings. "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from *any person*—including the judgment debtor—as provided in these rules *or* by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2) (emphasis added). "The rules governing discovery in postjudgment proceedings are *quite permissive*." *Republic of Argentina v. NML Capital, Ltd.,* 573 U.S. 134, 135 (2014) (emphasis added). "Courts recognize that '[a] judgment creditor 'must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.'" *Packaging Corp. of Am. v. Bonert's, Inc.*, No. 8:16-cv-00818-JVS-KSx, 2019 U.S. Dist. LEXIS 42951, at *12 (C.D. Cal. Mar. 11, 2019) (quoting *Caisson Corp. v. County. West Building Corp.*, 62 F.R.D. 331, 334 (E.D.

Pa 1974).) "The discovery contemplated by rule 69(a) is a distinct phase of the litigation with a narrow focus. It is solely to enforce the judgment by way of the supplemental proceedings." *Danning v. Lavine*, 572 F.2d 1386, 1390 (9th Cir. 1978). "One purpose of such special discovery is to identify assets that can be used to satisfy a judgment." *Ryan Inv. Corp. v. Pedregal De Cabo San Lucas*, No. C 06-3219 JW (RS), 2009 U.S. Dist. LEXIS 118337, at *3 (N.D. Cal. Dec. 18, 2009).

The scope of postjudgment discovery is broad. *Id.* "'A judgment creditor is therefore ordinarily entitled to a very thorough examination of a judgment debtor with respect to its assets, including discovery [of] the identity and location of any of the judgment debtor's assets, wherever located.'" *Id.* (quoting *British Int'l Ins. Co. v. Seguros La Republica, S.A.*, 90 Civ. 2370 (JFK)(FM), 2000 U.S. Dist. LEXIS 7509, at *16 (S.D.N.Y. June 1, 2000).) As court have noted, "Rule 69 discovery can indeed resemble a fishing expedition, 'but a judgment creditor is *entitled* to fish for assets of the judgment debtor.'" *Id.*, at *11 (quoting *Capitol Co. v. Fox*, 15 F.Supp. 677, 678 (S.D.N.Y. 1936).

In postjudgment discovery, judgment creditors may rely on either state or federal law. *In re Eagan Avenatti, LLP*, No. 8:18-cv-01644-VAP-KESx, 2019 U.S. Dist. LEXIS 130903, at *2 (C.D. Cal. Apr. 18, 2019). "[I]n aid of execution on a judgment, all discovery procedures provided in the [federal] rules are available and not just discovery via the taking of a deposition." Advisory Committee Notes to the 1970 Amendment of Fed. R. Civ. P. 69. Judgment creditors may accordingly issue subpoenas for records from non-parties. *See* Cal. Civ. Proc. Code § 1985 *et seq*.; Fed. R. Civ. P. 26, 45; *see also Entrepreneur Media, Inc. v. Smith,* 2011 U.S. Dist. LEXIS 102708, at *9 (E.D. Cal. Sep. 12, 2011) (denying motion to quash post-judgment subpoena for bank records); *Republic of Argentina. v. NML Capital, Ltd*., *supra,* 573 U.S. at 139 (allowing postjudgment subpoenas directed at judgment debtor's banks).

California law on the subject is likewise liberal.  The judgment creditor is accorded "the widest scope for inquiry concerning property and business affairs of the debtor[.]"  *Young v. Keele*, 188 Cal.App.3d 1090, 1093 (1987); *Hooser v. Superior Court*, 84 Cal.App.4th 997, 1002 (2000).  *See Troy v. Superior Court*, 186 Cal.App.3d 1006, 1014 (1986) (judgment creditor is entitled "to leave no stone unturned in the search for assets which might be used to satisfy the judgment"); *Shrewsbury Mgmt., Inc. v. Superior Court*, 32 Cal.App.5th 1213, 1225 (2019) ("Further, in the context of postjudgment enforcement proceedings, 'the use of a subpoena duces tecum to discovery and inspect relevant documents is an accepted practice.'")

### III.  MR. BOBULINSKI'S FINANCIAL RECORDS ARE DISCOVERABLE

As the foregoing principles make clear, judgment debtors' financial records are routinely subject to disclosure in postjudgment discovery proceedings in aid of enforcement—and Mr. Bobulinski points to nothing that exempts him from the general rule.  The relevance and necessity of his financial information for this purpose is readily apparent in light of his failure to satisfy the judgment or to post a bond which would have obviated the need for any discovery; his "relevancy" objections are hard to make sense of.  He protests, for example, that "[China Branding] has had a pre-judgment attachment order in place since October 2020 [and] has already levied on Mr. Bobulinski's Citibank account" (Mtn., pp. 1, 14), but how that counts as a relevancy objection or supports his conclusion that "[a]s a result, [China Branding] does not need the information sought by the subpoena to Citibank in aid of its judgment (sic) or execution" (*Id.*) is certainly less than clear.  The relevant point, of course, is that no assets or accounts have actually been attached and no Citibank levy has yet yielded funds in execution—contrary to his remonstrations (e.g., that he "is not a typical judgment debtor"; that there's no "risk of [his] concealing assets" (*Id.*)), the facts suggest that he *has* transferred his Citibank funds precisely to avoid the consequences of the levy—and the same kind

