# EXHIBIT B

Ryan G. Baker (Bar No. 214036)
  rbaker@bakermarquart.com
Teresa L. Huggins (Bar. No. 263257)
  thuggins@bakermarquart.com
Sam Meehan (Bar No. 307934)
  smeehan@bakermarquart.com
BAKER MARQUART LLP
777 S. Figueroa St., Suite 2850
Los Angeles, California, 90017
Telephone:  (424) 652-7800
Facsimile:   (424) 652-7850

*Attorneys for Defendant Tony Bobulinski*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>        Plaintiff,<br><br>v.<br><br>TONY BOBULINSKI<br><br>        Defendant. | Case No. 2:20-CV-06759 RGK (JC)<br><br>**DEFENDANT'S RESPONSES TO PLAINTIFF CHINA BRANDING GROUP LIMITED'S FIRST SET OF SPECIAL INTERROGATORIES**<br><br><br>Judge:  Hon. R. Gary Klausner<br><br><br>Complaint Filed: July 28, 2020 |

PLAINTIFF:       China Branding Group Limited

DEFENDANT:    Tony Bobulinski

SET NUMBER:   One (1)

Defendant Tony Bobulinski ("Defendant") hereby responds and objects to Plaintiff China Branding Group Limited's ("Plaintiff's") First Set of Interrogatories (the "Interrogatories" and each an "Interrogatory") as follows:

## **PRELIMINARY STATEMENT**

Defendant's responses to the Interrogatories are made solely for the purposes of this litigation and are based on information presently known to Defendant. Moreover, Defendant is responding to the Interrogatories as Defendant interprets and understands them.  Should Plaintiff later assert an interpretation of any Interrogatory that differs from Defendant's understanding, Defendant reserves the right to supplement these objections and/or responses.

No incidental or implied admissions are intended by these responses. Defendant's response to any Interrogatory should not be taken as an admission that Defendant accepts or admits the existence of any fact(s) set forth or assumed by such Interrogatory or that such responses constitute admissible evidence. Defendant's response to any Interrogatory is not intended to be, and shall not be construed to be, any waiver by Defendant of any or all objection(s) to the Interrogatory.  The following responses are provided subject to further discovery, and Defendant expressly reserves the right to amend, supplement or revise these responses with any subsequently discovered information.

The detailed financial information sought in these Interrogatories is invasive and harassing, as it is premature at this stage, where Plaintiff has not established Defendant's liability.  *See SierraPine v. Refiner Products Mfg., Inc*., No. 2:08–cv–02144–MCE–DAD, 2012 1108766, at *1 (E.D. Cal. Mar. 30, 2012) (discovery into defendant's assets premature at liability phase of case).  This fishing expedition into Defendant's finances is overbroad, not narrowly tailored, burdensome, intrusive and violative of Defendant's right to privacy.  *See Shinedling v. Sunbeam Products, Inc*., ED CV 12-438-CJC (SPx), 2013 WL 12142945, at *3 (C.D. Cal. July 26, 2013) (discovery of responding party's "financial state generally" barred as "well beyond

an area that is 'reasonably calculated' to lead to admissible evidence," in violation of both "financial privacy interest and basic principles of relevance"); *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016) ("Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information."); *Calderon v. U.S. Dist. Court for the N. Dist. of Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996) (explaining that discovery is not to be used for a fishing expedition to investigate mere speculation).

## **GENERAL OBJECTIONS**

The following General Objections are incorporated by reference into each individual response, whether or not specific reference to them is made:

1.      Defendant objects to the Interrogatories on the ground and to the extent that they call for information that does not exist, is not relevant to the subject matter of the pending action and/or is not reasonably calculated to lead to the discovery of admissible evidence.

2.      Defendant objects to the Interrogatories on the ground and to the extent that they call for the disclosure of information protected by third parties' rights to privacy.  Defendant is not authorized to and cannot waive these privacy rights by the disclosure of such information.

3.      Defendant objects to the Interrogatories on the ground and to the extent that they are vague and ambiguous.

4.      Defendant objects to the Interrogatories on the ground and to the extent that they are otherwise overly broad, unduly burdensome and oppressive.

5.      Defendant objects to the Interrogatories on the ground and to the extent that the Interrogatories seek to impose obligations greater than or more extensive than those provided by the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.

