1  Anthony R. Bisconti (SBN 269230)
   tbisconti@bienertkatzman.com
2  **BIENERT KATZMAN LITTRELL WILLIAMS LLP**
3  601 W. 5th Street, Ste. 720
   Los Angeles, CA 90071
4  Telephone (213) 528-3400
   Facsimile (949) 369-3701
5

6  Attorneys for Defendant Tony Bobulinski

7

8           IN THE UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>        Plaintiff,<br><br>v.<br><br>TONY BOBULINSKI<br><br>        Defendant. | Case No.: 2:20-CV-06759 RGK (JC)<br>Hon. R. Gary Klausner<br>Presiding Judge<br><br>Hon. Jacqueline Chooljian,<br>Magistrate Judge<br><br>**REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENAS SERVED ON (I) CITIBANK, N.A. AND (II) YDS INVESTMENT COMPANY, LLC; SUPPLEMENTAL DECLARATION OF ANTHONY R. BISCONTI**<br><br>[Submitted to Hon. Jacqueline Chooljian, U.S. Magistrate Judge]<br><br>Hearing Information:<br>Date:   June 1, 2021<br>Time:   9:30 a.m.<br>Crtrm:  750<br><br>Action filed:          July 28, 2020 |

1

Defendant Tony Bobulinski ("Mr. Bobulinski")[1] submits this reply in support of his Motion to quash the Subpoenas CBG served on Citibank and YDS, and in response to CBG's opposition to the Motion (the "Opposition") [Dkt. No. 94].

## I. PRELIMINARY STATEMENT

Putting aside all other defects with the Subpoenas CBG issued to Citibank and YDS identified in the Motion (and discussed below), CBG's Opposition presents no argument or explanation regarding how or why CBG is entitled to subpoena records concerning Mr. Bobulinski from YDS, a company he has not worked at for a decade and from which, it is undisputed, he has not received any payment during the timeframe set forth in the YDS Subpoena. Indeed, the Opposition does not even mention YDS once. Accordingly, there appears no dispute that the Court should grant the Motion as to the YDS Subpoena and enter an order quashing that subpoena.

The arguments CBG does raise in opposition to the Motion are unavailing. CBG still provides no justification for its failure to seek the documents requested in the Subpoenas from Mr. Bobulinski in the first instance. Nor does CBG provide any basis supporting its position that the Court should disregard Mr. Bobulinski's privacy rights, even though CBG concedes (as it must) that California privilege law applies in this case. Similarly lacking is any valid justification for excusing CBG from complying with the notice requirements under both Rule 45 and section 1985.3. Finally, while CBG apparently concedes the YDS Subpoena seeks irrelevant material, the only basis it provides for the Citibank Subpoena is wild speculation (lacking any evidentiary support) that Mr. Bobulinski may have transferred Citibank funds to avoid levy. While it is true that CBG is only aware of the Citibank account because Mr. Bobulinski used that account to make a payment to CBG in 2017—separate and apart from the $650,000 that Mr. Bobulinski loaned to CBG which CBG has never repaid and has represented it will likely never repay—the fact that CBG has been unable to

---

[1] All capitalized terms used in this reply have the meaning given to them in Mr. Bobulinski's *Notice of Motion and Motion to Quash Subpoenas Served on (i) Citibank, N.A. and (ii) YDS Investment Company, LLC* (the "Motion") [Dkt. No. 87] unless otherwise specifically defined herein.

levy funds in that account recently does not establish, or even reasonably suggest, any improper transfers were made to avoid levy. More is required by CBG before it can be entitled to Mr. Bobulinski's confidential, privileged, financial information, and the Opposition falls far short from the requisite showing.

For these reasons, and as explained more fully below and in the Motion, the Court should grant the Motion and quash the Subpoenas.

## II. THE COURT SHOULD QUASH THE SUBPOENAS

### A. CBG failed to first seek the requested discovery from Mr. Bobulinski.

CBG claims that there is "no support in law" requiring CBG to first seek the requested discovery from Mr. Bobulinski. Opp. at 5:6-9. This broad pronouncement ignores both the cases cited in the Motion and Rule 26 of the Federal Rules of Civil Procedure, which applies in the post-judgment context. Fed. R. Civ. Proc. 26(b)(2)(C); *see Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138-39 (2014) (stating that Rule 26 governs discovery requests in Rule 69 proceedings).

