1  Anthony R. Bisconti (SBN 269230)
   tbisconti@bienertkatzman.com
2  **BIENERT KATZMAN LITTRELL WILLIAMS LLP**
3  601 W. 5th Street, Ste. 720
   Los Angeles, CA 90071
4  Telephone (213) 528-3400
5  Facsimile (949) 369-3701

6  Attorneys for Defendant Tony Bobulinski

7

8  **IN THE UNITED STATES DISTRICT COURT**

9  **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>Plaintiff,<br><br>v.<br><br>TONY BOBULINSKI<br><br>Defendant. | Case No.: 2:20-CV-06759 RGK (JC)<br>Hon. R. Gary Klausner<br>Presiding Judge<br><br>Hon. Jacqueline Chooljian, Magistrate Judge<br><br>**EX PARTE APPLICATION FOR ORDER (I) CONTINUING JUDGMENT DEBTOR EXAMINATION AND (II) EXTENDING DEADLINE TO RESPOND TO SUBPOENA; DECLARATION OF ANTHONY R. BISCONTI; DECLARATION OF TONY BOBULINSKI [PROPOSED] ORDER**<br><br>[Submitted to Hon. Jacqueline Chooljian, United States Magistrate Judge, Crtrm 750]<br><br>Action filed:        July 28, 2020<br><br>Judgment Debtor Examination<br>Date:      June 15, 2021<br>Time:      9:30 a.m.<br>Location: Crtrm 750 |

1

Defendant Tony Bobulinski ("Defendant" or "Mr. Bobulinski") hereby applies, *ex parte*, for an order (i) continuing the judgment debtor examination currently scheduled for June 15, 2021 at 9:30 a.m. (the "JDE") and (ii) extending the deadline to respond to the subpoena issued by plaintiff China Branding Group Limited ("CBG") dated April 14, 2021 (the "JDE Subpoena"). Mr. Bobulinski requests a continuance of approximately 90 days, as he will be travelling extensively both domestically and internationally over the next 60-90 days for family and business reasons, which impedes his ability both to attend the JDE and to work with counsel to properly respond to the JDE Subpoena, which seeks thirty (30) separate categories of documents and a wide array of personal and financial information. Mr. Bobulinski seeks this relief on an ex parte basis, because according to proofs of service filed by CBG, CBG claims to have only effectuated personal service of the JDE order (Dkt. No. 80) and the JDE Subpoena (*see* Dkt. No. 101-1) on Mr. Bobulinski on Saturday, May 23, 2021, which leaves insufficient time to seek the requested relief by way of a regularly noticed motion prior to June 15, 2021. This is Mr. Bobulinski's first request for a continuance of the JDE and related deadlines.

Pursuant to L.R. 7-19, the contact information for counsel for CBG is as follows:

Mariko Taenaka (mt@robertwcohenlaw.com)
Robert Cohen (rwc@robertwcohenlaw.com)
Law Offices of Robert W. Cohen
1901 Avenue of the Stars, Ste. 1900
Los Angeles, CA 90067
Telephone: (310) 282-7586
Facsimile: (310) 282-7589

On June 1, 2021, Mr. Bobulinski's counsel contacted CBG's counsel to request that CBG stipulate to a continuance of the JDE. Bisconti Decl. ¶ 2. On June 2, 2021, CBG's counsel indicated that CBG would not agree to the proposed continuance. *Id.* Pursuant to L.R. 7-19.1, on June 4, 2021, Mr. Bobulinski's counsel contacted counsel for CBG explaining Mr. Bobulinski's intention to file this application and the grounds for seeking the relief. *Id.* CBG opposes the requested relief.

1 | This application is based upon this notice, the attached Memorandum of Points and
2 | Authorities, the attached declarations of Anthony R. Bisconti and Tony Bobulinski, all files
3 | and pleadings in this matter, and all other matters of which this Court may take judicial
4 | notice.

