Robert W. Cohen (Bar No. 150310)
  rwc@robertwcohenlaw.com
Mariko Taenaka (Bar. No. 273895)
  mt@robertwcohenlaw.com
LAW OFFICES OF ROBERT W. COHEN
A Professional Corporation
1901 Avenue of the Stars, Suite 1900
Los Angeles, California, 90067
Telephone:   (310) 282-7586
Facsimile:   (310) 282-7589

*Attorneys for Plaintiff China Branding Group*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited, <br><br> Plaintiff, <br><br> v. <br><br> TONY BOBULINSKI, <br><br> Defendant. | Case No. 2:20-cv-06759 RGK(JCx) <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR CONTINUANCE OF THE JUDGMENT DEBTOR EXAMINATION OF TONY BOBULINSKI** |

Plaintiff and Judgment Creditor China Branding Group Limited submits this opposition to Defendant and Judgment Debtor Tony Bobulinski's ex parte application for continuance of the judgment debtor examination and to extend the deadline to respond to the accompanying subpoena.

1     When seeking a continuance, the moving party must show good cause for the
2  continuance.  *Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015); *Ahmed v. Holder*,
3  569 F.3d 1009, 1014 (9th Cir. 2009).  A Court should consider all factors when
4  granting or denying relief and whether good cause really exists in a given
5  individual's case.  *Diaz-Covarrubias v. Mukasey,* 551 F.3d 1114, 1119 (9th Cir.
6  2009).  Mr. Bobulinski's application fails to make any showing of good cause.

7     Despite filing a 12-page application for ex parte relief, the majority of his
8  application is a retelling of Mr. Bobulinski's narrative of events and the reasons why
9  he believes the judgment entered against him is unfair.  There is only one sentence
10 explaining why Mr. Bobulinski is actually requesting the continuance of the
11 examination, but his explanation is vague at best.  Mr. Bobulinski states that he
12 "intended on travelling over the next 60-90 days extensively for both business and
13 family purposes, both domestically and internationally."  Dkt. 102; Bobulinski Decl.
14 ¶ 3.  It is unclear whether he is actually travelling, as he only states that he
15 "intended" to travel.  Mr. Bobulinski's declaration is devoid of any specific
16 information regarding his itinerary, such as what specific dates he is travelling,
17 where he is travelling and the purpose of his trip.  The lack of specifics and his
18 litigation posture thus far creates a strong inference that Mr. Bobulinski is simply
19 trying to avoid the examination and avoid disclosing his financial information,
20 neither of which constitute good cause to continue the examination.[1]

21     Mr. Bobulinski further argues that the examination should be continued
22 because his counsel did not receive a copy of the subpoena until June 2, 2021.
23 However there is no explanation by Mr. Bobulinski as to why he failed to provide
24 his counsel with a copy of the subpoena he was served with and that he physically

25
26

---

27 [1]  As the Court may recall, Mr. Bobulinski also moved to quash two subpoenas
   served by Plaintiff, one to Citibank and one to his former employer YDS Investment
28 Company.   Dkt. 87.

possessed since May 23, 2021.  Mr. Bobulinski's own failings certainly does not amount to good cause to continue the examination.

Mr. Bobulinski also incorrectly asserts that Plaintiff will "suffer no prejudice by a continuance of the JDE and JDE Subpoena response deadline." Dkt. 102, 5:1-2.  Despite obtaining a judgment in February 2021, Plaintiff has yet to collect any money on the judgment[2] and has been unable to attach any of Mr. Bobulinski's assets.  *See* Dkt. 101, Taenaka Decl. ¶ 8-9.  A continuance of the examination would result in a delay in Plaintiff's ability to collect on its judgment and would provide Mr. Bobulinski with further time to dissipate or conceal his assets.  Furthermore, Mr. Bobulinski has met and conferred with Plaintiff regarding the posting of a bond, which would obviate the need for the examination altogether.  Despite the parties' discussions, Mr. Bobulinski still has not posted a bond.

Based on the foregoing, Plaintiff and Judgment Creditor China Branding Group Limited respectfully requests that the ex parte application for the continuance of the judgment debtor's examination and extension of the deadline to respond to the subpoena be denied.

Respectfully submitted.


DATED: June 4, 2021                    LAW OFFICES OF ROBERT W. COHEN
                                       A Professional Corporation


                                       By   /s/  Mariko Taenaka
                                            Robert W. Cohen
                                            Mariko Taenaka
                                            Attorneys for Plaintiff

---

[2]    The U.S. Marshal confirmed that after the deduction of costs $92.86 would be mailed to Plaintiff which was levied from Mr. Bobulinski's bank account, but the check has not been received yet.

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2021 a copy of the foregoing document was filed electronically via the Court's CM/ECF system. Pursuant to Local Rule 5-3.2.1 notice of filing will be served on all parties by operation of the Court's CM/ECF system, and parties may access this filing through the Court's CM/ECF system.

/s/ Mariko Taenaka
Mariko Taenaka

OPPOSITION TO EX PARTE TO CONTINUE JUDGMENT DEBTOR EXAMINATION