UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06759-RGK-JC | Date | June 8, 2021 |
|---|---|---|---|
| Title | China Branding Group Limited v. Tony Bobulinski | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff/ Judgment Creditor: | | Attorneys Present for Defendant/ Judgment Debtor: |
| None | | None |

**Proceedings:**   (In Chambers)

**ORDER (1) DENYING EX PARTE APPLICATION WITHOUT PREJUDICE (DOCKET NO. 102); AND (2) DIRECTING COUNSEL FORTHWITH TO CONFER**

**I.   Summary**

Pending before the Court are Defendant/Judgment Debtor Tony Bobulinski's (1) Ex Parte Application for Order Continuing Judgment Debtor Examination and Extending Deadline to Respond to Subpoena ("Ex Parte Application") (Docket No. 102);[1] and (2) Motion to Quash Post-Judgment Subpoenas Served by Plaintiff/Judgment Creditor China Branding Group Limited (alternatively, "China Branding") on Citibank, N.A. ("Citibank") and YDS Investment Company, LLC ("YDS") (collectively "Subpoenaed Entities") ("Motion to Quash" or "Motion") (Docket No. 87).[2]  This Order addresses only

---

[1] On June 4, 2021, Defendant/Judgment Debtor Tony Bobulinski filed the Ex Parte Application with supporting Declarations of Tony Bobulinski and Anthony R. Bisconti (respectively, "Bobulinski Ex Parte Decl." and "Bisconti Ex Parte Decl."). (Docket No. 102). On the same date, Plaintiff/ Judgment Creditor China Branding Group Limited filed an Opposition to the Ex Parte Application ("Ex Parte Opp."). (Docket No. 103).

[2] On May 3, 2021, Defendant/Judgment Debtor Tony Bobulinski filed the Motion to Quash, consisting of a Notice of Hearing ("Notice"), a Memorandum of Points and Authorities ("Moving Memo"), a Declaration of Tony Bobulinski ("Bobulinski Decl."), and a Declaration of Anthony R. Bisconti ("Bisconti Decl.") with exhibits ("Bisconti Ex."). (Docket No. 87). On May 11, 2021, China Branding filed an Opposition to the Motion, consisting of a Memorandum of Points and Authorities ("Opposing Memo"), a Declaration of Mariko Taenaka ("Taenaka Decl.") with exhibits ("Taenaka Ex."), and a Declaration of Barbara Wolford ("Wolford Decl."). (Docket No. 94). On May 18, 2021, Defendant/Judgment Debtor Tony Bobulinski filed a Reply and another Declaration of Anthony R. Bisconti ("Bisconti Reply Decl.") with an exhibit ("Bisconti Reply Ex."). (Docket No. 97). On June 2,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06759-RGK-JC | Date | June 8, 2021 |
|---|---|---|---|
| Title | China Branding Group Limited v. Tony Bobulinski | | |

the Ex Parte Application – as to which the Court finds oral argument unnecessary – but references information/evidence provided in connection with the Motion, which remains under submission. By the Ex Parte Application, Defendant/Judgment Debtor (alternatively "Bobulinski") seeks an order continuing for at least ninety days, the currently scheduled June 15, 2021 Judgment Debtor Examination and the June 15, 2021 compliance deadline for a subpoena "purportedly" served on Bobulinski ("JDE Subpoena").

Based on the Court's consideration of the parties' submissions in connection with the Ex Parte Application and the pertinent facts and law, the Court denies the Ex Parte Application without prejudice and directs counsel forthwith to confer regarding scheduling to obviate the potential need for the Court to entertain one or more other applications seeking expedited relief.

II.     BACKGROUND

   A.     Factual Background[3]

Plaintiff/Judgment Creditor China Branding was a business that sought to provide live event and media content to the Chinese market. To fund its growth, China Branding sought (in total) $650,000 worth of loans from Defendant/Judgment Debtor Bobulinski. Bobulinski agreed. But even with these loans, China Branding's business continued to struggle, and it eventually had to be liquidated.

Based on the liquidation, China Branding's Joint Official Liquidators ("JOLs") had to determine how much each of such entity's creditors were owed. Bobulinski contended that, under their loan agreement, he was entitled to his principal loan amount, a 2.5-time multiplier, and legal fees, totaling $1,765,000 as a secured creditor. The JOLs, however, determined Bobulinski was only owed the principal ($650,000) as an unsecured creditor. Since China Branding was essentially insolvent, the JOL's finding meant that Bobulinski would be unlikely to receive much (or any) money.

