1  Anthony R. Bisconti (SBN 269230)
2  tbisconti@bienertkatzman.com
   **BIENERT KATZMAN LITTRELL WILLIAMS LLP**
3  601 W. 5th Street, Ste. 720
   Los Angeles, CA 90071
4  Telephone (213) 528-3400
   Facsimile (949) 369-3701
5
6  Attorneys for Defendant Tony Bobulinski
7

8                **IN THE UNITED STATES DISTRICT COURT**
9              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10 | CHINA BRANDING GROUP LIMITED | Case No.: 2:20-CV-06759 RGK (JC) |
   | (IN OFFICIAL LIQUIDATION), by and | Hon. R. Gary Klausner |
11 | through its Joint Official Liquidators, Hugh | Presiding Judge |
   | Dickson of Grant Thornton Specialist | |
12 | Services (Cayman), Limited and David | |
   | Bennett of Grant Thornton Recovery & | Hon. Jacqueline Chooljian, |
13 | Reorganisation Limited, | Magistrate Judge |
14 | | |
15 |              Plaintiff, | ***SECOND* EX PARTE** |
   | | **APPLICATION FOR ORDER (I)** |
16 | v. | **CONTINUING JUDGMENT** |
   | | **DEBTOR EXAMINATION AND** |
17 | TONY BOBULINSKI | **(II) EXTENDING DEADLINE TO** |
   | | **RESPOND TO SUBPOENA;** |
18 |              Defendant. | **DECLARATION OF ANTHONY R.** |
   | | **BISCONTI; DECLARATION OF** |
19 | | **TONY BOBULINSKI [PROPOSED]** |
   | | **ORDER** |
20 | | |
21 | | |
22 | | [Submitted to Hon. Jacqueline |
   | | Chooljian, United States Magistrate |
23 | | Judge, Crtrm 750] |
24 | | |
25 | | Action filed:        July 28, 2020 |
26 | | |
   | | Judgment Debtor Examination |
27 | | Date:        June 15, 2021 |
   | | Time:        9:30 a.m. |
28 | | Location: Crtrm 750 |

1

Defendant Tony Bobulinski ("Defendant" or "Mr. Bobulinski") hereby applies, *ex parte*, for an order continuing the judgment debtor examination currently scheduled for June 15, 2021 at 9:30 a.m. (the "JDE") and extending the deadline to respond to the subpoena issued by plaintiff China Branding Group Limited ("CBG") dated April 14, 2021 (the "JDE Subpoena") [*see* Dkt. No. 101-1].

Consistent with Court's order entered June 9, 2021 [Dkt. No. 104], Mr. Bobulinski asks that the Court enter an order briefly continuing the JDE and deadline to respond to the JDE Subpoena to the week of July 26, 2021. Further consistent with the Court's order, if the Court grants this application (the "Second Application"), Mr. Bobulinski agrees to waive any requirement of personal service of additional items related to the JDE and JDE Subpoena, and will agree to produce items to which there may be no unresolved objections on the new date. Declaration of Tony Bobulinski ("Bobulinski Decl.") ¶ 5.

Mr. Bobulinski's counsel conferred with CBG's counsel regarding this proposal as directed by the Court in its order, but unfortunately CBG would not agree to a proposal that would allow for a brief continuance that would also allow (as suggested by the Court) for the avoidance of any expedited litigation concerning the JDE Subpoena (or otherwise), and instead indicated it *may* agree to just a two-week continuance subject to receiving confirmation of Mr. Bobulinski's unavailability on June 15, 2021. Mr. Bobulinski's counsel has provided CBG's counsel with a hotel reservation confirmation, and in the event the parties are able to reach a stipulation prior to the Court's ruling on this Second Application resolving the same, Mr. Bobulinski will promptly notify the Court.

Pursuant to L.R. 7-19, the contact information for counsel for CBG is as follows:

Mariko Taenaka (mt@robertwcohenlaw.com)
Robert Cohen (rwc@robertwcohenlaw.com)
Law Offices of Robert W. Cohen
1901 Avenue of the Stars, Ste. 1900
Los Angeles, CA 90067
Telephone: (310) 282-7586
Facsimile: (310) 282-7589

1    Pursuant to L.R. 7-19.1, on June 11, 2021, Mr. Bobulinski's counsel contacted

2 counsel for CBG explaining Mr. Bobulinski's intention to file this application and the

3 grounds for seeking the relief. Declaration of Anthony R. Bisconti ("Bisconti Decl.") ¶ 2.

