Robert W. Cohen (Bar No. 150310)
 rwc@robertwcohenlaw.com
Mariko Taenaka (Bar. No. 273895)
 mt@robertwcohenlaw.com
LAW OFFICES OF ROBERT W. COHEN
A Professional Corporation
1901 Avenue of the Stars, Suite 1900
Los Angeles, California, 90067
Telephone: (310) 282-7586
Facsimile: (310) 282-7589

*Attorneys for Plaintiff China Branding Group*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>        Plaintiff,<br><br>v.<br><br>TONY BOBULINSKI,<br><br>        Defendant. | Case No. 2:20-cv-06759 RGK(JCx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND EX PARTE APPLICATION FOR CONTINUANCE OF THE JUDGMENT DEBTOR EXAMINATION OF TONY BOBULINSKI** |

    Plaintiff and Judgment Creditor China Branding Group Limited submits this opposition to Defendant and Judgment Debtor Tony Bobulinski's *second* ex parte application for continuance of the judgment debtor examination and to extend the deadline to respond to the accompanying subpoena.

On June 4, 2021, Mr. Bobulinski filed his first application for ex parte relief for continuance of the judgment debtor exam and the deadline to respond to the accompanying subpoena by 90 days. (Dkt. 102.) Plaintiff opposed the application on the grounds that Mr. Bobulinski failed to show good cause for the continuance. The Court agreed with Plaintiff, denying Mr. Bobulinski's application on the grounds that he failed to demonstrate good cause for the requested relief and directed counsel to further meet and confer. (Dkt. 104.)

As directed by the Court, counsel for the parties met and conferred by telephone on June 10, 2021. Mr. Bobulinski's counsel requested that the parties stipulate to continue the debtor's examination to July 26, 2021. Plaintiff's counsel explained that a five-week continuance was unreasonable in light of the risk that Mr. Bobulinski may further dissipate or conceal his assets, but that if Mr. Bobulinski were to provide some proof that he was out of town on June 15, 2021, Plaintiff would be willing to stipulate to a two-week continuance.[1] Thus Plaintiff requested that Mr. Bobulinski provide a flight confirmation, hotel confirmation or any other documentation that would evidence his travel. Mr. Bobulinski's counsel agreed to confer with his client and provide the requested documentation, if any, later that day. However, without ever providing any proof of his travel, on June 11, 2021 Mr. Bobulinski's counsel provided a copy of Mr. Bobulinski's new declaration and again sought a continuance of the examination to July 26, 2021. Thus Plaintiff reiterated its request for proof of travel. Then at 7:19 p.m. on Friday evening, Mr. Bobulinski finally provided a hotel confirmation for the Hyatt Regency in Monterey, California. The hotel confirmation shows Mr. Bobulinski checking in on June 13, 2021 and checking out June 15, 2021. Mr. Bobulinski filed his second application for ex parte relief approximately an hour later.

---

[1] Plaintiff suggested the two-week extension in light of this Court's suggestion that the parties "stipulate to a relatively brief continuance" to address any challenges to the subpoena. (Dkt. 104.)

     Mr. Bobulinski's second attempt for a continuance, however, is no more persuasive than his first.  While Mr. Boulinski's new declaration does provide some additional information concerning his travels, it is still utterly lacking in specific details to evidence that he is really traveling, and not simply avoiding the examination.  For example, Mr. Bobulinski only states that he has "been travelling extensively since the week of May 24 for personal and business reasons" and that he "will be out of town the week of June 15, 2021 to Northern California for business reasons…" (Dkt. 105, Bobulinski Decl. ¶ 7.)  He still fails to identify what city he has been or will be in, exactly what dates he will be there and whether he will be in Los Angeles prior to July 26, 2021.  Although Mr. Bobulinski finally provided a copy of his hotel confirmation an hour prior to filing this application, what he provided only covers three days (June 13-15, 2021), despite the fact that he is requesting a five-week continuance.  Mr. Bobulinski's failure to provide Plaintiff with any other travel information for the relevant period is telling.

