Anthony R. Bisconti (SBN 269230)
tbisconti@bienertkatzman.com
**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
601 W. 5th Street, Ste. 720
Los Angeles, CA 90071
Telephone (213) 528-3400
Facsimile (949) 369-3701

Attorneys for Defendant Tony Bobulinski

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>     Plaintiff,<br><br>v.<br><br>TONY BOBULINSKI<br><br>     Defendant. | Case No.: 2:20-CV-06759 RGK (JC)<br>Hon. R. Gary Klausner<br>Presiding Judge<br><br>Hon. Jacqueline Chooljian,<br>Magistrate Judge<br><br>**DECLARATION OF ANTHONY R. BISCONTI IN SUPPORT OF MOTION TO QUASH SUBPOENA ISSUED TO DEFENDANT TONY BOBULINSKI AND FOR PROTECTIVE ORDER LIMITING DISCOVERY**<br><br>[Submitted to Hon. Jacqueline Chooljian, United States Magistrate Judge, Crtrm 750]<br><br>Hearing Information:<br>Date:   July 13, 2021<br>Time:   10:30 a.m.<br>Crtrm:  750<br><br>Action filed:       July 28, 2020 |

1

I, Anthony R. Bisconti, declare as follows:

1.    I am a partner at the law firm Bienert Katzman Littrell Williams LLP and represent Defendant Tony Bobulinski ("Mr. Bobulinski") in connection with the post-judgment efforts of Plaintiff China Branding Group Limited (In Official Liquidation) ("CBG") to seek discovery and collect on the judgment entered by the Court on February 18, 2021, in favor of CBG and against Mr. Bobulinski. I am a member in good standing with the State Bar of California and am admitted to practice in the Courts of California and the Central District of California. I submit this declaration in support of Mr. Bobulinski's *Motion to Quash Subpoena Issued to Defendant Tony Bobulinski and for Protective Order Limiting Discovery* (the "Motion"). I have personal knowledge of the facts set forth in this declaration unless the facts are stated on information on belief, and for those matters, I am informed and believe them to be true.

2.    Attached to this declaration as <u>Exhibit 1</u> is a true and correct copy of the subpoena CBG issued to Mr. Bobulinski that is the subject of the Motion (the "Subpoena").

3.    On June 17 and 18, 2021, I met and conferred with CBG's counsel concerning Mr. Bobulinski's objections to the Subpoena. While we were able to resolve several of Mr. Bobulinski's objections to the Subpoena, we were unable to reach an agreement with respect to Request Nos. 3, 6, 9, 11, 12, 18, and 20-30. Accordingly, Mr. Bobulinski has filed the Motion with respect to these requests.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on this 21st day of June, 2021, in Los Angeles, California.

<u>Anthony R. Bisconti</u>
Anthony R. Biscont

2

# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| China Branding Group Limited | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:20-cv-06759-RGK-JC |
| Tony Bobulinski | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                        Tony Bobulinski

*(Name of person to whom this subpoena is directed)*

☛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment

| Place: Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, CA, 90012, Courtroom 750, 7th Floor | Date and Time: 06/15/2021 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/14/2021

*CLERK OF COURT*

                                                          OR

_____                    /s/ Mariko Taenaka
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

China Branding Group Limited _____ , who issues or requests this subpoena, are:

Mariko Taenaka, Law Offices of Robert W. Cohen, 1901 Ave of the Stars, #1900, LA, CA 90067; 310-282-7586

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case Number: **2:20-cv-06759-RGK**

**Case Name:**

**China Branding Group Limited (In Official Liquidation)**
vs.
**Tony Bobulinski**

## ATTACHMENT TO SUBPOENA IN A CIVIL CASE

The records to be produced are described as follows:

1.      All monthly and periodic statements, cancelled checks, wire instructions and other documents evidencing financial transactions, from January 1, 2018 through the present, related to all bank accounts, savings accounts, checking accounts, savings and loan accounts, credit union accounts, money market accounts, brokerage and investment accounts, and all accounts from any other financial institution held in the name of the TONY BOBULINSKI or ANTHONY BOBULINSKI or ANTHONY R BOBULINSKI (hereafter "Judgment Debtor," "YOU" or "YOUR") or in which YOU maintain an interest.

