Robert W. Cohen (Bar No. 150310)
  rwc@robertwcohenlaw.com
Mariko Taenaka (Bar. No. 273895)
  mt@robertwcohenlaw.com
LAW OFFICES OF ROBERT W. COHEN
A Professional Corporation
1901 Avenue of the Stars, Suite 1900
Los Angeles, California, 90067
Telephone:   (310) 282-7586
Facsimile:   (310) 282-7589

*Attorneys for Plaintiff China Branding Group*

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>              Plaintiff,<br><br>v.<br><br>TONY BOBULINSKI,<br><br>              Defendant. | Case No. 2:20-cv-06759 RGK(JCx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO QUASH POST JUDGMENT SUBPOENAS**<br><br>Date:          July 13, 2021<br>Time:          10:30 a.m.<br>Courtroom:  750 |

# TABLE OF CONTENTS

I.     INTRODUCTION...……………………………….……………..…1

II.    LEGAL STANDARDS ...…………......................................................1

III.   MR. BOBULINSKI SHOULD BE ORDERED TO PRODUCE THE
       REQUESTED DOCUMENTS……………………………………....3

       A. Request No. 6……………………………………………………3

       B.  Request No. 11……………………………………………….4

       C.  Request Nos. 12 and 18………..…………………………….5

       D. Request Nos. 3, 9, 20 and 30...……………………………….7

       E.  Request Nos. 21-29……………………………………….....7

       F.  The Time Period…………………………………………8

IV.    CONCLUSION………………………………………………..9

# TABLE OF AUTHORITIES

## Cases

*In re Bernard,*
    40 F.3d 1028 (9th Cir. 1994)…………………………………………….6

*In re Bloom,*
    839 F.2d. 1376 (9th Cir. 1988)……………………………………………6

*British Int'l Ins. Co. v. Seguros La Republica, S.A.*, 90 Civ. 2370 (JFK)(FM),
    2000 U.S. Dist. LEXIS 7509 (S.D.N.Y. June 1, 2000)………………………2

*Caisson Corp. v. County. West Building Corp.,*
    62 F.R.D. 331 (E.D. Pa 1974)…………………………………………………..2

*Danning v. Lavine,*
    572 F.2d 1386 (9th Cir. 1978)……………………………………………2

*In re Eagan Avenatti, LLP,* No. 8:18-cv-01644-VAP-KESx,
    2019 U.S. Dist. LEXIS 130903 (C.D. Cal. Apr. 18, 2019)…………………2

*F.D.I.C. v. LeGrand,*
    43 F.3d 163 (5th Cir. 1995)………………………………….……………1, 2, 3

*Hooser v. Superior Court,*
    84 Cal.App.4th 997 (2000)……………………………………………………..2

*In re Jacoway,*
    255 B.R. 234 (9th Cir. BAP 2000)……………………………………………6

*JP Morgan Chase Bank, N.A. v. DataTreasury Corp.,*
    926 F. 3d 251 (5th Cir. 2019)………………………………………………..7

*Laufman v. Elliston,*
    2008 WL 681829 (D. Ariz. Mar. 7, 2008)………………………….……..5

*In re Moffat,*
    119 B.R. 201(9th Cir. BAP 1990)………………………………………5

*Packaging Corp. of Am. v. Bonert's, Inc.,* No. 8:16-cv-00818-JVS-KSx,
    2019 U.S. Dist. LEXIS 42951 (C.D. Cal. Mar. 11, 2019)…………………2

*In re Pikush,*
    157 B.R. 155 (9th Cir. BAP 1994)…………………………………………..5

*Republic of Argentina v. NML Capital*, Ltd.,
    573 U.S. 134 (2014)…………………………………………………………2

*In re Rucker,*
    570 F3d 1155 (9th Cir. 2009)………………………………………6

1

2 *Ryan Inv. Corp. v. Pedregal De Cabo San Lucas,* No. C 06-3219 JW (RS),
     2009 U.S. Dist. LEXIS 118337 (N.D. Cal. Dec. 18, 2009)…………………..2

3

4 *Schwartzman v. Wilshinsky,*
     50 Cal.App.4th 619 (1996)………………………………………………..6

5 *In re Spenler*,
     212 B.R. 625 (9th Cir. BAP 1997)………………………………………6

6

7 *St. Regis Paper Co. v. United States,*
     368 U.S. 208 (1961)…………………………………………………….3

8 *Trans World Airlines, Inc. v. Hughes,*
     29 F.R.D. 523 (S.D. N.Y.1961)………………………………………...3

