Anthony R. Bisconti (SBN 269230)
tbisconti@bienertkatzman.com
**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
601 W. 5th Street, Ste. 720
Los Angeles, CA 90071
Telephone (213) 528-3400
Facsimile (949) 369-3701

Attorneys for Defendant Tony Bobulinski

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited,<br><br>        Plaintiff,<br><br>v.<br><br>TONY BOBULINSKI<br><br>        Defendant. | Case No.: 2:20-CV-06759 RGK (JC)<br>Hon. R. Gary Klausner<br>Presiding Judge<br><br>Hon. Jacqueline Chooljian,<br>Magistrate Judge<br><br>**REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA ISSUED TO DEFENDANT TONY BOBULINSKI AND FOR PROTECTIVE ORDER LIMITING DISCOVERY**<br><br>[Submitted to Hon. Jacqueline Chooljian, United States Magistrate Judge, Crtrm 750]<br><br>Hearing Information:<br>Date:    July 13, 2021<br>Time:    10:30 a.m.<br>Crtrm:  750<br><br>Action filed:          July 28, 2020 |

1

Mr. Bobulinski[1] submits this reply in support of his Motion for an order prohibiting or otherwise limiting the production or other disclosure of the materials, or portions thereof, requested in the Subpoena issued by CBG to Mr. Bobulinski. For the reasons set forth below and in the Motion, the Court should quash the Subpoena and issue a protective order limiting the Subpoena as set forth in the Motion.

### A.   Rule 26 Applies to the Subpoena.

According to CBG, "because Mr. Bobulinski mistakenly asserts that Rule 26(c) applies to the documents requested, rather than Rule 69 which governs post-judgment discovery, his objections are meritless and this Court should deny his motion to quash the subpoena." Opposition at 1:19-22. CBG is wrong and misunderstands the law applicable to post-judgment discovery.

As is relevant here, Rule 69 merely provides that a judgment creditor may conduct discovery in aid of judgment utilizing either the Federal Rules of Civil Procedure or relevant state law; it is not a substantive discovery rule. Fed. R. Civ. P. 69(a)(2); *see also Iroquois Master Fund, Ltd. v. Glbo. ePoint, Inc.*, 2018 WL 6929337, at *5 (C.D. Cal. Jan. 9, 2018) (citations and quotations omitted). Here, the Subpoena was issued pursuant to Rule 45 of the Federal Rules of Civil Procedure; there can be no dispute that Rule 26 applies to federal subpoenas. *See also Branch Banking & Tr. Co. v. Harcharan Singh Narang, M.D., P.A.*, 2018 WL 10398477, at *2 (N.D. Tex. Aug. 20, 2018) (noting that Ruel 26 applies "to post-judgment discovery conducted under federal law" and permits a court to limit discovery.); *Am. Home Assurance Co. v. RAP Trucking Inc.*, 2010 WL 11505189, at *2 (S.D. Fla. June 3, 2010) (Rule 26(c) is available to a judgment debtor seeking to limit post-judgment discovery). Further, if CBG were correct that Rule 26 does not apply in the post-judgment context, then that would mean that there could never be a motion for a protective order under Rule 26 related to post judgment discovery. That is plainly not the case.

---

[1] Capitalized terms used herein shall have the meaning given to them in the *Notice of Motion and Motion to Quash Subpoena Issued to Defendant Tony Bobulinski and for Protective Order Limiting Discovery* (the "Motion") [Dkt. No. 111] unless otherwise specifically defined.

Accordingly, the foundational premise of CBG's Opposition is faulty, and the Court can and should grant the Motion.

