UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06759-RGK-JC | Date | July 19, 2021 |
|---|---|---|---|
| Title | China Branding Group Limited v. Tony Bobulinski | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | | |
|---|---|---|---|
| Gay Roberson (for Kerri Hays) | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff/ Judgment Creditor: | Attorneys Present for Defendant/ Judgment Debtor: |
|---|---|
| None | None |

**Proceedings:**     (In Chambers)

**ORDER RE "NOTICE CONCERNING EXAMINATION OF THIRD PERSON RE ENFORCEMENT OF JUDGMENT"**

On May 14, 2021, this Court issued an Order ("May Order") directing third party Chanel Osborn to appear July 20, 2021 at 9:30 a.m. in Courtroom 750 of the Roybal Courthouse, 255 E. Temple Street, Los Angeles, CA for an examination to answer concerning property of the Defendant/Judgment Debtor in her possession or control or concerning a debt she owes the Defendant/Judgment Debtor and to furnish information to aid in enforcement of a money judgment against the Defendant/Judgment Debtor. (Docket No. 96).  **The May Order notifies Chanel Osborn that "[i]f [she] fail[s] to appear at the time and place specified in [the May Order], [she] may be subject to arrest and punishment for contempt of court and the court may make an order requiring [her] to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding."**  The record reflects that the May Order was personally served on Chanel Osborn on May 23, 2021.  (Docket No. 99).

On July 13, 2021, this Court held a telephonic hearing during which (1) counsel for the Defendant/Judgment Debtor advised the Court that he does not represent Chanel Osborne; and (2) the Court reminded counsel that the third party examination of Chanel Osborn would go forward on July 20, 2021 absent the posting of an adequate bond by the Defendant/Judgment Debtor before that date.  To date, no such bond has been posted.

The Court is now in receipt of a "Notice Concerning Examination of Third Person Re Enforcement of Judgment" ("Notice") filed by counsel for Defendant/Judgment Debtor today   July 19, 2021 at 12:53 p.m., which contains the following unsworn representations by counsel:  On July 16, 2021, counsel was advised that Ms. Osborn "would be unable to attend the [July 20, 2021] examination."  Counsel promptly contacted counsel for Plaintiff and requested a one-week stipulated continuance of the examination of Ms. Osborn, to July 28, 2021, due to Ms. Osborn's unavailability and because Defendant/Judgment Debtor assertedly intends on posting a bond prior to July 27, 2021, which would render the discovery moot.  Plaintiff declined to so stipulate.  This morning   July 19, 2021   counsel was advised that Ms. Osborn learned on July 16 that she had been exposed to an individual who

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06759-RGK-JC | Date | July 19, 2021 |
|---|---|---|---|
| Title | China Branding Group Limited v. Tony Bobulinski | | |

tested positive for COVID-19 last week. Counsel has been further advised that pursuant to the guidelines issued by the Centers for Disease Control and Prevention and County of Los Angeles Public Health Department, Ms. Osborn is currently self-quarantining at home and will be unable to attend the scheduled examination on July 20.

The Notice does not reflect the source(s) of the information supplied to counsel who, as noted above, does not represent Ms. Osborn. The Notice is unsupported by any evidence (*e.g.*, a declaration from Ms. Osborn swearing under penalty of perjury that on July 16, 2021, she learned she was exposed to an individual who tested positive for COVID-19 last week, and the date she assertedly was exposed to such individual). Nor does the Notice reflect that Ms. Osborn is actually ill/symptomatic or unable to proceed with the examination remotely, if Plaintiff/the Court were inclined to proceed in that fashion.[1] Suffice to say, given the foregoing omissions and the current record, the contentious history of this matter, the seemingly incessant efforts by the Defendant/Judgment Debtor to avoid/delay the disclosure of any information regarding his finances that would facilitate Plaintiff's efforts to collect on the judgment (including his own evasion of service), the Notice does not persuade the Court that Ms. Osborn should be excused from appearing for the July 20, 2021 examination as ordered or, if she fails to appear, that she should be relieved of the consequences of such failure.[2] **Accordingly, absent further order of the Court, the July 20, 2021 examination of Ms. Osborn remains on calendar and the Court expects that Ms. Osborn will appear and subject herself to questioning or suffer the consequences of failing to appear as ordered.**[3]

**Since it is apparent that counsel for the Defendant/Judgment Debtor is either in contact with Ms. Osborn or in contact with someone else who is in contact with her, such counsel is directed to supply a copy or to ensure that a copy of this Order is supplied to Ms. Osborn forthwith.**

IT IS SO ORDERED.[4]

---

[1] It would behoove counsel/Ms. Osborn to confer regarding the same if Ms. Osborn wishes to avoid physically appearing/the consequences of failing to physically appear for the July 20, 2021 examination as ordered.

[2] The Court does not intend to suggest that counsel was not told the things he says he was told or that counsel himself is making misrepresentations to the Court. The Court does, however, question the veracity of the underlying information.

[3] If Ms. Osborn has actually been exposed to COVID then, at a minimum, the Court expects that she would make herself available for a remote examination on July 20, 2021.

[4] Counsel and the parties are advised that all persons are required to wear masks in Judge Chooljian's courtroom absent advance authorization to refrain from doing so supported by health-related circumstances.