Anthony R. Bisconti (SBN 269230)
tbisconti@bienertkatzman.com
**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
601 W. 5th Street, Ste. 720
Los Angeles, CA 90071
Telephone (213) 528-3400
Facsimile (949) 369-3701

Attorneys for Defendant Tony Bobulinski

### IN THE UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA BRANDING GROUP LIMITED (IN OFFICIAL LIQUIDATION), by and through its Joint Official Liquidators, Hugh Dickson of Grant Thornton Specialist Services (Cayman), Limited and David Bennett of Grant Thornton Recovery & Reorganisation Limited, | Case No.: 2:20-CV-06759 RGK (JC) Hon. R. Gary Klausner Presiding Judge |
| Plaintiff, | Hon. Jacqueline Chooljian, Magistrate Judge |
| v. | **APPLICATION FOR LEAVE TO FILE DECLARATION OF CHANEL OSBORN IN RESPONSE TO COURT'S JULY 19, 2021 MINUTE ORDER [DKT. NO. 117] UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER** |
| TONY BOBULINSKI | |
| Defendant. | |
| | [Submitted to Hon. Jacqueline Chooljian, United States Magistrate Judge, Crtrm 750] |
| | Action filed:        July 28, 2020 |
| | Judgment Debtor Examination Date:        July 20, 2021 Time:        9:30 a.m. Location: Crtrm 750 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Rule 79-5 of the Local Civil Rules for the United States District Court for the Central District of California ("Local Rules"), defendant and judgment debtor Tony Bobulinski ("Mr. Bobulinski"), by and through its undersigned counsel of record, hereby applies for an order permitting Mr. Bobulinski to file under seal an unredacted version of the *Declaration of Chanel Osborn in Response to Court's July 19, 2021 Minute Order [Dkt. No. 117]* (the "Osborn Declaration"). A true and correct copy of the redacted Osborn Declaration is attached to this Application as Exhibit 1.

The parties have entered into a Stipulated Protective Order in this case. *See* Dkt. No. 91. Additionally, the information contained in the under-seal portion of the Osborn Declaration constitutes private information concerning a third party, including confidential health information, that should be protected from public disclosure.

Dated: July 19, 2021

BIENERT KATZMAN
LITTRELL WILLIAMS LLP
By: /s/ Anthony R. Bisconti
    Anthony R. Bisconti
    Attorneys for Defendant
    Tony Bobulinski

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   LEGAL STANDARD

Local Rule 79-5.2.2 provides that "[i]n a non-sealed civil case, no document may be filed under seal without prior approval by the Court." The court reviewing the request to seal must balance the competing interests of the public and the party making the request. *See Barnard v. State of Hawai'I*, No. 05-00599 SPK-LEK, 2007 WL 954303, at *2 (D. Haw. Mar. 27, 2007). The United States Supreme Court has recognized that court records may be sealed when they become "a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In the Ninth Circuit, the common law right of access to judicial proceedings "is not absolute and can be overridden" when the parties provide sufficiently compelling reasons to restrict access. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The presumption favoring disclosure of court records to the public can be overcome if litigants show an overriding interest that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter. Co. v. Sup. Ct. of Calif. for Riverside Cnty.*, 478 U.S. 1, 9-10 (1986).

In determining whether it is appropriate to seal a document, courts examine: (1) the public's interest in understanding the judicial process; (2) whether disclosure of the material at issue could result in improper use; (3) the interests of the parties and the balance of the equities; and (4) the duty of the courts to balance all of these competing interests and to inform the public of the basis for its decision. *See California ex rel. Lockyer v. Safeway, Inc.*, 355 F. Supp. 2d 1111, 1115 (C.D. Cal. 2005).

### II.   THE COURT SHOULD GRANT THE APPLICATION

In 2015, Mr. Bobulinski loaned plaintiff China Branding Group Limited ("CBG" or "Plaintiff") $650,000, pursuant to a note and pledge agreement. Unfortunately, due to various misrepresentations by CBG and its principles as has previously been detailed for the Court, CBG sold all its assets and paid nothing to Mr. Bobulinski. When Mr. Bobulinski sought to enforce his rights under his note and pledge agreement in the Cayman Islands, the Cayman court ruled that CBG had no collateral securing Mr. Bobulinski's loan. The

litigation related to and arising out of this has cost Mr. Bobulinski millions of dollars, including the cost certificates that form the basis for the judgment in this case.

On May 12, 2021, CBG filed an application for examination of Ms. Osborn. Dkt. No. 95. On May 14, 2021, the Court entered its order on that application. On May 24, 2021, CBG filed a proof of service indicating that Ms. Osborn was personally served with the Court's order. However, Ms. Osborn was not personally served. *See* Osborn Declaration ¶ 2.

On July 19, 2021, Mr. Bobulinski filed a notice concerning Ms. Osborn's availability for the examination scheduled on July 20, 2021. *See* Dkt. No. 116. The Court subsequently entered a minute order concerning that notice. *See* Dkt. No. 117. The Osborn Declaration, which is the subject of this Application, addresses certain issues raised by the Court's July 19 minute order. To do so, however, Ms. Osborn discloses private information, including information concerning her minor son and confidential health information. Accordingly, in addition to the fact that there is a protective order in place, good cause exists to file the Osborn Declaration under seal. *See, e.g.*, *Miller v. Sedlmeier*, 2016 WL 5341182, at *6 (D. Ariz. Sept. 22, 2016) recognizing that confidential health information should be filed under seal); *Villery v. Beard*, 2018 WL 6304410, at *5 (E.D. Cal. Dec. 3, 2018) (confidential health information filed under seal).

## III.   CONCLUSION

For the foregoing reasons, Mr. Bobulinski requests that the Court grant this Application and authorize the Osborn Declaration to be filed under seal.

Dated: July 19, 2021

**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
By: /s/ Anthony R. Bisconti
    Anthony R. Bisconti
    Attorneys for Defendant
    Tony Bobulinski

**CERTIFICATE OF SERVICE**

I declare that I am a citizen of the United States and I am a resident and employed in Los Angeles County, California; that my business address is 601 W. 5th Street, Ste. 720, Los Angeles, California 90071; that I am over the age of 18 and not a party to the above-entitled action.

I am employed by a member of the United States District Court for the Central District of California, and at whose direction I caused service of the foregoing document **APPLICATION FOR LEAVE TO FILE DECLARATION OF CHANEL OSBORN IN RESPONSE TO COURT'S JULY 19, 2021 MINUTE ORDER [DKT. NO. 117] UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER** on all interested parties as follows:

**[X]    BY ELECTRONIC TRANSMISSION:** by electronically filing the foregoing with the Clerk of the District Court using its CM/ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the E-Government Act of 2002, which electronically notifies all parties in this case.

**[ ]    BY MAIL** - I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 19, 2021 at Los Angeles, California.

<u>/s/ Elizabeth Garcia</u>
Elizabeth Garcia