1  of inference may be drawn from his ongoing avoidance of service of the Court's
2  order for his appearance at his debtor's examination.  See accompanying declaration
3  of Barbara Wolford.  The clear point of the subpoenas is to enable Plaintiff to track
4  Mr. Bobulinski's fund transfers and identify sources for enforcement precisely as it
5  is entitled to do under the several authorities discussed above.

6        Mr. Bobulinski's insistence that "if the documents sought may be available
7  from a party, they must first be obtained from the party pursuant to Rule 34 rather
8  than subpoenaed from a nonparty witness" (Mtn., p. 10), has no support in law—and
9  its assertion in the context of the present case is notably cynical.  *Bada Co. v.*
10 *Montgomery Ward & Co.*, 32 F.R.D. 208, 209-10 (S.D. Cal. 1963), cited in the
11 motion as authority for this proposition, is plainly inapposite.  In *Bada*, a patent
12 infringement action, the plaintiff sought to obtain documents from a third party
13 competitor during pre-trial proceedings and it was clear that the records were in the
14 hands of the defendant and thus available by motion under Rule 34.  "[A]t this stage
15 of the litigation," the court held, there was no good cause to burden the third party
16 competitor "with the annoyance and expense of producing the documents sought
17 unless the plaintiff is unable to discover them from the defendant."  *Id*.  *Amini*
18 *Innovation Corp. v. McFerran Home Furnishings*, 300 F.R.D. 406, 410 (C.D. Cal.
19 2014), cited to similar effect in the motion, is similarly unavailing to Mr.
20 Bobulinski.  *Amini* concerned an attempt to depose the actress Jane Seymour, a non-
21 party in a trade dress infringement action, where Seymour lacked "personal
22 knowledge about every topic listed in the subpoena," and was possibly overseas at
23 the time.  300 F.R.D. at 408-13.  The court in *Amini* found that the value of
24 Seymour's testimony was "low or at best unknown" while requiring her to appear
25 for deposition "would be an undue burden."  *Id.* at 411.

26       Here there's been no assertion, let alone demonstration, of any undue burden
27 on the subpoenaed parties, who, notably, have not filed objections.  Mr. Bobulinski
28 lacks standing to object on their behalf.  *See Chevron Corp. v. Donziger*, No. 12-

mc-80237, 2013 U.S. Dist. LEXIS 119622, at *14 (N.D. Cal. August 22, 2013) (a party does not have standing to quash a subpoena on the basis that the non-party recipient of the subpoena would be subjected to an undue.)  The assertion, moreover, that China Branding "failed" to seek the requested information from Mr. Bobulinski himself before resorting to issuance of the subpoenas is in any event *false*—Plaintiff's discovery in this case seeking precisely the same information, served upon Mr. Bobulinski after the issuance of the right to attach order was met with blanket (meritless) objections and refusals to answer.  See accompanying Declaration of Mariko Taenaka.  The motion is not only wrong legally; it is dishonest.

Mr. Bobulinski's privacy objections are likewise unpersuasive.  In this federal diversity action, state law governing privilege applies.  Fed. R. Evid. 501; *Star Editorial, Inc. v. United States District Court for the Central District of California*, 7 F.3d 856, 859 (9th Cir. 1993).  California recognizes a constitutional right to privacy, but has determined that in the discovery context, the right may be subject to invasion.  *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal.4th 360, 371-75 (2017).  An individual's right to privacy in his financial information "does not provide absolute protection against disclosure of personal information; rather, it must be balanced against the countervailing public interests in disclosure." *Hooser v. Superior Court, supra,* 84 Cal.App.4th at 1004.  The constitutional right to privacy may be outweighed by the "general public interest in 'facilitating the ascertainment of truth in connection with legal proceedings' [citation] and in obtaining just results in litigation [citation]. The public also has an interest in facilitating the enforcement of judgments, thus 'ensuring that those injured by the actionable conduct of others receive full redress of those injuries.' [Citation]." *Id.* "The policy of the law favors the enforcement of judgments.  [Citation.]  There is no policy favoring the concealment of the judgment debtor's assets from the judgment creditor." *Yolanda's, Inc. v. Kahl & Goveia Commercial Real Estate*, 11

Cal.App.5th 509, 515 (2017). "Obtaining information to collect on a judgment is a 'valid significant interest.'" *SCC Acquisitions, Inc. v. Superior Court*, 243 Cal.App.4th 741, 755 (2015).