6.      Defendant objects to each and every Interrogatory to the extent that it

seeks information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege.

7.     Defendant objects to the extent the Interrogatories seek documents and things already in Plaintiff's possession, custody, or control, and/or equally available to Plaintiff.

8.     Defendant objects to the Interrogatories on the grounds, and to the extent, that they contain express or implied assumptions of fact or law with respect to matters at issue in this case.  Defendant's responses to the Interrogatories are not intended to be, and shall not be construed as an agreement or concurrence by Defendant with Plaintiff's characterization of any facts, circumstances, and/or legal obligations.

9.     Without asserting an obligation to do so, and without waiving these objections, Defendant reserves the right to amend, modify, and/or supplement these responses in the event of error, inadvertent mistake, and/or omission or when additional documents and things are discovered.  Investigation and discovery are ongoing.  Defendant's objections and responses are made in good faith and after diligent inquiry based on investigation and discovery conducted and identified to date. Defendant provides these objections and responses without prejudice to his right to present further facts, information, documents, things, evidence, or analyses not yet obtained or identified or subject to further investigation or discovery.

10.     Defendant incorporates by reference each and every general objection set forth above into each specific response set forth below.  A specific response may repeat a general objection for emphasis or some other reason.  The failure to include any general objection in any specific response does not waive any general objection to that request.  Defendant does not waive his right to amend these responses.

## **RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all accounts, including but not limited to checking accounts, savings accounts, investment accounts, and brokerage accounts at any financial institution

1 YOU currently maintain in YOUR name by financial institution name, type of

2 account, account number and account balance as of the date of the responses.

3 **RESPONSE TO INTERROGATORY NO. 1:**

4      Defendant incorporates by reference the preliminary statement and general

5 objections set forth above.  In addition, Defendant specifically objects that the

6 Interrogatory is vague and ambiguous as to the phrases "[i]dentify," "accounts,"

7 "investment accounts," "brokerage accounts," "financial institution," and

8 "maintain."  Defendant objects that the Interrogatory seeks information protected by

9 the right to privacy contained within article I, section 1 of the California

10 Constitution.  Defendant also objects that the Interrogatory seeks information

11 protected by the attorney-client privilege and/or work product doctrine.  Defendant

12 objects that this Interrogatory is overbroad, and therefore burdensome and harassing.

13 Defendant objects that the Interrogatory is duplicative, at least in part, of

14 Interrogatory No. 2, and therefore further burdensome and harassing.

15 **INTERROGATORY NO. 2:**

16      Identify all accounts, including but not limited to checking accounts, savings

17 accounts, investment accounts, and brokerage accounts at any financial institution in

18 which YOU maintain an interest by financial institution name, type of account,

19 account number and account balance as of the date of the responses.

20 **RESPONSE TO INTERROGATORY NO. 2:**

21      Defendant incorporates by reference the preliminary statement and general

22 objections set forth above.  In addition, Defendant specifically objects that the

23 Interrogatory is vague and ambiguous as to the phrases "[i]dentify," "investment

24 accounts," "brokerage accounts," "financial institution" and "interest."  Defendant

25 objects that the Interrogatory seeks information protected by the right to privacy

26 contained within article I, section 1 of the California Constitution.  Defendant

27 objects that the Interrogatory seeks information protected by the attorney-client

28 privilege and/or work product doctrine.  Defendant also objects that this

Interrogatory is overbroad, and therefore burdensome and harassing.  Defendant objects that the Interrogatory is duplicative, at least in part, of Interrogatory No. 1, and therefore further burdensome and harassing.

**INTERROGATORY NO. 3:**

Identify by address all real property held in YOUR name, including but not limited to those outside of California.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant incorporates by reference the preliminary statement and general objections set forth above.  In addition, Defendant specifically objects that the Interrogatory is vague and ambiguous as to the phrases "[i]dentify," "held," and "YOUR name."  Defendant further objects that the Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.  Defendant also objects that this Interrogatory is overbroad, and therefore burdensome and harassing.  Defendant objects that the Interrogatory seeks information not relevant to this litigation, and not likely to lead to the discovery of admissible evidence.  Defendant objects that the Interrogatory is duplicative, at least in part, of Interrogatory No. 4, and therefore burdensome and harassing.  Defendant also objects that the Interrogatory seeks information equally available to the propounding party.  *See Bunnell v. Sup. Ct. of Alameda Cty.*, 254 Cal. App. 2d 720, 723-24 (1967).