CBG provides no explanation as to why it has failed to request the documents sought by the Subpoenas from Mr. Bobulinski first, before subpoenaing third parties. Instead, CBG attempts to distinguish the cases cited in the Motion. For example, CBG tries to differentiate *Bada Co. v. Montgomery Ward & Co.*, 32 F.R.D. 208 (S.D. Cal. 1963), on the grounds that it was a patent infringement case where records were sought from a third-party competitor of the defendant. *See* Opposition at 5:9-17. This purported distinction falls flat—the court was clear in quashing the third-party subpoena that the subpoenaed third-party witnesses, like Citibank and YDS here, "are not parties to the action, and they should not be burdened with the annoyance and expense of producing the documents sought unless the plaintiff is unable to discover them from the defendant." *Bada Co.*, 32 F.R.D. at 209-10. Like CBG here, the court determined that the plaintiff in *Bada Co.* "has not shown good cause for the objecting witnesses to comply with . . . the subpoena duces tecum when the material sought may be available to the plaintiff under Rule 34, Federal Rules of Civil Procedure." *Id.* at 209.

CBG's attempt to distinguish *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406 (C.D. Cal. 2014) fairs no better. The court in *Amini* recognized that "[i]f the party seeking information can easily obtain the same information without burdening the non-party, the court will quash the subpoena [. . .] A party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same requests." *Amini*, 300 F.R.D. at 410 (citations omitted). To try to avoid this, CBG misleadingly quotes *Amini* to suggest that in that case, quashing the subpoena was appropriate because the third-party witness "lacked 'personal knowledge about every topic listed in the subpoena.'" *See* Opposition at 5:20-23. CBG conveniently leaves out the next part of the quote from the decision, which states that in fact the third-party witness had information about a topic that was equally obtainable from the party to the case. *Amini*, 300 F.R.D. at 408. The same is true here—CBG has made no showing that the records it seeks are not equally or more readily obtainable from Mr. Bobulinski himself; indeed, CBG has not even bothered to request the materials from Mr. Bobulinski pursuant to Rule 34.

Nor does CBG's false claim that it previously requested "precisely the same information" as sought by the Subpoenas support its position. First, CBG in fact did not request copies of Mr. Bobulinski's bank records (or records related to YDS) from him previously. CBG's own evidence belies its assertion otherwise. Instead, CBG made a series of interrogatory requests for the identification of various information. *See* Declaration of Mariko Taenaka in support of the Opposition. And while CBG mischaracterizes Mr. Bobulinski's objections as "meritless," it is telling that CBG made absolutely no effort to follow up, seek to compel, *or even meet and confer* concerning Mr. Bobulinski's responses to this pre-judgment discovery. In any event, CBG's abandoned discovery efforts prior to the Judgment have no bearing on its obligations under Rule 26 in the Rule 69 context.

Finally, CBG claims that the subpoenaed parties "have not filed objections" to the Subpoenas. While technically true that Citibank and YDS did not "file" objections to the Subpoenas, in fact it appears that both Citibank and YDS *did* object to the Subpoenas. For

example, while Mr. Bobulinski has not been provided any copy of the underlying documents, it appears that Citibank did submit objections to CBG. *See* Suppl. Bisconti Decl. at Ex. 4 (April 22, 2021 email from Citibank to CBG's counsel stating "Please see the attached response and objections to your subpoena issued to Citibank NA on March 31, 2021…"). Additionally, Mr. Bobulinski is informed that YDS contacted CBG's counsel upon receipt of the YDS Subpoena, pointed out its impermissible overbreadth, and advised CBG that Mr. Bobulinski had not worked there since 2011 and no payments were made to Mr. Bobulinski in the time frame specified in the Subpoena. *See* Bisconti Decl. Ex. 3 (discussing concerns raised by YDS's in-house counsel to the "broad language of [CBG's] subpoena."). CBG's reliance on the fact that the subpoenaed parties did not "file" objections to the Subpoenas is therefore misleading at best.