Dated: June 4, 2021

**BIENERT KATZMAN
LITTRELL WILLIAMS LLP**
By: /s/ *Anthony R. Bisconti*
    Anthony R. Bisconti
    Attorneys for Defendant
    Tony Bobulinski

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

By this application, Mr. Bobulinski seeks a continuance of the judgment debtor examination currently scheduled for June 15, 2021, for approximately 90 days or as soon thereafter as is convenient to the Court and CBG. Mr. Bobulinski likewise seeks a corresponding extension of time to respond to the JDE Subpoena, which seeks thirty (30) separate categories of documents. This is Mr. Bobulinski's first request for any continuance or extension related to the JDE.

CBG claims that it did not personally serve Mr. Bobulinski with the JDE order and JDE Subpoena until May 23, 2021. Mr. Bobulinski is unavailable on June 15, 2021, and prior to this purported service, intended on travelling over the next 60-90 days extensively for both business and family purposes, both domestically and internationally. Additionally, Mr. Bobulinski's counsel in these enforcement proceedings was not provided with a copy of the JDE Subpoena from CBG until June 2, 2021, after requesting a copy from CBG's counsel. Mr. Bobulinski requires additional time to work with his counsel on an appropriate response to the JDE Subpoena, both due to the recent receipt of the JDE Subpoena and due to Mr. Bobulinski's anticipated unavailability due to his busy travel schedule.

The requested continuance and extension are reasonable and appropriate under the circumstances of this case. In addition to the foregoing, this is not a typical case and Mr. Bobulinski is not a typical judgment debtor, who owes the judgment creditor a debt due to some wrong he committed. Rather, it is undisputed that Mr. Bobulinski loaned CBG $650,000, and that Mr. Bobulinski has a claim against CBG in the approximate amount of $875,000. The basis for CBG's judgment here, on which the JDE and JDE Subpoena are premised, is not some breach or tortious act by Mr. Bobulinski—rather, it is an award of attorneys' fees to CBG stemming from Mr. Bobulinski's efforts to enforce the amounts owed to him in the Cayman Islands, which remain unpaid. Whereas by all accounts CBG will never repay Mr. Bobulinski the undisputed amounts it owes him (as the result of a fraud

committed against Mr. Bobulinski by CBG's CEO),[1] CBG will suffer no prejudice by a continuance of the JDE and JDE Subpoena response deadline.

## II. RELEVANT BACKGROUND

### A. Mr. Bobulinski loans $650,000 to CBG based on its CEO's representations.

In or around March 2015, former CEO of CBG Adam Roseman ("Roseman") reached out to his longtime friend and business associate, Mr. Bobulinski, to ask him to make a loan to CBG to bridge it to sale. Interested in helping his friend, on or about April 15, 2015, Mr. Bobulinski entered a Senior Secured Convertible Promissory Note (the "Note") for $500,000, and a Pledge Agreement (the "Pledge") with CBG, based on Roseman's assurances that (i) the Note was secured by CBG's considerable assets in the United States ("Collateral"), (ii) Mr. Bobulinski would receive a 2.5 multiplier of his principal, and (iii) Mr. Bobulinski would have the right to approve any sale of CBG. *See* Dkt. No. 1-2 ("Cayman Judgment") ¶¶ 7-8, 57. Mr. Bobulinski would not have entered the Note or Pledge absent these assurances. *Id.* ¶ 57. Importantly, Section 7 of the Pledge required CBG to obtain Mr. Bobulinski's written consent before it could transfer or sell any part of the Collateral. *Id*. ¶¶ 128, 144.

In the Fall of 2015, Mr. Bobulinski introduced Roseman to Shing Tao of Remark Media, Inc. ("Remark"), who expressed interest in buying CBG. *See* Cayman Judgment ¶¶ 15, 121. On or about April 11, 2016, based on Roseman's continuing assurances, Mr. Bobulinski agreed to loan an additional $150,000 to CBG as a bridge to sale. *Id.* ¶¶ 12-13.

SIG, one of CBG's creditors, opposed the sale. *Id.* ¶ 16. To obstruct SIG's blocking rights, in the Spring of 2016, CBG's largest creditor, Hickory Grove, entered a winding up petition in the Cayman Islands for a provisional liquidation. *Id.* ¶ 17. SIG filed suit in the Cayman Islands, and the Cayman court ordered CBG into official liquidation instead. *Id.* ¶¶ 17-18. Ultimately, the JOLs were appointed to begin the liquidation process. *Id.* ¶ 18.