Litigation followed. Bobulinski sued in the Grand Court of the Cayman Islands to challenge the JOL's determination. The Court need not dive into the intricacies of the contract dispute because they are not pertinent to the Ex Parte Application, but notes that Cayman courts follow the English rule for attorney's fees – the prevailing party recovers fees from their opposition.

A five-day hearing ensued. At the hearing, Bobulinski, the JOLs and China Branding's CEO submitted briefs, sworn affidavits, and expert reports to the Cayman court. In the end, the Cayman court upheld the JOLs' determination. Because the JOLs prevailed and because in the Cayman courts

---

2021, in response to the Court's directive (Docket No. 100), Plaintiff/Judgment Creditor filed another Declaration of Mariko Taenaka ("Taenaka Supp. Decl.") with exhibits ("Taenaka Supp. Ex.").

   [3]The Factual Background is derived from the District Judge's January 25, 2021 Order Granting China Branding Summary Judgment. (Docket No. 63 at 1-2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06759-RGK-JC | Date | June 8, 2021 |
|---|---|---|---|
| Title | China Branding Group Limited v. Tony Bobulinski | | |

prevailing parties are entitled to recover fees from their opposition, the Cayman court issued three "Cost Certificates" against Bobulinski to pay the JOLs' attorneys' fees. Two of the certificates were for pretrial proceedings for $56,431.82 and $57,208.58. The final certificate was for the five-day hearing in the amount of $562,170.94. As of January 25, 2021, Bobulinski had paid only $42,517.82 on all three certificates, and the remaining balance due was $634,393.52. The judgment and Cost Certificates are final and enforceable. Post-judgment interest in Cayman Island judgments is 2.375%.

    **B.**    **Procedural Background**

    On July 28, 2020, China Branding (in official liquidation), by and through the JOLs, filed the Complaint for Recognition of Foreign Money Judgment in this action seeking a judgment against Bobulinski in the amount of $634,393.52, plus interest. (Docket No. 1). On September 30, 2020, Bobulinski filed an Answer. (Docket No. 30).

    On October 13, 2020, this Court granted China Branding's Application for a Writ of Attachment and issued a Right to Attach Order and Order of Attachment after Hearing, essentially attaching Bobulinski's property in the amount of $659,429.79 (which included accrued interest on the principal amount sought). (Docket Nos. 39, 40). Corresponding Writs of Attachment issued on November 9, 2020 and December 2, 2020. (Docket Nos. 49, 59).

    On November 3, 2020, China Branding served Bobulinski with Interrogatories requesting information regarding his assets.[4] (Taenaka Decl. ¶ 3; Taenaka Ex. A). On December 3, 2020, China Branding received Bobulinski's response to such Interrogatories which – aside from identifying the debt Bobulinski asserts remains owed to him by China Branding – consisted entirely of objections and did not provide any substantive responses. (Taenaka Decl. ¶ 4; Taenaka Ex. B).

///
///
///
///

---

    [4]More specifically, the Interrogatories called for Bobulinski to identify and provide the account balances for all financial institution accounts he maintains or has an interest in, to identify all real property held in his name or in which he has an interest, to identify all of his retirement accounts and profit-sharing accounts, to provide details regarding any outstanding debts/accounts receivable owed to him, to identify his tax preparer and his spouse (if married)/the spouse's occupation/employer, to identify his current occupation/employer and the sources/amounts of compensation earned since January 1, 2019, to provide details regarding his ownership interest in any entities, to identify any vehicles, boats, and trailers he owns, to identify the amount and location of all cash in his possession, to identify all life insurance policies he owns or in which he is named as a beneficiary, to state the amount of any anticipated tax refund, to identify all unsecured/secured notes in which he is the lender, and to identify all jewelry/artwork he owns that is valued at more than $1000. (Taenaka Decl. ¶ 3; Taenaka Ex. A).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06759-RGK-JC | Date | June 8, 2021 |
|---|---|---|---|
| Title | China Branding Group Limited v. Tony Bobulinski | | |

On January 25, 2021, the District Judge granted summary judgment in favor of China Branding. (Docket No. 63).[5] Judgment was entered in favor of China Branding and against Bobulinski in the amount of $662,855.95 plus costs of suit on February 19, 2021. (Docket No. 65). Costs in the amount of $645 were taxed in favor of China Branding and against Bobulinski on March 18, 2021. (Docket No. 72). However, the District Judge denied China Branding's motion for attorneys' fees on March 31, 2021. (Docket No. 78).