4 CBG opposes the requested relief.

5    This application is based upon this notice, the attached Memorandum of Points and

6 Authorities, the attached declarations of Anthony R. Bisconti and Tony Bobulinski, all files

7 and pleadings in this matter, and all other matters of which this Court may take judicial

8 notice.

9  Dated: June 11, 2021                          **BIENERT KATZMAN**

10                                               **LITTRELL WILLIAMS LLP**

                                                 By: /s/ Anthony R. Bisconti

11                                                   Anthony R. Bisconti

12                                                   Attorneys for Defendant

                                                     Tony Bobulinski

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      Introduction and relevant background.**

On June 4, 2021, Mr. Bobulinski filed an *ex parte* application requesting a continuance of the JDE and deadline to respond to the JDE Subpoena for 90 days (the "First Application"). *See* Dkt. No. 102. On June 9, 2021, the Court denied the First Application without prejudice, stating:

> [A]bsent (1) sworn representations that Bobulinski and his counsel will appear in person for a JDE and respond to the JDE Subpoena on any new date(s) set by this Court without personal service of any such Court order(s); (2) evidence that Bobulinski/his counsel are working expeditiously and in good faith to respond to the JDE Subpoena; and (3) a showing of good cause, which to date, has not satisfactorily been made, the Court denies the Ex Parte Application without prejudice at this juncture. Because the Court views it to be likely that Bobulinski will seek to challenge at least portions of the JDE Subpoena, and to avoid the need for expedited litigation regarding the same, the Court directs counsel forthwith to confer regarding scheduling. Ideally, the parties would stipulate to a relatively brief continuance of the JDE/compliance deadline for the JDE Subpoena – sufficient to avoid the need for expedited litigation of any challenges to the JDE Subpoena – without the need for personal service of any additional items and with Bobulinski producing those items as to which there may be no objection on at least a rolling basis in advance of the proposed new date.

Dkt. No. 104 at 8-9.

After receiving the Court's order, Mr. Bobulinski's counsel contacted CBG's counsel to confer regarding scheduling and to propose a stipulation, as suggested by the Court, for a brief continuance of the JDE/compliance deadline for the JDE Subpoena sufficient to avoid the need for expedited litigation of any challenges to the JDE Subpoena, and without the need for personal service of any additional items. *See* Bisconti Decl. Ex. 1 (6/10/2021 Email). While the Court based its denial of the First Application in part on a concern that it may cause further delay and force CBG to incur additional expense in connection with personal service of additional items related to a continued JDE and JDE Subpoena, *see* Dkt. No. 104 at 8, in fact prior to filing the First Application Mr. Bobulinski's counsel advised CBG's counsel that to the extent CBG needed to personally serve any items on Mr.

1

Bobulinski in the future, CBG should contact Mr. Bobulinski's counsel to facilitate same and to avoid CBG incurring the expense associated with personal service. *See* Bisconti Decl. Ex. 2.

On June 10, 2021, counsel for the parties conferred as directed by the Court. Consistent with the suggestion in the Court's order, Mr. Bobulinski's counsel proposed that the parties stipulate to a brief continuance of the JDE and compliance deadline for the JDE Subpoena, to the week of July 26, 2021,[1] which would allow the parties to confer and, if necessary, seek guidance from the Court on any unresolved issues related to the JDE Subpoena without the need for expedited litigation. Bisconti Decl. ¶ 3. CBG declined this proposal but indicated it may be willing to agree to a two-week continuance subject Mr. Bobulinski's confirming that he will be out of town on June 15, 2021. *Id.* Because Mr. Bobulinski will also be unavailable in two weeks, and because this would still not provide sufficient time to avoid expedited litigation over the JDE Subpoena if required, this Second Application is necessary. Nonetheless, prior to filing this Second Application, Mr. Bobulinski's counsel provided CBG with a copy of Mr. Bobulinski's attached declaration, and copies of Mr. Bobulinski's hotel confirmation.