     Furthermore, despite the fact that Mr. Bobulinski declares under penalty of perjury that he has been "travelling extensively since the week of May 24, 2021," the declaration he submitted in support of this first ex parte application was executed on *June 4, 2021* in *Los Angeles, California* and the declaration supporting this second application dated *June 11, 2021* was also executed in *Los Angeles*.  The Court should, therefore, consider Mr. Bobulinski's declaration with caution.  Lastly, Mr. Bobulinski admits in his declaration that his travel plans and business meetings are "still subject to arrangement and confirmation," implying that he could schedule them around the already Court ordered examination date of June 15, 2021.  (Dkt. 105, Bobulinski Decl. ¶ 7.)  Mr. Bobulinski provides no explanation as to why his business meetings should take priority over this Court's order, directing him to appear for his examination.

     As explained in Plaintiff's opposition to Mr. Bobulinski's first ex parte application and as the Court agreed, the moving party must show good cause for the

continuance. *Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015); *Ahmed v. Holder*, 569 F.3d 1009, 1014 (9th Cir. 2009); *Diaz-Covarrubias v. Mukasey,* 551 F.3d 1114, 1119 (9th Cir. 2009). The declaration of Mr. Bobulinski accompanying this application still fails to make a showing of good cause to entitle him to a five-week continuance and also fails to address why Plaintiff's suggested two-week continuance is unreasonable.

Based on the foregoing, Plaintiff and Judgment Creditor China Branding Group Limited respectfully requests that the ex parte application for the continuance of the judgment debtor's examination and extension of the deadline to respond to the subpoena be denied.

Respectfully submitted.

DATED: June 12, 2021                    LAW OFFICES OF ROBERT W. COHEN
                                        A Professional Corporation


                                        By   /s/   Mariko Taenaka
                                            Robert W. Cohen
                                            Mariko Taenaka
                                            Attorneys for Plaintiff

## DECLARATION OF MARIKO TAENAKA

I, Mariko Taenaka, declare as follows:

1. I am one of the attorneys of record for Plaintiff and Judgment Creditor China Branding Group Limited. I have personal knowledge of the facts stated herein.

2. On June 10, 2021, I spoke on the phone with Tony Bobulinski's counsel, Tony Bisconti. Mr. Bisconti requested that we stipulate to continue the examination until July 26, 2021. I explained that I was not convinced that Mr. Bobulinski was actually unavailable on June 15, 2021 and requested that he provide me with a flight confirmation, hotel confirmation or some other documentation that would evidence that he will be out of town. I further explained that if documentation was provided, I would be willing to stipulate to a two-week continuance to provide us with sufficient time to further meet and confer regarding the documents requested in the subpoena. Mr. Bisconti stated he would confer with his client and provide me with documentation, if any, later that day. However, I did not receive any communications from Mr. Bisconti that day.

3. Then on June 11, 2021, Mr. Bisconti emailed me a copy of Mr. Bobulinski's new declaration and again requested a continuance of the examination to July 26, 2021. Mr. Bisconti explained that if Plaintiff did not stipulate to the July 26, 2021 date, then Mr. Bobulinski would file another ex parte application. Mr. Bisconti's email failed to attach any documents proving that Mr. Bobulinski would be travelling on June 15, 2021. Therefore, in response, I emailed Mr. Bisconti and reiterated my request for proof of travel. Finally at 7:19 p.m. on Friday June 11, 2021, Mr. Bobulinski provided one hotel confirmation showing him checking in at a hotel in Monterey, California on June 13, 2021 and checking out at noon on June 15, 2021. (The hotel confirmation provided does not state when the hotel reservation was actually made.) Attached as **Exhibit A** is the email and hotel confirmation I received. Mr. Bobulinksi filed his ex parte approximately one hour later.

4.        On June 12, 2021, I did email Mr. Bisconti advising him that while I remained skeptical of Mr. Bobulinski's travel plans, in light of his provision of the hotel confirmation showing him in Monterey, California on June 15, 2021, I would stipulate to a two-week continuance.  As of the filing of this opposition I have not received a response from Mr. Bisconti.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.  Executed on June 12, 2021 in Los Angeles, California.

/s/ Mariko Taenaka
Mariko Taenaka

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2021 a copy of the foregoing document was filed electronically via the Court's CM/ECF system. Pursuant to Local Rule 5-3.2.1 notice of filing will be served on all parties by operation of the Court's CM/ECF system, and parties may access this filing through the Court's CM/ECF system.

/s/ Mariko Taenaka
Mariko Taenaka