2.      All documents evidencing or relating to YOUR current employment.

3.      All employment agreements, independent contractor agreements, commission agreements or any other agreements in which YOU or an entity owned by YOU is a party and provides a service for which YOU or YOUR entity is compensated.

4.      All documents evidencing YOUR current income from any source, including but not limited to checks, cash receipts, paystubs, W-2s, K-1 statements, dividend statements, and commission statements.

5.      All documents evidencing or relating to safe deposit boxes held in YOUR name.

6.      All tax returns filed by YOU with any governmental body for the years 2018 through the present.

7.      All documents evidencing or relating to stock certificates, certificates of deposit, bonds, mutual funds and/or other types of securities or investments held in

1

YOUR name.

8.     Titles ("pink slips") and all documents evidencing an ownership interest in all motor vehicles, aircraft, boats, and other vehicles held in YOUR name.

9.     All documents including but not limited to mortgage statements and appraisals evidencing or relating to all real estate held in YOUR name or in which YOU maintain an interest.

10.     All documents, monthly and periodic statements from and after January 1, 2018 evidencing or relating to credit cards, debit cards, charge cards held in YOUR name or which YOU have used.

11.     The lease or rental agreement for YOUR current residence.

12.     All documents evidencing life insurance policies in which YOU are named as an owner, insured or beneficiary.

13.     All documents evidencing monies owed to YOU by others, including but not limited to settlement agreements, accounts receivable and promissory notes.

14.     All documents evidencing jewelry owned by YOU that is valued at $1,000 or more.

15.     All documents evidencing artwork owned by YOU that is valued at $1,000 or more.

16.     All documents evidencing or relating to any personal property owned by YOU or in which YOU maintain an interest valued at $1,000 or more.

17.     All documents evidencing or relating to any trust held in YOUR name or in which YOU are a named beneficiary.

18.     All statements from IRAs, 401ks, Keogh, Profit Sharing or other pension or retirement funds held in YOUR name or in which YOU have an interest.

19.     All documents evidencing or relating to cash YOU have in your possession.

20.     All documents evidencing or relating to YOUR ownership interest in any corporation, LLC, LP, partnership or other business entity.

2

21.     All monthly and periodic statements from and after January 1, 2018 related to all bank accounts, savings accounts, checking account, savings and loan account, credit union accounts, brokerage and investment accounts, and all accounts from any other financial institution held in the name of any corporation, LLC, LP, partnership or other business entity in which you maintain an interest.

22.     All tax returns for any corporation, LLC, LP, partnership or other business entity in which you maintain an interest filed with any governmental body from 2018 to the present.

23.     All financial statements for any corporation, LLC, LP, partnership or other business entity in which you maintain an interest, for the period beginning January 1, 2018 to the present.

24.     All general ledger reports for any corporation, LLC, LP, partnership or other business entity in which you maintain an interest, for the period beginning January 1, 2018 to the present.

25.     All profit and loss statements for any corporation, LLC, LP, partnership or other business entity in which you maintain an interest, for the period beginning January 1, 2018 to the present.

26.     All trial balance statements for any corporation, LLC, LP, partnership or other business entity in which you maintain an interest, for the period beginning January 1, 2018 to the present.

27.     All documents evidencing or relating to accounts receivable for any corporation, LLC, LP, partnership or other business entity in which you maintain an interest, for the period beginning January 1, 2018 to the present.

28.     All documents evidencing or relating to services performed by any corporation, LLC, LP, partnership or other business entity in which you maintain an interest, for the period beginning January 1, 2018 to the present.

29.     All documents evidencing or relating to real, personal or intangible property owned by or held in the name of any corporation, LLC, LP, partnership or other

business entity in which you maintain an interest, for the period beginning January 1, 2018 to the present.

30.     All documents that identify YOUR business associates by name, address and telephone number.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:20-cv-06759-RGK-JC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Tony Bobulinski

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

Tony Bobulinski

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $         0.00         for travel and $      80.00      for services, for a total of $      80.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

Barbara  Wolford
_____
*Printed name and title*
4712 Admiralty Way, Suite 866
Marina del Rey, CA 90292
California PI License #28192

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) Command to Produce Materials or Permit Inspection.**
  **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) Quashing or Modifying a Subpoena.**
  **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
  **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) Claiming Privilege or Protection.**
  **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).