9

10 *Troy v. Superior Court*,
     186 Cal.App.3d 1006 (1986)…………………………………………...2

11 *United States v. Bonanno,*
     119 F.R.D. 625 (E.D.N.Y. 1988)……………………………………….3

12

13 *United States v. McWhirter,*
     376 F.2d 102 (5th Cir. 1967)…………………………………………….2

14 *United States v. Pauly,*
     725 F. Supp. 923 (W.D. Mich. 1989)…………………………………..5

15

16 *In re Vigghiany,*
     74 B.R. 61 (Bankr. S.D. Cal. 1987)……………………………………6

17 *In re Woodson,*
     839 F.2d. 610 (9th Cir. 1988)…………………………………………..5

18

19 *Young v. Keele*,
     188 Cal.App.3d 1090 (1987)…………………………………………..2, 5

20

21 **Statutes**

22 Cal. Code Civ. Proc. § 704.100(b)……………………………………………6

23 Cal. Code Civ. Proc. § 704.115(a)(3)…………………………………………6

24 Cal. Code Civ. Proc. § 704.115(b)……………………………………………6

25 Federal Rules of Civil Procedure Section 26……...…………………………1, 8

26 Federal Rules of Civil Procedure Section 69……………………….…...1, 2, 3

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

In this action for recognition and enforcement of a Cayman Island judgment in favor of Plaintiff China Branding Group Limited (in official liquidation) and against Defendant Tony Bobulinski, the Court entered judgment pursuant to China Branding's summary judgment motion on February 18, 2021, awarding $662,855.95 plus costs of suit.  ECF. No. 65.  Plaintiff has since only collected approximately $92.00 and Mr. Bobulinski has made no payments or posted any bond.  On April 14, 2021 Plaintiff obtained an order for Mr. Bobulinski to appear for examination (the "JDE") and the order was served with a subpoena ordering Mr. Bobulinski to produce documents.  The order and subpoena were personally served upon Mr. Bobulinski on May 23, 2021.  Mr. Bobulinski sought to continue the date of his examination and the production of documents twice, and on his second attempt, this Court granted his request and further directed the parties to meet and confer regarding the scope of the subpoenaed documents in conjunction with the JDE.

On Jun 17, 2021, counsel for the parties engaged in a lengthy meet and confer and Plaintiff made substantial compromises limiting the scope on about half of the requested documents.  The remaining items in which the parties were unable to agree on are now at issue in this motion.  However, because Mr. Bobulinski mistakenly asserts that Rule 26(c) applies to the documents requested, rather than Rule 69 which governs post-judgment discovery, his objections are meritless and this Court should deny his motion to quash the subpoena.

## II.    LEGAL STANDARDS

Although Mr. Bobulinski goes at length to explain Rule 26 and cites numerous cases in support of his position, most of the cases cited by Mr. Bobulinski involve *pre-judgment* discovery.  *Post-judgment* discovery is governed by Rule 69 and provides a judgment creditor with much boarder entitlements to information. *F.D.I.C. v. LeGrand,* 43 F.3d 163, 172 (5th Cir. 1995) ("The scope of post judgment

discovery is very broad . . . .”). ‘"A judgment creditor is therefore ordinarily entitled to a very thorough examination of a judgment debtor with respect to its assets, including discovery [of] the identity and location of any of the judgment debtor's assets, wherever located.'" *Id.* (quoting *British Int'l Ins. Co. v. Seguros La Republica, S.A.*, 90 Civ. 2370 (JFK)(FM), 2000 U.S. Dist. LEXIS 7509, at *16 (S.D.N.Y. June 1, 2000).)   "The rules governing discovery in postjudgment proceedings are *quite permissive*." *Republic of Argentina v. NML Capital, Ltd.,* 573 U.S. 134, 135 (2014) (emphasis added). "Courts recognize that '[a] judgment creditor 'must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.'" *Packaging Corp. of Am. v. Bonert's, Inc.,* No. 8:16-cv-00818-JVS-KSx, 2019 U.S. Dist. LEXIS 42951, at *12 (C.D. Cal. Mar. 11, 2019) (quoting *Caisson Corp. v. County. West Building Corp.*, 62 F.R.D. 331, 334 (E.D. Pa 1974).)   "The discovery contemplated by rule 69(a) is a distinct phase of the litigation with a narrow focus.  It is solely to enforce the judgment by way of the supplemental proceedings." *Danning v. Lavine*, 572 F.2d 1386, 1390 (9th Cir. 1978).  "One purpose of such special discovery is to identify assets that can be used to satisfy a judgment." *Ryan Inv. Corp. v. Pedregal De Cabo San Lucas*, No. C 06-3219 JW (RS), 2009 U.S. Dist. LEXIS 118337, at *3 (N.D. Cal. Dec. 18, 2009).  To effectuate that purpose, the discovery rules are to be liberally construed. *United States v. McWhirter*, 376 F.2d 102, 106 (5th Cir. 1967).