**B.    Request No. 6.**

CBG makes no meaningful effort to establish a compelling need for the disclosure of Mr. Bobulinski's tax returns. *See Ludlow v. Flowers*, 2020 WL 3791638, at *11 n.4 (S.D. Cal. July 6, 2020) (noting that the burden of establishing a compelling need for the production of a parties' tax returns is on the party seeking disclosure). Instead, CBG speculates that information sought by other requests in the Subpoena will not provide CBG with the same information that will be contained in Mr. Bobulinski's tax returns. Not only is this pure speculation, it is also premature. To the extent discovery proceeds (in light of Mr. Bobulinski's intention to post a bond as previously raised with the Court), CBG should be required to make an affirmative showing establishing a compelling need for Mr. Bobulinski's tax returns, which will necessarily depend on the other information CBG obtains as part of the discovery process. But until CBG can establish a compelling need for disclosure of Mr. Bobulinski's tax return, this request should not be permitted. *Aliotti v. The Vessel Sonora*, 217 F.R.D. 496, 497–98 (N.D.Cal.2003); *Griffith v. State Farm Mut. Auto. Co.*, 230 Cal. App. 3d 59, 67-68 (1991).

**C.    Request Nos. 11, 12, and 18.**

Concerning Request No. 11 for a copy of the lease for Mr. Bobulinski's residence, CBG's proffered basis for needing it—that it may provide information concerning the amount of rent Mr. Bobulinski is paying for rent and source of rent—is information that CBG could ask Mr. Bobulinski at his JDE and would also be reflected in any account statements produced. Nor is a security deposit on a residential lease one of the types of potential payments enumerated as being subject to an assignment order in Cal. Code Civ. Proc. § 708.510.

With respect to Request Nos. 12 and 18, the cases on which CBG relies concerning annuities under the bankruptcy code are inapposite, as those do not concern life insurance policies or exempt retirement accounts. *See* Opposition at 5-6. And the few cases cited by

1
2
CBG concerning IRAs do nothing to abrogate the plain language of Cal. Code. Civ. Proc. § 704.115, which clearly sets forth the exempt nature of amounts held in retirement plans.

3
**D.     Request Nos. 3, 9, 20 through 30.**

4
5
6
7
8
9
10
11
12
13
14
15
16
17
As set forth in the Motion, these requests impermissibly seek information concerning the assets and finances of non-judgment debtor third parties, including tax returns, financial statements, and profit and loss statements of third parties. The fact that CBG seeks information concerning the confidential financial information of non-judgment debtors from Mr. Bobulinski instead of from the third parties directly does not change the fact that "inquiry into the assets and finances of the third party is not permitted." *Textron Financial Corp. v. Gallegos*, 2016 WL 4077505 at *4 (S.D. Cal. Aug. 1 2016). Absent CBG making a "threshold showing . . . [of] (1) the necessity and relevance of [the] discovery sought or (2) that the relationship between the judgment debtor and the nonparty is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets," its attempt to using the Subpoena as an end-run to access information concerning the financial affairs of third parties must be restricted. *NML Capital, Ltd. V. Republic of Argentina*, 2015 WL 1186548, at *6 (D. Nev. 2015); *JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 926 F. 3d 251, 256 (5th Cir. 2019) (citations omitted).

18
**II.     CONCLUSION**

19
20
For the foregoing reasons, the Court should quash the Subpoena and issue a protective order limiting the Subpoena to the extent set forth in the Motion.

21
22
Dated: July 5, 2021
23
24
25
**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
By: /s/ Anthony R. Bisconti
    Anthony R. Bisconti
    *Attorneys for Tony Bobulinski*

26
27
28

# CERTIFICATE OF SERVICE

I declare that I am a citizen of the United States and I am a resident and  employed in Los Angeles County, California; that my business address is 601 W. 5th Street, Ste. 720, Los Angeles, California 90071; that I am over the age of 18 and not a party to the above-entitled action.

I am employed by a member of the United States District Court for the Central District of California, and at whose direction I caused service of the foregoing document **REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA ISSUED TO DEFENDANT TONY BOBULINSKI AND FOR PROTECTIVE ORDER LIMITING DISCOVERY** on all interested parties as follows:

**[X]    BY ELECTRONIC TRANSMISSION:** by electronically filing the foregoing with the Clerk of the District Court using its CM/ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the E-Government Act of 2002, which electronically notifies all parties in this case, or via E-mail at the addresses below

Mariko Taenaka (mt@robertwcohenlaw.com)
Robert W. Cohen (rwc@robertwcohenlaw.com)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 5, 2021 at Los Angeles, California.

/s/ Elizabeth Garcia
Elizabeth Garcia