"Generally, the privacy and confidentiality of records can be adequately protected by a protective order." *Zurich Am. Ins. Co. v. Sealink Ins. Servs. Corp.*, No. CV 16-4301 R(JCx), 2018 U.S. Dist. LEXIS 235530, at *3 (C.D. Cal. Mar. 16, 2018) (citing *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006) (finding that the judgment creditor's need for financial information concerning the judgment debtor's spouse outweighed the spouse's right to privacy); *CEH, Inc. v. FV "Seafarer"*, 153 F.R.D. 491, 499 (D.R.I. 1994) ("while a party does have an interest in nondisclosure and confidentiality of its financial records, this interest can be adequately protected by a protective order.") This Court has already entered a stipulated protective order in this case. ECF No. 93.

### III. MR. BOBULINSKI WAS DULY SERVED WITH THE SUBPOENAS

Mr. Bobulinski's service and notice objections are likewise without merit. Federal Rule of Civil Procedure 45(a)(4) requires that "before [a subpoena] is served on the person to whom it is directed, a notice and copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). Rule 5(b) provides that a party can make service either by delivery or mail to the opposing party's attorney. Fed. R. Civ. P. 5(b). When service is by mail, it is complete upon mailing. *Id. See Reno-Tahoe Specialty, Inc. v. Mungchi, Inc.*, No. CV 16-663-GHK (AGRx), 2017 U.S. Dist. LEXIS 224471, at *9 (C.D. Cal. Dec. 13, 2017) (observing that the purpose of the notice requirement is to afford other parties an opportunity to object to the subpoena; where counsel for judgment debtor received notice of subpoena two weeks after issuance but had time to file motion to quash, violation, if any, was harmless); *Vondersaar v. Starbucks Corp.*, No. C 13-80061 SI, 2013 U.S. Dist. LEXIS 65842, at *5 (N.D. Cal. May 8, 2013) ("when opposing counsel have notice

and sufficient time to object, they are not prejudiced by a violation of Rule 45 notice requirement.")

Here, there was no service violation, harmless or otherwise. As the moving papers acknowledge, Mr. Bobulinski was provided with notice and copies of the subpoenas by service to his attorney in this case, Teresa Huggins, on March 31, 2021. (See Exhibits 1 and 2 to Bisconti Declaration.) The assertion in the moving papers now, that Ms. Huggins is "not authorized to accept service" because she purportedly only "handled the underlying litigation (and appeal therefrom) [and] had not agreed to represent Mr. Bobulinski post-judgment in his capacity as judgment creditor" (Mtn, pp. 11-12), is plain sophistry; Ms. Huggins is, and remains, Mr. Bobulinski's attorney of record in this case.

And Mr. Bobulinski's related argument, that Mr. Bobulinski was required to comply with additional notice provisions in accordance with California Code of Civil Procedure section 1985.3, is just as fallacious. By its terms, California Code of Civil Procedure section 1985.3 applies to a person who causes "a subpoena duces tecum to be issued or served in connection with any civil action or proceeding *pursuant to this code . . . .*" Cal. Civ. Code Proc. § 1985.3(a)(3). The subpoenas in this case were issued pursuant to Federal Rule of Civil Procedure 45, not the California Code of Civil Procedure. "A subpoena *duces tecum* issued under the Federal Rules of Civil Procedure is not subject to [California Code of Civil Procedure section] 1985.3 which, by its terms, is limited to subpoenas issues under [state law]." *RBS Sec. Inc. v. Plaza Home Mortg., Inc.*, No. 12-cv-2132-JM (MDD), 2012 U.S. Dist. LEXIS 128686, at *3 (S.D. Cal. Sep. 10, 2012); *see also Kaur v. City of Lodi,* No. 2:14-cv-0828 TLN AC, 2016 U.S. Dist. LEXIS 10348, at *3 n.1 (E.D. Cal. Jan. 27, 2016) (same).

## IV. CONCLUSION

For these reasons, Mr. Bobulinski has not demonstrated good cause to quash or modify the subpoenas and Plaintiff therefore submits that his motion should be denied.

Respectfully submitted.

DATED: May 11, 2021

LAW OFFICES OF ROBERT W. COHEN
A Professional Corporation

By  /s/  Robert W. Cohen
   Robert W. Cohen
   Mariko Taenaka
   Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2021 a copy of the foregoing document was filed electronically via the Court's CM/ECF system. Pursuant to Local Rule 5-3.2.1 notice of filing will be served on all parties by operation of the Court's CM/ECF system, and parties may access this filing through the Court's CM/ECF system.

/s/ Mariko Taenaka
Mariko Taenaka