**INTERROGATORY NO. 4:**

Identify by address all real property YOU currently maintain a legal, beneficial or equitable interest, including but not limited to those outside of California.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant incorporates by reference the preliminary statement and general objections set forth above.  In addition, Defendant specifically objects that the Interrogatory is vague and ambiguous as to the phrases "[i]dentify," "maintain," and

1  "legal, beneficial or equitable."  Defendant further objects that the Interrogatory

2  seeks information protected by the attorney-client privilege and/or work product

3  doctrine.  Defendant also objects that this Interrogatory is overbroad, and therefore

4  burdensome and harassing.  Defendant objects that the Interrogatory seeks

5  information not relevant to this litigation, and not likely to lead to the discovery of

6  admissible evidence.  Defendant objects that the Interrogatory calls for a legal

7  opinion.  Defendant objects that the Interrogatory is duplicative, at least in part, of

8  Interrogatory No. 3, and therefore burdensome and harassing.

9  **INTERROGATORY NO. 5:**

10      If any third-party owes YOU money, identify the name, address, telephone

11  number, the nature of the debt, and the amount of money the third-party owes to

12  YOU.

13  **RESPONSE TO INTERROGATORY NO. 5:**

14      Defendant incorporates by reference the preliminary statement and general

15  objections set forth above.  In addition, Defendant specifically objects that the

16  Interrogatory is vague and ambiguous as to the phrases "any third-party," "owes,"

17  "identify," "nature of the debt" and "amount of money."  Defendant further objects

18  that the Interrogatory calls for the disclosure of information protected by third

19  parties' rights to privacy.  Defendant is not authorized to and cannot waive these

20  privacy rights by the disclosure of such information.  Defendant also objects that the

21  Interrogatory impermissibly calls for a legal conclusion.  Defendant also objects that

22  this Interrogatory is overbroad, and therefore burdensome and harassing.  Defendant

23  objects that the Interrogatory seeks information not relevant to this litigation, and

24  not likely to lead to the discovery of admissible evidence.

25      Subject to the foregoing general and specific objections, Defendant responds

26  as follows:  Plaintiff owes Defendant at least $874,225, by its own admission.

27  Plaintiff may be contacted through Plaintiff's counsel, c/o Robert W. Cohen, Law

28

1  Offices of Robert W. Cohen, 1901 Avenue of the Stars, Suite 1900, Los Angeles,

2  California, 90067, (310) 282-7586.

3  **INTERROGATORY NO. 6:**

4        Identify by name and address of the person responsible for preparing YOUR

5  taxes for the past five years.

6  **RESPONSE TO INTERROGATORY NO. 6:**

7        Defendant incorporates by reference the preliminary statement and general

8  objections set forth above.  In addition, Defendant specifically objects that the

9  Interrogatory is vague and ambiguous as to the phrases "[i]dentify," "person

10  responsible for preparing YOUR taxes," and "for the past five years."  Defendant

11  objects that the Interrogatory seeks information protected by the right to privacy

12  contained within article I, section 1 of the California Constitution.  Defendant also

13  objects that this Interrogatory is overbroad, and therefore burdensome and harassing.

14  Defendant objects that the Interrogatory seeks information not relevant to this

15  litigation, and not likely to lead to the discovery of admissible evidence.

16  **INTERROGATORY NO. 7:**

17        Itemize by date, amount and source, all compensation YOU received from

18  January 1, 2019 through the date of this response.

19  **RESPONSE TO INTERROGATORY NO. 7:**

20        Defendant incorporates by reference the preliminary statement and general

21  objections set forth above.  In addition, Defendant specifically objects that the

22  Interrogatory is vague and ambiguous as to the phrases "[i]temize," "source," "all

23  compensation," and "received."  Defendant objects that the Interrogatory seeks

24  information protected by the right to privacy contained within article I, section 1 of

25  the California Constitution.  Defendant also objects that this Interrogatory is

26  overbroad, and therefore burdensome and harassing.  Defendant objects that the

27  Interrogatory seeks information not relevant to this litigation, and not likely to lead

28  to the discovery of admissible evidence.