For the foregoing reasons, the Court should grant the Motion and quash the Subpoenas.

**B.     The Opposition fails to overcome Mr. Bobulinski's privacy rights.**

CBG concedes that California's privacy protections apply to this case through Rule of Evidence 501. *See* Opposition at 6:11-14. As an initial matter, CBG's citation to cases involving discovery into corporations or business entities is inapposite, because unlike individuals, "corporations do not have a right of privacy protected by the California Constitution." *SCC Acquisitions, Inc. v. Superior Court*, 243 Cal. App. 4th 741, 755 (2015). And while CBG recites general propositions from cases discussing the interplay between an individual's right to privacy and discovery, CBG fails to make *any* showing, let alone a "substantial showing," of a "compelling" public interest in the disclosure of Mr. Bobulinski's private information as requested by these Subpoenas. *See Hooser v. Superior Ct.*, 84 Cal. App. 4th 997, 1004-05 (2000). Even if CBG had attempted to make the requisite showing, it likely would have failed considering there appears to be no way for it to show any "need" to subpoena this information from Citibank and YDS without first having requested it from Mr. Bobulinski himself, as set forth above.

Additionally, CBG's repeated reference to the Stipulated Protective Order in this case, *see* Dkt. No. 93, as a reason to disregard the Motion's privacy arguments only highlights the problem with the Subpoenas. *See* Opposition at 7:4-13. Had CBG first sought the requested documents from Mr. Bobulinski, and to the extent any production was warranted, Mr. Bobulinski would be able to make such production pursuant to the Protective Order with all appropriate protections and designations.

The Court must also reject CBG's argument that it should ignore CBG's failure to comply with the notice requirements under Cal. Code Civ. Proc. § 1985.3. *See* Opposition at 8:12-25. Contrary to CBG's argument otherwise, section 1985.3 sets forth a state law privilege. *See Corser v. County of Merced*, 2006 WL 2536622, at *2 (E.D. Cal. Aug. 31, 2006). Accordingly, by virtue of Rule 501 of the Federal Rules of Evidence (which CBG concedes makes California's privacy protections applicable in this case), section 1985.3 applies to the discovery sought by CBG here. This is unlike the cases cited by CBG, in which the courts either did not address whether California's privilege applied to the federal proceeding, or specifically stated that federal privilege rules applied. *See, e.g. Kaur v. City of Lodi*, 2016 WL 10679575, at *1 (E.D. Cal. Jan. 28, 2016) (stating in federal question case, unlike this diversity case applying California law and privileges, federal privilege applied).[2]

For these separate reasons, the Court should grant the Motion and quash the Subpoenas.

C. **CBG has not established that the Subpoenas seek relevant information.**

As set forth above, CBG does not contest that the YDS Subpoena fails to seek relevant information, given that Mr. Bobulinski has not worked there for 10 years, and no

---

[2] Relatedly, for the reasons set forth in the Motion, CBG failed to provide Mr. Bobulinski with proper notice of the Subpoenas as required by Rule 45(a)(4). CBG cites no authority for its contention that its mailing notices of the subpoenas to Mr. Bobulinski's trial counsel (and counsel on appeal of the judgment) satisfies the notice requirements, when that counsel does not represent him in the Rule 69 proceedings here. Accordingly, the Court quash the Subpoenas for this separate deficient notice problem. *See, e.g., Bronson v. Henry Ford Health Sys.*, 2016 RGL 3197555, at *2 (E.D. Mich. June 9, 2016); *Solais v. Vesuvio's II Pizza & Grill, Inc.*, 2015 WL 6110859, at *15 (M.D. N.C. Oct. 16, 2015); *Mirra v. Jordan*, 2014 WL 2511020, at *3 (S.D.N.Y. May 28, 2014).

payments were made or received in the relevant period identified in the Subpoena. As a result, there appears to be no dispute that the Court should quash that Subpoena.