---

[1] The primary issue in the Cayman Islands litigation was not whether CBG owed Mr. Bobulinski $875,000, but whether Mr. Bobulinski was a secured creditor.

**B.    Mr. Bobulinski submits his proof of debt; the Cayman Court upholds the JOLs' denial and finds CBG has no assets.**

Because Remark's purchase of CBG purportedly constituted a "Liquidity Event" under the Note, Mr. Bobulinski believed CBG was required to pay him the principal of the Note with the 2.5x return Roseman had promised him. *See* Cayman Judgment ¶ 61. In April 2017, Mr. Bobulinski submitted a proof of debt for $1,625,000 plus legal fees ("Proof of Debt Claim"). *Id.* ¶¶ 56, 126. CBG, by and through its Joint Official Liquidators (the "JOLs"), rejected the claim and argued Mr. Bobulinski was only entitled to his $650,000 principal, and a $224,775 finder's fee for finding Remark as a buyer for CBG, on the grounds that the Note was not secured by the Collateral, as Roseman had said it was. *Id.* ¶¶ 72, 79, 148.

In July 2017, Mr. Bobulinski filed suit with the Grand Court of the Cayman Islands challenging the JOLs' determination in a proceeding entitled *In the Matter of China Branding Group Limited (In Official Liquidation),* Cause No. FSD 52 of 2016 (RMJ). On January 23, 2019, the Cayman Court issued the Cayman Judgment, rejecting Mr. Bobulinski's appeal of the denial of his Proof of Debt Claim. *See* Dkt. No. 1-2.

**C.    The JOLs seek recognition of the Cost Certificates in the United States.**

The Cayman Court also issued three Cost Certificates against Mr. Bobulinski, as follows: (1) November 13, 2018, in the amount of $56,431.82, (2) January 8, 2019, in the amount of $57,208.58; and (3) February 5, 2019, in the amount of $562,170.94. *See* Dkt. Nos. 1-1 and 1-3 (Cost Certificates).

On July 28, 2020, CBG, by and through the JOLs, filed this case against Mr. Bobulinski, alleging that, pursuant to the California's Uniform Foreign-Country Money Judgements Recognition Act, C.C.P. § 1713, *et seq.,* or the principles of comity, the Court should recognize the Cost Certificates. Dkt. No. 1 ¶ 1.

CBG filed three summary judgment motions. The Court denied the first motion without prejudice due to certain defects identified by the Court. *See* Dkt. No. 42. CBG withdrew the second motion after Mr. Bobulinski opposed, pointing out that the motion was

not accompanied by a separate statement of uncontroverted facts and conclusions of law. *See* Dkt. Nos. 52 and 54. However, on January 25, 2021, the Court granted CBG's third motion for summary judgment (the "Order"). *See* Dkt. No. 63.

Accordingly, on February 18, 2021, the Court entered Judgment against Mr. Bobulinski in the amount of $662,855.95, plus costs of suit (the "Judgment"). Dkt. No. 65. Mr. Bobulinski appealed the Judgment. *See* Dkt. No. 73 (Notice of Appeal). On February 23, 2021, CBG filed a Motion for Attorneys' Fees. Dkt. No. 67. The Court denied that motion on March 31, 2021. Dkt. No. 78. CBG noticed the appeal of that denial. Dkt No. 83.

### D. Mr. Bobulinski sues Roseman and discovers new information.

On February 21, 2019, Mr. Bobulinski sued Roseman for (1) fraud in the inducement, (2) negligent misrepresentation, and (3) breach of fiduciary duty. That action is currently pending as Case No. 2:19-cv-02963 MWF-JPR in the Central District of California (the "Roseman Matter").