Bobulinski filed a Notice of Appeal on March 22, 2021. (Docket No. 73).

Since the entry of Judgment, China Branding has engaged in multiple efforts to collect on the Judgment which are discussed further below. For example, it sought and obtained a Writ of Execution which, to date, appears to have been levied/executed against Bobulinski's account(s) with Citibank. (Docket Nos. 74, 76, 82, 92).[6]

On March 31, 2021, China Branding issued and gave the parties notice of the issuance of a document subpoena to Citibank ("Citibank Subpoena") which called for the production of "[a]ny and all documents evidencing all correspondences relating to and transactions to and from any and all counts, including but not limited to checking accounts, held in the name of Tony Bobulinski . . . including but not limited to bank statements, wire confirmations, copies of cancelled checks, signature cards, [and] email correspondence, from January 1, 2020 through the date of production."[7] (Bisconti Decl. ¶ 2; Bisconti Ex. 1). The Citibank Subpoena was apparently served on or about April 20, 2021. (Bisconti

---

[5] Also on January 25, 2021, counsel who had represented Bobulinski throughout the action to such date – Ryan G. Baker, Teresa L. Huggins, and Sam Meehan – filed a notice indicating that their firm name had changed to "Waymaker LLP." (Docket No. 64). Such counsel continued to represent Bobulinski after the entry of judgment (see, e.g., Docket No. 70 [March 9, 2021 post-judgment filing]), and – although, as discussed below, another attorney/firm was added on May 3, 2021 (see Docket No. 86 – remain counsel of record to this day (see generally Docket).

[6] The U.S. Marshal has recently confirmed to counsel for Plaintiff/Judgment Creditor that there was only $97.00 in Bobulinski's bank account. (Taenaka Supp. Decl. ¶ 8). The U.S. Marshal confirmed that after the deduction of costs, $92.86 would be sent to China Branding, but as of June 4, 2021, counsel for Plaintiff/Judgment Creditor had not yet received such sum from the U.S. Marshal. (Taenaka Supp. Decl. ¶ 8; Ex Parte Opp. at 3 n.2).

[7] China Branding served such notice/the Citibank Subpoena on Teresa Huggins of Waymaker LLP, one of Bobulinski's then (and current) attorneys of record. (Bisconti Ex. 1). It did not personally serve such notice/Citibank Subpoena on Bobulinski who now claims that he did not retain Waymaker to represent him in connection with post-judgment collection and discovery, did not authorize Waymaker to accept service of the same on his behalf, and has since retained the law firm of Bienert Katzman Littrell Williams LLP ("Bienert Firm") to represent him on such post-judgment matters. (Bobulinski Decl. ¶ 2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06759-RGK-JC | Date | June 8, 2021 |
|---|---|---|---|
| Title | China Branding Group Limited v. Tony Bobulinski | | |

Decl. ¶ 2). On April 22, 2021, Citibank sent China Branding's counsel a letter response and objections to certain aspects of the Citibank Subpoena in which it asserted multiple objections but stated that subject to, and without waiving such objections, it was "in the process of locating reasonably available non-privileged, non-confidential documents concerning Tony Bobulinski's Citibank accounts for production and [would] produce such documents shortly." (Taenaka Supp. Decl. ¶ 5; Taenaka Supp. Ex. C).

On April 20, 2021, China Branding issued and gave Bobulinski's counsel of record notice of the issuance of a document subpoena to YDS ("YDS Subpoena").[8] (Bisconti Decl. ¶ 3; Bisconti Ex. 2). On April 26, 2021, YDS – through its COO and in-house counsel – emailed China Branding's counsel objecting to the scope of the YDS Subpoena and requesting to confer to narrow the scope with a "simple modification. . . that [would] enable [YDS] to respond quickly and completely without a protracted dispute . . . ." (Taenaka Supp. Decl. ¶ 6; Taenaka Supp. Ex. D). Based on communications between counsel for YDS and China Branding, the YDS Subpoena was subsequently modified to call for the production of "[a]ny and all documents discussing, refencing [sic], concerning or relating to payment for services or work rendered or provided by or payments due and owing to (1) Tony or Anthony Bobulinski . . . or (2) any entity in which [Bobulinski] is a manager, member, officer, director or maintains any ownership interest in ("Bobulinski Related Entities") from January 1, 2019 through the date of production. Documents should include, but are not limited to, email exchanges with Bobulinski regarding payments for services performed or provided to YDS . . . , payroll records or checks payable to Bobulinski or Bobulinski Related Entities, commission agreements, employment agreements, commission statements, independent contractor agreements, service agreements entered into or in effect from January 1, 2019 through the date of production in which Bobulinski or Bobulinski Related Entities are a party." (Bisconti Decl. ¶ 3; Bisconti Ex. 2; Taenaka Supp. Decl. ¶ 6; Taenaka Supp. Ex. E).