## II.   If the Court grants this Second Application Mr. Bobulinski and counsel will appear for the JDE and respond to the JDE Subpoena without personal service of such Court orders.

As noted above, prior to filing the First Application, Mr. Bobulinski's counsel advised CBG's counsel that to the extent CBG needed to personally serve any items on Mr. Bobulinski in the future, CBG should contact Mr. Bobulinski's counsel to facilitate same and to avoid CBG incurring the expense of personal service. *See* Bisconti Decl. Ex. 2. That will be true of the requested order granting this Second Application and ordering a continued JDE and JDE Subpoena compliance date to the week of July 26, 2021. *See* Bobulinski Decl. ¶ 5. If the Court grants this Second Application Mr. Bobulinski will not

---

[1] Mr. Bobulinski's counsel also suggested an alternative week of August 16, 2021.

require personal service of any such items and will attend the continued JDE and respond to the JDE Subpoena without additional personal service. The caveat to this would be if, as noted in the Court's order and discussed further below, Mr. Bobulinski posts a bond prior to the continued date, which would moot the discovery.

## III. Mr. Bobulinski and his counsel will work expeditiously and in good faith to respond to the JDE Subpoena.

Since May 24, 2021 (the first business day after CBG claims to have served the JDE order and JDE Subpoena on Mr. Bobulinski), Mr. Bobulinski has been travelling extensively for personal and business reasons. Bobulinski Decl. ¶ 7. Mr. Bobulinski will be out of town the week of June 15, 2021 to Northern California for business related reasons scheduled prior to May 23, 2021. *Id.* He will also be travelling to the East Coast for business. *Id.* Accordingly, Mr. Bobulinski's ability to review the JDE Subpoena, access and locate documents that may be responsive to the JDE Subpoena, and work with his counsel has been limited. *Id.*

If the Court grants the Second Application and continues the deadline to respond to the JDE Subpoena to the week of July 26, 2021, Mr. Bobulinski will be able to use this additional time to work diligently with his counsel to gather documents responsive to the JDE Subpoena and will produce those documents as to which there are no unresolved objections at the continued JDE. *Id.* ¶ 7. Even though he has been travelling and lacks full access to information sought, Mr. Bobulinski has begun the process of identifying potentially responsive material and will be coordinating with his counsel for the compilation of that information and assessment concerning its responsiveness and whether it is subject to production, among other matters related to the JDE and JDE Subpoena. *Id.*

Additionally, while Mr. Bobulinski and his counsel will work with CBG's counsel in good faith to try to resolve any objections to the JDE Subpoena, the brief continuance requested by this Second Application will permit the parties to meet and confer over any of Mr. Bobulinski's objections to the JDE Subpoena and seek an order from the Court resolving any such objections in advance of the continued JDE and JDE Subpoena response

deadline, without the need for expedited litigation as suggested by the Court. A potential two-week extension, which CBG suggested it might consider (but has not agreed to), would not similarly provide sufficient time to avoid expedited litigation (if necessary) as suggested in the Court's June 10 order, even if Mr. Bobulinski were available.

## IV.    Additional good cause exists for a brief continuance of the JDE and JDE Subpoena response deadline.

In addition to the foregoing, there are other grounds establishing good cause to grant the brief continuance requested by this Second Application.

Mr. Bobulinski is a retired Navy lieutenant who served this Country for four years on active duty. Bobulinski Decl. ¶ 2. He comes from a family of career servicemen and is a recipient of the Navy/Marine Corps Commendation Medal, the Navy/Marine Corps Achievement Medal, and the National Defense Service Medal. *Id.*

After leaving active military service, Mr. Bobulinski became a successful businessperson. He has been a Chief Executive Officer, shareholder, and director of various businesses. Indeed, in many ways his success as a businessperson is what led to this case, as it arises from his attempt to recover the substantial amounts he loaned to and is owed by CBG that CBG will never repay (and which exceed the amount of the judgment in this case). *Id.* ¶¶ 2-4. In fact, while Mr. Bobulinski loaned CBG hundreds of thousands of dollars and found the buyer for CBG's assets, resulting in him being owed nearly $2 million (which the Court has recognized he will unlikely ever be paid on), when considering the attorneys fees he has paid and amounts sought by the JOLs, Mr. Bobulinski has been damaged at least $3 million in this case.