In postjudgment discovery, judgment creditors may rely on either state or federal law. *In re Eagan Avenatti, LLP*, No. 8:18-cv-01644-VAP-KESx, 2019 U.S. Dist. LEXIS 130903, at *2 (C.D. Cal. Apr. 18, 2019).  The judgment creditor is accorded "the widest scope for inquiry concerning property and business affairs of the debtor[.]" *Young v. Keele*, 188 Cal.App.3d 1090, 1093 (1987); *Hooser v. Superior Court*, 84 Cal.App.4th 997, 1002 (2000).  *See Troy v. Superior Court*, 186 Cal.App.3d 1006, 1014 (1986) (judgment creditor is entitled "to leave no stone unturned in the search for assets which might be used to satisfy the judgment").

1   Thus, under both California law and federal law, information which may not

2   necessarily be discoverable under Rule 26 can be discoverable under Rule 69.  And

3   as set forth below, all of the documents requested at issue are discoverable under

4   Rule 69.

5       **III.    MR. BOBULINSKI SHOULD BE ORDERED TO PRODUCE**

6               **THE REQUESTED DOCUMENTS**

7           **A. Request No. 6**

8           Mr. Bobulinski objects to the production of his tax returns, citing

9   predominantly California state court cases.  However, it is well established that

10  federal courts routinely order the production of tax returns.  *St. Regis Paper Co. v.*

11  *United States*, 368 U.S. 208, 219 (1961); *Trans World Airlines, Inc. v. Hughes*, 29

12  F.R.D. 523 (S.D. N.Y.1961), aff'd, 332 F.2d 602 (2d Cir. 1964); *United States v.*

13  *Bonanno*, 119 F.R.D. 625, 627 (E.D.N.Y. 1988).  Many courts have adopted a two-

14  step inquiry in determining whether tax returns are discoverable; first the requesting

15  party must make a showing of relevance.  *Id.*  However, where a judgment creditor

16  is requesting tax returns in aid of enforcement of a judgment, *relevance is virtually*

17  *presumed*.  *F.D.I.C. v. LeGrand, supra*, 43 F.3d at 172 ("A tax return necessarily

18  contains information relating to a taxpayer's financial position, which is highly

19  relevant to a judgment creditor. The tax return can verify the information provided

20  by the judgment-debtor concerning his assets and income, and it can reveal a

21  judgment-debtor's attempts to hide assets.")  Once the requesting party makes a

22  showing that the tax returns are relevant, then the burden then shifts to the judgment

23  debtor to show that other sources of information exist.  *Id.*

24          Because the tax returns are sought to aid collection efforts, relevance, of

25  course, is presumed.  However, even absent such presumption, Mr. Bobulinski's tax

26  returns are plainly relevant here—the tax returns can verify his income and assets,

27  all information Mr. Bobulinski has been withholding from Plaintiff thus far.  The

28  burden, then, shifts to Mr. Bobulinski to prove that other sources are of information

are available.  Although Mr. Bobulinski contends that the information in a tax return would be readily ascertainable in request number 4, this is untrue.  Request number 4 is limited to "current sources of income" and therefore would not provide Plaintiff with information concerning his sources of income from 2018 to the present. Furthermore, tax returns would also list other assets owned by Mr. Bobulinski which may not currently be generating any "income" and therefore would not be encompassed in request number 4.

Lastly, Mr. Bobulinski's objections based on privacy are also meritless in light of the fact that there is a protective order in place and he has the ability to designate his tax returns as confidential. Mr. Bobulinski, therefore, should be ordered to produce his tax returns.

**B. Request No. 11**

Request No. 11 requests a copy of his lease agreement.[1]  Mr. Bobulinski's lease agreement is plainly relevant in Plaintiff's efforts to enforce the judgment.  If the lease agreement reveals that Mr. Bobulinski has paid a security deposit, then those funds would be subject to an assignment order.  Additionally, the agreement will also provide Plaintiff with information concerning the amount of rent he is paying and may help to reveal his source for paying his rent.  There is no legitimate reason why he should not be required to provide a copy of his lease agreement.