**INTERROGATORY NO. 8:**

If YOU are married, state the name of YOUR spouse.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant incorporates by reference the preliminary statement and general objections set forth above.  Defendant objects that the Interrogatory seeks information protected by the right to privacy contained within article I, section 1 of the California Constitution.  Defendant further objects that the Interrogatory calls for the disclosure of information protected by third parties' rights to privacy.  Defendant is not authorized to and cannot waive these privacy rights by the disclosure of such information.  Defendant objects that the Interrogatory seeks information not relevant to this litigation, and not likely to lead to the discovery of admissible evidence. Defendant also objects that the Interrogatory seeks information equally available to the propounding party.  *See Bunnell v. Sup. Ct. of Alameda Cty*., 254 Cal. App. 2d 720, 723-24 (1967).

**INTERROGATORY NO. 9:**

State YOUR current occupation.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant incorporates by reference the preliminary statement and general objections set forth above.  In addition, Defendant specifically objects that the Interrogatory is vague and ambiguous as to the phrase "current occupation." Defendant further objects that the Interrogatory seeks information not relevant to this litigation, and not likely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 10:**

If YOU are currently employed, state the name of YOUR employer.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant incorporates by reference the preliminary statement and general objections set forth above.  In addition, Defendant specifically objects that the Interrogatory is vague and ambiguous as to the phrases "currently employed" and

1  "employer."  Defendant further objects that the Interrogatory seeks information not

2  relevant to this litigation, and not likely to lead to the discovery of admissible

3  evidence.

4  **INTERROGATORY NO. 11:**

5      If YOU maintain any ownership interest in any corporation, partnership,

6  limited liability company, limited liability partnership, non-profit organization or

7  any other entity, state the name of every such entity and YOUR percentage

8  ownership of such entity.

9  **RESPONSE TO INTERROGATORY NO. 11:**

10      Defendant incorporates by reference the preliminary statement and general

11  objections set forth above.  In addition, Defendant specifically objects that the

12  Interrogatory is vague and ambiguous as to the phrases "maintain any ownership

13  interest," and "any other entity."  Defendant further objects that the Interrogatory

14  seeks information not relevant to this litigation, and not likely to lead to the

15  discovery of admissible evidence.  Defendant also objects that the Interrogatory is

16  impermissibly compound.  Defendant also objects that this Interrogatory is

17  overbroad, and therefore burdensome and harassing.

18  **INTERROGATORY NO. 12:**

19      Identify all vehicles held in YOUR name by year, make and model.

20  **RESPONSE TO INTERROGATORY NO. 12:**

21      Defendant incorporates by reference the preliminary statement and general

22  objections set forth above.  In addition, Defendant specifically objects that the

23  Interrogatory is vague and ambiguous as to the words "[i]dentify," "vehicle," and

24  "held."  Defendant further objects that the Interrogatory seeks information not

25  relevant to this litigation, and not likely to lead to the discovery of admissible

26  evidence.  Defendant also objects that the Interrogatory seeks information equally

27  available to the propounding party.  *See Bunnell v. Sup. Ct. of Alameda Cty.*, 254

28  Cal. App. 2d 720, 723-24 (1967).

**INTERROGATORY NO. 13:**

Identify all boats held in YOUR name by year, make and model.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant incorporates by reference the preliminary statement and general objections set forth above.  In addition, Defendant specifically objects that the Interrogatory is vague and ambiguous as to the words "[i]dentify," "all boats," and "held."  Defendant further objects that the Interrogatory seeks information not relevant to this litigation, and not likely to lead to the discovery of admissible evidence.  Defendant also objects that the Interrogatory seeks information equally available to the propounding party.  *See Bunnell v. Sup. Ct. of Alameda Cty*., 254 Cal. App. 2d 720, 723-24 (1967).

**INTERROGATORY NO. 14:**

Identify all trailers held in YOUR name by year, make and model.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendant incorporates by reference the preliminary statement and general objections set forth above.  In addition, Defendant specifically objects that the Interrogatory is vague and ambiguous as to the words "[i]dentify," "all trailers," and "held."  Defendant further objects that the Interrogatory seeks information not relevant to this litigation, and not likely to lead to the discovery of admissible evidence.  Defendant also objects that the Interrogatory seeks information equally available to the propounding party.  *See Bunnell v. Sup. Ct. of Alameda Cty*., 254 Cal. App. 2d 720, 723-24 (1967).