Regarding the Subpoena to Citibank, CBG's argument that it seeks relevant information is premised on its baseless assertion that "the facts suggest that [Mr. Bobulinski] has transferred his Citibank funds precisely to avoid the consequences of levy . . . ." Opposition at 4:27-28. The fact that there were apparently no funds available for levy in that account is not evidence that Mr. Bobulinski somehow transferred funds to avoid levy. The only reason CBG was aware of the Citibank account is because it is the account from which Mr. Bobulinski made a payment to CBG years ago (separate and apart from the $650,000 to CBG, which again *CBG has not repaid and states it will likely never repay to Mr. Bobulinski*). CBG presents no evidence to support its contention that any funds left the Citibank account "to avoid levy." CBG thus has failed to make any showing that the discovery it seeks is "relevant to the purpose of obtaining information on hidden or concealed assets, including assets that may have been fraudulently transferred." *JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 926 F.3d 251, 256 (5th Cir. 2019) (citations omitted).

Accordingly, the Court should quash the Subpoenas on these grounds also.

**III.  CONCLUSION**

For the foregoing reasons and those set forth in the Motion, the Court should grant the Motion quash the Subpoenas.

Dated: May 18, 2021

**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
By: /s/ Anthony R. Bisconti
    Anthony R. Bisconti
    Attorneys for Defendant
    Tony Bobulinski

**SUPPLEMENTAL DECLARATION OF ANTHONY R. BISCONTI**

I, Anthony R. Bisconti, declare as follows:

1. I am a partner at the law firm Bienert Katzman Littrell Williams LLP and represent Defendant Tony Bobulinski ("Mr. Bobulinski") in connection with the post-judgment efforts of Plaintiff China Branding Group Limited (In Official Liquidation) ("CBG") to seek discovery and collect on the judgment entered by the Court on February 18, 2021, in favor of CBG and against Mr. Bobulinski. I am a member in good standing with the State Bar of California and am admitted to practice in the Courts of California and the Central District of California. I submit this supplemental declaration in support of Mr. Bobulinski's *Motion to Quash Subpoenas Served on (i) Citibank, N.A. and (ii) YDS Investment Company, LLC* (the "Motion") and concurrently filed reply in support of the Motion. I have personal knowledge of the facts set forth in this declaration unless the facts are stated on information on belief, and for those matters, I am informed and believe them to be true.

2. Attached to this declaration as Exhibit 4 is a true and correct copy of an email I received from a Citibank, N.A. representative on May 10, 2021, after the Motion was originally filed.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on this 18th day of May, 2021, in Pasadena, California.

                                            Anthony R. Bisconti
                                            Anthony R. Bisconti

# EXHIBIT 4

**Subject:** China Branding Group Limited v Tony Bobulinski
**Date:** Monday, May 10, 2021 at 9:42:49 AM Pacific Daylight Time
**From:** Reinecke, Cathrine
**To:** mt@robertwcohenlaw.com, Tony Bisconti
**CC:** Moritz, Andrew

Corrected Mr. Bisconti's email address.

*Cathrine R. Reinecke*
*Sr. Vice President & Group Manager*
*Citibank, N.A.*
*Legal Support Unit*
*5800 S. Corporate Pl.; Mail Code 451*
*Sioux Falls, SD  57108*
*Phone (605) 331-2632*
*Fax (347) 809-6937*

---

**From:** Reinecke, Cathrine [LEGL]
**Sent:** Monday, May 10, 2021 11:27 AM
**To:** '[External] mt@robertwcohenlaw.com'; 'TBISCONTI@BKWLAW.COM'
**Cc:** Moritz, Andrew [LEGL]; Reinecke, Cathrine [LEGL]
**Subject:** China Branding Group Limited v Tony Bobulinski

Citibank received a copy of the Notice of Motion and Motion to Quash the Citibank subpoena which was filed with the court on 5/3/2021.  Accordingly, Citibank does not intend to produce documents at this time.