Through recently obtained discovery in the Roseman Matter, Mr. Bobulinski obtained new information (which Mr. Bobulinski did not have prior to the Judgment) concerning CBG's transfer of the assets that constituted the Collateral to its subsidiaries, including RAAD Productions LLC ("RAAD"), on the eve of the sale of CBG to Remark, without Mr. Bobulinski's knowledge or consent and in violation of the Pledge. In addition, through another agreement, RAAD, which was only an "affiliate" of CBG, was made a wholly owned subsidiary of CBG the day before the sale of CBG. Roseman entered all these assignments and transfer agreements with the JOLs without informing Mr. Bobulinski.

These undisclosed transfers allowed the JOLs to argue, and the Cayman court to find, that "there is no evidence that the Company [CBG] had any assets falling within the operative part of the definition of the Collateral in the Pledge, i.e., content library, license agreements, and physical assets such as production equipment in the United States . . . the United States content was owned by RAAD." Accordingly, the Cayman Island ruling, which forms the basis for the Judgment in this case, was premised upon this concealed information. While this evidence further supports Mr. Bobulinski's ongoing fraud claims

against Roseman, it also likely would have resulted in a different outcome in this matter had Mr. Bobulinski been able to present it to the Court earlier.

### E. CBG files proofs of service of the JDE order and JDE Subpoena.

On May 24, 2021, CBG filed a proof of service stating that it served Mr. Bobulinski with (i) a JDE order and (ii) a subpoena to produce documents. *See* Dkt. No. 98. According to the proof of service, these documents were served on Mr. Bobulinski a day earlier, on May 23, 2021. The JDE order [Dkt. No. 80] set a judgment debtor examination of Mr. Bobulinski for June 15, 2021 at 9:30 a.m. before the Court. The JDE Subpoena [Dkt. No. 101-1] commands the production of thirty (30) separate categories of documents, seeking wide-ranging personal and financial information from Mr. Bobulinski, to be produced at the same date and time as the JDE. Mr. Bobulinski's counsel received a copy of the JDE Subpoena from CBG on June 2, 2021, after requesting a copy from CBG's counsel. Bisconti Decl. ¶ 3.

Mr. Bobulinski is unavailable on June 15. Prior to the purported service of the JDE order and JDE Subpoena, Mr. Bobulinski intended on travelling over the next 60-90 days extensively for both business and family purposes, both domestically and internationally. Bobulinski Decl. ¶ 3. Additionally, given the fact that Mr. Bobulinski's counsel only received a copy of the JDE Subpoena from CBG on June 2, 2021, there has been insufficient time to assess the appropriate response to the JDE Subpoena, including the thirty (30) categories of documents requested. Bisconti Decl. ¶ 3. Mr. Bobulinski requires additional time to work with his counsel on an appropriate response to the JDE Subpoena, both due to the recent receipt of the JDE Subpoena and due to Mr. Bobulinski's anticipated unavailability due to his busy travel schedule.

### III. THE COURT SHOULD GRANT THE APPLICATION

"A court has discretion to grant a motion for continuance as part of its inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly manner." *St. George Sequim Sch. Dist.*, 2018 WL 6518118, at *1 (W.D. Wash. Dec. 11, 2018) (citing *King v. State of California,* 784 F.2d 910, 912 (9th Cir. 1986)). Whether

to grant or deny a continuance is at the discretion of the Court. *Rios-Barrios v. I.N.S.*, 776 F.2d 859, 862–63 (9th Cir. 1985).

Here, the requested continuance of the JDE and extension of time to respond to the JDE Subpoena is reasonable under the circumstances. There can be no showing that CBG will be prejudiced if this application is granted, and there is no evidence that the brief extension Mr. Bobulinski requests will adversely impact CBG's ability to collect on the Judgment. Additionally, if granted, these extensions will not delay any other aspect of this case; judgment has been entered, and both parties have appealed—there no other matters pending that would be impacted by the continuance requested.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant the application and (i) continue the JDE for approximately 90 days or as soon thereafter as is convenient to the Court and CBG, and (ii) extend the deadline to respond to the JDE Subpoena accordingly.