Meanwhile, on April 14, 2021, China Branding filed an Application for Appearance and Examination of Judgment Debtor Tony Bobulinski ("JDE Application"), requesting that such examination be set for June 15, 2021 at 9:30 a.m., and issued the JDE Subpoena calling for Bobulinski to produce thirty categories of specified documents regarding his income/assets on the same date/time. (Docket No. 79 [JDE Application]; Taenaka Supp. Decl. ¶ 3; Taenaka Supp. Ex. A [JDE Subpoena]). The JDE Application was electronically served on Bobulinski's counsel of record (attorneys with Waymaker LLP) through CM/ECF upon filing. (Docket No. 79). On April 19, 2021, this Court granted the JDE Application and issued an Order ("JDE Order") directing Bobulinski to appear for examination on June 15, 2021 at 9:30 a.m. to furnish information to aid in the enforcement of a money judgment

---

[8]As with the Citibank Subpoena, China Branding also served this notice/the YDS Subpoena on Teresa Huggins of Waymaker LLP, one of Bobulinski's then (and current) attorneys of record. (Bisconti Ex. 2). It did not personally serve such notice/YDS Subpoena on Bobulinski who, as previously noted, now claims that he did not retain Waymaker LLP to represent him in connection with post-judgment collection and discovery, did not authorize Waymaker LLP to accept service of the same on his behalf, and has since retained the Bienert Firm to represent him on such post-judgment matters. (Bobulinski Decl. ¶ 2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06759-RGK-JC | Date | June 8, 2021 |
|---|---|---|---|
| Title | China Branding Group Limited v. Tony Bobulinski | | |

against him. (Docket No. 80). The JDE Order was likewise electronically served on Bobulinski's counsel of record (attorneys with Waymaker LLP) through CM/ECF upon filing. (Docket No. 80). China Branding made multiple unsuccessful efforts to personally serve Bobulinski (including when his vehicle was in the driveway and another person advised the process server that Bobulinski was home but refused to come to the door). (Wolford Decl. ¶¶ 1-9). On May 24, 2021, China Branding filed a proof of service reflecting that its process server had finally personally served Bobulinski with the JDE Order and the JDE Subpoena on May 23, 2021. (Taenaka Supp. Decl. ¶ 3; Docket No. 98).[9] Notwithstanding the foregoing, Bobulinski appears to dispute that he was served. (Bobulinski Ex Parte Decl. ¶¶ 2, 3 [acknowledging "aware[ness]" of filing of proof of personal service and referring to "purported service of the JDE order and JDE Subpoena[.]"]).[10]

On April 28, 2021, Bobulinski retained the Bienert Firm (see supra notes 7-8) to represent him regarding China Branding's post-judgment collection efforts – matters as to which he assertedly did not retain Waymaker LLP to handle. (Bobulinski Decl. ¶ 2). On May 3, 2021, attorney Anthony R. Bisconti of the Bienert Firm filed a Notice of Appearance, adding such new attorney/firm as counsel representing Bobulinski. (Docket No. 86). Neither such Notice of Appearance, nor anything else in the record, reflects that the attorneys/firm representing Bobulinski up to that point – which includes Teresa Huggins of Waymaker LLP – were being replaced/substituted out or were withdrawing and such attorneys/firm currently remain counsel of record for Bobulinski along with Bisconti and the Bienert Firm. (See generally Docket).

On April 29-30, 2021, the parties conferred regarding the Citibank and YDS Subpoenas, and on June 1, 2021, they conferred regarding the Ex Parte Application, but could not resolve their differences. (Bisconti Decl. ¶ 5; Bisconti Ex. 3; Bisconti Ex Parte Decl. ¶ 2).

On May 7, 2021, this Court approved and issued the parties' Stipulated Protective Order. (Docket No. 93).