Mr. Bobulinski's business interests and relationships are geographically diverse, both domestically and internationally. *Id.* ¶ 2. The nature of Mr. Bobulinski's business is largely relationship based, the success of which is often dependent upon multiple meetings and face to face contact with business partners and prospective business partners. *Id.*

As the Court is aware, in March of 2020, because of the COVID-19 pandemic, Mayor Garcetti issued a "Safer at Home" order "calling on residents of the City of Los Angeles to

stay in their residences and limit all activities outside of their homes beyond what is absolutely necessary for essential tasks," which was subsequently revised and extended by "Safer L.A." Orders entered June 1 and July 21. Also, on March 19, a similar state-wide order was issued by Governor Newsom, which was also subsequently modified and extended. Additional, severe restrictions were placed on both domestic and international travel over the last fifteen (15) months due public health concerns arising from the COVID-19 pandemic.

As a result of these and related restrictions, Mr. Bobulinski's business dealings have been severely disrupted. Bobulinski Decl. ¶ 3. And he, like many other citizens, has been forced to go many months without seeing friends and family members. *Id.* However, with the vaccine roll out and improvements in infection rates, the State of California announced in early April its plans to fully reopen on June 15, 2021,[2] and travel restrictions have started to loosen both domestically and internationally.

As a result of these improvements, earlier this year Mr. Bobulinski began making plans and arrangements to resume his normal professional travel schedule, as well as plans to see loved ones he had been unable to visit with due to travel restrictions and health and safety concerns. Bobulinski Decl. ¶ 3. This includes, among other things, travel to Europe during the June through August time frame, which he has done historically for business reasons. *Id.* He will be returning to California the week of July 26. Disruption of his business travel plans will materially prejudice him because it will impede various transactions he is in the process of working on and companies with which he is already dealing. *Id.*

Finally, as the Court observed in its order denying the First Application, the parties have discussed but have not agreed upon the posting of a bond, which would moot judgment related discovery and litigation. *See* Dkt. No. 104 at n.9. The continuance requested by the Second Application will allow Mr. Bobulinski time to further confer with CBG concerning the posting a bond. If the parties can agree, a proposal may then be submitted to the Court for approval. If the parties are unable to agree and Mr. Bobulinski proceeds with a bond, he

---

[2] *See* tinyurl.com/2zaknmhj.

will have sufficient time to propose the bond to the Court in advance of the continued JDE date. Bobulinski Decl. ¶ 8. As a practical matter, even if the parties agree on a bond, Mr. Bobulinski requires some time to coordinate providing the collateral for the bond as required by the bonding company. *Id.*

## V.    CONCLUSION

For the foregoing reasons, Mr. Bobulinski asks that the Court enter an order continuing the JDE and deadline to respond to the JDE Subpoena to the week of July 26, 2021.


Dated: June 11, 2021

**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
By: /s/ Anthony R. Bisconti
    Anthony R. Bisconti
    Attorneys for Defendant
    Tony Bobulinski

## DECLARATION OF TONY BOBULINSKI

I, Tony Bobulinski, declare as follows:

1.      I have personal knowledge of the facts set forth herein. I submit this declaration in support of my *Second Ex Parte Application for Order (i) Continuing Judgment Debtor Examination and (ii) Extending Deadline to Respond to Subpoena* (the "Second Application") and if called to testify as a witness, I could and would testify competently thereto.

2.      I am a retired Navy lieutenant who served this Country for four years on active duty. I come from a family of career servicemen and have received the Navy/Marine Corps Commendation Medal, the Navy/Marine Corps Achievement Medal, and the National Defense Service Medal. After leaving active military service, I entered the business world and have been a Chief Executive Officer, shareholder, and director of various businesses. My business interests and relationships are geographically diverse, both domestically and internationally. The nature of my business is largely relationship based, the success of which is often dependent upon multiple meetings and face to face contact with my business partners and prospective business partners.