---

[1] Plaintiff has already subpoenaed Mr. Bobulinski's landlord, Fisch Properties, L.P., to obtain a copy of the lease and information concerning the security deposit. However, Mr. Bobulinski objected to its production and advised that he would file another Motion to Quash the Subpoena as he did regarding the subpoena served on Citibank and YDS Investment Company.  (ECF No. 87).  In an effort to compromise and refrain from wasting judicial resources, the parties stipulated to postpone the subpoena production date for Fisch Properties, L.P. pending the outcome of Mr. Bobulinski's Motion to Quash Subpoenas.  (ECF No. 100).  Thus, Mr. Bobulinski has now objected to every avenue for Plaintiff to secure a copy of the lease agreement.

1

2        **C. Request No. 12 and 18**

3        Mr. Bobulinski objects to Request No. 12 and 18 asserting that life insurance

4    policies and retirement accounts are exempt assets and judgment creditors can only

5    seek discovery concerning non-exempt assets, citing the case *Laufman v. Elliston*,

6    2008 WL 681829, at 4* (D. Ariz. Mar. 7, 2008).  However, the *Laufman* case itself

7    only affirms a Report and Recommendation (ECF No. 218)[2] issued by the

8    Magistrate Judge, which opined that the Court had no authority to order the U.S.

9    Marshal to locate a judgment debtor.  Furthermore, this proposition is directly

10   contrary to the general principal that judgment creditors are accorded "the widest

11   scope for inquiry concerning property and business affairs of the debtor[.]" *Young v.*

12   *Keele*, *supra*, 188 Cal.App.3d at 1093.

13       Furthermore, even if discovery were really limited only to the discovery of

14   "non-exempt assets," both life insurance policies and retirement accounts are non-

15   exempt assets subject to collection in a variety of circumstances.  It is well-

16   established that matured life insurance policies are not exempt unless there is a

17   showing that the benefits are "reasonably necessary" for the support of the debtor.

18   *In re Moffat*, 119 B.R. 201, 203-205 (9th Cir. BAP 1990); *In re Pikush,* 157 B.R.

19   155, 158 (9th Cir. BAP 1994).  Considering Mr. Bobulinski's representations that he

20   is a wealthy businessman engaged in business dealings involving millions of dollars,

21   any benefits would *not* be "reasonably necessary" for his support.  Moreover, the

22   aggregate loan value of a life insurance policy can also be subject to collection

23   absent a timely claim of exemption.  *In re Woodson*, 839 F.2d. 610, 618, fn. 3 (9th

24   _____

25   [2]  In the underlying Report and Recommendation, the court states in passing that
     judgment creditors can only obtain discovery to locate non-exempt assets, citing

26   *United States v. Pauly*, 725 F. Supp. 923, 928 (W.D. Mich. 1989).  Unfortunately,

27   the *Pauly* case says no such thing -- the case involved the execution of a writ of
     execution and makes no mention of a judgment creditor's entitlement to discover

28   "non-exempt" assets.

1  Cir. 1988).  The amount of the exemption is also limited to $12,200, meaning all
2  amounts above the exemption is fair game.  Cal. Code Civ. Proc. § 704.100(b).

3       Private employer retirement accounts are similarly only exempt to the extent
4  that they are designed and used primarily for retirement purposes.  Cal. Code Civ.
5  Proc. § 704.115(b); *In re Bloom*, 839 F.2d. 1376, 1378 (9th Cir. 1988); *In re*
6  *Jacoway*, 255 B.R. 234, 238, fn. 4 (9th Cir. BAP 2000); *In re Rucker*, 570 F3d 1155,
7  1160 (9th Cir. 2009).  Similarly, self-employed retirement plans are only exempt to
8  the extent they do not exceed the maximum exemption amounts under federal
9  income tax law and to the extent "necessary" for support of the judgment debtor
10 when he or she retires.  Cal. Code Civ. Proc. § 704.115(a)(3); *In re Vigghiany,* 74
11 B.R. 61, 62-63 (Bankr. S.D. Cal. 1987).  However, exemptions are not automatic
12 and are commonly denied where the judgment debtor has sufficient assets and
13 income available.  *See In re Bernard,* 40 F.3d 1028, 1032-1033 (9th Cir. 1994)
14 ($250,000 annuity policy not exempt where 60-year-old judgment debtor earned in
15 excess of $200,000 per year and would receive substantial income from other
16 sources upon retirement); *Schwartzman v. Wilshinsky,* 50 Cal.App.4th 619, 625-627
17 (1996) (IRA found not exempt where judgment debtor was a 40 year old stock
18 broker earning in excess of $475,000 per year); *In re Spenler,* 212 B.R. 625, 631-
19 632 (9th Cir. BAP 1997) ($270,000 IRA not exempt for 55-year-old judgment
20 debtor who would receive at least $62,000 per year after retirement from his ERISA
21 pension plan and social security benefits.)