**INTERROGATORY NO. 15:**

Identify all cash in YOUR possession by amount and location.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant incorporates by reference the preliminary statement and general objections set forth above.  In addition, Defendant specifically objects that the Interrogatory is vague and ambiguous as to the words "[id]entify," "all cash" and

Case No. 2:20-CV-06759 RGK (JC)
DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES

1   "possession."  Defendant further objects that the Interrogatory seeks information not

2   relevant to this litigation, and not likely to lead to the discovery of admissible

3   evidence.  Defendant also objects that this Interrogatory is overbroad as to time and

4   scope, and therefore burdensome and harassing.

5   **INTERROGATORY NO. 16:**

6       If YOU are entitled to receive a tax refund for the tax year 2019, state the

7   amount of the refund YOU expect to receive.

8   **RESPONSE TO INTERROGATORY NO. 16:**

9       Defendant incorporates by reference the preliminary statement and general

10  objections set forth above.  In addition, Defendant specifically objects that the

11  Interrogatory is vague and ambiguous as to the phrases "entitled to receive" and

12  "expect to receive."  Defendant further objects that the Interrogatory seeks

13  information not relevant to this litigation, and not likely to lead to the discovery of

14  admissible evidence.  Defendant also objects on the grounds that this Interrogatory

15  seeks information that is protected by privilege provided by law.  *See Aliotti v.*

16  *Senora*, 217 F.R.D. 496, 497 (N.D. Cal. 2003) (recognizing "a public policy against

17  unnecessary public disclosure [of tax returns]" absent a showing of "compelling

18  need").

19  **INTERROGATORY NO. 17:**

20      Identify all life insurance policies in which YOU are the owner.

21  **RESPONSE TO INTERROGATORY NO. 17:**

22      Defendant incorporates by reference the preliminary statement and general

23  objections set forth above.  In addition, Defendant specifically objects that the

24  Interrogatory is vague and ambiguous as to the words "[i]dentify," "all life

25  insurance policies" and "owner."  Defendant further objects that the Interrogatory

26  seeks information not relevant to this litigation, and not likely to lead to the

27  discovery of admissible evidence.  Defendant also objects that the Interrogatory

28  seeks a legal conclusion.

**INTERROGATORY NO. 18:**

Identify all life insurance policies in which YOU are named as the beneficiary.

**RESPONSE TO INTERROGATORY NO. 18:**

Defendant incorporates by reference the preliminary statement and general objections set forth above.  In addition, Defendant specifically objects that the Interrogatory is vague and ambiguous as to the words "[i]dentify," "all life insurance policies," and "named."  Defendant further objects that the Interrogatory seeks information not relevant to this litigation, and not likely to lead to the discovery of admissible evidence.  Defendant further objects that the Interrogatory calls for the disclosure of information protected by third parties' rights to privacy.  Defendant is not authorized to and cannot waive these privacy rights by the disclosure of such information.

**INTERROGATORY NO. 19:**

Identify all retirement accounts held in YOUR name, including but not limited to IRAs and 401ks.

**RESPONSE TO INTERROGATORY NO. 19:**

Defendant incorporates by reference the preliminary statement and general objections set forth above.  In addition, Defendant specifically objects that the Interrogatory is vague and ambiguous as to the phrases "[i]dentify," "all retirement accounts," and "YOUR name."  Defendant further objects that the Interrogatory seeks information not relevant to this litigation, and not likely to lead to the discovery of admissible evidence.  Defendant objects that the Interrogatory is duplicative, at least in part, of Interrogatory No. 20, and therefore burdensome and harassing.

**INTERROGATORY NO. 20:**

Identify all profit-sharing accounts held in YOUR name.

**RESPONSE TO INTERROGATORY NO. 20:**

Defendant incorporates by reference the preliminary statement and general objections set forth above.  In addition, Defendant specifically objects that the Interrogatory is vague and ambiguous as to the phrases "[i]dentify," "all profit-sharing accounts," and "YOUR name."  Defendant further objects that the Interrogatory seeks information not relevant to this litigation, and not likely to lead to the discovery of admissible evidence.  Defendant also objects that this Interrogatory is overbroad, and therefore burdensome and harassing.  Defendant objects that the Interrogatory is duplicative, at least in part, of Interrogatory No. 19, and therefore burdensome and harassing.