*Cathrine R. Reinecke*
*Sr. Vice President & Group Manager*
*Citibank, N.A.*
*Legal Support Unit*
*5800 S. Corporate Pl.; Mail Code 451*
*Sioux Falls, SD  57108*
*Phone (605) 331-2632*
*Fax (347) 809-6937*

---

**From:** [External] mt@robertwcohenlaw.com <mt@robertwcohenlaw.com>
**Sent:** Monday, May 3, 2021 1:13 PM
**To:** Muth, Theresa Ann [LEGL]; Reinecke, Cathrine [LEGL]
**Cc:** Moritz, Andrew [LEGL]; rwc@robertwcohenlaw.com
**Subject:** RE: China Branding Group Limited v Tony Bobulinski

Mr. Moritz:
From our perspective, we believe Citibank has an obligation to produce documents until Citibank has actually

been served with Mr. Bobulinski's Motion to Quash and a phone call that one may be filed is insufficient for purposes of withholding records and would be violative of the subpoena.
Regards,
Mari

Mariko Taenaka, Esq.
Admitted in California and Hawaii
Law Offices of Robert W. Cohen
1901 Avenue of the Stars, Suite 1900
Los Angeles, CA 90067
Direct Line (310) 461-1492
Japanese (310) 282-7587
Fax (310) 282-7589
mt@robertwcohenlaw.com


**From:** Reinecke, Cathrine [LEGL] <ch07441@imcnam.ssmb.com>
**Sent:** Monday, May 3, 2021 10:34 AM
**To:** mt@robertwcohenlaw.com
**Cc:** Moritz, Andrew [LEGL]
**Subject:** China Branding Group Limited v Tony Bobulinski

Attached is a copy of objections received Tony Bisconti, counsel for Mr. Bobulinski. Based on the objections, Citi does not intend to produce documents concerning Mr. Bobulinski's accounts without an agreement of the parties or Court Order. If you have any questions, please reach out to Citi's in-house counsel, Andrew Moritz, copied here.


*Cathrine R. Reinecke*
*Sr. Vice President & Group Manager*
*Citibank, N.A.*
*Legal Support Unit*
*5800 S. Corporate Pl.; Mail Code 451*
*Sioux Falls, SD  57108*
*Phone (605) 331-2632*
*Fax (347) 809-6937*


**From:** Heldenbrand, Jolene L [LEGL]
**Sent:** Thursday, April 22, 2021 9:06 AM
**To:** 'mt@robertwcohenlaw.com'
**Cc:** Moritz, Andrew [LEGL]
**Subject:** China Branding Group Limited v Tony Bobulinski

Hello,

Please see the attached response and objections to your subpoena issued to Citibank NA on March 31, 2021. If you have any questions please contact our counsel, Andrew Moritz, copied here.

When contacting us regarding this matter, please reference our case number 21-573303.

Thank you

Jolene Heldenbrand
Legal Operations Sr Specialist
Citi Consumer Subpoena Compliance Unit
Citibank NA
5800 S Corporate Place, MC 451
Sioux Falls SD  57108
Phone  605 331 7123
Fax  347 809 6937

# CERTIFICATE OF SERVICE

I declare that I am a citizen of the United States and I am a resident and employed in Los Angeles County, California; that my business address is 601 W. 5th Street, Ste. 720, Los Angeles, California 90071; that I am over the age of 18 and not a party to the above-entitled action.

I am employed by a member of the United States District Court for the Central District of California, and at whose direction I caused service of the foregoing document **REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENAS SERVED ON (I) CITIBANK, N.A. AND (II) YDS INVESTMENT COMPANY, LLC; SUPPLEMENTAL DECLARATION OF ANTHONY R. BISCONTI** on all interested parties as follows:

[X]   **BY ELECTRONIC TRANSMISSION:** by electronically filing the foregoing with the Clerk of the District Court using its CM/ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the E-Government Act of 2002, which electronically notifies all parties in this case, or via E-mail at the addresses below:

Mariko Taenaka (mt@robertwcohenlaw.com)
Robert W. Cohen (rwc@robertwcohenlaw.com)

[ ]   **BY MAIL** - I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 18, 2021 at Los Angeles, California.

/s/ Elizabeth Garcia
Elizabeth Garcia