Dated: June 4, 2021

**BIENERT KATZMAN LITTRELL WILLIAMS LLP**

By: /s/ *Anthony R. Bisconti*
    Anthony R. Bisconti
    Attorneys for Defendant
    Tony Bobulinski

# DECLARATION OF TONY BOBULINSKI

I, Tony Bobulinski, declare as follows:

1. I have personal knowledge of the facts set forth herein and, if called to testify as a witness, I could and would testify competently thereto.

2. I am aware that plaintiff in this case, China Branding Group Limited ("CBG"), filed a proof of service in this case indicating that CBG personally served me with a copy of an order to appear for a judgment debtor examination ("JDE") and a subpoena for production of documents (the "JDE Subpoena"). I am further aware that the proof of service indicates that service was made on May 23, 2021.

3. Prior to this purported service of the JDE order and JDE Subpoena, I intended on travelling over the next 60-90 days extensively for both business and family purposes, both domestically and internationally. These travel plans will impede my ability both to prepare for and attend a judgment debtor examination as presently scheduled, and to work with my counsel in preparing an appropriate response to the JDE Subpoena.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing information is true and correct. Executed on June 4, 2021, in Los Angeles, California.

By: _____
Tony Bobulinski

# DECLARATION OF ANTHONY R. BISCONTI

I, Anthony R. Bisconti, declare as follows:

1. I am a partner at the law firm Bienert Katzman Littrell Williams LLP and represent Defendant Tony Bobulinski ("Mr. Bobulinski") in connection with the post-judgment efforts of Plaintiff China Branding Group Limited (In Official Liquidation) ("CBG") to seek discovery and collect on the judgment entered by the Court on February 18, 2021, in favor of CBG and against Mr. Bobulinski. I am a member in good standing with the State Bar of California and am admitted to practice in the Courts of California and the Central District of California. I have personal knowledge of the facts set forth in this declaration unless the facts are stated on information on belief, and for those matters, I am informed and believe them to be true.

2. On June 1, 2021, I contacted CBG's counsel to request that CBG stipulate to a continuance of the JDE. On June 2, 2021, CBG's counsel indicated that CBG would not agree to the proposed continuance. Pursuant to L.R. 7-19.1, on June 4, 2021, I contacted counsel for CBG explaining Mr. Bobulinski's intention to file an application and the grounds for seeking the relief. CBG opposes the requested relief.

3. In my June 1, 2021 communication with CBG's counsel referenced above, I asked CBG's counsel to send me a copy of the JDE Subpoena. On June 2, 2021, CBG's counsel provided me with a copy of the JDE Subpoena. Prior to this CBG had not provided me with a copy of the JDE Subpoena. Given the breadth and the scope of the JDE Subpoena, including the fact that it contains thirty (30) separate categories seeking wide swaths of information, I believe that additional time is needed to evaluate the JDE Subpoena and determine the appropriate response thereto.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed on this 4th day of June, 2021, in Pasadena, California.

/s/ Anthony R. Bisconti
Anthony R. Bisconti

# CERTIFICATE OF SERVICE

I declare that I am a citizen of the United States and I am a resident and employed in Los Angeles County, California; that my business address is 601 W. 5th Street, Ste. 720, Los Angeles, California 90071; that I am over the age of 18 and not a party to the above-entitled action.

I am employed by a member of the United States District Court for the Central District of California, and at whose direction I caused service of the foregoing document **EX PARTE APPLICATION FOR ORDER (I) CONTINUING JUDGMENT DEBTOR EXAMINATION AND (II) DEADLINE TO RESPOND TO SUBPOENA; DECLARATION OF ANTHONY R. BISCONTI; DECLARATION OF TONY BOBULINSKI [PROPOSED] ORDER** on all interested parties as follows:

[X]   **BY ELECTRONIC TRANSMISSION:** by electronically filing the foregoing with the Clerk of the District Court using its CM/ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the E-Government Act of 2002, which electronically notifies all parties in this case, or via E-mail at the addresses below

Mariko Taenaka (mt@robertwcohenlaw.com)
Robert W. Cohen (rwc@robertwcohenlaw.com)

[ ]   **BY MAIL** - I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 4, 2021 at Los Angeles, California.

/s/ Elizabeth Garcia
Elizabeth Garcia