---

[9]Also on May 23, 2021, China Branding served Bobulinski's partner, Chanel Osborn, with a subpoena and an order this Court issued at China Branding's request, directing her to appear for a third person examination for enforcement of the Judgment on July 20, 2021 at 9:30 a.m. (Docket Nos. 95 [Application], 96 [Order], 99 [Proof of Service]; Taenaka Supp. Decl. ¶ 4; Taenaka Supp. Ex. B [Subpoena]).

[10]Bobulinski's attorney at the Bienert Firm (see supra notes 7-8 and infra) attests that China Branding first provided him with a copy of the JDE Subpoena on June 2, 2021, but does not state when/whether he had previously received it from any other source (e.g., Bobulinski, attorneys at Waymaker LLP). (Bisconti Ex Parte Decl. ¶ 3). The record does not reflect (i) whether/when China Branding supplied a copy of the JDE Subpoena to Waymaker LLP; (ii) whether/when Waymaker LLP supplied a copy of the JDE Subpoena to Bisconti/the Bienert Firm; or (iii) whether/when Bobulinski himself supplied a copy of the JDE Subpoena to Bisconti/the Bienert Firm or his attorneys at Waymaker LLP.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06759-RGK-JC | Date | June 8, 2021 |
|---|---|---|---|
| Title | China Branding Group Limited v. Tony Bobulinski | | |

As noted above, on May 18, 2021, Bobulinski filed the Motion to Quash, which China Branding opposed on May 11, 2021, and to which Bobulinski replied on May 18, 2021,[11] and on June 4, 2021, Bobulinski filed the Ex Parte Application which China Branding opposed on the same date. (Docket Nos. 87, 94, 97, 102, 103).

As of June 4, 2021, China Branding had not collected any money on the judgment from Bobulinski, had not attached any of his assets, and had been unable to identify any assets owned or held in his name in California other than a more than ten-year-old vehicle. (Taenaka Supp. Decl. ¶¶ 8, 9; Ex Parte Opp. at 3 n.2).

**III.   Discussion and Orders**

Defendant/Judgment Debtor seeks to continue his June 15, 2021 Judgment Debtor examination and his June 15, 2021 deadline to respond to the JDE Subpoena for "approximately 90 days" because, prior to the "purported service" of the JDE Order and the JDE Subpoena he "intended on travelling extensively and internationally over the next 60-90 days for family and business reasons" and because such travel would "impede[] his ability both to attend the JDE and to work with counsel to properly respond to the JDE Subpoena, which seeks thirty (30) separate categories of documents and a wide array of personal and financial information." (Ex Parte Application at 2; Bobulinski Ex Parte Decl. ¶ 3). He asserts that the requested relief is appropriate because he is "unavailable" on June 15, 2021 and because of the timing of the purported service of the JDE Subpoena upon him (May 23, 2021) and of China Branding's provision of the JDE Subpoena to his counsel at the Bienert Firm (June 2, 2021). (Ex Parte Application at 4). He further claims that China Branding would not be prejudiced if the requested relief is granted, suggesting that "there is no evidence that the brief extension Mr. Bobulinski requests will adversely impact [China Branding's] ability to collect on the Judgment." (Ex Parte Application at 9).

China Branding opposes the Ex Parte Application, essentially arguing that Bobulinski has failed to demonstrate good cause for the requested relief. (Ex Parte Opp. at 2). It points out that Bobulinski's vague explanation as to an "intent" to travel, fails to establish that he actually will be travelling, and provides no specificity regarding his itinerary, dates/locations of travel, or purpose of travel (aside from the generic "family and business reasons"). (Ex Parte Opp. at 2). China Branding suggests that the lack of specifics and the litigation posture create a strong inference that Bobulinski is simply trying to avoid the examination and the provision of financial information – neither of which constitutes good cause for the requested relief. (Ex Parte Opp. at 2). China Branding does not appear to dispute that it did not provide Bobulinski's counsel with the JDE Subpoena until June 2, 2021, but points to the absence of any explanation by Bobulinski as to why Bobulinski himself failed to provide his counsel with a copy of the JDE Subpoena which he has physically possessed since May 23, 2021, again suggesting that such failure does not amount to good cause to delay compliance therewith. (Ex Parte Opp at 2-3). Finally, China Branding asserts that it would be prejudiced if the Ex Parte Application is granted because it