3.      As a result of the severe travel and gathering restrictions implemented locally, domestically, and internationally due to the COVID-19 pandemic, my business dealings have been severely disrupted. I have also been forced to go many months without seeing friends and family members. Earlier this year as the vaccine began rolling out, I began making plans and arrangements to resume my normal professional travel schedule, as well as plans to see loved ones I have been unable to visit with due to travel restrictions and health and safety concerns, as I expected things to begin opening. This includes, among other things, travel to Europe during the June through August time frame, which I have historically done for business reasons. I will return to California the week of July 26. Disruption of these business travel plans will materially prejudice me because will impede various business transactions I am in the process of working and companies with which I am already dealing.

4.     The basis for the judgment against me in this case arises from my attempt to recover substantial amounts I loaned to CBG that CBG will never repay (and which exceed the amount of the judgment entered against me).

5.     If the Court grants the Second Application, I waive any requirement of personal service of additional items related to the JDE and JDE Subpoena and will agree to produce items to which there may are no unresolved objections on the new date.

6.     However, in the event a bond is posted, then my understanding is that the posting of the bond will obviate and moot the JDE, the JDE Subpoena, and any other judgment related discovery.

7.     I have been travelling extensively since the week of May 24 for personal and business reasons. I will be out of town the week of June 15, 2021 to Northern California for business related reasons scheduled prior to May 23, 2021. My return date is uncertain, as I am also scheduled to travel from Northern California to the East Coast for business, with respect to which additional meetings are still subject to arrangement and confirmation. Because of my travel, my ability to access and review the JDE Subpoena to date, and to access and locate documents that may be responsive to the JDE Subpoena, and work with my counsel has been limited. If the Court grants the Second Application and continues the deadline to respond to the JDE Subpoena to the week of July 26, 2021, I will be able to work diligently with my counsel to gather documents responsive to the JDE Subpoena and will agree to produce those documents as to which there are no unresolved objections at the continued JDE. Even though I have been travelling and lack full access to information sought, I have begun the process of identifying potentially responsive material and will be coordinating with my counsel for the compilation of that information and assessment concerning its responsiveness and whether it is subject to production, among other matters related to the JDE and JDE Subpoena.

8.     I continue to evaluate my options in terms of posting a bond pending my appeal of the judgment. I have asked my counsel to continue discussions in this regard with counsel for CBG. As a practical matter, based on discussions with various bonding companies

regarding the collateral required for a judgment bond, if we agree on a bond, I will need some time to coordinate providing collateral that is satisfactory to the bonding company for posting of the bond.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing information is true and correct. Executed on June 11, 2021 at Los Angeles, California.

By: _____

Tony Bobulinski

## DECLARATION OF ANTHONY R. BISCONTI

I, Anthony R. Bisconti, declare as follows:

1.      I am a partner at the law firm Bienert Katzman Littrell Williams LLP and represent Defendant Tony Bobulinski ("Mr. Bobulinski") in connection with the post-judgment efforts of Plaintiff China Branding Group Limited (In Official Liquidation) ("CBG") to seek discovery and collect on the judgment entered by the Court on February 18, 2021, in favor of CBG and against Mr. Bobulinski. I am a member in good standing with the State Bar of California and am admitted to practice in the Courts of California and the Central District of California. I have personal knowledge of the facts set forth in this declaration unless the facts are stated on information on belief, and for those matters, I am informed and believe them to be true.

2.      On June 11, 2021, I contacted counsel for CBG explaining Mr. Bobulinski's intention to file this application and the grounds for seeking the relief. CBG opposes the requested relief.

3.      On June 10, 2021, I sent an email to CBG's counsel in this case. Attached hereto as Exhibit 1 is a true and correct copy of that email. I proposed in that email that the parties stipulate to a brief continuance of the JDE and compliance deadline for the JDE Subpoena, to the week of July 26, 2021. This would allow the parties to confer and, if necessary, seek guidance from the Court on any unresolved issues related to the JDE Subpoena without the need for expedited litigation. CBG declined this proposal but indicated it may be willing to agree to a two-week continuance subject Mr. Bobulinski's confirming that he will be out of town on June 15, 2021.