22      Again, in light of Mr. Bobulinski's own representations that he is a wealthy
23 and successful businessman engaged in business transactions involving millions of
24 dollars, the likelihood that he would have multiple sources of income during
25 retirement is high, meaning that his retirement accounts would likely be found to be
26 non-exempt and subject to levy.

27
28

**D. Request No. 3, 9, 20 and 30**

Request No. 3 requests agreements that evidence services provided by Mr. Bobulinski for which he received compensation directly or through an entity owned by him, Request No. 9 requests documents evidencing real estate owned by Mr. Bobulinski, Request No. 20 requests documents evidencing Mr. Bobulinski's ownership interest in other companies and Request No. 30 requests contact information of business associates of Mr. Bobulinski.[3]  As extensively explained above, Plaintiff has the broad right to engage post-judgment discovery and identify income and assets necessary to enforce the judgment, and all of these requests are particularly aimed for such purpose.  Moreover, Mr. Bobulinski's objections based on third-party privacy is inapposite here because all of these requests concern Mr. Bobulinski's ownership and assets, and do not seek information concerning third-party assets.

**E. Request Nos. 21-29**

Request Nos. 21-29 seek financial information concerning entities in which Mr. Bobulinski maintains an ownership interest.  Mr. Bobulinski characterizes the request as impermissible third-party requests.  However, the cases cited by Mr. Bobulinski are inapposite here because they all involve the examination of a third-party or request for discovery directly from the third-party.[4]  To the contrary, here,

---

[3]  Request Nos. 9, 20 and 30 use the phrase, "All documents…" however Plaintiff is willing to limit the request to "Documents sufficient to identify…"  This is also the same compromise the parties reached following the meet and confer with respect to the other approximately 15 requests that Mr. Bobulinski is not objecting to in this motion.

[4] The only case cited by Mr. Bobulinski that involves a discovery dispute between the actual parties is *JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 926 F. 3d 251 (5th Cir. 2019).  However, the quote cited is completely out of context--the statement was made in support of its denial of JPMC's request for documents dating back over six years prior to the disputed claims, finding that it would not be relevant to the judgment and disproportional to the needs of the case.

Plaintiff is only seeking information from Mr. Bobulinski, the judgment creditor himself, of information concerning entities in which he maintains an ownership interest. Thus, any concerns regarding burden on a third-party or a heightened need to show relevance are not at issue here.

As reiterated throughout this brief, Plaintiff is entitled to discover information concerning all of Mr. Bobulinski's assets, including intangible assets, such as membership interests in a limited liability company and shares in a corporation. Such intangible assets are subject to an assignment order for satisfaction of a judgment. Thus, it is pertinent for a judgment creditor to determine the assets and value of an entity in which the judgment debtor maintains an interest, in order to determine if moving for an assignment order would be worthwhile or futile. Accordingly, information concerning assets of entities in which Mr. Bobulinski maintains an ownership or financial interest should be disclosed.

**F. The Time Period**

Plaintiff's requests for documents mostly seek documents beginning January 1, 2018. Mr. Bobulinski objects to the time frame and seeks a more limited period beginning January 1, 2019. However, Mr. Bobulinski provides no case law in support of his position that the relevant time period should be reduced by one year. Plaintiff's request is plainly proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1) provides that courts should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Seeking a limited number of documents covering a 3.5-year period is reasonable and proportional in light of the fact that Mr. Bobulinski owes over $660,000 to Plaintiff, has refused to voluntarily make any payments towards the judgment and has essentially prevented Plaintiff from obtaining any of his financial

1  documents thus far.[5]  Accordingly, the Court should not limit the production to

2  January 1, 2019.

3  **IV.   CONCLUSION**

4        For these reasons, Mr. Bobulinski has not demonstrated good cause to quash

5  the subpoena or have the subpoena limited by a protective order and therefore his

6  motion should be denied.

7        Respectfully submitted.

8  DATED: June 25, 2021        LAW OFFICES OF ROBERT W. COHEN
                                     A Professional Corporation

9

10                                    By  /s/  Mariko Taenaka

11                                       Robert W. Cohen
                                      Mariko Taenaka

12                                         Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

27 [5]  Again, the subpoenas Plaintiff served on Citibank, YDS Investment Company and

28 Fish Properties, L.P. remain pending, and no documents have yet been produced in
response to the subpoenas.

### **CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2021 a copy of the foregoing document was filed electronically via the Court's CM/ECF system. Pursuant to Local Rule 5-3.2.1 notice of filing will be served on all parties by operation of the Court's CM/ECF system, and parties may access this filing through the Court's CM/ECF system.

_____
/s/ Mariko Taenaka
Mariko Taenaka