**INTERROGATORY NO. 21:**

Identify all accounts receivable for which YOU are owed payment.

**RESPONSE TO INTERROGATORY NO. 21:**

Defendant incorporates by reference the preliminary statement and general objections set forth above.  In addition, Defendant specifically objects that the Interrogatory is vague and ambiguous as to the words "[i]dentify," "accounts receivable," and "owed payment."  Defendant further objects that the Interrogatory seeks information not relevant to this litigation, and not likely to lead to the discovery of admissible evidence.  Defendant also objects that this Interrogatory is overbroad, and therefore burdensome and harassing.  Defendant objects that the Interrogatory calls for the disclosure of information protected by third parties' rights to privacy.  Defendant is not authorized to and cannot waive these privacy rights by the disclosure of such information.  Defendant also objects that the Interrogatory calls for a legal conclusion.

**INTERROGATORY NO. 22:**

Identify all unsecured notes in which YOU are the lender.

/ / /

/ / /

13

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES

1  **RESPONSE TO INTERROGATORY NO. 22:**

2       Defendant incorporates by reference the preliminary statement and general

3  objections set forth above.  In addition, Defendant specifically objects that the

4  Interrogatory is vague and ambiguous as to the phrases "[i]dentify," "all unsecured

5  notes," and "lender."   Defendant further objects that the Interrogatory seeks

6  information not relevant to this litigation, and not likely to lead to the discovery of

7  admissible evidence.  Defendant also objects that this Interrogatory is overbroad,

8  and therefore burdensome and harassing.  Defendant objects that the Interrogatory

9  impermissibly calls for a legal conclusion.  Defendant objects that the Interrogatory

10  calls for the disclosure of information protected by third parties' rights to privacy.

11  Defendant is not authorized to and cannot waive these privacy rights by the

12  disclosure of such information.

13  **INTERROGATORY NO. 23:**

14       Identify all secured notes in which YOU are the lender.

15  **RESPONSE TO INTERROGATORY NO. 23:**

16       Defendant incorporates by reference the preliminary statement and general

17  objections set forth above.  In addition, Defendant specifically objects that the

18  Interrogatory is vague and ambiguous as to the words "[i]dentify," "all secured

19  notes," and "lender."   Defendant further objects that the Interrogatory seeks

20  information not relevant to this litigation, and not likely to lead to the discovery of

21  admissible evidence.  Defendant also objects that this Interrogatory is overbroad,

22  and therefore burdensome and harassing.  Defendant objects that the Interrogatory

23  impermissibly calls for a legal conclusion.  Defendant further objects that the

24  Interrogatory calls for the disclosure of information protected by third parties' rights

25  to privacy.  Defendant is not authorized to and cannot waive these privacy rights by

26  the disclosure of such information.

27       Subject to the foregoing general and specific objections, Defendant responds

28  as follows:  Plaintiff owes Defendant at least $874,225, by its own admission.

1  Plaintiff may be contacted through Plaintiff's counsel, c/o Robert W. Cohen, Law

2  Offices of Robert W. Cohen, 1901 Avenue of the Stars, Suite 1900, Los Angeles,

3  California, 90067, (310) 282-7586.

4  **INTERROGATORY NO. 24:**

5        Identify all income YOU received in the past 12 months by source and

6  amount.

7  **RESPONSE TO INTERROGATORY NO. 24:**

8        Defendant incorporates by reference the preliminary statement and general

9  objections set forth above.  In addition, Defendant specifically objects that the

10 Interrogatory is vague and ambiguous as to the phrases "[i]dentify," "all income,"

11 "YOU received," and "source."   Defendant further objects that the Interrogatory

12 seeks information not relevant to this litigation, and not likely to lead to the

13 discovery of admissible evidence.  Defendant also objects that this Interrogatory is

14 overbroad, and therefore burdensome and harassing.  Defendant objects that the

15 Interrogatory seeks information protected by the right to privacy contained within

16 article I, section 1 of the California Constitution.

17 **INTERROGATORY NO. 25:**

18       Identify all jewelry YOU own valued at more than $1,000.

19 **RESPONSE TO INTERROGATORY NO. 25:**

20       Defendant incorporates by reference the preliminary statement and general

21 objections set forth above.  Defendant further objects that the Interrogatory is vague

22 and ambiguous as to the phrases "[i]dentify," "all jewelry," "own," and "valued."