---

[11] The parties appear to agree that the filing of the Motion to Quash effectively stays compliance by the Subpoenaed Entities. (Bisconti Decl. ¶ 5; Bisconti Ex. 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06759-RGK-JC | Date | June 8, 2021 |
|---|---|---|---|
| Title | China Branding Group Limited v. Tony Bobulinski | | |

would delay its ability to collect on the Judgment and would provide Bobulinski with further time to dissipate or conceal his assets. (Ex Parte Opp. at 3).[12]

      The Court denies the Ex Parte Application without prejudice. First, it does not find Bobulinski's vague travel intentions to constitute good cause for the requested relief. Aside from the lack of specificity, there is no evidence to suggest that any such intended travel is necessary, or that Bobulinski would be materially prejudiced if, instead of travelling, he focused on working with his counsel to prepare for and attend the JDE and to respond to the JDE Subpoena. Second, the Court is likewise not persuaded that the timing of the service of the JDE Subpoena on Bobulinski and China Branding's provision of the same to the Bienert Firm constitute good cause to grant the requested relief, particularly since the record suggests that Bobulinski's somewhat delayed receipt thereof was due to Bobulinski evading service and that he could have (and perhaps did) provide the JDE Subpoena to his counsel upon receipt.[13] The Court further notes that the Ex Parte Application requests additional time to "respond" to the JDE Subpoena – which, given the history of the matter, suggests to the Court that objections/further litigation relative to the JDE Subpoena, rather than compliance therewith/production of documents pursuant thereto, may be forthcoming and that the continuance is sought – not to afford additional time to actually compile and produce responsive documents – but to challenge the JDE Subpoena, and to postpone the provision of information that would facilitate China Branding's collection of the Judgment with which Bobulinski clearly vehemently disagrees for as long as possible. Third, on this record, the Court likewise finds that China Branding would be prejudiced if the requested relief is granted given the risk of the dissipation/transfer of assets that might otherwise be subject to its collection efforts. Further – although not discussed by the parties – continuing this matter may prejudice China Branding by effectively requiring it to expend further resources personally serving Bobulinski. As noted above, Bobulinski apparently does not concede that he was properly served with the JDE Subpoena or the JDE Order. Under the governing rules, as the Court understands them, such items were required to be personally served. It may also be the case – particularly given the lack of concession regarding the propriety of service – that enforcement of any order continuing the JDE or extending the deadline of the JDE Subpoena would be hindered unless such items (or a new JDE Order/JDE Subpoena) were personally served. The Court is not inclined to continue this matter in part because it may put China Branding to the expense of again effecting personal service, particularly given the difficulty in personally serving the JDE Order/JDE Subpoena in the first place.

      Accordingly, absent (1) sworn representations that Bobulinski and his counsel will appear in person for a JDE and respond to the JDE Subpoena on any new date(s) set by this Court without

---

[12] China Branding notes that although the parties have conferred regarding Bobulinski's posting of a bond which would obviate the need for the Judgment Debtor examination altogether, to date, no such bond has been posted. (Ex Parte Opp. at 103).

[13] As noted above, Bobulinski's attorney attests that China Branding did not provide him with a copy of the JDE Subpoena until June 2, 2021, but omits any indication as to whether or not such counsel earlier received a copy from Bobulinski.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06759-RGK-JC | Date | June 8, 2021 |
|---|---|---|---|
| Title | China Branding Group Limited v. Tony Bobulinski | | |

personal service of any such Court order(s); (2) evidence that Bobulinski/his counsel are working expeditiously and in good faith to respond to the JDE Subpoena; and (3) a showing of good cause, which to date, has not satisfactorily been made, the Court denies the Ex Parte Application without prejudice at this juncture. Because the Court views it to be likely that Bobulinski will seek to challenge at least portions of the JDE Subpoena, and to avoid the need for expedited litigation regarding the same, the Court directs counsel forthwith to confer regarding scheduling. Ideally, the parties would stipulate to a relatively brief continuance of the JDE/compliance deadline for the JDE Subpoena – sufficient to avoid the need for expedited litigation of any challenges to the JDE Subpoena – without the need for personal service of any additional items and with Bobulinski producing those items as to which there may be no objection on at least a rolling basis in advance of the proposed new date.[14]

    IT IS SO ORDERED.

---

[14] Alternatively, the posting of a bond by Bobulinski – which the parties apparently have already discussed to some degree – may obviate the need for post-judgment discovery.