4.      On June 1, 2021, I sent an email to CBG's counsel in this case. Attached hereto as Exhibit 2 is a true and correct copy of that email.

//

//

//

//

1

1    I declare under penalty of perjury of the laws of the United States of America that

2 the foregoing is true and correct. Executed on this 11th day of June, 2021, in Pasadena,

3 California.

4                                        Anthony R. Bisconti
                                         Anthony R. Bisconti
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

| | |
|---|---|
| **Subject:** | FW: Activity in Case 2:20-cv-06759-RGK-JC China Branding Group Limited v. Tony Bobulinski Order on Motion to Continue |
| **Date:** | Wednesday, June 9, 2021 at 12:12:00 PM Pacific Daylight Time |
| **From:** | Tony Bisconti |
| **To:** | mt@robertwcohenlaw.com |
| **Attachments:** | 0104. (06-08-2021) MINUTE ORDER (IN CHAMBERS) by Magistrate Judge Jacqueline Chooljian-(1) DENYING EX PARTE APPLICATIO.pdf |

Hi Mariko,

Are you available to confer as directed by the Court? Consistent with the court's suggestion, we would propose stipulating to a continuance of the JDE/response deadline to the JDE Subpoena to the week of July 26 or week of August 16.

We also propose as part of that stipulation that we set a deadline for the parties to confer/resolve any issues with the JDE Subpoena and a briefing schedule (if necessary) to avoid expedited litigation prior to the continued date.

Also, per my June 1 email, please let me know about any items otherwise requiring personal service on Mr. Bobulinski so I can facilitate the same and avoid the need to have a process server personally serve him.

Thank you.


**Tony Bisconti** | Partner

Bienert Katzman Littrell Williams LLP

<u>Website</u> | <u>vCard</u> | <u>Profile</u>

---

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Sent:** Wednesday, June 9, 2021 8:40 AM
**To:** noreply@ao.uscourts.gov
**Subject:** Activity in Case 2:20-cv-06759-RGK-JC China Branding Group Limited v. Tony Bobulinski Order on Motion to Continue

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

## Notice of Electronic Filing

The following transaction was entered on 6/9/2021 at 8:39 AM PDT and filed on 6/8/2021
**Case Name:**        China Branding Group Limited v. Tony Bobulinski
**Case Number:**      2:20-cv-06759-RGK-JC
**Filer:**
**WARNING: CASE CLOSED on 01/25/2021**
**Document Number:** 104

**Docket Text:**
**MINUTE ORDER (IN CHAMBERS) by Magistrate Judge Jacqueline Chooljian: (1)
DENYING EX PARTE APPLICATION WITHOUT PREJUDICE [102]; AND (2) DIRECTING
COUNSELFORTHWITH TO CONFER. (SEE DOCUMENT FOR FURTHER DETAILS) [102]
(klg)**


**2:20-cv-06759-RGK-JC Notice has been electronically mailed to:**

Jose R Nuno     jnuno@waymakerlaw.com

Samuel Standage Meehan     smeehan@waymakerlaw.com

Mariko Taenaka     mt@robertwcohenlaw.com

Ryan G Baker     file@waymakerlaw.com, rbaker@waymakerlaw.com, calendar@waymakerlaw.com,
bgrace@waymakerlaw.com

Teresa Lenore Huggins     thuggins@waymakerlaw.com

Robert Winslow Cohen     mt@robertwcohenlaw.com, rwc@robertwcohenlaw.com

Anthony R Bisconti     docket@bklwlaw.com, tbisconti@bklwlaw.com, 4579179420@filings.docketbird.com

**2:20-cv-06759-RGK-JC Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to
:**

# EXHIBIT 2

**Subject:** FW: Activity in Case 2:20-cv-06759-RGK-JC China Branding Group Limited v. Tony Bobulinski Proof of Service (subsequent documents)

**Date:** Tuesday, June 1, 2021 at 8:14:43 AM Pacific Daylight Time

**From:** Tony Bisconti

**To:** mt@robertwcohenlaw.com

Hello Mariko,

I hope you had a nice holiday weekend.