23 Defendant further objects that the Interrogatory seeks information not relevant to

24 this litigation, and not likely to lead to the discovery of admissible evidence.

25 Defendant also objects that this Interrogatory is overbroad, and therefore

26 burdensome and harassing.

27 **INTERROGATORY NO. 26:**

28       Identify all artwork YOU own valued at more than $1,000.

**RESPONSE TO INTERROGATORY NO. 26:**

Defendant incorporates by reference the preliminary statement and general objections set forth above.  In addition, Defendant specifically objects that the Interrogatory is vague and ambiguous as to the words "[i]dentify," "all artwork," "own," and "valued."   Defendant further objects that the Interrogatory seeks information not relevant to this litigation, and not likely to lead to the discovery of admissible evidence.  Defendant also objects that this Interrogatory is overbroad, and therefore burdensome and harassing.

**INTERROGATORY NO. 27:**

If YOU are married, state YOUR spouse's occupation.

**RESPONSE TO INTERROGATORY NO. 27:**

Defendant incorporates by reference the preliminary statement and general objections set forth above.  In addition, Defendant specifically objects that the Interrogatory is vague and ambiguous as to the phrases "married," and "occupation."   Defendant further objects that the Interrogatory seeks information about third parties that are not relevant to this litigation, and not likely to lead to the discovery of admissible evidence.  Defendant also objects that this Interrogatory is overbroad, and therefore burdensome and harassing.  Defendant further objects that the Interrogatory calls for the disclosure of information protected by third parties' rights to privacy.  Defendant is not authorized to and cannot waive these privacy rights by the disclosure of such information.

**INTERROGATORY NO. 28:**

If YOU are married, state the name of YOUR spouse's employer.

**RESPONSE TO INTERROGATORY NO. 28:**

Defendant incorporates by reference the preliminary statement and general objections set forth above.  In addition, Defendant specifically objects that the Interrogatory is vague and ambiguous as to the phrases "married," and "employer." Defendant further objects that the Interrogatory seeks information about third parties

not relevant to this litigation, and not likely to lead to the discovery of admissible evidence.  Defendant also objects that this Interrogatory is overbroad, and therefore burdensome and harassing.  Defendant further objects that the Interrogatory calls for the disclosure of information protected by third parties' rights to privacy.  Defendant is not authorized to and cannot waive these privacy rights by the disclosure of such information.

DATED: December 3, 2020

Respectfully submitted,

BAKER MARQUART LLP


Ryan G. Baker
Teresa L. Huggins
Sam Meehan

*Attorneys for Defendant Tony Bobulinski*

<u>VERIFICATION</u>

I, Tony Bobulinski, declare:

    I have read **TONY BOBULINSKI'S RESPONSES TO PLAINTIFF CHINA BRANDING GROUP LIMITED'S FIRST SET OF INTERROGATORIES** and know its contents.  I believe, based on reasonable inquiry, that the responses contained therein are true and correct to the best of my knowledge, information and belief.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed this 3rd day of December, 2020, at Beverly Hills, California.

_____
                    Tony Bobulinski

## PROOF OF SERVICE

I, Teresa Huggins, am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 777 S. Figueroa Street, Suite 2850, Los Angeles, CA 90017.

On **December 3, 2020,** I served true copies of the document(s) described as:

**DEFENDANT'S RESPONSES TO PLAINTIFF CHINA BRANDING GROUP
LIMITED'S FIRST SET OF SPECIAL INTERROGATORIES**

on the following party in this action as follows:

Robert W. Cohen (Bar No. 150310)
rwc@robertwcohenlaw.com
Mariko Taenaka (Bar. No. 273895)
mt@robertwcohenlaw.com
LAW OFFICES OF ROBERT W. COHEN
1901 Avenue of the Stars, Suite 1900
Los Angeles, California, 90067
Telephone:  (310) 282-7586
Facsimile:   (310) 282-7589

*Attorneys for Plaintiff China Branding
Group*

**[X]   BY ELECTRONIC MAIL:**
I caused the document to be sent to the respective e-mail addresses of the parties. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **December 3, 2020,** at Los Angeles, California.

_____
Teresa Huggins