I saw that you filed these proofs of service last week concerning the judgment debtor examinations. In the future, if you need to effect service of any documents on Mr. Bobulinski, please let me know so I can see if I can facilitate it. I understand that the process server may have started Mr. Bobulinski's young son, so we'd like to avoid any unnecessary surprises (which will also save your client the expense).

Additionally, I'm writing to request that your client stipulate to continue Mr. Bobulinski's judgment debtor examination due to Mr. Bobulinski's unavailability on June 15. Due to schedule conflicts, we request a continuance to the second half of August. Please let me know.

Finally, the filed proof of service references a subpoena documents. Can you please email me a copy of the subpoena and document requests that this refers to?

Thank you.


**Tony Bisconti** | Partner

Bienert Katzman Littrell Williams LLP

Website | vCard | Profile

---

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Date:** Monday, May 24, 2021 at 11:38 AM
**To:** noreply@ao.uscourts.gov <noreply@ao.uscourts.gov>
**Subject:** Activity in Case 2:20-cv-06759-RGK-JC China Branding Group Limited v. Tony Bobulinski Proof of Service (subsequent documents)

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

## Notice of Electronic Filing

The following transaction was entered by Taenaka, Mariko on 5/24/2021 at 11:23 AM PDT and filed on 5/24/2021

**Case Name:**       China Branding Group Limited v. Tony Bobulinski
**Case Number:**      2:20-cv-06759-RGK-JC
**Filer:**       China Branding Group Limited
**WARNING: CASE CLOSED on 01/25/2021**
**Document Number:** 98

**PROOF OF SERVICE filed by plaintiff China Branding Group Limited, re Order on Motion for Order, [80] served on 5/23/2021. (Taenaka, Mariko)**

**2:20-cv-06759-RGK-JC Notice has been electronically mailed to:**

Anthony R Bisconti     tbisconti@bklwlaw.com, 4579179420@filings.docketbird.com, docket@bklwlaw.com

Jose R Nuno     jnuno@waymakerlaw.com

Mariko Taenaka     mt@robertwcohenlaw.com

Robert Winslow Cohen     rwc@robertwcohenlaw.com, mt@robertwcohenlaw.com

Ryan G Baker     rbaker@waymakerlaw.com, bgrace@waymakerlaw.com, calendar@waymakerlaw.com, file@waymakerlaw.com

Samuel Standage Meehan     smeehan@waymakerlaw.com

Teresa Lenore Huggins     thuggins@waymakerlaw.com

**2:20-cv-06759-RGK-JC Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\POS-020 PROOF OF PERSONAL SERVICECIVIL (Bobulinski) - Signed.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=5/24/2021] [FileNumber=31991065-0
] [0421acf20503fa812544c2e3d288b55ac3da46d49c5f53e76745cc9daf9647e86d4
f21ffee6c5d64138981c9cd16d4c9444978b529424da1ef37bfbc0613a63c]]

# CERTIFICATE OF SERVICE

I declare that I am a citizen of the United States and I am a resident and employed in Los Angeles County, California; that my business address is 601 W. 5th Street, Ste. 720, Los Angeles, California 90071; that I am over the age of 18 and not a party to the above-entitled action.

I am employed by a member of the United States District Court for the Central District of California, and at whose direction I caused service of the foregoing document ***SECOND*** **EX PARTE APPLICATION FOR ORDER (I) CONTINUING JUDGMENT DEBTOR EXAMINATION AND (II) DEADLINE TO RESPOND TO SUBPOENA; DECLARATION OF ANTHONY R. BISCONTI; DECLARATION OF TONY BOBULINSKI [PROPOSED] ORDER** on all interested parties as follows:

**[X]** **BY ELECTRONIC TRANSMISSION:** by electronically filing the foregoing with the Clerk of the District Court using its CM/ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the E-Government Act of 2002, which electronically notifies all parties in this case, or via E-mail at the addresses below

Mariko Taenaka (mt@robertwcohenlaw.com)
Robert W. Cohen (rwc@robertwcohenlaw.com)

**[ ]** **BY MAIL** - I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 11, 2021 at Los Angeles, California.

/s/ Elizabeth Garcia
Elizabeth Garcia